**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**



------------------------------------------------------------

NELLA MANKO,

                **Plaintiff,**

    -against-

LENOX HILL HOSPITAL; DANA A. MANNOR, M.D.;
NEW YORK STATE UNIFIED COURT SYSTEM;
NEW YORK STATE COURT OF APPEALS;
DECORATO COHEN SHEEHAN & FEDERICO LLP;
GARSON DECORATO & COHEN, LLP; DECORATO & COHEN
LLP; GARSON, GERSPACH, DECORATO & COHEN, LLP;
LENOX HILL ANESTHESIOLOGY PLLC; "Anesthesiologist"
(a fictitious name); L.H. RADIOLOGISTS, P.C.;
MATTHEW B. LUBIN, M.D.; ALAN TIKOTSKY, M.D.;
ELTON STRAUSS, M.D.; THE MOUNT SINAI HOSPITAL;
THE MOUNT SINAI MEDICAL CENTER, INC.;
BENJAMIN A. NACHAMIE, M.D.; HERBERT S. SHERRY, M.D;
IRINA AVRUCHEVSKAYA, M.D.; SUSAN LEVIT, M.D.;
AARONSON RAPPAPORT FEINSTEIN & DEUTSCH, LLP;
KAUFMAN BORGEEST & RYAN LLP; C. CARDILLO, P.C.;
BERNARD H. BROOME, ESQ.; CARDILLO & KEYSER, P.C.;
LAW OFFICE OF BERNARD H. BROOME, PLLC;
NEW YORK CITY TRANSIT AUTHORITY; MEDREVIEW, INC.;
PROFESSIONAL EVALUATION GROUP, INC.;
CITY OF NEW YORK; LAW OFFICES OF DAVID A. GABAY;
DAVID A. GABAY, ESQ.; GABAY LAW GROUP P.C.; INSOURCE
STRATEGIES, INC.; LAW OFFICES OF DAVID A. GABAY, P.C.;
GORDON & SILBER, P.C.; RAWLINGS COMPANY, LLC;
APPELLATE DIVISION OF THE N.Y.S. SUPREME COURT
(SECOND DEPARTMENT); APPELLATE DIVISION OF THE
N.Y.S. SUPREME COURT (FIRST DEPARTMENT);
 THE STATE OF NEW YORK,

                **Defendants.**

**CIVIL ACTION**
**No. 20-CV-**

**VERIFIED**
**COMPLAINT**

**JURY TRIAL**
**DEMANDED**

**PRO SE FILING -**
**NEW CASE -**
**FEE PAID**

------------------------------------------------------------X

    PLAINTIFF, PRO SE, complaining of the Defendants as and for her Complaint alleges and shows to the Court as follows:

### ABSTRACT

Plaintiff is suing for damages and relief. Plaintiff requests relief to reverse all Court of Appeals orders and all Appellate Divisions orders related to all plaintiff's Supreme Court cases (including (but not limiting) cases: Kings Co. Index No. **30972/2004**, New York Co. Index Nos.: **113306/2006, 109296/2007**), including (but not limiting) orders: Court of Appeals order, dated November 20, 2017, SSD No. 61; Court of Appeals order, dated November 20, 2017, Mo. No. 2017-746; Court of Appeals order, dated November 20, 2017, Mo. No. 2017-847).

Relief to Reverse is requested upon the following grounds: (1) on excusable default; (2) newly-discovered evidence has arisen; (3) the presence of fraud; or (4) because orders are "arbitrary and capricious" and not supported by "substantial evidence".

Plaintiff was denied several Constitutional rights and legal redress. She is suing under 42 U.S.C. §1983 for damages and relief. The immunity provisions of 42 U.S.C. §1983 are not applicable, because declaratory relief was unavailable to Plaintiff. The right of access to courts was denied. Fair trial in the State Court was unavailable.

## JURISDICTIONAL BASIS

1. Plaintiff claims federal jurisdiction pursuant to Article III § 2 which extends the jurisdiction to cases arising under the U.S. Constitution.

2. Plaintiff brings this suit pursuant to Federal Statute Title 42 U.S. Code § 1983 for violations of certain protections guaranteed to her by the First, Fifth and Fourteenth Amendments of the Federal Constitution, by the defendants under color of law in his/her capacity as a judge in the Superior Court of New York State.

3. This is an action authorized and instituted pursuant to, *inter alia*, 28 U.S.C. § 1331, and 1343(3 & 4), 42 U.S.C. § 1983, the Guaranty Clause and the First, Fifth and Fourteenth Amendments to the United States Constitution, for declaratory and injunctive relief, and damages, and under the All Writs Act, 28 U.S.C. § 1651 (a) and Declaratory Judgments Act, 28 U.S.C. §§ 2201 & 2202. Plaintiff also asserts claims under this Court's supplemental jurisdiction under 28 U.S.C. § 1367.

4. Jurisdiction of this court for the pendent claims is authorized by F.R.Civ.P. 18(a), and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

5. Most of the events or omissions giving rise to the claims occurred in, and one or more of the defendants reside in, the federal judicial district of the Southern District of New York. Therefore, venue is appropriate under 28 U.S.C. § 1391(a).

## PARTIES

6. Plaintiff, **NELLA MANKO**, is a natural person residing at 1735 East 13th Street, Apartment 3K, Brooklyn, New York 11229, Kings County, New York State.

7. Defendant, **LENOX HILL HOSPITAL**, 100 East 77th Street, New York, New York 10021, United States of America, is a hospital. Defendant, Lenox Hill Hospital, was a domestic corporation duly existing under the laws of the State of New York. Defendant, LENOX HILL HOSPITAL, owned a hospital located at 100 East 77th Street, New York, NY 10021. Defendant, Lenox Hill Hospital, operated, managed, maintained and controlled the hospital. Defendant Hospital employed doctors, nurses and other medical staff skilled in the area of medicine known as orthopedics, surgery, and radiology. The plaintiff was under the medical care, treatment and advice of the defendant, LENOX HILL HOSPITAL, its agents, servants, and employees between March 26, 2002 and Mid September 2003.

8. Defendant, **DANA A. MANNOR, M.D.**, 100 East 77th Street, New York, New York 10021, United States of America. Defendant, Dana A. Mannor, M.D., was a physician duly licensed to practice medicine in the State of New York. Defendant, Dana A. Mannor, M.D.,

specialized in the fields of Orthopedics and Orthopedic Surgery. Defendant, Dana A. Mannor, M.D., was an attending physician at the defendant, Lenox Hill Hospital, was on the staff of the hospital, was associated with the hospital, was acting as an agent of the hospital, was an employee of the hospital, and was acting within the course and scope of her employment with the hospital. From March 27, 2002 through Mid September 2003, Defendant, Dana A. Mannor, M.D., rendered certain medical care, orthopedic surgery, and post-operative care to the plaintiff, NELLA MANKO. On March 28, 2002, defendant Dana A. Mannor, M.D., rendered an orthopedic surgery to the plaintiff, NELLA MANKO.

9. Defendant, **NEW YORK STATE UNIFIED COURT SYSTEM**, ATTORNEY GENERAL OFFICE, 28 Liberty Street, 16th Floor, New York, New York 10005, United States of America, is NEW YORK STATE UNIFIED COURT SYSTEM.

10. Defendant, **NEW YORK STATE COURT OF APPEALS**, 20 Eagle Street, Albany, New York 12207, United States of America, is the highest court in the State of New York.

11. Defendant, **DECORATO COHEN SHEEHAN & FEDERICO LLP**, 90 Broad Street, 14th Floor, New York, New York 10005, United States of America, was and still is a domestic professional service limited liability company organized under the laws of the State of New York, and licensed, authorized and doing business within the State of New York. Defendant, DECORATO COHEN SHEEHAN & FEDERICO LLP, has an additional address: 110 Wall Street, 10th Floor, New York, New York 10005, United States of America. Defendant, **DECORATO COHEN SHEEHAN & FEDERICO LLP**, is a law firm consisting of attorneys at law with a principal place of business within the State of New York, and maintains an office for the practice of law and does business in the State of New York, utilizing the services of attorneys, and located at 110 Wall Street, 10th Floor, New York, New York 10005.

12. Defendant, **DECORATO COHEN SHEEHAN & FEDERICO LLP**, are Attorneys for Defendant LENOX HILL HOSPITAL in the following Plaintiff's Cases: (1) Nella Manko v. Lenox Hill Hospital, Index No. 30972/2004, Supreme Court, Kings County; (2) Nella Manko v. Dana A. Mannor, M.D., Lenox Hill Hospital, Et Al., Index No. 113306/2006, Supreme Court, New York County; (3) Nella Manko v. Drs. Dana Mannor, Elton Strauss, Lenox Hill Hospital, Et Al., Index No. 109296/2007, Supreme Court, New York County; (4) Nella Manko v. Lenox Hill Anesthesiology PLLC, Dana A. Mannor, M.D., Lenox Hill Hospital, Et Al., Index No. 590/2009, Supreme Court, Kings County; (5) Nella Manko v. Aetna Health, INC., Dana A. Mannor, M.D., Lenox Hill Hospital, Et Al., Index No. 10501/2009, Supreme Court, Kings County; and (6) Nella Manko v. Aetna Health, INC., Dana A. Mannor, M.D., Lenox Hill Hospital, Rawlings Company, LLC, Et Al., Index No. 14593/2009, Supreme Court, Kings County.

13. Defendant, **DECORATO COHEN SHEEHAN & FEDERICO LLP**, are Attorneys for Defendant LENOX HILL HOSPITAL in the following Plaintiff's Appeals: (1) Nella Manko v. Lenox Hill Hospital, Index No. 30972/2004, Supreme Court, Kings County; (2) Nella Manko v. Dana A. Mannor, M.D., Lenox Hill Hospital, Et Al., Index No. 113306/2006, Supreme Court, New York County; (3) Nella Manko v. Aetna Health, INC., Dana A. Mannor, M.D., Lenox Hill Hospital, Et Al., Index No. 10501/2009, Supreme Court, Kings County; and (4) Nella Manko v. Aetna Health, INC., Dana A. Mannor, M.D., Lenox Hill Hospital, Rawlings Company, LLC, Et Al., Index No. 14593/2009, Supreme Court, Kings County.

14. Defendant, **DECORATO COHEN SHEEHAN & FEDERICO LLP**, was a Defendant, in the following Plaintiff's Case: (1) "Nella Manko v. David A. Gabay, Esq, Bernard H. Broome, Esq, Joshua R. Cohen, Esq, Et Al.", Kings County Supreme Court Index No. 22148/2013.

15. Defendant, **GARSON DECORATO & COHEN, LLP**, 110 Wall Street, 10th Floor, New York, New York 10005, United States of America, was and still is a domestic professional service limited liability company organized under the laws of the State of New York, and licensed, authorized and doing business within the State of New York. Defendant, **GARSON DECORATO & COHEN, LLP**, was a law firm consisting of attorneys at law with a principal place of business within the State of New York, and was located at 110 Wall Street, 10th Floor, New York, New York 10005. On November 21, 2012, Defendant, GARSON DECORATO & COHEN, LLP, changed its name to DECORATO & COHEN LLP.

16. Defendant, **DECORATO & COHEN LLP**, 110 Wall Street, 10th Floor, New York, New York 10005, United States of America, was and still is a domestic professional service limited liability company organized under the laws of the State of New York, and licensed, authorized and doing business within the State of New York. Defendant, **DECORATO & COHEN LLP**, was a law firm consisting of attorneys at law with a principal place of business within the State of New York, and was located at 110 Wall Street, 10th Floor, New York, New York 10005. On January 16, 2013, Defendant, DECORATO & COHEN LLP, changed its name to DECORATO COHEN SHEEHAN & FEDERICO LLP.

17. Defendant, **GARSON, GERSPACH, DECORATO & COHEN, LLP**, 110 Wall Street, 10th Floor, New York, New York 10005, United States of America, was and still is a domestic professional service limited liability company organized under the laws of the State of New York, and licensed, authorized and doing business within the State of New York. Defendant, **GARSON, GERSPACH, DECORATO & COHEN, LLP**, was a law firm consisting of attorneys at law with a principal place of business within the State of New York, and was located at 110 Wall Street, 10th Floor, New York, New York 10005. On January 22, 2008, Defendant, GARSON, GERSPACH, DECORATO & COHEN, LLP, changed its name to GARSON DECORATO & COHEN, LLP.

18. Defendant, **LENOX HILL ANESTHESIOLOGY PLLC**, 100 East 77th Street, New York, New York 10021, United States of America, was a domestic professional corporation of physicians specializing in anesthesiology working primarily at the defendant, Lenox Hill Hospital. After January 30, 2006, Plaintiff discovered Huge General Anesthesia Drugs Overdose when she received for the first time the Mount Sinai Hospital Bill, dated January 25, 2006, and mailed to her by regular mail. General Anesthesia Drugs is an injection of drugs, which is an injection "exposure". CPLR 214-c governs the time applicable to bring cause of action for "exposure" to injection and plaintiff's case cannot be dismissed because it relies on CPLR 214-c, which states three (3) years of statute of limitations after discovery of injection "exposure". Plaintiff's Lenox Hill Hospital Bill reveals that Plaintiff received a huge General Anesthesia Drugs Overdose during three (3) hours of surgery in the Lenox Hill Hospital (Plaintiff had convulsions in recovery room after the surgery). Page two of the Lenox Hill Hospital Bill has an entry "Anes Drug/Suppy 3hrs" with "service code - 00001 1101006" and Total Charges for this service was $1,500.00. On October 11, 2004, Plaintiff had a second ankle surgery in Mount Sinai Medical Center Hospital, which, also, lasted three (3) hours and used General Anesthesia Drugs, and she had no complication during this surgery. By comparison, Mount Sinai Hospital charged only $286.00 for General Anesthesia Drugs. After the surgery at Lenox Hill Hospital, Plaintiff suffers from generally declining health. Plaintiff alleges that it is a result of a General Anesthesia Drug's overdose during the surgery at Lenox Hill Hospital, and this huge General Anesthesia Drug's Bill for $1500.00 is a confirmation of overdose and that her internal organs were damaged during the surgery at Lenox Hill Hospital.

19. Defendant, **"ANESTHESIOLOGIST" (a fictitious name)**, 100 East 77th Street, New York, New York 10021, United States of America, was a physician duly licensed to practice medicine in the State of New York. Defendant, "ANESTHESIOLOGIST" (a fictitious name), specialized in the field of Anesthesiology. Defendant, "ANESTHESIOLOGIST" (a fictitious name), was an attending physician at the defendant, Lenox Hill Hospital, was on the staff of the hospital, was associated with the hospital, was acting as an agent of the hospital, was an employee of the hospital, and was acting within the course and scope of his employment with the hospital. On March 28, 2002 defendant, "ANESTHESIOLOGIST" (a fictitious name), rendered anesthesia during an orthopedic surgery of the plaintiff, NELLA MANKO, which was a huge General Anesthesia Drug's overdose.

20. Defendant, **L.H. RADIOLOGISTS, P.C.**, 100 East 77th Street, New York, New York 10021, United States of America, was a domestic professional corporation of physicians specializing in radiology working primarily at the defendant, Lenox Hill Hospital.

21. Defendant, **MATTHEW B. LUBIN, M.D.**, 100 East 77th Street, New York, New York 10021, United States of America, specialized in the fields of Internal Medicine and Emergency Care. Defendant, Matthew B. Lubin, M.D., was an attending physician at the defendant, Lenox Hill Hospital, was on the staff of the hospital, was associated with the hospital, was acting as an agent of the hospital, was an employee of the hospital, and was acting within the course and scope of his employment with the hospital. On March 26, 2002, defendant, Matthew B. Lubin, M.D., rendered certain medical and emergency care to the plaintiff, NELLA MANKO.

22. Defendant, **ALAN TIKOTSKY, M.D.**, 100 East 77th Street, New York, New York 10021, United States of America, specialized in the field of Radiology. Defendant, Alan Tikotsky, M.D., was an attending physician at the defendant, Lenox Hill Hospital, was on the staff of the hospital, was associated with the hospital, was acting as an agent of the hospital, was an employee of the hospital, and was acting within the course and scope of his employment with the hospital. On April 02, 2002, defendant, Alan Tikotsky, M.D., wrote report of left ankle x-ray film, dated March 28 2002, of the plaintiff, NELLA MANKO, and was aware that all x-ray films of left ankle were missing.

23. Defendant, **ELTON STRAUSS, M.D.**, was a physician duly licensed to practice medicine in the State of New York. The defendant, ELTON STRAUSS, M.D., work address is Mount Sinai Medical Center, Department of Orthopaedic Surgery, 05 East 98th Street, New York, New York 10029, United States of America. At all times hereinafter mentioned defendant, ELTON STRAUSS, M.D., specialized in the fields of Orthopedics and Orthopedic Surgery. The plaintiff was under the medical care, treatment, and advice of the defendant, ELTON STRAUSS M.D., between July 1, 2004 and January 11, 2005.

24. Defendant, **THE MOUNT SINAI HOSPITAL**, was a domestic corporation duly existing under the laws of the State of New York. THE MOUNT SINAI HOSPITAL is located at Fifth Avenue and 100 Street, and the Hospital occupies a few City Blocks. The office of the Secretary of the State, State of New York, states for Selected Entity Name: THE MOUNT SINAI HOSPITAL, Address to which DOS will mail process: THE MOUNT SINAI HOSPITAL, Attn. General Counsel, One Gustave L Levy Place, New York, New York 10029, United States of America. At all times hereinafter mentioned the defendant, THE MOUNT SINAI HOSPITAL, owned a Hospital located at Fifth Avenue and 100 Street with the Address: 01 GUSTAVE L LEVY PLACE, New York, NY, 10029. At all time hereinafter mentioned, the defendant, THE MOUNT SINAI HOSPITAL, operated, managed, maintained and controlled the hospital. At all times hereinafter mentioned, the defendant Hospital employed doctors, nurses

and other medical staff skilled in the area of medicine known as orthopedics, surgery, and radiology. The plaintiff was under the medical care, treatment and advice of the defendant, THE MOUNT SINAI HOSPITAL, its agents, servants, and employees on October 11, 2004.

25. Defendant, **THE MOUNT SINAI MEDICAL CENTER, INC.**, was and still is a health maintenance organization licensed by and authorized to do business in the State of New York with Office Address: Mount Sinai Medical Center, Department of Orthopaedic Surgery, 05 East 98th Street, New York, NY 10029; and/or Office of the General Counsel, One Gustave Levy Place, Box1099, New York, New York, 10029. Defendant ELTON STRAUSS, M.D., is an employee, and/or agent, and/or member, and/or partner, of the defendant THE MOUNT SINAI MEDICAL CENTER, INC., and because of this the plaintiff was under the medical care, treatment, and advice of the defendant, THE MOUNT SINAI MEDICAL CENTER, INC., between July 1, 2004 and January 11, 2005.

664. Defendant, **BENJAMIN A. NACHAMIE, M.D.**, 1095 Park Avenue, New York, New York 10128, United States of America. On June 10, 2002, Defendant, Benjamin A. Nachamie, M.D., produced x-ray of Plaintiff's left foot and ankle, and removed heavy stirrup type of plaster splint, which was constricting the distal foot with marking swelling. He wrongly recommended that Plaintiff, Nella Manko, begin full weight bearing without prior surgery to remove a transfixion screw.

27. Defendant, **HERBERT S. SHERRY, M.D.**, 955 Fifth Avenue, New York, New York 10075, United States of America. Defendant, Bernard H. Broome, Esq., retained defendant Dr. Sherry to evaluate and to issue Medical Evaluation Report of the plaintiff, NELLA MANKO, concerning the injury of left ankle, which she received on March 26, 2002. When Dr. Sherry was retained, defendant was given the entire file of the *Manko v. The City of New York and New York City Transit Authority*, in Supreme Court, New York County, Index No. 109725/2003, and he was required to review and make determination of whether there was medical malpractice and/or fraud. On October 27, 2003, medical expert defendant, Herbert S. Sherry, M.D., issued a Medical Evaluation Report of the plaintiff, NELLA MANKO, concerning the injury of left ankle she received on March 26, 2002. Defendant Dr. Sherry failed to render competent medical expert service and report to the plaintiff.

197. Defendant, **IRINA AVRUCHEVSKAYA, M.D.**, 1220 Avenue P, Brooklyn, New York 11229, United States of America, was primary care doctor of Plaintiff, Nella Manko. Nella Manko did not give Defendant, **IRINA AVRUCHEVSKAYA, M.D.**, written Medical Authorization to share her medical information with Susan Levit, M.D. This is a medical fraud pursuant to CPLR 3122.

198. Defendant, **SUSAN LEVIT, M.D.**, 1220 Avenue P, Brooklyn, New York 11229, United States of America. Defendant, **SUSAN LEVIT, M.D.**, is psychiatrist. Nella Manko was never a patient of Susan Levit, M.D., because psychiatrist Susan Levit, M.D., does not have patient who lives in Apartment "3K", which is proved by Certified IRS copy of Income Tax Return for the year 1987 of Nella Manko, stating address: 1735 East 13th Street, Apt. 3K, Brooklyn, NY 11229, bearing IRS produced and mailed to Nella Manko label stating the same address (Apartment "3K" is stating on the IRS label), and attached copy of W-2 Wage and Tax Statement for **1987** stating the same address (Apartment "3K" is stating on the copy of W-2 Wage and Tax Statement for **1987**), which must be sufficient to prove that Nella Manko lives in Apartment "3K" since 1986. Nella Manko was never prescribed any psychiatric medication. Nella Manko never gave anyone written Medical Authorization to share her medical information with Susan Levit, M.D. This is a medical fraud pursuant to CPLR 3122.

30. Defendant, **AARONSON RAPPAPORT FEINSTEIN & DEUTSCH, LLP**, 600 Third Avenue, New York, New York 10016, United States of America, was and still is a domestic professional service limited liability company organized under the laws of the State of New York, and licensed, authorized and doing business within the State of New York. Defendant, **AARONSON RAPPAPORT FEINSTEIN & DEUTSCH, LLP**, is a law firm consisting of attorneys at law with a principal place of business within the State of New York, and maintains an office for the practice of law and does business in the State of New York, utilizing the services of attorneys, and located at 600 Third Avenue, New York, New York 10016.

31. Defendant, **AARONSON RAPPAPORT FEINSTEIN & DEUTSCH, LLP**, are Attorneys for Defendant DANA A. MANNOR, M.D., and all doctors participated in the surgery in 2002, in the following Plaintiff's Cases: (1) Nella Manko v. Dana A. Mannor, M.D., Lenox Hill Hospital, Et Al., Index No. 113306/2006, Supreme Court, New York County; (2) Nella Manko v. Drs. Dana Mannor, Elton Strauss, Lenox Hill Hospital, Et Al., Index No. 109296/2007, Supreme Court, New York County; (3) Nella Manko v. Lenox Hill Hospital, Index No. 30972/2004, Supreme Court, Kings County; (4) Nella Manko v. Lenox Hill Anesthesiology PLLC, Dana A. Mannor, M.D., Lenox Hill Hospital, Et Al., Index No. 590/2009, Supreme Court, Kings County; (5) Nella Manko v. Aetna Health, INC., Dana A. Mannor, M.D., Lenox Hill Hospital, Et Al., Index No. 10501/2009, Supreme Court, Kings County; and (6) Nella Manko v. Aetna Health, INC., Dana A. Mannor, M.D., Lenox Hill Hospital, Rawlings Company, LLC, Et Al., Index No. 14593/2009, Supreme Court, Kings County.

32. Defendant, **AARONSON RAPPAPORT FEINSTEIN & DEUTSCH, LLP**, are Attorneys for Defendant DANA A. MANNOR, M.D., and all doctors participated in the surgery in 2002, in the following Plaintiff's Appeals: (1) Nella Manko v. Dana A. Mannor, M.D., Lenox Hill Hospital, Et Al., Index No. 113306/2006, Supreme Court, New York County; (2) Nella Manko v. Drs. Dana Mannor, Elton Strauss, Et Al., Index No. 109296/2007, Supreme Court, New York County; (3) Nella Manko v. Aetna Health, INC., Dana A. Mannor, M.D., Lenox Hill Hospital, Et Al., Index No. 10501/2009, Supreme Court, Kings County; and (4) Nella Manko v. Aetna Health, INC., Dana A. Mannor, M.D., Lenox Hill Hospital, Rawlings Company, LLC, Et Al., Index No. 14593/2009, Supreme Court, Kings County.

33. Defendant, **AARONSON RAPPAPORT FEINSTEIN & DEUTSCH, LLP**, was a Defendant, in the following Plaintiff's Case: (1) "Nella Manko v. David A. Gabay, Esq, Bernard H. Broome, Esq, Joshua R. Cohen, Esq, Et Al.", Kings County Supreme Court Index No. 22148/2013.

34. Defendant, **KAUFMAN BORGEEST & RYAN LLP**, 200 Summit Lake Drive, Valhalla, New York 10595, United States of America, was and still is a domestic professional service limited liability company organized under the laws of the State of New York, and licensed, authorized and doing business within the State of New York. Defendant, **KAUFMAN BORGEEST & RYAN LLP**, is a law firm consisting of attorneys at law with a principal place of business within the State of New York, and maintains an office for the practice of law and does business in the State of New York, utilizing the services of attorneys, and located at 200 Summit Lake Drive, Valhalla, New York 10595; DOS Process: C/O C T CORPORATION SYSTEM, 111 EIGHTH AVENUE, NEW YORK, NEW YORK, 10011; Principal Executive Office: KAUFMAN BORGEEST & RYAN LLP, 120 Broadway 14th Floor, New York, NY 10271; Registered Agent: C T CORPORATION SYSTEM, 111 Eighth Avenue, New York, NY 10011.

35. Defendant, **KAUFMAN BORGEEST & RYAN LLP**, are Attorneys for Defendant ELTON STRAUSS, M.D., in the following Plaintiff's Cases: (1) Nella Manko v. Drs. Dana Mannor, Elton Strauss, Lenox Hill Hospital, Et Al., Index No. 109296/2007, Supreme Court, New York County; (2) Nella Manko v. Elton Strauss, M.D., Index No. 300/2008, Supreme Court, Kings County; and (3) Nella Manko v. Elton Strauss, M.D., The Mount Sinai Hospital, David A. Gabay, ESQ., Law Offices of David A. Gabay, P.C., Et Al., Index No. 25157/2010, Supreme Court, Kings County.

36. Defendant, **KAUFMAN BORGEEST & RYAN LLP**, are Attorneys for Defendant ELTON STRAUSS, M.D., in the following Plaintiff's Appeals: (1) Nella Manko v. Drs. Dana Mannor, Elton Strauss, Lenox Hill Hospital, Et Al., Index No. 109296/2007, Supreme Court, New York County.

37. Defendant, **KAUFMAN BORGEEST & RYAN LLP**, was an Attorney for Defendant The Mount Sinai Hospital, and The Mount Sinai Medical Center, INC., in the following Plaintiff's Case and Appeal: (1) Nella Manko v. Elton Strauss, M.D., The Mount Sinai Hospital, The Mount Sinai Medical Center, INC., David A. Gabay, ESQ., Law Offices of David A. Gabay, P.C., Et Al., Index No. 25157/2010, Supreme Court, Kings County.

38. Defendant, **KAUFMAN BORGEEST & RYAN LLP**, are Attorneys for Defendant HERBERT S. SHERRY, M.D., in the following Plaintiff's Cases: (1) Nella Manko v. Bernard H. Broome, ESQ, Herbert S. Sherry, M.D., Index No.: 22602/2009, Supreme Court, Kings County.

39. Defendant, **KAUFMAN BORGEEST & RYAN LLP**, was a Defendant, in the following Plaintiff's Case: (1) "Nella Manko v. David A. Gabay, Esq, Bernard H. Broome, Esq, Joshua R. Cohen, Esq, Et Al.", Kings County Supreme Court Index No. 22148/2013.

40. Defendant, **BERNARD H. BROOME**, Esq. ["BROOME"], who is a natural person, an attorney and member of the New York Bar, 217 Broadway, Suite 505, New York, New York 10007, United States of America, and has been a resident of New York, United States of America, at all times relevant to this Complaint. Defendant, BERNARD H. BROOME, ESQ., was an Attorney for Plaintiff NELLA MANKO in the following Plaintiff's Cases: (1) Nella Manko v. The City of New York and New York City Transit Authority, Index No. 109725/2003, Supreme Court, New York County. Defendant, BERNARD H. BROOME, ESQ., was a Defendant, Pro Se, in the following Plaintiff's Cases: (1) Nella Manko v. Bernard H. Broome, Esq., Herbert S. Sherry, M.D., Index No.: 22602/2009, Supreme Court, Kings County, and (2) Nella Manko v. Bernard H. Broome, Esq., Law Office of Bernard H. Broome, PLLC, National Physicians Review, MEDREVIEW, INC., Professional Evaluation Group, INC., Et Al., Index No. 20555/2010, Supreme Court, Kings County, and (3) Nella Manko v. David A. Gabay, Esq, Bernard H. Broome, Esq, Joshua R. Cohen, Esq, Et Al., Kings County Supreme Court Index No. 22148/2013.

41. Defendant, **LAW OFFICE OF BERNARD H. BROOME, PLLC**, 217 Broadway, Suite 505, New York, New York 10007, United States of America, was and still is a domestic professional service limited liability company organized under the laws of the State of New York, and licensed, authorized and doing business within the State of New York. Defendant, LAW OFFICE OF BERNARD H. BROOME, PLLC, was a Defendant, Pro Se, in the following Plaintiff's Cases: (1) Nella Manko v. Bernard H. Broome, ESQ., Law Office of Bernard H. Broome, PLLC, National Physicians Review, MEDREVIEW, INC., Professional Evaluation Group, INC., Et Al., Index No. 20555/2010, Supreme Court, Kings County, and (2) Nella Manko

v. David A. Gabay, Esq, Bernard H. Broome, Esq, Joshua R. Cohen, Esq, Et Al., Kings County Supreme Court Index No. 22148/2013.

42. Defendant, **C. CARDILLO, P.C.**, 9728 3RD Avenue, Suite 308, Brooklyn, New York 11209, United States of America, was and still is a domestic professional service company organized under the laws of the State of New York, and licensed, authorized and doing business within the State of New York.

43. Defendant, **CARDILLO & KEYSER, P.C.**, 217 Broadway, Suite 515, New York, New York 10007, United States of America, was and still is a domestic professional service company organized under the laws of the State of New York, and licensed, authorized and doing business within the State of New York.

44. Upon information and belief, Defendants, **C. CARDILLO, P.C.** and **CARDILLO & KEYSER, P.C.**, are corporations which were created to hold copy of "Release" and all records of Plaintiff Nella Manko, and were Attorneys for Defendants, Bernard H. Broome, ESQ. and LAW OFFICE OF BERNARD H. BROOME, PLLC, in all cases against these defendants in Supreme Court, Kings County; and were Attorneys for these Defendants in all Appeals of these Cases.

45. Defendant, **NEW YORK CITY TRANSIT AUTHORITY**, is New York City Transit Authority: 130 Livingston Street, Brooklyn, New York 1201, United States of America. Defendant, NEW YORK CITY TRANSIT AUTHORITY, was a Defendant, in the following Plaintiff's Case: (1) Nella Manko v. The City of New York and New York City Transit Authority, Index No. 109725/2003, Supreme Court, New York County.

46. Defendant, **MEDREVIEW, INC.**, 199 Water Street, 27th Floor, New York, New York 10038 , United States of America, is a health maintenance organization licensed by and authorized to do business in the State of New York with office located at 199 Water Street, 27th Floor, New York, New York 10038. Defendant, MEDREVIEW, INC., is a Defendant, Pro Se, in the following Plaintiff's Cases: (1) Nella Manko v. Bernard H. Broome, ESQ., Law Office of Bernard H. Broome, PLLC, National Physicians Review, MEDREVIEW, INC., Professional Evaluation Group, INC., Et Al., Index No. 20555/2010, Supreme Court, Kings County. Defendant, MEDREVIEW INC., keeps a File received from NEW YORK CITY TRANSIT AUTHORITY containing all legal documents related to Plaintiff's Case NELLA MANKO v. THE CITY OF NEW YORK and NEW YORK CITY TRANSIT AUTHORITY, Index No. 109725/2003, Supreme Court, New York County.

47. Defendant, **PROFESSIONAL EVALUATION GROUP, INC.**, 395 Hudson Street, New York, New York 10014, United States of America, is a health maintenance organization licensed by and authorized to do business in the State of New York with offices at 395 Hudson Street, New York, New York 10014. The defendant, PROFESSIONAL EVALUATION GROUP, INC., deviated from the protocol and refused to produce x-rays of Nella Manko's injured left ankle and foot, and refused to evaluate poisoning of Nella Manko during surgery, which caused great damage to Nella Manko's Case.

48. Defendant, **CITY OF NEW YORK**, is CITY OF NEW YORK: City of New York, Office of the Comptroller, One Centre Street, New York, New York 10007, United States of America. Defendant, CITY OF NEW YORK, was a Defendant, in the following Plaintiff's Case: (1) Nella Manko v. The City of New York and New York City Transit Authority, Index No. 109725/2003, Supreme Court, New York County.

49. Defendant, **LAW OFFICES OF DAVID A. GABAY**, 149 Main Street, Huntington, New York 11743, United States of America, was and still is a sole proprietor or a domestic

professional service company organized under the laws of the State of New York, and authorized and doing business within the State of New York. Suffolk County Clerk's Office Record of "Business Certificate" for Business Name: "LAW OFFICES OF DAVID A. GABAY" states that on 11/6/1996 Business Certificate was filed, document number 9696, Sole Proprietor, Business Address: 149 Main Street, Huntington, NY 11743. Defendant, LAW OFFICES OF DAVID A. GABAY, has additional addresses as follows: 560 8th St, Bohemia, NY 11716-1403; 1600 Express Drive South, Suite 130, Hauppauge, New York 11788 (before suspension of DAVID A. GABAY, Esq.). Defendant, LAW OFFICES OF DAVID A. GABAY, was a Defendant, in the following Plaintiff's Cases: (1) Nella Manko v. Nella Manko v. David A. Gabay, ESQ., Law Offices of David A. Gabay, P.C., Gabay Law Group P.C., Law Offices of David A. Gabay, Index No. 3521/2011, Supreme Court, Kings County, and (2) "Nella Manko v. David A. Gabay, Esq, Bernard H. Broome, Esq, Joshua R. Cohen, Esq, Et Al.", Kings County Supreme Court Index No. 22148/2013.

50. Defendant, **DAVID A. GABAY**, Esq., in his individual and professional capacities, ["GABAY"], who is a natural person, an attorney and member of the New York Bar, suspended by Appellate Division (2nd Dept.) Order dated August 07, 2020, Home Address: 560 8th St, Bohemia, New York 11716-1403, United States of America, and has been a resident of New York, United States of America, at all times relevant to this Complaint. Defendant DAVID A. GABAY, Esq., has additional addresses as follows: 1600 Express Drive South, Suite 130, Hauppauge, New York 11788 (before suspension); 149 Main Street, Huntington, New York 11743. Defendant DAVID A. GABAY, Esq., is doing business under name of Sole Proprietor LAW OFFICES OF DAVID A. GABAY. Defendant, DAVID A. GABAY, ESQ., was a Defendant, in the following Plaintiff's Cases: (1) Nella Manko v. Elton Strauss, M.D., The Mount Sinai Hospital, David A. Gabay, ESQ., Law Offices of David A. Gabay, P.C., Et Al., Index No. 25157/2010, Supreme Court, Kings County, (2) Nella Manko v. David A. Gabay, ESQ., Law Offices of David A. Gabay, P.C., Gabay Law Group P.C., Law Offices of David A. Gabay, Index No. 3521/2011, Supreme Court, Kings County, and (3) "Nella Manko v. David A. Gabay, Esq, Bernard H. Broome, Esq, Joshua R. Cohen, Esq, Et Al.", Kings County Supreme Court Index No. 22148/2013.

51. "Gabay" and "Law Offices of David A. Gabay" represented Plaintiff in Appeal in action Manko v. Lenox Hill Hospital, Index No.: 30972/2004, Appellate Division, Second Department, Docket No.: 2006-02907; and fraudulently interfered in following matters: (1) Appeal in Case: Manko v. Lenox Hill Hospital, Dana Mannor, M.D., et al., Index No. 113306/2006, New York County Supreme Court; (2) Case: Manko v. Dana Mannor, M.D., Elton Strauss, M.D., et al., Index No. 109296/2007, New York County Supreme Court; and (3) Case: Manko v. Lenox Hill Hospital, Index No.: 30972/2004, Kings County Supreme Court.

52. Defendant, **LAW OFFICES OF DAVID A. GABAY, P.C.**, 560 8th St, Bohemia, New York 11716-1403, United States of America, is a domestic professional corporation with a principal place of business within the State of New York and does business in the State of New York, and maintains offices for the practice of law located at 560 8th St, Bohemia, NY 11716-1403. Defendant Gabay is an Owner of defendant LAW OFFICES OF DAVID A. GABAY, P.C., at all times relevant to this Complaint.

53. Defendant, **LAW OFFICES OF DAVID A. GABAY, P.C.,** was a Defendant, in the following Plaintiff's Cases: (1) Nella Manko v. Elton Strauss, M.D., The Mount Sinai Hospital, David A. Gabay, ESQ., Law Offices of David A. Gabay, P.C., Et Al., Index No. 25157/2010, Supreme Court, Kings County, (2) Nella Manko v. David A. Gabay, ESQ., Law Offices of David

A. Gabay, P.C., Gabay Law Group P.C., Law Offices of David A. Gabay, Index No. 3521/2011, Supreme Court, Kings County, and (3) "Nella Manko v. David A. Gabay, Esq, Bernard H. Broome, Esq, Joshua R. Cohen, Esq, Et Al.", Kings County Supreme Court Index No. 22148/2013.

54. Upon information and belief, Defendant, **GABAY LAW GROUP P.C.**, 560 8th St, Bohemia, New York 11716-1403, United States of America, is a domestic professional corporation with a principal place of business within the State of New York and does business in the State of New York, and maintains offices for the practice of law located at 80 Orville Drive, Suite 100, Bohemia, NY 11716, and 560 8th St, Bohemia, NY 11716-1403. Defendant Gabay is an Owner of defendant "GLG" at all times relevant to this Complaint.

55. Defendant, **GABAY LAW GROUP P.C.**, was a Defendant, in the following Plaintiff's Cases: (1) Nella Manko v. David A. Gabay, ESQ., Law Offices of David A. Gabay, P.C., Gabay Law Group P.C., Law Offices of David A. Gabay, Index No. 3521/2011, Supreme Court, Kings County, and (3) "Nella Manko v. David A. Gabay, Esq, Bernard H. Broome, Esq, Joshua R. Cohen, Esq, Et Al.", Kings County Supreme Court Index No. 22148/2013.

56. Defendant, **GORDON & SILBER, P.C.**, 355 Lexington Avenue, 7th Floor, New York, New York 10017, United States of America, is a law firm consisting of attorneys at law with a principal place of business within the State of New York, and maintains an office for the practice of law and does business in the State of New York, utilizing the services of attorneys, and located at 355 Lexington Avenue, 7th Floor, New York, New York 10017. Defendant, GORDON & SILBER, P.C., is a domestic professional company organized under the laws of the State of New York, and licensed, authorized and doing business within the State of New York. It is also the employer of Defendant Kaufman at all times relevant to this Complaint.

57. Defendant, **GORDON & SILBER, P.C.**, are Attorneys for Defendants, David A. Gabay, Esq., Law Offices of David A. Gabay, P.C., Law Offices of David A. Gabay, Gabay Law Group P.C., Insource Strategies, INC., in the following Plaintiff's Cases: (1) Nella Manko v. David A. Gabay, Esq., Law Offices of David A. Gabay, P.C. (Action Index No.: 25157/2010); (2) Nella Manko v. David A. Gabay, Esq., Gabay Law Group P.C., Law Offices of David A. Gabay, P.C. (Actions Index Nos.: 3521/2011, 8549/2011); (3) Law Offices of David A. Gabay, David A. Gabay, Esq., Insource Strategies, INC. (Action Index No.: 23002/2011), in Supreme Court, Kings County; and (4) "Nella Manko v. David A. Gabay, Esq, Bernard H. Broome, Esq, Joshua R. Cohen, Esq, Et Al.", Kings County Supreme Court Index No. 22148/2013, and are Attorneys for these Defendants in all Appeals of these Cases.

58. Defendant, **PROFESSIONAL EVALUATION GROUP, INC.**, 395 Hudson Street, 01st Floor, New York, New York 10014, United States of America. The defendant, PROFESSIONAL EVALUATION GROUP, INC., deviated from the protocol and refused to produce x-rays of Nella Manko's injured left ankle and foot, and failed to evaluate diagnosis of poisoning, all of which caused great damage to Plaintiff's Cases.

58. Defendant, **RAWLINGS COMPANY, LLC**, 1 Eden Parkway, Lagrange, Kentucky 40031, United States of America. Defendant, RAWLINGS COMPANY, LLC, represent any Reviewer employed by the defendant, AETNA HEALTH, INC., and in that capacity made decisions and determinations regarding clinical pre-certifications for admission to Lenox Hill Hospital and regarding claims requested on behalf of the plaintiff, Nella Manko, and authorized payments. AETNA HEALTH, INC., employed RAWLINGS COMPANY, LLC, in health plan cost saving program to recover benefits which were paid through its health plan. The plaintiff, Nella Manko, was covered insured under an individual policy of insurance issued by AETNA

HEALTH, INC. Between October 01, 2001 and May 31, 2002, the Plaintiff was covered/insured under a policy of insurance: HEALTHY NEW YORK and her Aetna Member Number was BBHB8XPA, Effective Date 10/01/2001. From June 01, 2002, the plaintiff was covered/insured under a policy of insurance: NY INDIVIDUAL HMO, Individual Advantage Program, Aetna Member Number: BBJGKBLA, Effective Date 06/01/2002. Defendant, Rawlings Company, LLC, was Defendant in Plaintiff's Case: Nella Manko v. Aetna Health, INC., Dana A. Mannor, M.D., Lenox Hill Hospital, Rawlings Company, LLC, Et Al., Index No. 14593/2009, Supreme Court, Kings County.

59. Defendant, **APPELLATE DIVISION OF THE SUPREME COURT OF THE STATE OF NEW YORK (SECOND DEPARTMENT),** is the intermediate appellate court of the State. APPELLATE DIVISION OF THE SUPREME COURT OF THE STATE OF NEW YORK (SECOND DEPARTMENT) is located at 45 Monroe Place, Brooklyn, New York 11201.

60. Defendant, **APPELLATE DIVISION OF THE SUPREME COURT OF THE STATE OF NEW YORK (FIRST DEPARTMENT),** is the intermediate appellate court of the State. APPELLATE DIVISION OF THE SUPREME COURT OF THE STATE OF NEW YORK (FIRST DEPARTMENT) is located at 41 Madison Ave, New York, New York 10010.

61. The defendant, **STATE OF NEW YORK**, ATTORNEY GENERAL OFFICE, 28 Liberty Street, 16th Floor, New York, New York 10005, United States of America, is a sovereign state of the United States, with its structure of government divided into three separate branches, the executive, the legislature and the judiciary.

## THE COURTS AS REGULATOR OF THE LAW

60. Upon information and belief, in its regulatory and administrative capacity, the Court of Appeals has authority to supervise the Appellate Division of the Supreme Court of the State of New York.

61. Upon information and belief, the Court of Appeals has the power to review, subject to the New York Constitution, the orders or decisions of the Appellate Division.

62. Upon information and belief, the Appellate Division, has the power to review, subject to the New York Constitution, the orders or decisions of the "supreme court".

63. Upon information and belief, the Appellate Division, First Department, is one regional division of the Appellate Division.

64. The "supreme court" is the lowest court of general jurisdiction in New York State. Its highest court is the Court of Appeals.

65. Upon information and belief, the defendant State of New York possesses power and influence sufficient to cause the First Department to correct deficiencies alleged herein, such as the First Department's denying plaintiff of due process of law, equal protection of the law, and the right to petition government.

66. Upon information and belief, defendant State of New York is responsible for the health, safety and welfare of its citizens, as sovereign, consistent with its obligations under the federal Constitution, including the requirement of ensuring due process of law, equal protection of law, and the right to petition government.

67. New York State must also provide its citizens with a "republican form of government," as that phrase is used by Article IV, § 4 of the United States Constitution, and provide its citizens with protections of the Bill of Rights made applicable to the Several States.

## STATEMENT OF THE CASE

68. The facts upon which this Case is based are more fully set forth in the **Documentary Evidence** annexed hereto as following Exhibits to the instant Complaint. Plaintiff wants to make these Exhibits a part of this instant Complaint and these Exhibits are listed as follows:

    **EXHIBIT "1A1"** – Court of Appeals Slip Decisions Search Results on April 23, 2019 for Nella Manko;

    **EXHIBIT "1B1"** – State of New York, Court of Appeals Order dated and entered on **November 20, 2017**, which dismissed an Appeal **(SSD No. 61)**, Case Name: "Nella Manko, Appellant, v. Lenox Hill Hospital, Respondent.", mailed to Plaintiff-Appellant on November 21, 2017, which states that "ORDERED, that the appeal is dismissed without costs, by the Court <u>sua sponte</u>, upon the ground that the order appealed from does not finally determine the action within the meaning of the Constitution. **Judge Feinman took no part**", the Appeal was filed by Notice of Appeal to the Court of Appeals, dated and filed **September 25, 2017**, which appealed Appellate Division (2d Dep't) "Decision & Order on Motion", dated **August 25, 2017**, which denied Plaintiff-Appellant's Appellate Division (2d Dep't) Motion, returnable **June 16, 2017**, stemming from Appellate Division (2d Dep't) Docket No.: **2011-01851**, Supreme Court, Kings County, Index No.: **30972/2004**;

    **EXHIBIT "1C1"** – State of New York, Court of Appeals Order dated and entered on **November 20, 2017**, Motion No. **2017-746**, Case Name: "Nella Manko, Appellant, v. Lenox Hill Hospital, Respondent.", mailed to Plaintiff-Appellant on November 21, 2017, which states: "**Judge Feinman took no part**", stemming from Appellate Division (2d Dep't) Docket Nos.: **2009-04744, 2009-03661, 2009-02637, 2009-02640**, Supreme Court, Kings County, Index No.: **30972/2004**;

    **EXHIBIT "1D1"** – State of New York, Court of Appeals Order dated and entered on **November 20, 2017**, Motion No. **2017-847**, Case Name: "Nella Manko, Appellant, v. Lenox Hill Hospital, Respondent.", mailed to Plaintiff-Appellant on November 21, 2017, which states: "... ORDERED, that the motion, for reargument **is denied**", stemming from Appellate Division (2d Dep't) Docket No.: **2015-06592**, Supreme Court, Kings County, Index No.: **30972/2004**, Appellate Division Order dated **August 26, 2016**;

    **EXHIBIT "1E1"** - State of New York Court of Appeals Order, dated and entered **June 29, 2017**, Motion No. **2017-614**, Case Name: "Nella Manko, Appellant, v. Lenox Hill Hospital, Respondent.", which states: "... ORDERED, that the motion, insofar as it seeks leave to appeal from so much of the August 26, 2016 Appellate Division order as dismissed the appeal from that portion of the Supreme Court order granting the motion for a litigation injunction, **is denied**", stemming from Appellate Division (2d Dep't) Docket No.: **2015-06592**, Supreme Court, Kings County, Index No.: **30972/2004**, Appellate Division Order dated **August 26, 2016**;

    **EXHIBIT "1F1"** – State of New York, Court of Appeals Order dated and entered on **February16, 2017**, which dismissed an Appeal **(SSD No. 4)**, Case Name: "Nella Manko, Appellant, v. Lenox Hill Hospital, Respondent.", mailed to Plaintiff-Appellant on February17, 2017, which states that "ORDERED, that the appeal is dismissed without costs, by the Court <u>sua sponte</u>, upon the ground that the orders appealed from do not finally determine the action within the meaning of the Constitution. **Judge Abdus-Salaam took no part**", stemming from Supreme Court, Kings County, Index No.: **30972/2004**;

    **EXHIBIT "1G1"** – State of New York, Court of Appeals Order dated and entered on **June 06, 2017**, Motion No. **2017-385**, Case Name: "Nella Manko, Appellant, v. Lenox Hill

Hospital, Respondent.", which states: "Appellant having moved for reconcideration of this Court's February 16, 2017 dismissal order; ... ORDERED, that the motion **is denied**", stemming from Supreme Court, Kings County, Index No.: **30972/2004;**

**EXHIBIT "1H1"** – State of New York, Court of Appeals Order dated and entered on **March 28, 2017**, Motion No. **2016-1088**, Case Name: "Nella Manko, Appellant, v. Lenox Hill Hospital, Respondent.", "**Judge Abdus-Salaam took no part**", stemming from Supreme Court, Kings County, Index No.: **30972/2004;**

**EXHIBIT "1J1"** – State of New York, Court of Appeals Order dated and entered on **March 28, 2017**, Motion No. **2017-49**, Case Name: "Nella Manko, Appellant, v. Lenox Hill Hospital, Respondent.", "**Judge Abdus-Salaam took no part**", stemming from Supreme Court, Kings County, Index No.: **30972/2004;**

**EXHIBIT "1K1"** – State of New York, Court of Appeals Order dated and entered on **March 28, 2017**, Motion No. **2017-50**, Case Name: "Nella Manko, Appellant, v. Lenox Hill Hospital, Respondent.", "**Judge Abdus-Salaam took no part**", stemming from Supreme Court, Kings County, Index No.: **30972/2004;**

**EXHIBIT "1L1"** – State of New York, Court of Appeals Order dated and entered on **April 27, 2017, SSD No. 2017-13**, Case Name: "Nella Manko, Appellant, v. Lenox Hill Hospital, Respondent.", stemming from Supreme Court, Kings County, Index No.: **30972/2004;**

**EXHIBIT "1M1"** – State of New York, Court of Appeals Order dated and entered on **March 29, 2018**, Motion No. **2018-58**, Case Name: "Nella Manko, Appellant, v. Dana Mannor, et al., Respondents.", Mailed on March 30, 2018;

**EXHIBIT "1N1"** – State of New York, Court of Appeals Order dated and entered on **February 17, 2015**, Motion No. **2015-29**, Case Name: "Nella Manko, Appellant, v. Lenox Hill Hospital, Respondent.", "**Judge Abdus-Salaam took no part**", stemming from Supreme Court, Kings County, Index No.: **30972/2004;**

**EXHIBIT "1N1"** – State of New York, Court of Appeals Order dated and entered **February 17, 2015 (Motion No. 2015–29)**, Case Name: "Nella Manko, Appellant, v. Lenox Hill Hospital, Respondent.", which states "Ordered, that the motion for reconsideration of this Court's November 18, 2014 dismissal order is denied; and ... Ordered, that the motion for leave to appeal is dismissed upon the ground that this Court does not have jurisdiction to entertain it. **Judges Stein and Fahey took no part**", stemming from Appellate Division (2d Dep't) Docket Nos.: **2009-04744, 2009-03661, 2009-02637, 2009-02640**, Supreme Court, Kings County, Index No.: **30972/2004;**

**EXHIBIT "1P1"** – New York State Court of Appeals' Order, dated **May 14, 2015 (Motion No. 2015–392)**, Case Name: "Nella Manko, Appellant, v. Lenox Hill Hospital, Respondent.", which states that "Appellant having moved for reargument of a motion for leave to appeal to the Court of Appeals [Motion No. **2015–29**, decided **February 17, 2015**] and ... Upon the papers filed and due deliberation, it is Ordered, that the motion for reargument of a motion for leave to appeal is denied ... **Judges Stein and Fahey took no part**", stemming from New York Appellate Division (2d Dep't) Docket Nos.: **2009-04744, 2009-03661, 2009-02637, 2009-02640**, Kings County Supreme Court Index No. 30972/2004;

**EXHIBIT "1R1"** – State of New York, Court of Appeals Order dated and entered **November 18, 2014**, which dismissed an Appeal **(SSD No. 73)**, Case Name: "Nella Manko, Appellant, v. Lenox Hill Hospital, Respondent.", and which states that "ORDERED, that the appeal is dismissed without costs, by the Court sua sponte, **upon the ground that it does not lie** ...", the Appeal was filed by Notice of Appeal, dated **July 02, 2014** and filed in Kings County

Clerk's Office on **July 07, 2014**, stemming from Appellate Division (2d Dep't) Docket Nos.: **2009-04744, 2009-03661, 2009-02637, 2009-02640**, Supreme Court, Kings County, Index No.: **30972/2004**;

**EXHIBIT "1S1"** – New York State Court of Appeals' Order, dated **May 14, 2015 (Motion No. 2015–391)**, Case Name: "Nella Manko, Appellant, v. David A. Gabay, &c., et al., Respondents.", which states that "Appellant having moved for reconsideration of this Court's February 17, 2015 dismissal order and for reargument of a motion for leave to appeal ... Upon the papers filed and due deliberation, , it is Ordered, that <u>the motion</u> for reconsideration of this Court's February 17, 2015 dismissal order is denied, and  it is further Ordered, that <u>the motion for reargument of a motion for  leave to appeal is denied</u> ... **Judges Stein and Fahey took no part**";

**EXHIBIT "1T1"** – State of New York, Court of Appeals Order dated and entered on **December 15, 2016**, Motion No. **2016-1047**, Case Name: "Nella Manko, Appellant, v. Lenox Hill Anesthesiology PLLC, et al., Respondents.";

**EXHIBIT "1U1"** – State of New York, Court of Appeals Order dated and entered on **March 28, 2017, SSD No. 10**, Case Name: "Nella Manko, Appellant, v. David A. Gabay, et al., Respondents.";

**EXHIBIT "2A"** - Collectively annexed hereto the following:

    <u>**(1)**</u> A true copy of **STIPULATION**, falsely dated **December 17, 2008 [should be dated December 17, 2007]**, Case: "Nella Manko v. Lenox Hill Hospital, et al.", Supreme Court, New York County, Index No.: **109296/2007**, which states: "IT IS HEREBY STIPULATED AND AGREED, by the undersigned attorneys for the parties to the within action that the motion of defendants Dana Mannorr, Alan Tikotsky, Matthew Lubin, and David Follett, for an order dismissing the complaint, returnable on **December 18, 2007**, is adjourned until **January 4, 2008**.", signed by **Sole Proprietor** "Law Offices of David A. Gabay", Attorney for **Plaintiff**, 4250 Veterans Highway, Holbrook, NY 11741, and Aaronson Rappaport Feinstein & Deutch, LLP, Attorneys for **Defendant**, 757 Third Avenue, New York, NY 10017, By: Russell J. Lask, Esq.; and

    <u>**(2)**</u> An Email, dated <u>**Mon, Dec 17, 2007**</u> 5:34 pm, to which image of this stipulation was attached, stating: "Nella, Here is the stipulation adjourning [Motion] **003** from <u>**12/18**</u> until <u>**1/04**</u>." From: DavidAGabay <DavidAGabay@aol.com>;

**EXHIBIT "2A1"** – Original **Certified by IRS** copy of Income Tax Return for the year **1986** of Nella Manko, stating address: 1735 East 13th Street, Apt. 3K, Brooklyn, NY 11229;

**EXHIBIT "2A2"** – Original **Certified by IRS** copy of Income Tax Return for the year **1987** of Nella Manko, stating address: 1735 East 13th Street, Apt. 3K, Brooklyn, NY 11229, bearing IRS produced and mailed to Nella Manko label stating the same address (Apartment "3K" is stating on the IRS label), and attached copy of W-2 Wage and Tax Statement for **1987** stating the same address (Apartment "3K" is stating on the copy of W-2 Wage and Tax Statement for **1987**);

**EXHIBIT "2A3"** – Original four (4) Anchor Saving Bank Statements of Nella Manko for October **1986**, November **1986**, and December **1986**, stating address: 1735 East 13th Street, Apt. 3K, Brooklyn, NY 11229;

**EXHIBIT "2B"** - Plaintiff's "Order with Notice of Entry", dated November 23, 2007, served on November 24, 2007, and filed on **December 18, 2007** in Kings County Clerk's Office, of the Appellate Division (2d Dep't) DECISION & ORDER, Docket No. **2006-02907**, dated **October 30, 2007** (See **EXHIBIT "14 (A.46-50)"**);

**EXHIBIT "2B1"** – **Original** Letter from Bernard H. Broome, Esq., dated **May 9, 2007**, and signed in **blue pen** by Bernard H. Broome, Esq., stating: "Re: Nella Manko v. The City of New York and NYCTA, Index No. **109725/03**, Dear Ms. Manko: Please be advised that you are placing your case in jeopardy by refusing to sign OCA Hippa Authorizations. I have repeatedly telephoned you stating that your hospital records from **Lenox Hill Hospital** and **Mt. Sinai Medical Center** need to be in subpoenaed record room in Court before we can proceed to trial";

**EXHIBIT "2B2"** – Collectively annexed hereto the following two (2) HIPAA Authorization Forms (Patient Name: Nella Manko):

**(1)** HIPAA Authorization Form dated **April 20, 2005**, stating that: "Patient Name: Nella Manko, Medical Record No. 2149-374, Date of Accident; 3/26/02; The following organization to make the disclosure: **Mount Sinai Medical Center**, Fifth Avenue at 100[th] Street, New York, NY 10029; The type and amount of information to be used or disclosed is as follows: Hospital records pertaining to surgery of the left ankle on October 11, 2004; This information may be disclosed to and used by the following organization: Michal A. Cardozo, Esq., Corporation Counsel, 100 Church Street, New York, NY 10007; ... Copies of all records furnished by you to said attorneys will be furnished to my attorney, Bernard H. Broome, Esq., 386 Park Avenue South, Suite 501, New York, NY 10016, pursuant to Article 31 of the Civil Law and Rules.", which was signed by Nella Manko and Bernard H. Broome, Esq., and notarized by Bernard H. Broome, Esq.; and

**(2)** HIPAA Authorization Form dated **April 20, 2005**, stating that: "Patient Name: Nella Manko, Date of Accident; 3/26/02; The following individual or organization to make the disclosure: Dr. Elton Strauss, Mount Sinai Medical Center-Department of Orthopaedic Surgery, 5 East 98[th] Street, Box 1188, New York, NY 10029; The type and amount of information to be used or disclosed is as follows: Medical records. This information may be disclosed to and used by the following organization: Wallace D. Gossett, Esq., 130 Livingston Street, Brooklyn, NY 11201, ... Copies of all records furnished by you to said attorneys will be furnished to my attorney, Bernard H. Broome, Esq., 386 Park Avenue South, Suite 501, New York, NY 10016, pursuant to Article 31 of the Civil Law and Rules.", which was signed by Nella Manko and Bernard H. Broome, Esq., and notarized by Bernard H. Broome, Esq.;

**EXHIBIT "2B3"** – Collectively annexed hereto additional five (5) HIPAA Authorization Forms (Patient Name: Nella Manko); The following organization to make the disclosure: (1) Lenox Hill Hospital, (2) Dr. Dana A. Mannor, (3) Dr. Benjamin A. Nachamie, (4) Central Park Physical Therapy, and (5) Dr. Herbert S. Sherry;

**EXHIBIT "2B4"** – Decision of the District Attorney's Office of the New York County, dated March 23, 2007, which deemed complaint filed in District Attorney's Office against doctors and Lenox Hill Hospital involved in plaintiff's surgery in 2002 as a timely medical malpractice case (File No. 20393 opened on February 13, 2007);

**EXHIBIT "2B5"** – Order of Justice **Gloria M. Dabiri**, dated **August 05, 2011**, which is signed by Denis J. Dozis, Esq., from Kaufman Borgeest & Ryan LLP, 200 Summit Lake Drive, Valhalla, NY 10595, attorneys for defendant, Elton Strauss, M.D., and which is a proof that defendants in all related plaintiff's cases were aware that single female plaintiff, pro se, Nella Manko, is a sane person (until today x-rays of Nella Manko's left ankle made by Elton Strauss, M.D., are not provided to Nella Manko) (Supreme Court, Kings County, Index No.: **300/2008**);

**EXHIBIT "2B6"** – **"Supplemented Verified Bill of Particulars"** of Bernard H. Broome, Esq., dated **Aril 22, 2005**, received and entered on **April 27, 2005**, by MTA NYC Transit Law Department, stating that plaintiff, Nella Manko, on **October 11, 2004**, undergo

surgery of the left ankle to remove hardware (screws), and arthroscopic surgery of left ankle and foot, and **falsely** stating that it was done in "Mount Sinai Medical Center", New York, New York (Supreme Court, New York County, Index No.: **109725/2003**);

**EXHIBIT "2B7" – First Page of "Verified Bill of Particulars"** of Bernard H. Broome, Esq., received on **December 12, 2003**, by MTA NYC Transit Law Department, stating that "Plaintiff's residence address is 1735 East 13th Street, Brooklyn, NY 11229", which omits plaintiff's Nella Manko, Apartment Number **3K**", of 96 Units Building;

**EXHIBIT "2B8" –** Certified "Orthopedic Evaluation Report", dated **September 15, 2004**, of Orthopedic Surgeon Harvey Fishman, M.D., medical expert in plaintiff's case against NYC Transit Authority (Supreme Court, New York County, Index No.: **109725/2003**);

**EXHIBIT "2B9" – Certification**, certified by David Altman, Operation Manager of National Physicians Review, on March 01, 2011, which was clipped to documents including "Supplemented Verified Bill of Particulars" of Bernard H. Broome, Esq., dated Aril 22, 2005, "Verified Bill of Particulars" of Bernard H. Broome, Esq., received on December 12, 2003, "Orthopedic Evaluation Report", dated September 15, 2004, of Orthopedic Surgeon Harvey Fishman, M.D.;

**EXHIBIT "2B10" –** Primary Care Physician **Irina Avruchevskaya, M.D., Medical Records of Patient Nella Manko**, which include the following:

**(1)** Empire Blue Cross Blue Shield Managed Care Referral Form (PO Box **1434**), dated October 04, 2002; Preprinted Form Number: **566335**, Patient Name: **Manko**, Nella; Patient ID Number: YLN ... - ... - 7575, Referring To: Elton Strauss, M.D., Service Authorized: Evaluation and **Treatment**, Referral Reason: **Left** Ankle Pain; Provider Name: Irina Avruchevskaya, M.D., Provider No. **17N221**; Signed by Irina Avruchevskaya, M.D.;

**(2)** "Surgery Procedures and Physical" Form, dated October 07, 2004, signed by Irina Avruchevskaya, M.D., which fraudulently and intentionally falsely misspelled patient name as "**Menko**", and fraudulently alternates left ankle and right ankle;

**(3)** "The Mount Sinai Hospital NY, NY Admission Test Order Sheet", dated and completed on October 07, 2004, Patient Name: **Manko**, Nella, Signed by Irina Avruchevskaya, M.D., which maliciously and fraudulently does not state Patient Address, Admission Date, Physician's Name, and Patient Weight;

**(4)** Blood Test, reported October 05, 2004 (2 Pages), states Patient: Nella **Manko**, states Manko's Social Security Number, states Ordering Physician: Avruchevskaya, Irina, which is **fraudulently** ordered on Susan Levit, M.D., client account: T26671 12022400;

**(5)** Urinalysis Test, reported October 08, 2004 (1 Page), states Patient: Nella **Manko**, states Manko's Social Security Number, states Ordering Physician: Avruchevskaya, Irina, which is **fraudulently** ordered on Susan Levit, M.D., client account: T26671 12022400;

**(6)** EKG – Summary: Abnormal; Right Bundle Branch Block (Nella Manko had always normal EKG before hospitalization in 2002 in Lenox Hill Hospital. Abnormal EKG and Right Bundle Branch Block is a result of poisoning and overdose by anesthesia drugs during surgery on March 28, 2002 in Lenox Hill Hospital);

**(7)** Letter, dated **October 12, 2004** (2 Pages), from Elton Strauss, M.D., to Irina Avruchevskaya, M.D.; and

**(8)** Letter, dated **December 23, 2004** (2 Pages), from Elton Strauss, M.D., to Irina Avruchevskaya, M.D.;

**EXHIBIT "2C1"** – An Email from David A. Gabay, Esq., dated Wed, **November 14, 2007**, 12:42 pm, which states: "Nella: Here is the proposed retainer for the matters we discussed. Please call my office to schedule an appointment." (**From**: DavidAGabay@aol.com, **To**: nmanko1@aol.com, **Subject**: Fee Proposal, **Date**: Wed, Nov 14, 2007 12: 42 pm);

**EXHIBIT "2C2"** – Collectively annexed hereto the following:

**(1)** An Email from David A. Gabay, Esq., dated Wed, **November 14, 2007**, 12:43 pm, which states: "Nella: Here is a retainer agreement for your cases. Please call my office to schedule an appointment." (**From**: DavidAGabay@aol.com, **To**: nmanko1@aol.com, **Subject**: Fee Proposal, **Date**: Wed, Nov 14, 2007 12: 43 pm, **Attachments**: Retainer.doc (**33K**)); and

**(2) Attachment**: Retainer.doc (**33K**) which consists of two (2) pages document dated November 14, 2007;

**EXHIBIT "2C3"** – Collectively annexed hereto the following:

**(1)** An Email from David A. Gabay, Esq., dated Mon, **November 19, 2007**, 5:23 pm, which states: "Nella: Here is the revised retainer. Please call with any questions." (**From**: DavidAGabay@aol.com, **To**: nmanko1@aol.com, **Subject**: Revised Retainer, **Date**: Mon, Nov 19, 2007 5:23 pm, **Attachments**: Retainer.doc (**37K**)); and

**(2) Attachment**: Retainer.doc (**37K**) which consists of three (3) pages of document dated November 14, 2007;

**EXHIBIT "2C4"** – Collectively annexed hereto the following:

**(1)** An Email from David A. Gabay, Esq., dated Mon, **November 26, 2007**, 7:16 pm, which states: "Nella: Here is the revised retainer. I will talk to you tomorrow. Please call with any questions. If not, I will see you on Wednesday at 1 p.m. for the motion, and to sign the retainer, and pay the fees which we agreed to." (**From**: DavidAGabay@aol.com, **To**: nmanko1@aol.com, **Subject**: Revised Retainer, **Date**: Mon, Nov 26, 2007 7:16 pm, **Attachments**: Retainer-2.doc (**34K**)); and

**(2) Attachment**: Retainer-2.doc (**34K**) which consists of two (2) pages of document dated November 26, 2007;

**EXHIBIT "2C5"** – Collectively annexed hereto the following:

**(1)** An Email from David A. Gabay, Esq., dated Tue, **November 27, 2007**, 4:25 pm, which states: "Nella: Here is the revised retainer. See you tomorrow." (**From**: DavidAGabay@aol.com, **To**: nmanko1@aol.com, **Subject**: Revised Retainer, **Date**: Tue, Nov 27, 2007 4:25 pm, **Attachments**: Retainer-2.doc (**36K**)); and

**(2) Attachment**: Retainer-2.doc (**36K**) which consists of two (2) pages of document dated November 27, 2007;

**EXHIBIT "2C6"** – Retainer of David A. Gabay, Esq., dated November 28, 2007, and signed by David A. Gabay, Esq.;

**EXHIBIT "2C7"** – Plaintiff's **check no. 171**, posted on November 30, 2007, for the amount of **$10,000.00**, plaintiff wrote on this check that this check is given as follows: **$5,000.00** for the Case "Nella Manko v. Lenox Hill Hospital", Supreme Court, Kings County, Index No.: **30972/2004** and **$5,000.00** for the Appeal of Case "Nella Manko v. Lenox Hill Hospital, Dana A. Mannor, M.D., Et Al.", Supreme Court, New York County, Index Number: **113306/2006**, printed by Chase Bank Internal System on 11/29/2014, related to Retainer, dated November 28, 2007 and signed by David A. Gabay, Esq., the check was paid to the order of **Mr. David A. Gabay**;

**EXHIBIT "2C8"** – Plaintiff's **check no. 170**, posted on November 26, 2007, for the amount of **$2,200.00**, plaintiff wrote on this check that this check is given as follows: $700.00 is

for Reply Brief for the Appeal (Appellate Division (2d Dep't) Docket No. **2006-02907**) (Reply Brief was never filed but money was not returned to plaintiff), and **$1,500 is for motions seq. no. 001 and 003** (Case "Nella Manko v. Drs. Dana Mannor, Elton Strauss, Lenox Hill Hospital, Et Al.", Supreme Court, New York County, Index No. **109296/2007**), printed by Chase Bank Internal System on 11/29/2014, related to Retainer, dated November 28, 2007 and signed by David A. Gabay, Esq., the check was paid to the order of **Mr. David A. Gabay**;

 **EXHIBIT "2C9"** – New York County Supreme Court (Index Number: 109296/2007) fraudulent NOTICE OF APPEARANCE, dated November 28, 2007, and signed by David A. Gabay, Esq., as LAW OFFICES OF DAVID A. GABAY, Attorney for Plaintiff, stating "the defendant, Nella Manko, hereby appears in the above entitled action, and that the undersigned has been retained as attorney for said defendant";

 **EXHIBIT "2C10"** – Letter (on letterhead of "Law Offices of David A. Gabay"), dated **January 2, 2008**, to New York County Supreme Court stating that "Enclose please find an original and copy of a Notice Terminating Authority of Attorney David A. Gabay in the above referenced matter (Supreme Court, New York County, Index Number: **109296/2007**)", and affidavit of service on **January 2, 2008** of this letter and "Notice Terminating Authority of Attorney David A. Gabay" VIA UPS on Justice Alice Schlesinger, Administrative Justice Silverman, and VIA mail on Garson Gerspach Decorato & Cohen, LLP, Kaufman Borgeest & Ryan LLP, and Aaronson Rappaport Feinstein & Deutsch, LLP;

 **EXHIBIT "2C11"** – "Request for Preliminary Conference", dated December 17, 2007 and signed by "Law Offices of David A. Gabay", and "Affirmation in Support of Request for Preliminary Conference", dated December 17, 2007 and signed by "Law Offices of David A. Gabay", mailed to Kings County Supreme Court, Chamber of the Hon. Marsha Steinhardt, 360 Adams Street, Brooklyn, NY 11201, Manko vs. Lenox Hill Hospital, Index No: **30972/2004**;

 **EXHIBIT "2C12"** – Retainer, dated March 30, 2007, of David A. Gabay, Esq., Re: Appellate Division, Second Department, pending Appeal of Supreme Court, Kings County, Order of Justice Marsha Steinhardt in Case: Nella Manko vs. Lenox Hill Hospital;

 **EXHIBIT "2C13"** – Copies of Money Orders and Checks paid to David A. Gabay, Esq.;

 **EXHIBIT "2D"** – Aetna Report, dated November 9, 2006, prepared in response to Nella Manko request for 2002 medical information received by Aetna on October 30, 2006 (Customer # **US 09020H, BBHB8XPA**), which consists of medical claims in 2002 and which is a proof that Dana A. Mannor, M.D., is an agent of Lenox Hill Hospital (This Aetna Report was prepared by Laurie Naylor, Case Manager, Legal Support Services, 151 Farmington Avenue, W121, Hartford, CT 06156, Phone (860) 952-8638). Please take notice that admitting emergency room doctor Matthew B. Lubin, M.D., is on the Aetna Report and Bill. This is a proof that Lenox Hill Hospital has vicarious liability for a medical malpractice occurred in the Hospital where the plaintiff had an unnecessary surgery;

 **EXHIBIT "2D1"** – Collectively annexed hereto the following:

  **(1)** Original letter from Rawlings Company LLC, dated **October 11, 2002**, which is printed on two sides of one shit of paper as follows:

   **(a)** On the first side is printed: "The Rawlings Company LLC, Subrogation Division; Post Office Box 740027, Louisville, Kentucky 40201-7427; Telephone (502) 587-8060; Telecopier (502) 587-5558; October 11, 2002; Nella Manko, 1735 E 13th St., Apt 3K, Brooklyn NY 11229; Reference No.: **9148180**; Insured: Nella Manko; Patient: Nella Manko; Date of Treatment: 03/28/2002: Treatment By: Lenox Hill Anesthesia; Dear Nella Manko: ... This information helps Aetna US Healthcare hold the cost of your health plan to the

lowest level possible. Again, we ask that you assist your health plan by completing the form on the back of this page concerning the treatment listed above and return it to us in the postage paid envelope. If you need any help to complete this form, you may call a Rawlings Company customer service representative to assist you at 1-888-240-2470. ..."; and

**(b)** On the second side is printed form: "Information for Medical Claim reimbursement"; and

**(2)** Copy of Postage paid envelope.

**EXHIBIT "2E"** – Long Island College Hospital's Report of the x-ray of "six views of the left foot and ankle", dated **January 16, 2009** (MRN: **1339212**, Account No.: **0026117333**), of Petitioner-Appellant, Nella Manko, which states: "... Soft tissues swelling are noted diffusely throughout the foot";

**EXHIBIT "2F"** – Collectively annexed hereto the following:

**(1)** Cover Letter dated **January 20, 2011** from Justice Leon Ruchelsman, which states the following:
"Dear Ms. Manko:

Re: Nella Manko vs. Bernard H. Broome, Esq., Law Office[s] of Bernard H. Broome, PLLC[.], National Physicians Review[.], Medreview, INC., Harvey Fishman, M.D., Professional Evaluation Group, INC., Index # **20555/10**

Enclosed please find the decision[s] in the above-titled action.

Sincerely, ... Hon. Leon Ruchelsman

cc:     Bernard H. Broome, Esq. **Pro Se**
        Morgan Melhu[i]sh Abrutyn";

**(2)** Envelope in which this Cover Letter and Order was enclosed bearing stamp dated January 27, 2011, and stamped "Chambers of Leon Ruchelsman Justice", and addressed to "Ms. Nella Manko ... Pro Se";

**EXHIBIT "2G"** – Page http://www.elaw.com/elaw21/PrintCaseTabContent.aspx, which shows that there is only **one** defendant: **"BERNARD H. BROOME, ESQ. LAW OFFICE OF BERNARD H. BROOME, PLLC"**, and which enabled "Law Office of Bernard H. Broome, PLLC" **not to appear** in the case after this entity was served with the Summons and Complaint in this action;

**EXHIBIT "2G1"** – False Affirmation of Bernard H. Broome, Esq., which terminated Preliminary Conference dated December 17, 2010 (Supreme Court, Kings County, Index No. **20555/2010**);

**EXHIBIT "2H1"** – Summons, filed on **August 18, 2010**, Case: Manko vs. Bernard H. Broome, Esq.; Law Office of Bernard H. Broome, PLLC; MEDREVIEW, INC.; Et Al., Supreme Court, Kings County, Index Number **20555/2010**;

**EXHIBIT "2H2"** – Affidavits and Certificates of Service of the Summons and Complaint, bearing Index No. **20555/2010** and filed date 08/18/2010, on Bernard H. Broome, Esq., and Law Office of Bernard H. Broome, PLLC (Pages **135-144**);

**EXHIBIT "2H3"** – Affidavits of Service of the Summons and Complaint, bearing Index No. **20555/2010** and filed date 08/18/2010, on MEDREVIEW, INC.;

**EXHIBIT "2L"** – Letter from Garson Gerspach Decorato & Cohen, LLP, dated **August 10, 2006**, and signed by Anna R. Schwartz, stating that: "Dear Ms. Manko: We are in receipt of your correspondence addressed to Lenox Hill Hospital dated **May 18, 2006**, requesting information pertaining to your March, 2002 admission. A copy is enclosed for your review..."; This letter is actually refusing to provide **Certified** Copy of Lenox Hill Hospital Bill, which was

requested in Manko's "correspondence addressed to Lenox Hill Hospital dated **May 18, 2006**" copy of which was attached to Schwartz's letter dated August 10, 2006;

**EXHIBIT "2L1"** – "Notice of Change of Name of Law Firm" from Garson Decorato & Cohen, LLP, signed by Anna R. Schwartz, Esq., dated February 12, 2008, and served on February 14, 2008, on Pro Se Plaintiff, Nella Manko, via Certified Mail and Regular Mail, stating that: "Please take notice that the name of the law firm, Garson Gerspach Decorato & Cohen, LLP, has been changed to Garson Decorato & Cohen, LLP";

**EXHIBIT "2L2"** – Collectively annexed hereto the following:

**(1)** Letter from Garson Gerspach Decorato & Cohen, LLP, One Wall Street, New York, N.Y. 10005, dated **December 1, 2004**, and signed by Lauren J. Daniels, Esq., stating: "Dear Ms. Manko: Re: Manko v. Lenox Hill Hospital Our File No. 25.1702-4/28 Dear Ms. Manko: As you are aware, this office represents the interests of the defendant, Lenox Hill Hospital, in the above-referenced action. Please be advised that to date, this office has not received any responses to the Demands for Discovery dated October 19, 2004, including a demand for a Verified Bill of Particulars ..."; and

**(2)** Envelope in which this Letter, dated **December 1, 2004**, was enclosed bearing Certified Mail Stamp dated 02, 2004 (Article # **7004 0750 0000 0171 9553**), and stamped "Garson Gerspach Decorato & Cohen, LLP, One Wall Street, New York, N.Y. 10005", and addressed to "Ms. Nella Manko, 1735 East 13th Street, Brooklyn, New York 11229";

**EXHIBIT "2L3"** – **"Answer"**, dated October 19, 2004, and served on **October 20, 2004**, of Defendant, Lenox Hill Hospital, by its attorneys, Garson Gerspach Decorato & Cohen, LLP, signed by Anna R. Schwartz, Esq. (Supreme Court, Kings County, Index No.: **30972/2004**);

**EXHIBIT "2M"** – Collectively annexed hereto the following:

**(1)** Nella Manko's Letter, dated **February 03, 2020**, Re: "Matter of Art. 78 proceeding of CPLR, Nella Manko v. William F. Mastro, Justice; Alan D. Scheinkman, Justice; Et Al." (AD (1st Dep't) Docket No. 2020-00070, AD (2d Dep't) Docket No. 2019-14291, Supreme Court, Kings County, Index No. 526781/2019 (Date filed: 12/09/19)), which was mailed via Certified Mail (Return Receipt Requested) to the following parties: (1) Appellate Division, First Department, 27 Madison Ave., New York, NY 10010; (2) Charles F. Sanders, AAG, Attorney General Office, 28 Liberty St., New York, NY 10005; (3) Appellate Division, Second Department, 45 Monroe Place, Brooklyn, NY 11201; (4) Kaufman Borgeest & Ryan LLP, 200 Summit Lake Drive, Valhalla, NY 10595; This Manko's Letter is a response to Certified Letter, dated January 03, 2020 and received on January 18, 2020, from DAVID BLOOM, ESQ., KAUFMAN BORGEEST & RYAN LLP, requesting an adjournment of the return date of the petition until March 13, 2020. Petitioner, Manko, **opposes** this adjournment;

**(2)** Annexed to this Letter attachment contains parts of medical records of Nella Manko created by Elton Strauss, M.D., and are in his sole care and possession, and clearly demonstrate that Elton Strauss, M.D., **divided** Nella Manko's medical records in two (2) different files as follows: The First file is for patient **Nella Manko** and does not contain specific surgery instructions for surgery dated October 11, 2004; and The Second file is for patient **Nella Menko** and **contains specific surgery instructions** for surgery dated October 11, 2004; Additionally, letters to Nella Manko's primary care doctor Irina Avruchevskaya, M.D., are, also, sent to the owner of the building, located at 1220 Avenue P, Brooklyn, NY, in which internist Irina Avruchevskaya, M.D., rents her office. The owner is Susan Levit, M.D., whose specialization is psychiatrist. **Nella Manko was never a patient of Susan Levit, M.D.** Nella

Manko never gave anyone written Medical Authorization to share her medical information with Susan Levit, M.D., **this is a medical fraud pursuant to CPLR 3122**; and

**(3)** Additionally, take a notice of Petitioner-Appellant Nella Manko's CITYMD Chest X-ray Report, dated **January 20, 2020**, which states that she has broken left 10th rib. She stays at home because of pain and to avoid pneumonia which could be a complication of a broken rib.

**EXHIBIT "2N"** – NYS Department of State Division of Corporations, Entity Information, Entity Name: C. Cardillo, P.C.; DOS Process (Address to which DOS will mail process): C. Cardillo, P.C., Post Office Box 290530, Brooklyn, New York, **11229**;

**EXHIBIT "2S1"** – "Notice of Motion" of Pro Se Plaintiff's Motion, **Sequence No. 09**, served on defendants, Bernard H. Broome, Esq., and  Law Office of Bernard H. Broome, PLLC, originally returnable on **August 20, 2014**, which had first court appearance on September 26, 2014, and was wrongfully marked off the calendar during Default Calendar Call held on **September 26, 2014**, which requested an Order **RESTORING** to the Calendar Pro Se Plaintiff's Motion, **Sequence No. 08**, where Motion Seq. No. 08 requested an Order to **RENEW** defendant Bernard H. Broome, Esq., motion to dismiss the complaint, based on CPLR 3211(a)(5) and (a)(7), granted on default on April 25, 2014, in order to permit the plaintiff, pro se, to oppose defendant's motion (Appellate Division (2d Dep't) Docket No.: **2015-06041**, Supreme Court, Kings County, Index No.: **22148/2013**);

**EXHIBIT "2S2"** – Fraudulent and invalid **STIPULATION**, dated September 23, 2014, and signed on September 23, 2014 by Defendant, Pro Se, Bernard H. Broome, Esq., and by Plaintiff, Pro Se, Nella Manko, composed by Defendant, Pro Se, Bernard H. Broome, Esq., which is bearing **misspelled** printed name of pro se defendant Bernard H. Broome, Esq., and a **copy** of his signature, and **improperly** describing the undersigned as "**attorneys for the parties**", and is stating: "it is stipulated and agreed, by and between **the undersigned attorneys** for the parties ... that the motion appearance scheduled for Friday, September 26, 2014 is hereby adjourned on consent to Friday, **October, 3,** 2014" (Appellate Division (2d Dep't) Docket No.: **2015-06041**, Supreme Court, Kings County, Index No.: **22148/2013**);

**EXHIBIT "2S3"** – Order of Justice Francois A. Rivera dated **September 23, 2014**, which states that "The Matter respectfully referred to Justice Jacobson for **10/7/14**, 9:30AM, based on her prior order (Motions Seq. Nos.: 09 and 10)" (Appellate Division (2d Dep't) Docket No.: **2015-06041**, Supreme Court, Kings County, Index No.: **22148/2013**);

**EXHIBIT "2S4"** – Collectively annexed hereto the following:

**(1)** Notice of Appeal, Index No. 22148/2013, by Plaintiff, dated April 02, 2015, of an Order of Justice Francois A. Rivera, dated February 23, 2015, and entered on March 04, 2015 (Appellate Division (2d Dep't) Docket No.: **2015-06041**, Supreme Court, Kings County, Index No.: **22148/2013**);

**(2)** Order of Justice Francois A. Rivera, dated February 23, 2015, and entered in Clerk's Office on March 04, 2015;

**EXHIBIT "2S5"** – Sheriff's Certificate of Attempted Service, dated **May 31, 2017**, of the Summons, bearing Index Number **22148/2013** filed on the 26th day of December, 2013, and Amended Verified Complaint, dated July 16, 2014 and filed July 16, 2014 (bearing Index Number **22148/2013**), on Garson Decorato & Cohen, LLP, at 90 Broad Street, 14th Floor, New York, NY 10004, which states that "Staff refused to accept service on behalf of the entity "Garson Decorato & Cohen, LLP" because it no longer exists.";

## DISCUSSION

69. Pro Se Plaintiff-Appellant states <u>this Case presents an issue of substantial justice.</u>

70. CPLR 5015(a) mandates that on motion, a Court that rendered an order may relieve a party from it upon the following grounds: (1) on excusable default so long as motion is made within one year after the order is served with notice of entry; (2) newly-discovered evidence has arisen, which if introduced at trial, would probably have produced a different result and could not have been discovered in time to move for a new trial; (3) the presence of fraud, misrepresentation, or other misconduct of an adverse party; (4) lack of jurisdiction surrounding the order; or (5) reversal, modification, or vacatur of a prior judgment or order upon which it is based.

71. CPLR 5015(a) requirements are satisfied **based on the paragraphs stated below.**

72. CPLR 2221(e) dictates that a motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination., and ... shall contain reasonable justification for the failure to present such facts on the prior motion." CPLR 2221(e) requirements are satisfied **based on the paragraphs stated below**.

73. In the interest of judicial brevity, please refer to "Affidavit of Plaintiff Nella Manko, dated **February 28, 2011**, in Opposition to Defendant's Motion to Renew and Reargue Summary Judgment, Seq. No. 40, returnable on **March 31, 2011**" (Supreme Court, Kings County, Index No.: **30972/2004**). This will provide an additional "procedural history" and "statement of facts" in addition to the stated in this instant Affidavit [See **EXHIBIT "14" pages A221 – A254 (hereinafter EXHIBIT "14 (A. 221-254)")**].

## POINT 1

74. Plaintiff-Appellant has Voice Recording of the following proceeding in Case Nella Manko v. Lenox Hill Hospital, Supreme Court, Kings County, Index No.: **30972/2004**:

**(1) April 16, 2009:** Court Appearance, Presiding Justice is Hon. Marsha L. Steinhardt, Part 15, Room 419;

**(2) July 29, 2009:** Compliance Conference, Presiding Justice is Hon. Ellen Spodek;

**(3) August 14, 2009:** Court Appearance on Plaintiff's Motion (Seq. 25) to Amend Complaint against Hospital, Presiding Justice is Hon. Marsha L. Steinhardt, Part 15, Room 419;

**(4) September 21, 2009:** Deposition of the Plaintiff (Part 1);

**(5) September 21, 2009:** Deposition of the Plaintiff (Part 2);

**(6) December 17, 2009:** Court Appearance on Broome's Motion to Dismiss Complaint at Part 16 (Presiding Justice is Hon. Leon Ruchelsman) and Intake Part (Supreme Court, Kings County, Index No.: **20555/2010**);

**(7) January 21, 2010:** Calendar Call, Part 15 of Justice Marsha L. Steinhardt, Room 419;

**(8) January 12, 2012:** Court Appearance, Part 15, Recuse of Justice Marsha L. Steinhardt; and

**(9) March 30, 2012:** Court Appearance for Plaintiff's Motions Nos.: **41, 42**, Part 2, Justice Gloria M. Dabiri, Calendar Calls Nos.: **39, 40**, Plaintiff remembers that when she walked in the Court Building about 9:23 AM, there was alarm sound, and no one was allowed upstairs until 9:50 AM, and Calendar Call was delayed until about **11:00 AM**, there was only **one** Calendar Call;

**(10)** **May 18, 2012:** Court Appearance for Plaintiff's Motions Nos.: **41, 42,** Part 2, Justice Gloria M. Dabiri, Calendar Calls Nos.: **34, 35,** Court Room opened 11 min. later; Calendar Call started 16 min. later; in violation of the Court Rules, there wasn't a second default Calendar Call; defendant Hospital's attorney did not answer Calendar Call; some time later unknown woman appeared and said that she is an attorney for defendant Hospital, and we were asked to approach Justice Dabiri stand to talk to her (part 2 of appearance at 25:00 min., and first 4 min. of part 3);

**(11)** **October 17, 2014:** Court Appearance for Plaintiff's Motions Nos.: **43, 44, 45,** and **46,** Presiding Justice is Hon. Gloria M. Dabiri, Part 2; in violation of the Court Rules, there wasn't a second default Calendar Call; and

**(12)** **Year 2007–2009** - Voice Messages left on Nella Manko's Phone Recording Machine: The first two (2) Voice Messages (in about **April - June of 2007**) were left by Bernard H. Broome, Esq., and are related to New York County Case: "Nella Manko v. City of New York and **New York City Transit Authority** (Supreme Court, **New York County**, Index No.: **109725/2003**).

75. Please take notice of recording **(2) July 29, 2009:** Compliance Conference, on **July 29, 2009,** Presiding Justice is Hon. Ellen Spodek, on mark 07:00 to 08:30, Justice Spodek inspected and stated on the Record that Plaintiff's Authorization to Dana Mannor, M.D., given to Lugara, Esq., is an original Authorization. Hon. Ellen Spodek adjourned Compliance Conference to August 18, 2009, and issued a written order which she directed to give to clerk of CCP; this order was given to clerk and it was never entered by clerks in court records of the case and was destroyed by the clerk's office which is a reason for denying plaintiff-appellant's motion, seq. 25, to amend complaint and eventually to dismissing the case.

76. Please take notice of recording **(6) Dec. 17, 2009:** Court Appearance on defendant Bernard Broome, Esq., Motion to Dismiss Complaint at Part 16 (Presiding Justice is Hon. Leon Ruchelsman) and Intake Part (Supreme Court, Kings County, Index No. 20555/2010). Justice first granted an adjournment of the motion to plaintiff, then waited until Broome, Esq., will come to the court room, and it stated on the record that Broome, Esq., entered the court room of part 16 (actually together with Lugara, Esq.,), then Justice took back an adjournment, there was not a word "general" recorded, and Broome was mainly silent and only nodded his head, after that plaintiff and all defendants (including Broome) went to Intake Part and there Broome can be heard stating that his motion is granted and he does not need appearance in that part.

77. Please take notice of recording **(9) March 30, 2012:** Court Appearance for Plaintiff's Motions Nos.: **41, 42,** Part 2, Justice Gloria M. Dabiri, Calendar Calls Nos.: **39, 40,** Plaintiff remembers that when she walked in the Court Building about 9:23 AM, there was alarm sound, and no one was allowed upstairs until 9: 50 AM, and Calendar Call was delayed until about **11:00 AM,** there was only **one** Calendar Call.

78. Please take notice of recording **(10) May 18, 2012:** Court Appearance for Plaintiff's Motions Nos.: **41, 42,** Part 2, Justice Gloria M. Dabiri, Calendar Calls Nos.: **34, 35,** Court Room opened 11 min. later; Calendar Call started 16 min. later; in violation of the Court Rules, there wasn't a second default Calendar Call; defendant Hospital attorney did not answer Calendar Call; some time later unknown woman appeared and said that she is an attorney for defendant Hospital, and we were asked to approach Justice Dabiri stand to talk to her (part 2 of appearance at 25:00 min., and first 4 min. of part 3).

## POINT 2

79. Decision, Order, and Judgment of Justice Marsha L. Steinhardt, dated October 07, 2011 and entered February 07, 2012, mailed to pro se plaintiff on October 11, 2011, and entered in Kings County Clerk's Office on February 07, 2012, **IS VOID** because of the following:

    a)    Once the justice recused herself, she has no further authority to enter orders. See Bolt v. Smith, 594 So. 2d 864, 864 (Fla. 5th DCA 1992) ("Florida case law is well settled that once a trial judge has recused himself, further orders of the recused judge are void and have no effect."). VOID DECISION, ORDER, and JUDGMENT of Justice Marsha L. Steinhardt, dated October 07, 2011, was entered in Kings County Clerk's Office on February 07, 2012 and after the Order of Justice Marsha L. Steinhardt, dated January 12, 2011, duly entered in the Office of the Clerk of the within named Court on January 23, 2012, and filed in the Record Room of the Office of the Clerk of the within named Court on February 06, 2012, which states that Justice Marsha L. Steinhardt recuses herself from the instant action; and

    b)    Additionally, DECISION, ORDER, and JUDGMENT of Justice Marsha L. Steinhardt, dated October 07, 2011, and entered in Kings County Clerk's Office on February 07, 2012, is VOID because it was not filed by the judge in the TIME required by statutory law.

80. It was a duty of Lenox Hill Hospital to provide Certified Bill to Plaintiff-Appellant. Lenox Hill Hospital fraudulently refused to give Hospital's **Certified** Bill to Plaintiff-Appellant, Nella Manko, and Justice Marsha L. Steinhardt ignored it, which caused first dismissal of the Case: "Nella Manko v. Lenox Hill Hospital" by Order of Justice Marsha L. Steinhardt, dated **February 17, 2006**, which granted defendant Hospital Motion dismissing the Complaint and Action. Dismissal was reversed by the Appellate Division Order, dated **October 30, 2007** ("Nella Manko v. Lenox Hill Hospital", Supreme Court, Kings County Index No. **30972/2004**, Appellate Division (2d Dep't) Docket No.: **2006-02907**), but refusal to provide timely Certified Bill of Lenox Hill Hospital finally caused dismissal of the Kings County Case Index No.: **30972/2004** in **2012 [EXHIBIT "2L", EXHIBIT "2L1", EXHIBIT "2L2", EXHIBIT "2L3", EXHIBIT "11" EXHIBIT "12" EXHIBIT "13"]**.

## POINT 3

81.    Please take notice of **EXHIBIT "2B10"**, which contains true and accurate copies of Primary Care Physician **Irina Avruchevskaya, M.D., Medical Records of Patient Nella Manko**, including the following:

    **(1)**    Empire Blue Cross Blue Shield Managed Care Referral Form (PO Box **1434**), dated October 04, 2002; Preprinted Form Number: **566335**, Patient Name: **Manko**, Nella; Patient ID Number: YLN ... - ... - 7575, Referring To: Elton Strauss, M.D., Service Authorized: Evaluation and **Treatment**, Referral Reason: **Left** Ankle Pain; Provider Name: Irina Avruchevskaya, M.D., Provider No. **17N221**; Signed by Irina Avruchevskaya, M.D.;

    **(2)**    "Surgery Procedures and Physical" Form, dated October 07, 2004, signed by Irina Avruchevskaya, M.D., which fraudulently and intentionally falsely misspelled patient name as "**Menko**", and fraudulently alternates left ankle and right ankle;

    **(3)**    "The Mount Sinai Hospital NY, NY Admission Test Order Sheet", dated and completed on October 07, 2004, Patient Name: **Manko**, Nella, Signed by Irina Avruchevskaya, M.D., which maliciously and fraudulently does not state Patient Address, Admission Date, Physician's Name, and Patient Weight;

**(4)** Blood Test, reported October 05, 2004 (2 Pages), states Patient: Nella **Manko**, states Manko's Social Security Number, states Ordering Physician: Avruchevskaya, Irina, which is **fraudulently** ordered on Susan Levit, M.D., client account: T26671 12022400;

**(5)** Urinalysis Test, reported October 08, 2004 (1 Page), states Patient: Nella **Manko**, states Manko's Social Security Number, states Ordering Physician: Avruchevskaya, Irina, which is **fraudulently** ordered on Susan Levit, M.D., client account: T26671 12022400;

**(6)** **EKG** – Summary: Abnormal; Right Bundle Branch Block (Nella Manko had always normal EKG before hospitalization in 2002 in Lenox Hill Hospital. Abnormal EKG and Right Bundle Branch Block is a result of poisoning and overdose by anesthesia drugs during surgery on March 28, 2002 in Lenox Hill Hospital);

**(7)** Letter, dated **October 12, 2004** (2 Pages), from Elton Strauss, M.D., to Irina Avruchevskaya, M.D.; and

**(8)** Letter, dated **December 23, 2004** (2 Pages), from Elton Strauss, M.D., to Irina Avruchevskaya, M.D.

82. **Nella Manko had always normal EKG before hospitalization in 2002 in Lenox Hill Hospital. Abnormal EKG and Right Bundle Branch Block is a result of poisoning and overdose by anesthesia drugs during surgery on March 28, 2002 in Lenox Hill Hospital**


## POINT 4

83. Single, Female, Pro Se, Plaintiff-Appellant, Nella Manko, is not an **attorney** of imaginary by Unified Court System legally disabled, 280 pounds, schizophrenic female, Nella Manko or Nella Menko or Nella E. Manko.

84. **Nella Manko is a single, female, Plaintiff-Appellant, Pro Se, and at the time of both surgeries she weighed 130 pounds.**

85. David A. Gabay, Esq., and sole proprietor "Law Offices of David A. Gabay" did not receive mandate of "Power of Attorney" from Nella Manko. Single Female, Plaintiff-Appellant, Pro Se, Nella Manko, **did not sign "Power of Attorney" document.**

86. There is a contradiction as follows: Nella Manko has diagnosis of poisoning during anesthesia in Lenox Hill Hospital; Lenox Hill Hospital explains that it is because Nella Manko is schizophrenic, who takes some drugs to control schizophrenia, and these drugs caused anesthesia overdose. If Nella Manko is schizophrenic, then she is legally disabled and cannot sign any Stipulation, or "Retainer Agreement", or "Power of Attorney", or Apartment Lease, and Gabay cannot sign release of defendants in Nella Manko's medical malpractice cases. But if Nella Manko is not schizophrenic, then she was poisoned in Lenox Hill Hospital and has a valid medical malpractice case. **Nella Manko did not sign "Power of Attorney".**

87. Single, Female, Pro Se, Petitioner-Appellant, Nella Manko, is not a lawyer, and is not an Attorney who has license to practice law in New York State, it is a public information.

88. Bernard H. Broome, Esq., had no legal right (committed Legal Malpractice) to take Nella Manko's case without verifying Apartment Number of the Building (the building has 96 units), where Nella Manko lives, it is Public Information, and not stating this apartment number on every document that contains address of Nella Manko.

89. Bernard H. Broome, Esq., had no legal right (committed Legal Malpractice) to take Nella Manko case without verifying identity of Nella Manko.

90. Bernard H. Broome, Esq., had no legal right to sign stipulation of release, which include word "general" without accompanying document which explains meaning of this word, and without verifying that Nella Manko is an attorney, it is public information.

91. David A. Gabay, Esq., and sole proprietor "Law Offices of David A. Gabay" had no legal right (committed Legal Malpractice) to sign retainer without verifying identity of Pro Se, Plaintiff-Appellant, Nella Manko.

92. David A. Gabay, Esq., and sole proprietor "Law Offices of David A. Gabay" [hereinafter Gabay] had no legal right to ask Plaintiff-Appellant, Nella Manko, to sign a retainer that Gabay drafted without verifying that Plaintiff-Appellant is an attorney. Gabay had no legal right to sign releases in Plaintiff-Appellant's cases, or to appear and to file documents and then abandon the cases without filing order to show cause requesting to withdraw from the cases.

93. **Nella Manko did not sign "Power of Attorney". Pro Se, Plaintiff, Nella Manko, never signed any "Power of Attorney" Affidavit or Form. Pro Se, Plaintiff-Appellant, Nella Manko, never signed any "Power of Attorney" Affidavit or Form.**

94. Pro Se Plaintiff-Appellant, Nella Manko, has sustained great money damages because NYC Transit Authority and Bernard H. Broome, Esq., committed **fraud** which include, among other acts, the following: a) Failing to **vacate** and remove from court file of the case Index No. **109725/2003** **fraudulent** stipulation so ordered on August 21, 2007 by Justice Donna Mills, which was signed **only** because Nella Manko did not know legal meaning of the word "general"; b) Failing to file **Release** in clerk's office; c) Failing to obtain an Court Order that Nella Manko is required to make an x-ray of her injured left ankle ASAP after commencement of the action (it would have prevented further damage of the ankle and foot during surgery on October 11, 2004), and failing to evaluate diagnosis of poisoning; d) Failing to complain to state authorities that all x-rays of injured ankle are missing; e) Failing to join Lenox Hill Hospital and all doctors as necessary parties; f) Destroying Nella Manko's medical records obtained after receiving all authorizations (which include all certified hospital bills from all hospitals, x-rays of left ankle made by medical expert Herbert S. Sherry, M.D., and pre-operating x-rays of Elton Strauss, M.D.); g) Refusing to give to Nella Manko certified copy of the **Release**; h) **Causing dismissal** of three (3) timely filed medical malpractice cases as follows: "Nella Manko v. Lenox Hill Hospital", Index No. **30972/04**, Supreme Court, Kings County; "Nella Manko v. Dana A. Mannor, M.D., Lenox Hill Hospital, Et Al.", Index No. **113306/06**, Supreme Court, New York County; and "Nella Manko v. Drs. Dana Mannor, Elton Strauss, Lenox Hill Hospital, Et Al.", Index No. **109296/07**, Supreme Court, New York County; causing Nella Manko, to lose her Rent Stabilized Lease.


## POINT 5

95. Plaintiff, Nella Manko, commenced personal injury lawsuit against the City of New York and **New York City Transit Authority** in connection with her **trip** and fall accident on March 26, 2002. Bernard H. Broome, Esq., [hereinafter Broome] was an attorney for the plaintiff (Case Name: <u>Nella Manko v. City of New York and **New York City Transit Authority**</u> (Supreme Court, **New York County**, Index No. **109725/2003**)) [**EXHIBIT "A1", EXHIBIT "A2", EXHIBIT "A3", EXHIBIT "A4"**].

96. Please take notice of a true and accurate copy of the **Original** Letter from Bernard H. Broome, Esq., dated **May 9, 2007**, and signed in <u>blue pen</u> by Bernard H. Broome, Esq., stating: "Re: Nella Manko v. The City of New York and NYCTA, Index No. **109725/03**, Dear Ms.

Manko: Please be advised that you are placing your case in jeopardy by refusing to sign OCA Hippa Authorizations. I have repeatedly telephoned you stating that your hospital records from **Lenox Hill Hospital** and **Mt. Sinai Medical Center** need to be in subpoenaed record room in Court before we can proceed to trial" [**EXHIBIT "2B1"**].

97. **Significantly**, this Broome's letter shows that he never provided Apartment Number "**3K**" of the address of Nella Manko in all his litigation [**EXHIBIT "2B1"**]. **Absence of it caused labeling of Plaintiff-Appellant, Nella Manko**, as schizophrenic, and caused not to investigate diagnosis of poisoning of Nella Manko during anesthesia and surgery in Lenox Hill Hospital.

98. On **October 20, 2004**, Plaintiff, Pro Se, was served with the **"Answer"**, dated October 19, 2004, and served on **October 20, 2004**, of Defendant, Lenox Hill Hospital, by its attorneys, Garson Gerspach Decorato & Cohen, LLP, signed by Anna R. Schwartz, Esq. (Supreme Court, Kings County, Index No.: 30972/2004) [**EXHIBIT "2L3"**].

99. **Significantly**, this Answer is fraudulent because it is stating Plaintiff, Nella Manko, address without stating her Apartment Number. This fraudulent Answer was due to the fact that Bernard H. Broome, Esq., did not provide Apartment Number of Nella Manko in his litigation [**EXHIBIT "2L3"**].

100. **Significantly**, Bernard H. Broome, Esq., **did not provide Authorizations** to defendants in New York County Supreme Court Case Index No.: 109725/2003 to obtain **The Mount Sinai Hospital** Medical Record (No. 2149374) of **second** ambulatory surgery, dated October 11, 2004, on the plaintiff's left ankle and foot, which was both arthroscopic and orthopedic surgery (removal of three (3) metal screws, which were left in Manko's body from **March 2002** surgery for 2½ years until **October 11, 2004**, with following 3 months of post-operative care until January 11, 2005), which extended medical malpractice against doctors and Lenox Hill Hospital until **January 11, 2005**. **Absence** of **The Mount Sinai Hospital** Medical Record (No. 2149374) in case Index No.: **109725/2003** caused dismissal of timely medical malpractice cases (Supreme Court, Kings County, Index No.: **30972/2004**, Supreme Court, New York County, Index Nos.: **113306/2006** and **109296/2007**) [**EXHIBITS "2B1", "2B2", "2B3", "2B6", "2B7"**].

101. Additionally, see **"Supplemented Verified Bill of Particulars"** of Bernard H. Broome, Esq., dated **Aril 22, 2005**, received and **entered on April 27, 2005**, by MTA NYC Transit Law Department, stating that plaintiff, Nella Manko, on **October 11, 2004**, undergo surgery of the left ankle to remove hardware (screws), and arthroscopic surgery of left ankle and foot, and **falsely** stating that it was done in "Mount Sinai Medical Center", New York, New York (Supreme Court, New York County, Index No.: **109725/2003**) [**EXHIBIT "2B6"**].

102. Additionally, see **First Page of "Verified Bill of Particulars"** of Bernard H. Broome, Esq., received on **December 12, 2003**, by MTA NYC Transit Law Department, stating that "Plaintiff's residence address is 1735 East 13th Street, Brooklyn, NY 11229", which omits plaintiff's Nella Manko, Apartment Number "**3K**", of her Building at 1735 E13th Street, Brooklyn, NY 11229, which has 96 Units (Apartments) [**EXHIBIT "2B7"**].

103. In the beginning of litigation Broome fraudulently requested from Nella Manko to sign many empty **Medical Authorizations** forms, and he would fill them himself and send to the defendants, and that is why Nella Manko was not aware of the psychiatric case possibly build against her until spring of year 2020.

104. Please take notice of the **EXHIBIT "2M"**, which contains parts of medical records of patient, Nella Manko, created by **ELTON STRAUSS, M.D.**, and are in his sole care and

possession, and clearly demonstrate that Elton Strauss, M.D., **divided** Nella Manko's medical records in two (2) different files as follows: The **First** file is for patient, **Nella Manko**, and does not contain **specific** surgery instructions for the surgery, dated October 11, 2004, on plaintiff's left ankle and foot performed by surgeon **ELTON STRAUSS, M.D.,** in the Mount Sinai Hospital to remove a hardware inserted during operation on March 28, 2002 in Lenox Hill Hospital and to perform arthroscopic surgery; and The **Second** file is for patient, **Nella Menko,** and **contains specific surgery instructions** for surgery dated October 11, 2004.

105.   **Nella Menko's** file was hidden and not provided to defendants in case Index No.: **109725/2003** and any related cases of the plaintiff, Nella Manko.

106.   Letters from **ELTON STRAUSS, M.D.,** to Nella Manko's primary care doctor Irina Avruchevskaya, M.D., concerning patient medical history, were also copied and sent to the owner of the building, located at 1220 Avenue P, Brooklyn, NY, in which internist Irina Avruchevskaya, M.D., rents her office. The owner is Susan Levit, M.D., whose specialization is psychiatrist. Offices of primary care doctor Irina Avruchevskaya, M.D., and psychiatrist Susan Levit, M.D., are located on the same top floor of the building and appears to share the same filing area.

107.   Primary care doctor Irina Avruchevskaya, M.D., was assigned to Nella Manko by Medical Insurance which she purchased.

108.   **Nella Manko was never a patient of Susan Levit, M.D.**

109.   **Nella Manko never met Susan Levit, M.D.**

110.   **Nella Manko never received any letters from Susan Levit, M.D., or from the office of Susan Levit, M.D.**

111.   **Nella Manko never had an appointment with any psychiatrist**.

112.   **Nella Manko was never prescribed any psychiatric medication.**

113.   **Nella Manko does not have middle name but in the beginning of 2020 she received for the first time a letter addressed to "Nella [E.] Manko".**

114.   **Nella Manko was never a patient of Susan Levit, M.D., because psychiatrist Susan Levit, M.D., does not have patient who lives in Apartment "3K", which is proved by Certified IRS** copy of  Income Tax Return for the year **1987** of Nella Manko, stating address: 1735 East 13th Street, **Apt. 3K**, Brooklyn, NY 11229, bearing IRS produced and mailed to Nella Manko label stating the same address (Apartment "**3K**" is stating on the IRS label), and attached copy of W-2 Wage and Tax Statement for **1987** stating the same address (Apartment "**3K**" is stating on the copy of W-2 Wage and Tax Statement for **1987**), and this must be sufficient to prove that Nella Manko lives in Apartment "**3K**" since the year **1986 [EXHIBIT "2A2", EXHIBIT "2A1", EXHIBIT "2A3"]**.

115.   Nella Manko never gave anyone written Medical Authorization to share her medical information with Susan Levit, M.D. **This is a medical fraud pursuant to CPLR 3122**.

116.   Please take notice that all attorneys appeared in all Plaintiff-Appellant's cases did not consider medical information about second surgery, dated October 11, 2004, on Nella Manko left ankle because it was hidden by **surgeon ELTON STRAUSS, M.D.,**  in the medical file of the patient with last name: **Menko**, and it is a reason why all medical malpractice cases of the Plaintiff-Appellant were blankly denied, and the file of the "patient Nella Menko" will be destroyed in a month when the statute of limitation will get over six years of limit for the date of the last order issued (or in one year after Court of Appeals' order dated June 25, 2020) in Case: Nella Manko v. Elton Strauss, M.D., The Mount Sinai Hospital, The Mount Sinai Medical Center, Inc., Et Al.,  Appellate Division (2d Dep't) Docket No.: **2011-05994,** Supreme Court,

Kings County, Index No.: **25157/2010** (**KAUFMAN BORGEEST & RYAN LLP** is attorney for defendants, Elton Strauss, M.D., The Mount Sinai Hospital, The Mount Sinai Medical Center, Inc.).

117. Nella Manko believes that New York City Transit Authority also separated Nella Manko's Medical Files; and put all significant medical data in a file bearing name "Menko" in order not to notice significant medical information of poisoning Nella Manko by drugs during surgery in Lenox Hill Hospital and not to notice surgery on October 11, 2004 (or fraudulently mixed file of primary care doctor of Nella Manko with some other file of patient of psychiatrist Susan Levit, M.D., who has last name ending with term "menko", and is a tenant in 96 units Building 1735 East 13th Street).

118. Please take notice that until **January 2020**, Apartment "**6K**" (six floor) in Plaintiff-Appellant's building was rented to a woman with name "**Y. Yeremenko**" –> "**Y. Yere Menko**" –> "**Y. Y. Menko**" –> "**Y. E. Menko**". **Yeremenko** is a very common name in former USSR. She was moved into the Building long time ago, possibly soon after Nella Manko stopped entering building of psychiatrist Susan Levit, M.D., after she read Letter from **ELTON STRAUSS, M.D.**, to Nella Manko's primary care doctor Irina Avruchevskaya, M.D., which was copied and sent to the owner of the building located at 1220 Avenue P, Brooklyn, NY, psychiatrist Susan Levit, M.D. [See **EXHIBIT "2M"**].

119. "**Y. Yeremenko**" was moved out of the Plaintiff-Appellant's building in the end of January, 2020.

120. Please take notice that the Plaintiff-Appellant rents Apartment "**3K**" on the third floor.

121. Please take notice that Landlord intentionally rented Apartment "**3J**" (third floor) and Apartment "**6N**" (six floor) to one big family with last name "Almazov", which family members appear often to alternate their living arrangements between third and six floors' apartments. These family members can provide false witness identification of who are their current neighbors (neighbors who are living on the third floor or neighbors who are living on the sixth floor).

122. Please take notice that if one will read dictionary of Ukrainian males' first names, all or almost all males' first names could be converted to family names by adding term "**enko**" to the last constable of the male first name as follows: First name: "Artem" -> Last Name: "Artemenko" -> "Arte" "Menko"; First name: "Yeremiah" -> Last Name: "Yeremenko"; First name: "Ivan" -> Last Name: "Ivanenko". "Menko" is not a family name in the former USSR. In the five story medical building of psychiatrist Susan Levit, M.D., every one spoke Russian and knew Ukrainian family names.


## POINT 6


123. Please see a true and accurate copy of the **EXHIBIT "2A1"**, which contains **Certified by IRS** copy of Income Tax Return for the year **1986** of Nella Manko, stating address: 1735 East 13th Street, Apt. 3K, Brooklyn, NY 11229.

124. Please see a true and accurate copy of the **EXHIBIT "2A2"**, which contains **Certified by IRS** copy of Income Tax Return for the year **1987** of Nella Manko, stating address: 1735 East 13th Street, Apt. 3K, Brooklyn, NY 11229, bearing IRS produced and mailed to Nella Manko label stating the same address, with attached copy of W-2 Wage and Tax Statement for **1987** stating the same address.

125. Please see a true and accurate copy of the **EXHIBIT "2A3"**, which contains Original four (4) Anchor Saving Bank Statements of Nella Manko for October **1986**, November **1986**, and December **1986**, stating address: 1735 East 13th Street, Apt. 3K, Brooklyn, NY 11229.

126. **SUMMARY**: **Certified by IRS** copy of Income Tax Return for the year **1987** of Nella Manko, stating address: 1735 East 13th Street, **Apt. 3K**, Brooklyn, NY 11229, and bearing IRS produced and mailed to Nella Manko label stating the same address (Apartment "3K" is stating on the IRS label), and attached certified copy of W-2 Wage and Tax Statement for **1987** stating the same address (Apartment "3K" is stating on the copy of W-2 Wage and Tax Statement for **1987**) must be sufficient to prove that Nella Manko lives in **Apartment "3K" since 1986**.

127. **Nella Manko was never a patient of Susan Levit, M.D., because psychiatrist Susan Levit, M.D., does not have patient who lives in Apartment "3K". This is proved by Certified by IRS** copy of Income Tax Return for the year **1987** of Nella Manko, stating address: 1735 East 13th Street, Apt. 3K, Brooklyn, NY 11229, bearing IRS produced and mailed to Nella Manko label stating the same address (Apartment "3K" is stating on the IRS label), and attached copy of certified W-2 Wage and Tax Statement for **1987** stating the same address (Apartment "3K" is stating on the copy of W-2 Wage and Tax Statement for **1987**), and it must be sufficient to prove that Nella Manko lives in Apartment "3K" since 1986.

## POINT 7

128. Bernard H. Broome, Esq., **did not provide Authorizations** to defendants in New York County Supreme Court Case Index No.: **109725/2003** to obtain **The Mount Sinai Hospital Medical Record (No. 2149374) of second** ambulatory surgery, dated October 11, 2004, on the plaintiff's left ankle and foot, which was both arthroscopic and orthopedic surgery (removal of three (3) metal screws left in Manko's body from **March 2002** surgery for 2½ years until **October 11, 2004,** with following 3 months of post-operative care until January 11, 2005), which extended medical malpractice against doctors and Lenox Hill Hospital until **January 11, 2005**. **Absence** of **The Mount Sinai Hospital** Medical Record (No. 2149374) in case Index No.: **109725/2003** caused dismissal of timely medical malpractice cases (Supreme Court, Kings County, Index No.: **30972/2004**, Supreme Court, New York County, Index Nos.: **113306/2006** and **109296/2007**) [EXHIBITS "2B1", "2B2", "2B3", "2B6", "2B7"].

129. Please take notice of a true and accurate copy of the **Original** Letter from Bernard H. Broome, Esq., dated **May 9, 2007**, and signed in **blue pen** by Bernard H. Broome, Esq., stating: "Re: Nella Manko v. The City of New York and NYCTA, Index No. **109725/03**, Dear Ms. Manko: Please be advised that you are placing your case in jeopardy by refusing to sign OCA Hippa Authorizations. I have repeatedly telephoned you stating that your hospital records from **Lenox Hill Hospital** and **Mt. Sinai Medical Center** need to be in subpoenaed record room in Court before we can proceed to trial" [EXHIBIT "2B1"].

130. Please take notice of a true and accurate copy of annexed hereto the following two (2) HIPAA Authorization Forms (Patient Name: Nella Manko):

(1) HIPAA Authorization Form dated **April 20, 2005**, stating that: "Patient Name: Nella Manko, Medical Record No. **2149-374**, Date of Accident; 3/26/02; The following organization to make the disclosure: **Mount Sinai Medical Center**, Fifth Avenue at 100th Street, New York, NY 10029; The type and amount of information to be used or disclosed is as follows: Hospital records pertaining to surgery of the left ankle on October 11, 2004; This information may be disclosed to and used by the following organization: Michal A. Cardozo, Esq.,

Corporation Counsel, 100 Church Street, New York, NY 10007; ... Copies of all records furnished by you to said attorneys will be furnished to my attorney, Bernard H. Broome, Esq., 386 Park Avenue South, Suite 501, New York, NY 10016, pursuant to Article 31 of the Civil Law and Rules.", which was signed by Nella Manko and Bernard H. Broome, Esq., and notarized by Bernard H. Broome, Esq.; and

(2) HIPAA Authorization Form dated **April 20, 2005**, stating that: "Patient Name: Nella Manko, Date of Accident; 3/26/02; The following individual or organization to make the disclosure: Dr. Elton Strauss, Mount Sinai Medical Center-Department of Orthopaedic Surgery, 5 East 98th Street, Box 1188, New York, NY 10029; The type and amount of information to be used or disclosed is as follows: Medical records. This information may be disclosed to and used by the following organization: Wallace D. Gossett, Esq., 130 Livingston Street, Brooklyn, NY 11201, ... Copies of all records furnished by you to said attorneys will be furnished to my attorney, Bernard H. Broome, Esq., 386 Park Avenue South, Suite 501, New York, NY 10016, pursuant to Article 31 of the Civil Law and Rules.", which was signed by Nella Manko and Bernard H. Broome, Esq., and notarized by Bernard H. Broome, Esq. [**EXHIBIT "2B2"**].

131. Please take notice of a true and accurate copy of annexed hereto additional five (5) HIPAA Authorization Forms (Patient Name: Nella Manko). The following organizations to make the disclosure are: (1) Lenox Hill Hospital, (2) Dr. Dana A. Mannor, (3) Dr. Benjamin A. Nachamie, (4) Central Park Physical Therapy, and (5) Dr. Herbert S. Sherry [**EXHIBIT "2B3"**].

132. Please take notice of a true and accurate copy of Decision of the District Attorney's Office of the New York County, dated March 23, 2007, which deemed complaint filed in District Attorney's Office against doctors and Lenox Hill Hospital involved in plaintiff's surgery in 2002 as a timely medical malpractice case (File No. 20393 opened on February 13, 2007) [**EXHIBIT "2B4"**].

133. Decision of the District Attorney's Office of the New York County, dated March 23, 2007, deemed complaint filed in District Attorney's Office against doctors and Lenox Hill Hospital involved in plaintiff's surgery in 2002 as a timely medical malpractice case (File No. 20393 opened on February 13, 2007).

134. Bernard H. Broome, Esq., **did not provide Authorizations** to defendants in New York County Supreme Court Case Index No.: **109725/2003** to obtain **The Mount Sinai Hospital Medical Record (No. 2149374) of second** ambulatory surgery, dated October 11, 2004, on the plaintiff's left ankle, which was both arthroscopic and orthopedic surgery (removal of three (3) metal screws left in Manko's body from **March 2002** surgery for 2½ years until **October 11, 2004**, with following 3 months of post-operative care until January 11, 2005), which extended medical malpractice against doctors and Lenox Hill Hospital until **January 11, 2005**. **Absence** of **The Mount Sinai Hospital** Medical Record (No. 2149374) in case Index No.: **109725/2003** caused dismissal of timely medical malpractice cases ((Supreme Court, Kings County, Index No.: **30972/2004**, Supreme Court, New York County, Index Nos.: **113306/2006** and **109296/2007**) [EXHIBITS "2B1", "2B2"].

135. Please take notice of **EXHIBIT "2B5"**, which annexed hereto Order of Justice **Gloria M. Dabiri**, dated **August 05, 2011**, which is signed by Denis J. Dozis, Esq., from Kaufman Borgeest & Ryan LLP, 200 Summit Lake Drive, Valhalla, NY 10595, attorneys for defendant, Elton Strauss, M.D., and which is a proof that defendants in all related plaintiff's cases were aware that single female plaintiff, pro se, Nella Manko, is a **sane person** (until today x-rays of Nella Manko's left ankle made by Elton Strauss, M.D., are not provided to Nella Manko) (Supreme Court, Kings County, Index No.: **300/2008**).

**136. <u>SUMMARY</u>**: Bernard H. Broome, Esq., had Certified Bill from Lenox Hill Hospital and all doctors were on that Bill. **EXHIBIT "2B1"** is a proof that Lenox Hill Hospital has vicarious liability for a medical malpractice occurred in the Hospital where the plaintiff had an unnecessary surgery. **EXHIBIT "2B1" is a proof that Lenox Hill Hospital and all doctors involved in plaintiff's surgery in 2002 are united in interest.**

## POINT 8

137. Plaintiff-Appellant, Pro Se, commenced an Action in Kings County Supreme Court: Nella Manko v. Lenox Hill Hospital, Index No. **30972/2004**, which was brought by the Plaintiff, Nella Manko, to recover damages for serious and permanent injuries she sustained, and which were caused by Medical Malpractice committed during Lenox Hill Hospital Emergency Room visit on March 26, 2002, subsequent hospitalization in Lenox Hill Hospital from March 26, 2002, until March 30, 2002 (Medical Record Number: **1668998**), three hours long Orthopedic Surgery on the Plaintiff's ankle on March 28, 2002, three (3) months of global continuous post-operative care and treatment, an additional Physical Therapy Treatment until August 31, 2002; additionally until September 17, 2003, which is a date of last record's entry of Nella Manko's "Office Medical Records" of Dana A. Mannor, M.D., Nella Manko's Medical Records of Dana Mannor, M.D., have two (2) pages long Record, dated September 17, 2003, and until January 11, 2004, when unnecessary and harmful three screws, which caused deformation of plaintiff's ankle, were finally removed from plaintiff's left ankle.

138. On **September 29, 2004**, Plaintiff purchased Index No. **30972/2004** and filed the Summons and Complaint, dated September 24, 2004, and duly sworn on September 28, 2004, in the Kings County Clerk's Office of the Supreme Court, Case: Nella Manko vs. Lenox Hill Hospital, Index No. **30972/2004**.

139. On **September 30, 2004**, the Summons and Complaint were served on LENOX HILL HOSPITAL.

140. The served Summons were signed on the top right by MR. PHILIP ROSENTHAL, VP of Hospital Administration, and stamped with defendant Lenox Hill Hospital Stamp as a sign of being received. The Stamp shows that Lenox Hill Hospital Administration Department received the Summons and Complaint on **September 30, 2004** at AM11:44. Original Affidavit of Service of the Summons and Complaint was filed in the Kings County Clerk's Office of the Supreme Court on **October 8, 2004**. Medical records confirm that Manko was treated and discharged from the Hospital on March 30, 2002. After that there was continues active treatment for a three months with Dr. Dana A. Mannor, who was an Agent of the Hospital, and physical therapy. Dr. Dana A. Mannor was supposed to write reports to the Hospital stating progress of plaintiff's treatment but failed to do this. This means that this Action was timely commenced within 2½ years (two years and six months) as a Medical Malpractice. RJI was purchased on 03/03/2005 by defendant Hospital.

141. On **October 20, 2004**, Plaintiff, Pro Se, was served with the **"Answer"**, dated October 19, 2004, and served on **October 20, 2004**, of Defendant, Lenox Hill Hospital, by its attorneys, Garson Gerspach Decorato & Cohen, LLP, signed by Anna R. Schwartz, Esq. (Supreme Court, Kings County, Index No.: **30972/2004**) **[EXHIBIT "2L3"].**

142. **Significantly, this Answer is fraudulent because it is stating Plaintiff, Nella Manko, address without stating her Apartment Number.**

143. Because painful hardware (orthopedic implants) was left in Manko's body from March 2002 for 2½ years until it was removed on **October 11, 2004** in the Mount Sinai Hospital (Medical Record No.: 2149374), which followed by three months of post-operative care of Manko (until **January 11, 2005**), it extended medical malpractice against doctors and Lenox Hill Hospital involved in Petitioner-Appellant's surgery in 2002 until **January 11, 2005.**

144. It was a duty of Lenox Hill Hospital to provide Certified Bill to Plaintiff-Appellant. Lenox Hill Hospital fraudulently refused to give Hospital's Certified Bill to Plaintiff, Nella Manko, and Justice Marsha L. Steinhardt ignored it, which caused first dismissal of the case: "Nella Manko v. Lenox Hill Hospital" (Supreme Court, Kings County, Index Number: **30972/2004**) by Order of Justice Marsha L. Steinhardt dated **February 17, 2006**, which granted defendant Lenox Hill Hospital's Motion to Dismiss the Complaint and Action **[EXHIBIT "14 (A. 266-267)"]**.

145. Dismissal was reversed by the Appellate Division Order dated **October 30, 2007** (Appellate Division (2d Dep't) Docket No.: **2006-02907) [EXHIBIT "14 (A. 46-50)"]**.

146. On October 30, 2007, Decision & Order by Crane, J.P., Ritter, Fisher, Covello and Dickerson, JJ., of the Supreme Court Of The State Of New York Appellate Division, Second Judicial Department **(2007 NY Slip Op 08199 [44 AD3d 1014])**, dated October 30, 2007 and duly entered in the office of the Clerk of the Supreme Court of the State of New York, County of Kings, on **November 15, 2007, ORDERED that the Order, dated February 17, 2006, of Marsha L. Steinhardt, Justice, is reversed with costs [EXHIBIT "14 (A. 51-59)", EXHIBIT "14 (A. 46-50)"]**.

147. Dismissal was reversed by the Appellate Division Order, dated October 30, 2007 (Appellate Division (2d Dep't) Docket No.: **2006-02907**), but refusal to provide timely Certified Bill of Lenox Hill Hospital finally caused dismissal of the Kings County Supreme Court Case Index No.: 30972/2004 in 2012 **[EXHIBIT "2L"]**.

148. **Dismissal Order of Justice Marsha L. Steinhardt, dated February 17, 2006, caused delay of discovery for about two and half years.**

149. See a true and accurate copy of Letter from Garson Gerspach Decorato & Cohen, LLP, dated **August 10, 2006**, and signed by Anna R. Schwartz, stating that: "Dear Ms. Manko: We are in receipt of your correspondence addressed to Lenox Hill Hospital dated **May 18, 2006**, requesting information pertaining to your March, 2002 admission. A copy is enclosed for your review...". This letter is actually refusing to provide **Certified** Copy of Lenox Hill Hospital Bill, which was requested in Manko's "correspondence addressed to Lenox Hill Hospital dated **May 18, 2006**" and which copy was attached to Schwartz's letter dated August 10, 2006 **[EXHIBIT "2L"]**.

150. **Certified** Copy of Lenox Hill Hospital Bill was never provided to plaintiff, Nella Manko.

151. At the time of the accident, the Plaintiff-Appellant had suspended health insurance because of unpaid bills, and was suspended from using Aetna Health Insurance "Healthy New York" from February 01, 2002, until about March 29, 2002. This suspension means that Aetna did not pay and/or reimburse doctors for providing services to the plaintiff during this suspension period, and did not permit to issue referral certifications from the plaintiff's primary care physician to doctors between February 01, 2002, and March 29, 2002, and as result of this the Hospital received Fax from Aetna Health, Inc., stating that the plaintiff does not have health insurance, and the plaintiff was processed by the Hospital as uninsured patient, and Bill was send to two (2) Medicaid accounts created by Lenox Hill Hospital for the Patient Nella Manko. On

March 27, 2002, the plaintiff (patent) asked her relative to mail membership bill payment to Aetna HMO by overnight mail, it was after the plaintiff was already admitted to the Hospital, and she was reinstated by insurance without interruption on or about March 29, 2002.

152. Additionally, third bill was submitted to AETNA Insurance. See Bill of AETNA Insurance dated November 04, 2004 (Customer # US 09020H, BBHB8XPA. Please take notice of a true and accurate copy of the Aetna Report prepared in response to Nella Manko request for 2002 medical information received on October 30, 2006, which consists of medical claims in 2002 **[EXHIBIT "2D"]**. Please take notice that admitting emergency room doctor Dr. Matthew B. Lubin is on the Aetna Bill, which is a proof that Dana A. Mannor, MD, is an agent of Lenox Hill Hospital. This is a proof that Lenox Hill Hospital has vicarious liability for a medical malpractice occurred in the Hospital where the plaintiff had an unnecessary surgery.

153. See a true and accurate copy of Aetna Report, dated **November 9, 2006 [EXHIBIT "2D"]**, prepared in response to Nella Manko request for 2002 medical information received by Aetna on October 30, 2006 (Customer # **US 09020H, BBHB8XPA**), which consists of medical claims in 2002 and which is a proof that Dana A. Mannor, M.D., is an agent of Lenox Hill Hospital (This Aetna Report was prepared by Laurie Naylor, Case Manager, Legal Support Services, 151 Farmington Avenue, W121, Hartford, CT 06156, Phone (860) 952-8638). Please take notice that admitting emergency room doctor Matthew B. Lubin, M.D., is on the Aetna Report and Bill. This is a proof that Lenox Hill Hospital has vicarious liability for a medical malpractice occurred in the Hospital where the Plaintiff-Appellant had an unnecessary surgery **[EXHIBIT "2D"]**.

154. Please take notice that admitting emergency room doctor Dr. Matthew B. Lubin is on the Aetna Bill, which is a proof that Dana A. Mannor, MD, is an agent of Lenox Hill Hospital. This is a proof that Lenox Hill Hospital has vicarious liability for a medical malpractice occurred in the Hospital where the plaintiff had an unnecessary surgery**[EXHIBIT "2D"]**.

155. During litigation, Matthew B. Lubin, M.D., submitted an affidavit. Matthew B. Lubin, M.D., states in paragraph marked "3" of his affidavit: "I provided no care and treatment to the plaintiff, Nella Manko, after March 30, 2002". This is important, because Matthew B. Lubin, M.D., is an emergency room doctor, and if he provided treatment from 03/26/2002 until 03/30/2002, days when the plaintiff was in the Hospital, then Matthew B. Lubin, M.D. is an admitting doctor. Additionally, chest x-ray dated 3/27/2002 is referred by admitting emergency room doctor Dr. Matthew B. Lubin. This is a proof that Lenox Hill Hospital has vicarious liability for a medical malpractice occurred in the Hospital where the plaintiff had an unnecessary surgery.

156. **This is a proof that Lenox Hill Hospital and all doctors involved in plaintiff's surgery in 2002 are united in interest.**

## POINT 9

157. Please take notice of a true and accurate copy of Original letter from Rawlings Company LLC, dated **October 11, 2002**, which is printed on two sides of one shit of paper as follows:

**(a)** On the first side is printed: "The Rawlings Company LLC, Subrogation Division; Post Office Box 740027, Louisville, Ketucky 40201-7427; Telephone (502) 587-8060; Telecopier (502) 587-5558; October 11, 2002; Nella Manko, 1735 E 13th St., Apt 3K, Brooklyn NY 11229; Reference No.: **9148180**; Insured: Nella Manko; Patient: Nella Manko; Date of Treatment:

03/28/2002: Treatment By: **Lenox Hill Anesthesia**; Dear Nella Manko: ... This information helps Aetna US Healthcare hold the cost of your health plan to the lowest level possible. Again, we ask that you assist your health plan by completing the form on the back of this page concerning the treatment listed above and return it to us in the postage paid envelope. If you need any help to complete this form, you may call a Rawlings Company customer service representative to assist you at 1-888-240-2470. ..."; and

    **(b)** On the second side is printed form: "Information for Medical Claim reimbursement" **[EXHIBIT "2D1"]**.

158. Please take notice of a true and accurate copy of the postage paid envelope **[EXHIBIT "2D1"]**. Patient, Nella Manko, called The Rawlings Company and spoke to Edward Krainer at Extension **2337**.

## POINT 10

159. On **August 18, 2010**, Pro Se Plaintiff commenced an action "*Nella Manko v. Bernard H. Broome, Esq., Law Office of Bernard H. Broome, PLLC, Et Al.*" by filing the Summons and Verified Complaint bearing Index Number **20555/2010** in the Kings County Supreme Court.

160. The Action, Kings County Index Number **20555/2010**, was commenced within three (3) years of statute of limitation. See Chase Bank Attorney Account 987103330665 Check No. 1686, dated **November 16, 2007**, of Bernard H. Broome, Esq., for $100,000.00 Settlement in Case: Nella Manko v. The City of New York and New York City Transit Authority, Index No.: **109725/2003**, Supreme Court, New York County.

161. Case "*Nella Manko v. Bernard H. Broome, Esq., Law Office of Bernard H. Broome, PLLC, Et Al.*", Kings County Supreme Court Index No.: **20555/2010**, was requesting Money Damages in Breach of Fiduciary Duty, Professional and Legal Malpractice, **Negligence**, Breach of Contract, in Liability for damages sustained (including but not limited) by failure to produce certified reports of Dr. Fishman, and Medical Records as alleged in the complaint.

162. Defendants, Bernard H. Broome, Esq., and Law Office of Bernard H. Broome, PLLC, were timely served with the Summons and Complaint bearing Index Number **20555/2010 filed on August 18, 2010 [EXHIBITS "2B1", "2B2", "2F", "2G", "2G1", "2H1", "2H2", "2H3"]**.

163. On **August 20, 2010**, at approximately 11:38 A.M., at the office of the Secretary of State of the State of New York, in the City of Albany, New York, Albany Sheriff served a true copy of the Summons and Verified Complaint bearing Index Number **20555/2010** filed on the 18th day of August, 2010, on Defendant, LAW OFFICE OF BERNARD H. BROOME, PLLC.

164. On **August 27, 2010**, the defendant, LAW OFFICE OF BERNARD H. BROOME, PLLC, received the Summons and Verified Complaint from the office of the Secretary of State of the State of New York, which were mailed **VIA Certified Mail: 7111 5495 5583 1917 7492, hence the defendant was required to Answer on or before September 26, 2010 [EXHIBITS "2H1", "2H2"]**.

165. On **September 20, 2010**, Albany Sheriff's Certificate of Service was filed in Clerk's Office of the Kings County Supreme Court.

166. On **September 17, 2010**, Deponent, Liuba Manko, at approximately 4:00 P.M., at the office of the Secretary of State of the State of New York, in the City of Albany, New York, served a true copy of the SUMMONS and VERIFIED COMPLAINT bearing Index Number **20555/2010** filed on the 18th day of August, 2010, on Defendant, LAW OFFICE OF BERNARD H. BROOME, PLLC **[EXHIBITS "2H1", "2H2"]**.

167. Additionally, on **October 08, 2010**, Deponent, Liuba Manko, **mailed** the SUMMONS and VERIFIED COMPLAINT bearing Index Number **20555/2010** filed on the 18th day of August, 2010, addressed to the defendant LAW OFFICE OF BERNARD H. BROOME, PLLC **[EXHIBITS "2H1", "2H2"]**.

168. On **October 08, 2010**, Affidavits of Service of the Summons and Verified Complaint on the defendants were filed in Clerk's Office of the Kings County Supreme Court.

169. **Hence the defendant, LAW OFFICE OF BERNARD H. BROOME, PLLC, was required to answer on or before October 29, 2010.**

170. The defendant did not answer **and this is a default.**

171. Please take notice of the ELaw.com Court Records of the Case: "*Nella Manko v. Bernard H. Broome, Esq.*" which consists of twelve (12) pages (Supreme Court, Kings County, Index No.: **20555/2010**). This incorrect court record created by the Supreme Court, Kings County, effectively **denied** filing of the complaint against defendant Law Office of Bernard H. Broome, PLLC **[EXHIBIT "2G", "2G1"]**, which was discovered, **only**, when Plaintiff-Appellant, Pro Se, received and read the Brief for Defendants-Respondents, Bernard H. Broome, Esq. and Law Office of Bernard H. Broome, PLLC, dated **January 13, 2017** (Appellate Division (2nd Dept.) Docket No. **2015-07517**, Supreme Court, Kings County, Index No.: **20555/2010**, the Appeal is from the ORDER of the Supreme Court, Kings County, Justice Leon Ruchelsman, dated **April 30, 2015** and entered on **May 11, 2015**), and thus deprived Nella Manko of her right to equal protection of the laws, and the due course of justice was impeded, in violation of the First, Fifth, and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983.

172. **Pro Se** Defendant, Bernard H. Broome, Esq., submitted pre-answer motion to dismiss the complaint. The Motion to dismiss the complaint of **Pro Se** Defendant, Bernard H. Broome, Esq., was originally returnable on **November 15, 2010**, and was granted by the Decision and Order of Justice Leon Ruchelsman, dated **January 19, 2011** and entered on **February 07, 2011**, and the order was entered before any other defendant in this case appeared.

173. In the Action, Supreme Court, Kings County, Index Number **20555/2010**, Pro Se Plaintiff opposed the motion of **Pro Se** Defendant, Bernard H. Broome, Esq., to dismiss complaint by Affidavit in Opposition, filed **December 17, 2010**, and the exhibits annexed thereto.

174. Additionally, Plaintiff-Appellant, Pro Se, requested to GRANT Default Judgment against the Defendant, Law Office of Bernard H. Broome, PLLC, **on default**.

175. On **December 17, 2010**, first appearance was held before Justice Leon Ruchelsman on Bernard H. Broome, Esq. [hereinafter "Broome"], motion to dismiss complaint, returnable on **November 15, 2010** and on pro se plaintiff's cross-motion seeking default and medical records. On November 15, 2010, Broome's motion had rescheduled appearance in "Subsequent Motion Part 16" but clerk falsely entered "Motion Part 16". On December 17, 2010, first physical appearance was held in "Motion Part 16" but clerk falsely entered "Motion Trial Part 16". On December 17, 2010, during the first calendar call and second default calendar call, Broome did not appear and Plaintiff answered both calendar calls and requested an adjournment. The reason for adjournment was due to the fact that the Plaintiff, who timely served Affidavit in Opposition and Cross-Motion on Broome, wasn't been able to file her papers timely in the Supreme Court, Kings County. After default calendar call, Plaintiff spoke with Justice Ruhelsman and requested an adjournment, which was granted and recorded in the Court Record; Justice granted the adjournment only on condition that Pro Se Plaintiff will not file her papers according to the

Rules of the Kings County Supreme Court but just hand it to Justice himself; After Plaintiff refused to give her papers to Justice, defendant Broome appeared in Part 16, and Justice canceled the adjournment, and ordered clerk to mark the motion call fully submitted. Audio record was created by Plaintiff of the appearance in IAS Part 16 on December 17, 2010. All two (2) calendar calls, conversation with Justice Ruhelsman, and Broome's voice are recorded, there wasn't an expression "general release" or "release" recorded or stated during the appearance.

176. Kings County Supreme Court Rules are stated by the New York State Unified Court System, and state the following: "Part A, Papers: Motion Papers and Answering Affidavits must be filed with the Motion Support Office, currently located in Room 227. Part C, Motions in IAS Parts: Irrespective of the return date indicated in the notice of motion, motions will be rescheduled by the Motion Support Office to a date designated by the assigned Judge. All motions require appearances and oral argument. ... Motions may be adjourned twice for a period not to exceed sixty (60) days from the initial return date of the motion. Part C, Motions Calendar Calls: There shall be two (2) calendar calls on motion days. The first calendar call shall be at 9:30 AM and the second calendar call shall be at 10:45 AM. Defaults shall only be taken on second call. Failure to appear at the default calendar call will result in a default order being entered or the motion being marked off the calendar."

177. Plaintiff was deprived of her right to equal protection of all the laws because Kings County Supreme Court Rules were violated when Broome's motion to dismiss complaint was decided, Plaintiff was denied her right to adjournment of Broome's motion up to 60 days from the initial return date of the motion, was denied her right for mandatory filing of her Affidavit in Opposition and Cross-Motion to Broome's Motion in Motion Support Office, was denied her right for mandatory oral arguments on the record, and Supreme Court, Kings County, employees, acting outside of his or her judicial capacity, created false court records of the Case bearing Index No.: 20555/2010 (See "eLaw.com" printout of this Case).

178. On **February 07, 2011**, Justice Leon Ruchelsman issued an Order, dated January 19, 2011 and entered **February 07, 2011**, Case: Nella Manko v. Bernard H. Broome, Esq., Law Office of Bernard H. Broome, PLLC, Et Al., Kings County Supreme Court Index No.: **20555/2010**, which orders that Broome's motion seeking dismissal of the complaint is granted and the plaintiff's cross motion seeking default and medical records is denied **[EXHIBITS "2B1", "2B2", "2B3", "2B6", "2B7", "2F", "2G", "2G1", "2H1", "2H2", "2H3"]**.

179. Please take notice that the Motion to dismiss the complaint of **Pro Se** Defendant, Bernard H. Broome, Esq., originally returnable on **November 15, 2010**, was granted by the Decision and Order of Justice Leon Ruchelsman, dated January 19, 2011 and entered on **February 07, 2011**, and the order was entered before any other defendant in this case appeared.

180. Bernard H. Broome, Esq., had Certified Bill from Lenox Hill Hospital and all doctors were on that Bill. **EXHIBIT "2B1"** is a proof that Lenox Hill Hospital has vicarious liability for a medical malpractice occurred in the Hospital where the plaintiff had an unnecessary surgery. **EXHIBIT "2B1" is a proof that Lenox Hill Hospital and all doctors involved in plaintiff's surgery in 2002 are united in interest.**

181. Additionally, Decision of the District Attorney's Office of the New York County, dated March 23, 2007, deemed complaint filed in District Attorney's Office against doctors and Lenox Hill Hospital involved in plaintiff's surgery in 2002 as a timely medical malpractice case (File No. 20393 opened on February 13, 2007) **[EXHIBIT "2B4"]**.

182. Bernard H. Broome, Esq., **did not provide Authorizations** to defendants in New York County Supreme Court Case Index No.: **109725/2003** to obtain **The Mount Sinai Hospital**

Medical Record (No. **2149374**) of **second** ambulatory surgery, dated October 11, 2004, on the plaintiff's left ankle, which was both arthroscopic and orthopedic surgery (removal of three (3) metal screws left in Manko's body from **March 2002** surgery for 2½ years until **October 11, 2004**, with following 3 months of post-operative care until January 11, 2005), which extended medical malpractice against doctors and Lenox Hill Hospital until **January 11, 2005**. **Absence** of **The Mount Sinai Hospital** Medical Record (No. 2149374) in case Index No.: 109725/2003 caused dismissal of timely medical malpractice cases (Supreme Court, Kings County, Index No.: **30972/2004**, Supreme Court, New York County, Index Nos.: **113306/2006 and 109296/2007**) **[EXHIBITS "2B1", "2B2", "2B3", "2B6", "2B7"]**.

## POINT 11

183.  Please take notice of a true and accurate copy of the Cover Letter, dated January 20, 2011, from Justice Leon Ruchelsman, which states the following:
"Dear Ms. Manko:
　　　　Re: Nella Manko vs. Bernard H. Broome, Esq., Law Office[s] of Bernard H. Broome, PLLC[,], National Physicians Review[,], Medreview, INC., Harvey Fishman, M.D., Professional Evaluation Group, INC., Index # **20555/10**
　　　　Enclosed please find the decision[s] in the above-titled action.
　　　　　　　　Sincerely, ... Hon. Leon Ruchelsman
cc:　　Bernard H. Broome, Esq. **Pro Se**
　　　　Morgan Melhu[i]sh Abrutyn" **[EXHIBIT "2F"]**.

184.  Please take notice of a true and accurate copy of the Envelope in which this Cover Letter and Order was enclosed bearing post stamp dated **January 27, 2011**, and stamped "Chambers of Leon Ruchelsman Justice", and addressed to "Ms. Nella Manko ... Pro Se" **[EXHIBIT "2F"]**.

185.  Please take notice of a true and accurate copy of the elaw.com Page: "http://www.elaw.com/elaw21/PrintCaseTabContent.aspx", which shows that in the case, Index No.: 20555/2010, there is only **one** defendant: **"BERNARD H. BROOME, ESQ. LAW OFFICE OF BERNARD H. BROOME, PLLC"**, which has word "Broome" in its name, and which enabled "Law Office of Bernard H. Broome, PLLC" **not to appear** in the case after this entity was served with the Summons and Complaint in this action. This means that legal entity, Bernard H. Broome, Esq., hides its fraud (which include but not limited to **denying** that Nella Manko signed only a Release and the only stated "Releasee" is New York City Transit Authority) in a separate legal entity, LAW OFFICE OF BERNARD H. BROOME, PLLC **[EXHIBIT "2G", EXHIBIT "2H1", EXHIBIT "2H2", EXHIBIT "2H3"]**.

186.  Please take notice of a true and accurate copy of Summons, filed on **August 18, 2010**, Case: Nella Manko vs. Bernard H. Broome, Esq.; Law Office of Bernard H. Broome, PLLC; MEDREVIEW, INC.; Et Al., Supreme Court, Kings County, Index Number **20555/2010** (Supreme Court, Kings County, Index No. 20555/2010) **[EXHIBIT "2H1"]**.

187.  Please take notice of a true and accurate copies of Affidavits and Certificates of Service of the Summons and Complaint, bearing Index No. **20555/2010** and filed date 08/18/2010, on Bernard H. Broome, Esq., and Law Office of Bernard H. Broome, PLLC (Pages **135-144**) (Supreme Court, Kings County, Index No. 20555/2010) **[EXHIBIT "2H2"]**.

188.  Please take notice of a true and accurate copies of Affidavits of Service of the Summons and Complaint, bearing Index No. **20555/2010** and filed date 08/18/2010, on MEDREVIEW, INC. (Supreme Court, Kings County, Index No. **20555/2010**) **[EXHIBIT "2H3"]**.

189.  On November 03, 2010, Defendant, MEDREVIEW, Inc., was served by Sheriff with the Summons and Complaint, bearing Index No. **20555/2010** and filed date 08/18/2010, **but refused to appear in the action [EXHIBIT "2H3"]**.

190.  Please take notice of a true and accurate copy of **false** Affirmation of Bernard H. Broome, Esq., which states: "Index # 20555/2010, Date 12/17/10. Plaintiff, Manko, vs. Defendant, Broome. Bernard H. Broome, Esq. states the following under the penalties of perjury: A motion to dismiss the complaint was submitted before Justice Leon Ruchelsman today, 12/17/10. This Motion does not concern discovery. Bernard H. Broome, Attorney for Defendant, ...", which terminated Preliminary Conference dated **December 17, 2010** (Supreme Court, Kings County, Index No. **20555/2010**) **[EXHIBIT "2G1"]**.

191.  **Summary**: Orders of Justice Leon Ruchelsman are false and cannot be used to justify dismissal of all medical malpractice cases of pro se plaintiff-appellant Nella Manko. All Orders of Justice Ruchelsman (Supreme Court, Kings County, Index Nos.: **22602/2009** and **20555/2010**) should be vacated because Orders of Justice Ruchelsman contradict newly discovered evidence.

192.  Additionally, see Aetna Report prepared in response to Nella Manko request for 2002 medical information received on October 30, 2006 (Customer # US 09020H, BBHB8XPA), which consists of medical claims in 2002, and which is a proof that Dana A. Mannor, M.D., is an agent of Lenox Hill Hospital. Please take notice that admitting emergency room doctor Matthew B. Lubin, M.D., is on the Aetna Report and Bill. This is a proof that Lenox Hill Hospital has vicarious liability for a medical malpractice occurred in Lenox Hill Hospital where the plaintiff had an unnecessary surgery **[EXHIBIT "2D"]**.

193.  See collectively annexed hereto the following: **(1)** A true copy of **STIPULATION**, dated **December 17, 2008**, Case: "Nella Manko v. Lenox Hill Hospital, et al.", Supreme Court, New York County, Index No.: **109296/2007**, which states: "IT IS HEREBY STIPULATED AND AGREED, by the undersigned attorneys for the parties to the within action that the motion of defendants Dana Mannorr, Alan Tikotsky, Matthew Lubin, and David Follett, for an order dismissing the complaint, returnable on December 18, 2007, is adjourned until January 4, 2008.", signed by **Sole Proprietor** "Law Offices of David A. Gabay", Attorney for Plaintiff, 4250 Veterans Highway, Holbrook, NY 11741, and Aaronson Rappaport Feinstein & Deutch, LLP, . Attorneys for Defendant, 757 Third Avenue, New York, NY 10017, By: Russell J. Lask, Esq.; and **(2)** An Email, dated Mon, Dec 17, 2007 5:34 pm, to which image of this stipulation was attached, stating: "Nella, Here is the stipulation adjourning [Motion] 003 from 12/18 until 1/04." From: DavidAGabay <DavidAGabay@aol.com> **[EXHIBIT "2A"]**.

194.  The need to sign this **STIPULATION** dated **December 17, 2008**, Case: "Nella Manko v. Lenox Hill Hospital, et al.", Supreme Court, New York County, Index No.: **109296/2007**, is a proof that Plaintiff-Appellant signed only a "Release" with New York City Transit Authority. Plaintiff-Appellant did not sign general release.

## POINT 12

195. On December 26, 2014, Plaintiff-Appellant, Pro Se, commenced an Action: *"Nella Manko v. David A. Gabay, Esq; Law Offices of David A. Gabay; Joshua R. Cohen, Esq; Bernard*

*H. Broome, Esq; Garson Decorato & Cohen, LLP; Kaufman Borgeest & Ryan LLP; Et Al.*",
Supreme Court, Kings County, Index No. **22148/2013,** by filing the Summons and Complaint
bearing Index Number: **22148/2013.**

196.    The nature and object of the action is to recover money damages in legal malpractice,
breach of fiduciary duty, breach of contract, negligence, **general negligence, professional
malpractice,** and **fraud** as alleged in the complaint.

197.    All defendants in this action are united in interest.

198.   On **September 23, 2014**, after the Court Appearance in Action, Supreme Court, Kings
County, Index No. **22148/2013**, in Justice Jacobson Court Room, pro se defendant Bernard H.
Broome, Esq. [hereinafter Broome], asked pro se plaintiff to sign a Stipulation, dated September
23, 2014 and already **bearing signature** of the defendant Broome **[EXHIBIT "2S2"].**

199.   Pro Se Plaintiff signed this Stipulation **[EXHIBIT "2S2"].**

200.   The Stipulation was intentionally negligent and fraudulent.

201.   Fraudulent and invalid **STIPULATION**, dated September 23, 2014 (Supreme Court,
Kings County, Index No. **22148/2013**), composed by pro se defendant Bernard H. Broome, Esq.,
and signed by the plaintiff, pro se, was bearing **misspelled** printed name of **pro se** defendant
Bernard H. Broome, Esq., and a **copy** of his signature, and was **improperly** describing the
undersigned as "**attorneys for the parties**", stating: "it is stipulated and agreed, by and between
**the undersigned attorneys** for the parties ... that the motion appearance scheduled for Friday,
September 26, 2014 is hereby adjourned on consent to Friday, **October, 3, 2014**" **[EXHIBIT
"2S2"].**

202.   This Stipulation is a confirmation that Bernard H. Broome was appearing in the case as
Pro Se Defendant, and that LAW OFFICE OF BERNARD H. BROOME, PLLC was not a
defendant and did not appear in the case (Supreme Court, Kings County, Index No. **22148/2013**).

203.   After that, Broome went to the Part of Justice Francois A. Rivera and handed this
stipulation to Justice, pro se plaintiff followed Broome.

204.   **STIPULATION**, dated **September 23, 2014**, was given to the Court and was filed in
the Court as a document in this Action **[EXHIBIT "2S2"].**

205.   In response to the stipulation, Justice Francois A. Rivera issued an Order, dated
September 23, 2014, for Plaintiff's Motions (**Seq. Nos.: 09 and 10**) transferring the Motions to
Justice Jacobson for **October 07, 2014** Appearance **[EXHIBITS "2S3"].**

206.   This Stipulation, dated **September 23, 2014**, and Justice Rivera's Order, dated
**September 23, 2014** and entered on or about **September 30, 2014**, is a confirmation that
Bernard H. Broome was appearing in the case as Pro Se Defendant, and that defendant "LAW
OFFICE OF BERNARD H. BROOME, PLLC" did not appear in the case (Supreme Court,
Kings County, Index No. **22148/2013**).

207.   See true and accurate copy of **EXHIBIT "2S4"** which collectively annexed hereto the
following:

    **(1)** Notice of Appeal, Index No. 22148/2013, by Plaintiff, dated April 02, 2015,
of an Order of Justice Francois A. Rivera, dated February 23, 2015, and entered on March 04,
2015 (Appellate Division (2d Dep't) Docket No.: **2015-06041**, Supreme Court, Kings County,
Index No.: **22148/2013**);

    **(2)** Order of Justice Francois A. Rivera, dated February 23, 2015, and entered in
Clerk's Office on **March 04, 2015.**

208.   Order of Justice Francois A. Rivera, dated February 23, 2015 and entered on **March
04, 2015**, states:

"Recitation in accordance with CPLR 2219 (a) of the papers considered on the notice of motion of the plaintiff, Nella Manko (hereinafter Manko) filed on October 22, 2014, under motion sequence number eleven, for an order (1) restoring to the calendar defendant's motion, in order to oppose the motion; and (2) restoring motion sequence number 7, 8, 9, and 10. ... Accordingly, plaintiff's motion to restore motion sequence seven, eight, nine, and ten is denied. The foregoing constitutes decision and order of this Court".

209. Pro Se Plaintiff's Motion, **Seq. No. 08**, requested an Order to RENEW defendant Bernard H. Broome, Esq., motion to dismiss the complaint, based on CPLR 3211(a)(5) and (a)(7), which was granted on default on April 25, 2014, in order to permit plaintiff, pro se, to oppose defendant's motion to dismiss.

210. Pro Se Plaintiff's Motion, **Sequence No. 09**, served on defendants, Bernard H. Broome, Esq., and Law Office of Bernard H. Broome, PLLC, was originally returnable on **August 20, 2014**, and had first court appearance on September 26, 2014, and was wrongfully marked off the calendar during Default Calendar Call held on **September 26, 2014.** Motion, **Sequence No. 09**, requested an Order RESTORING to the Calendar Pro Se Plaintiff's Motion, **Sequence No. 08**, where Motion **Seq. No. 08** requested an Order to RENEW defendant Bernard H. Broome, Esq., motion to dismiss the complaint, based on CPLR 3211(a)(5) and (a)(7), and was granted on default on April 25, 2014; To renew in order to permit the plaintiff, pro se, to oppose defendant's motion (Appellate Division (2d Dep't) Docket No.: **2015-06041**, Supreme Court, Kings County, Index No.: **22148/2013**).

211. Please take notice of "Notice of Motion" of Pro Se Plaintiff's Motion, **Sequence No. 09**, served on defendants, Bernard H. Broome, Esq., and Law Office of Bernard H. Broome, PLLC, originally returnable on **August 20, 2014**, which had first court appearance on September 26, 2014, and was wrongfully marked off the calendar during Default Calendar Call held on **September 26, 2014.** The Motion requested an Order RESTORING to the Calendar Pro Se Plaintiff's Motion, **Sequence No. 08**, where Motion **Seq. No. 08** requested an Order to RENEW defendant Bernard H. Broome, Esq., motion to dismiss the complaint, based on CPLR 3211(a)(5) and (a)(7), granted on default on April 25, 2014, in order to permit the plaintiff, pro se, to oppose defendant's motion (Appellate Division (2d Dep't) Docket No.: **2015-06041**, Supreme Court, Kings County, Index No.: **22148/2013**) **[EXHIBIT "2S1"].**

212. Pro Se Plaintiff's Motion **Sequence No. 10**, originally returnable on **September 08, 2014**, was marked off the calendar during Default Calendar Call held on **October 03, 2014.**

213. Defendants, <u>KAUFMAN BORGEEST & RYAN LLP</u> and TRACEY A. REISER, ESQ. (Supreme Court, Kings County, Index No. **22148/2013**), moved the Court by Notice of Motion dated June 3, 2014, the Affirmation of David Bloom, Esq. dated June 3, 2014, and the exhibits annexed thereto, returnable on **June 24, 2014, Motion Seq. No. 07**, for an Order: (a) dismissing the plaintiff's complaint against the defendants KAUFMAN BORGEEST & RYAN LLP and TRACEY A. REISER, ESQ pursuant to CPLR 3211(a)(7) because the complaint fails to state any viable causes of action against these defendants; (b) dismissing the plaintiff's Federal claims against the defendants KAUFMAN BORGEEST & RYAN LLP and TRACEY A. REISER, ESQ pursuant to CPLR 3211(a)(5) based upon the doctrines of res judicata and collateral estoppel because these claims already have been decided by another court; and requesting other reliefs. (Appellate Division (2d Dep't) Docket No.: **2015-06041**, Supreme Court, Kings County, Index No.: **22148/2013**) **[EXHIBIT "2S2", EXHIBIT "2S3", EXHIBIT "2S4"].**

214. At Court Appearance on **August 15, 2014**, pro se plaintiff, NELLA MANKO, submitted request to adjourn defendants' Motion Seq. No. 07, originally returnable on June 24, 2014, for total period of 60 days until Monday August 25, 2014 in order to oppose, the Request to Adjourn was served on defendants on August 04, 2014 VIA FedEx Express (Tracking No. 7800 9137 6130), and **orally Justice Francois Rivera denied this Request to Adjourn**, and Amended Order, dated April 29, 2015, of Justice Laura L. Jacobson states on page 2 of the Order that the Motion Seq. No. 07 "was fully submitted on August 14 [15], 2014", but according to the Court's records the Motion Seq. No. 07 was adjourned, and the Request to Adjourn was filed in on August 15, 2014.

215. Pro se plaintiff, NELLA MANKO, moved the Court by Notice of Motion dated August 25, 2014, the Affidavit of Nella Manko sworn to on August 25, 2014, and the exhibits annexed thereto, returnable on September 08, 2014, Motion **Seq. No. 10**, requesting an Order to restore and/or to renew defendants' Motion, Seq. No. 07, originally returnable on June 24, 2014, and fully submitted on August 15, 2014, in order to permit plaintiff, pro se, to oppose defendants' Motion Seq. No. 07, and the Amended Order, dated April 29, 2015, of Justice Laura L. Jacobson states on page 7 of the Order that the **Motion Seq. No. 10** is referred back to the Honorable Justice Francois Rivera for a determination, and according to the Court's records the Motion Seq. No. 10 is still **pending**.

216. Pro se plaintiff, NELLA MANKO, moved the Court by Notice of Motion dated October 22, 2014, the Affidavit of Nella Manko sworn to on October 22, 2014, and the exhibits annexed thereto, returnable on November 06, 2014, **Motion Seq. No. 11**, for an Order restoring to the calendar pro se plaintiff's Motion, Seq. No. 09, returnable on August 20, 2014, incorrectly marked off the calendar during Default Calendar Call held on September 26, 2014, and restoring to the calendar pro se plaintiff's Motion, Seq. No. 10, returnable on September 08, 2014, incorrectly marked off the calendar during Default Calendar Call held on October 03, 2014.

217. Law Office of Bernard H. Broome, PLLC, **DID NOT APPEAR** in the case Supreme Court, Kings County, Index No.: 20555/2010, and did not appear in Supreme Court, Kings County, Index No.: 22148/2013. Hence, it cannot be Respondent, Pro Se, on the Appeals of these cases. This statement of Plaintiff-Appellant is contrary to the Appellate Division Orders, dated August 07, 2019, and it is significant, because it is a proof that there was not any general release [EXHIBITS "2G", "2H1", "2H2", "2S2", "2S3"].

### POINT 13

218. Law Office of Bernard H. Broome, PLLC, **DID NOT APPEAR** in the case Supreme Court, Kings County, Index No.: 20555/2010, and did not appear in Supreme Court, Kings County, Index No.: 22148/2013. It cannot be Respondent, Pro Se, on the Appeals of these cases. This statement of Plaintiff-Appellant is contrary to the Appellate Division Orders, dated August 07, 2019, and it is significant, because it is a proof that there was not any general release [EXHIBITS "2G", "2H1", "2H2", "2S2", "2S3"].

219. Additionally, **please take notice of** NYS Department of State Division of Corporations, Entity Information, Entity Name: C. Cardillo, P.C.; DOS Process (Address to which DOS will mail process): C. Cardillo, P.C., Post Office Box 290530, Brooklyn, New York, **11229 [EXHIBIT "2N"]**. C. Cardillo, P.C., was an attorney on appeal of the case Index No.: 22148/2013 for defendants, BERNARD H. BROOME, ESQ, and LAW OFFICE OF BERNARD H. BROOME, PLLC. C. Cardillo, P.C., committed a fraud because it rented two (2) PO Box

290530, first box in zip code **11229** and second in zip code **11209**; Then rejected all correspondence which was not send to Post Office Box, forcing Plaintiff-Appellant to send all papers to zip code **11229**, but provided Court of Appeals with PO Box in zip code **11209**.

## POINT 14

220.  See collectively annexed hereto the following: <u>(1)</u> A true copy of **STIPULATION**, falsely dated **December 17, 2008 [should be dated December 17, 2007]**, Case: "Nella Manko v. Lenox Hill Hospital, et al.", Supreme Court, New York County, Index No.: **109296/2007**, which states: "IT IS HEREBY STIPULATED AND AGREED, by the undersigned attorneys for the parties to the within action that the motion of defendants Dana Mannorr, Alan Tikotsky, Matthew Lubin, and David Follett, for an order dismissing the complaint, returnable on **December 18, 2007**, is adjourned until **January 4, 2008.**", signed by **Sole Proprietor** "Law Offices of David A. Gabay", **Attorney for Plaintiff**, 4250 Veterans Highway, Holbrook, NY 11741, and Aaronson Rappaport Feinstein & Deutch, LLP, Attorneys for **Defendant**, 757 Third Avenue, New York, NY 10017, By: Russell J. Lask, Esq.; and **(2)** An Email, dated Mon, Dec 17, 2007 5:34 pm, to which image of this stipulation was attached, stating: "Nella, Here is the stipulation adjourning [Motion] 003 from **12/18** until **1/04**." From: DavidAGabay <DavidAGabay@aol.com> **[EXHIBIT "2A"]**.

221.  This Stipulation was signed without knowledge of Nella Manko, and totally against contract with David A. Gabay, Esq. **[EXHIBIT "2A", EXHIBIT "2C6"]**.

222.  See a true copy of Plaintiff's "Order with Notice of Entry", dated November 23, 2007, served on November 24, 2007, and filed on **December 18, 2007** in Kings County Clerk's Office, of the Appellate Division (2d Dep't) DECISION & ORDER, Docket No. **2006-02907**, dated **October 30, 2007 [EXHIBIT "14 (A. 46-50)"]**.

223.  The need to sign this **STIPULATION** dated **December 17, 2008**, Case: "Nella Manko v. Lenox Hill Hospital, et al.", Supreme Court, New York County, Index No.: **109296/2007**, is a proof that Plaintiff-Appellant signed only a "Release" with New York City Transit Authority; Plaintiff-Appellant did not sign general release.

224.  All Orders of Justice Ruchelsman (Supreme Court, Kings County, Index Nos.: **22602/2009** and **20555/2010**) should be vacated because Orders of Justice Ruchelsman contradict <u>newly discovered evidence</u> **[EXHIBIT "2A", EXHIBIT "2B1", EXHIBIT "2B2", EXHIBIT "2F", EXHIBIT "2G", EXHIBIT "2G1", EXHIBIT "2H1", EXHIBIT "2H2", EXHIBIT "2H3"]**.

225.  Additionally, the evidence of this Stipulation is a proof that sole proprietor, Law Offices of David A. Gabay, committed Legal Malpractice and Fraud.

226.  See true copies of all recovered Email from David A. Gabay DavidAGabay@aol.com in **November 2007** and in **December 2007 [EXHIBITS "2A", "2C", "2C1", "2C2", "2C3", "2C4", "2C5"]**, and a true copy of the Retainer of David A. Gabay, Esq., dated November 28, 2007 and signed by David A. Gabay, Esq. **[EXHIBIT "2C6", EXHIBIT "2C7", EXHIBIT "2C8", EXHIBIT "2C9", EXHIBIT "2C10", EXHIBIT "2C11", EXHIBIT "2C12", EXHIBIT "2C13"]**.

227.  Additionally, the evidence of this Stipulation is a proof that Bernard H. Broome, Esq., and LAW OFFICE OF BERNARD H. BROOME, PLLC, committed Legal Malpractice and Fraud.

228.  Please take notice of the **EXHIBIT "2M"**, which collectively annexed hereto the following:

**(1) Single Female Pro Se**  Nella Manko's Letter, dated **February 03, 2020**, Re: "Matter of Art. 78 proceeding of CPLR, Nella Manko v. William F. Mastro, Justice; Alan D. Scheinkman, Justice; Et Al." (AD (1st Dep't) Docket No. 2020-00070, AD (2d Dep't) Docket No. 2019-14291, Supreme Court, Kings County, Index No. 526781/2019 (Date filed: 12/09/19)), which was mailed via Certified Mail (Return Receipt Requested) to the following parties: (1) Appellate Division, First Department, 27 Madison Ave., New York, NY 10010; (2) Charles F. Sanders, AAG, Attorney General Office, 28 Liberty St., New York, NY 10005; (3) Appellate Division, Second Department, 45 Monroe Place, Brooklyn, NY 11201; (4) Kaufman Borgeest & Ryan LLP, 200 Summit Lake Drive, Valhalla, NY 10595; This Manko's Letter is a response to Certified Letter, dated January 03, 2020 and received on January 18, 2020, from DAVID BLOOM, ESQ., KAUFMAN BORGEEST & RYAN LLP, requesting an adjournment of the return date of the petition until March 13, 2020. Pro Se , Nella Manko, **opposes** this adjournment;

**(2)** Annexed to this Letter attachment contains parts of medical records of Nella Manko created by **ELTON STRAUSS, M.D.,** and are in his sole care and possession, and clearly demonstrate that Elton Strauss, M.D., **divided** Nella Manko's medical records in two (2) different files as follows: The First file is for patient **Nella Manko** and does not contain specific surgery instructions for surgery dated October 11, 2004; and The Second file is for patient **Nella Menko** and **contains specific surgery instructions** for surgery dated October 11, 2004; Additionally, letters to Nella Manko's primary care doctor Irina Avruchevskaya, M.D., are also sent to the owner of the building, located at 1220 Avenue P, Brooklyn, NY, in which primary care doctor Irina Avruchevskaya, M.D., rents her office. The owner is Susan Levit, M.D., whose specialization is psychiatrist. **Nella Manko was never a patient of Susan Levit, M.D.** Nella Manko never gave anyone written Medical Authorization to share her medical information with Susan Levit, M.D., **this is a medical fraud pursuant to CPLR 3122.**

229.  Please take notice of the **EXHIBIT "2M"**, which contains parts of medical records of patient, Nella Manko, created by **ELTON STRAUSS, M.D.,** and are in his sole care and possession, and clearly demonstrate that Elton Strauss, M.D. **divided** Nella Manko's medical records in two (2) different files as follows: The First file is for patient, **Nella Manko,** and does not contain **specific** surgery instructions for the surgery, dated October 11, 2004, on plaintiff's left ankle and foot performed by surgeon **ELTON STRAUSS, M.D.,** in the Mount Sinai Hospital to remove a hardware inserted during operation on March 28, 2002 in Lenox Hill Hospital and to perform arthroscopic surgery; and The Second file is for patient, **Nella Menko,** and **contains specific surgery instructions** for surgery dated October 11, 2004.

230.  Letters from **ELTON STRAUSS, M.D.,** to Nella Manko's primary care doctor Irina Avruchevskaya, M.D., concerning patient medical history, are, also, copied and sent to the owner of the building, located at 1220 Avenue P, Brooklyn, NY, in which internist Irina Avruchevskaya, M.D., rents her office. The owner is Susan Levit, M.D., whose specialization is psychiatrist.

231.  **Nella Manko was never a patient of Susan Levit, M.D.**

232.  **Nella Manko never met Susan Levit, M.D.**

233. **Nella Manko never received any letters from Susan Levit, M.D., or from the office of Susan Levit, M.D.**

234. **Nella Manko never had an appointment with psychiatrist.**

235. **Nella Manko was never prescribed any psychiatric medication.**

236. **Nella Manko does not have middle name but a few days ago she received for the first time a letter addressed to "Nella ~~[E.]~~ Manko".**

237. **Nella Manko was never a patient of Susan Levit, M.D., because psychiatrist Susan Levit, M.D., does not have patient who lives in Apartment "3K", which is proved by Certified by IRS** copy of Income Tax Return for the year 1987 of Nella Manko, stating address: 1735 East 13th Street, Apt. 3K, Brooklyn, NY 11229, bearing IRS produced and mailed to Nella Manko label stating the same address (Apartment "3K" is stating on the IRS label), and attached copy of W-2 Wage and Tax Statement for **1987** stating the same address (Apartment "3K" is stating on the copy of W-2 Wage and Tax Statement for **1987**) must be sufficient to prove that Nella Manko lives in Apartment "3K" since 1986.

238. Nella Manko never gave anyone written Medical Authorization to share her medical information with Susan Levit, M.D. **This is a medical fraud pursuant to CPLR 3122.**

239. Please take notice that all attorneys appeared in all Plaintiff-Appellant's cases did not consider medical information about second surgery, dated October 11, 2004, on Nella Manko left ankle because it was hidden by **ELTON STRAUSS, M.D.,** in the medical file of the patient with last name: **Menko**, and it is a reason why all medical malpractice cases of the Petitioner-Appellant were blankly denied, and the file of the "patient Nella Menko" will by destroyed in a month when the statute of limitation for the date of the last order issued in case Index No.: **25157/2010** (Defendants' attorney **KAUFMAN BORGEEST & RYAN LLP**) will get over six years of limit.

240. **KAUFMAN BORGEEST & RYAN LLP** wants to answer the petition after six years of statute of limitation will be over for last Court of Appeals Order, dated **February 18, 2014**, Case: Nella Manko v. Elton Strauss, M.D., The Mount Sinai Hospital, The Mount Sinai Medical Center, Inc., Et Al., Index No.: **25157/2010**, Appellate Division (2d Dep't) Docket No.: **2011-05994**.

241. Nella Manko believes that New York City Transit Authority, also, separated Nella Manko's Medical Files and put all significant medical data in a file bearing name "Menko" in order not to notice significant medical information.

242. Please take notice that until **January 2020**, Apartment "6K" (six floor) in Petitioner-Appellant's building was rented to a woman with name "**Y. Yeremenko**" –> "**Y. Yere Menko**" –> "**Y. Y. Menko**" –> "**Y. E. Menko**". She was moved into the Building long time ago, possibly soon after Nella Manko stopped entering building of psychiatrist Susan Levit, M.D., after she read Letter from **ELTON STRAUSS, M.D.,** to Nella Manko's primary care doctor Irina Avruchevskaya, M.D., which was copied and sent to the owner of the building located at 1220 Avenue P, Brooklyn, NY, psychiatrist Susan Levit, M.D. [See **EXHIBIT "2M"**].

243. "**Y. Yeremenko**" was moved out of the Petitioner-Appellant's building in the end of January, 2020.

244. Please take notice that the Petitioner-Appellant rents Apartment "3K" on the third floor. Please take notice that Landlord intentionally rented Apartment "**3J**" (third floor) and Apartment "**6N**" (six floor) to one big family with last name "Almazov", which family members appear often to alternate their living arrangements between third and six floors' apartments. These

family members can provide false witness identification of who are their current neighbors (neighbors who are living on the third floor or neighbors who are living on the sixth floor).

## POINT 16

245. See true copies of all recovered Email from David A. Gabay DavidAGabay@aol.com in **November 2007** and in **December 2007 [EXHIBITS "2A", "2C", "2C1", "2C2", "2C3", "2C4", "2C5"]**, and a true copy of the Retainer of David A. Gabay, Esq., dated November 28, 2007 and signed by David A. Gabay, Esq. **[EXHIBIT "2C6", EXHIBIT "2C7", EXHIBIT "2C8", EXHIBIT "2C9", EXHIBIT "2C10", EXHIBIT "2C11", EXHIBIT "2C12", EXHIBIT "2C13"].**

246. Plaintiff signed invalid retainer with David A. Gabay, Esq., dated November 28, 2007, in FedEx Office located on 105 Duane Street, New York, New York. The RETAINER, dated November 28, 2007 and signed by David A. Gabay, Esq., states the following: "Re: Legal Services Dear Ms. Manko: Thank you for choosing Law Offices of David A. Gabay to represent you. This letter constitutes a retainer agreement and sets forth the terms of engagement for our representation. My office will represent you in the following matters and for the following fees: 1. Manko v. Lenox Hill Hospital, Index No. 30972-04, Kings County Supreme Court: We agree that MY FEE shall be 33 and 1/3 % of the sum recovered by you by way of trial, settlement, or otherwise. ... You will pay an initial retainer of $5,000.00, which will be credited against any attorneys fees due in this matter. ... The first item of business for this case shall be to revive with the Court the previously filed motion for leave to file a notice of medical malpractice. 2. Manko v. Lenox Hill, Index No. 113306-06, New York County Supreme Court: I will prepare, file, and argue the appeal which is currently due by 1/20/07. MY FEE shall be $5,000.00, and you shall pay all costs of printing the appeal. I will pay for the Court fee for filing the appeal. Upon payment of retainer fee, I will immediately file a Notice of Appearance with the Court. **3. Manko v. Lenox Hill, Index No. 109296-07, New York County Supreme Court: I WILL OPPOSE or otherwise deal with defendants' motion to dismiss, sequence 003, and appear in Court for oral argument on motion sequence number 001. MY FEE will be $1,500.00.** Upon payment of the retainer fee, I will immediately file a Notice of Appearance with the Court for both motions.... Very truly yours, ... David A. Gabay." **[EXHIBIT "2C6"].**

247. **Nella Manko did not sign "Power of Attorney". Pro Se, Plaintiff, Nella Manko, never signed any "Power of Attorney" Affidavit or Form. Pro Se, Plaintiff-Appellant, Nella Manko, never signed any "Power of Attorney" Affidavit or Form.**

248. There is a contradiction as follows: Nella Manko has diagnosis of poisoning during anesthesia in Lenox Hill Hospital; Lenox Hill Hospital explains that it is because Nella Manko is schizophrenic, who takes some drugs to control schizophrenia, and these drugs caused anesthesia overdose. If Nella Manko is schizophrenic, then she is legally disabled and cannot sign any Stipulation, or "Retainer Agreement", or "Power of Attorney", or Apartment Lease, and Gabay cannot sign release of defendants in Nella Manko's medical malpractice cases. But if Nella Manko is not schizophrenic, then she was poisoned in Lenox Hill Hospital and has a valid medical malpractice case. **Nella Manko did not sign "Power of Attorney".**

249. David A. Gabay, Esq., and sole proprietor "Law Offices of David A. Gabay" had no legal right (committed Legal Malpractice) to sign retainer without verifying identity of Pro Se, Plaintiff-Appellant, Nella Manko.

250. David A. Gabay, Esq., and sole proprietor "Law Offices of David A. Gabay" [hereinafter Gabay] had no legal right to ask Plaintiff-Appellant, Nella Manko, to sign a retainer that Gabay drafted without verifying that Plaintiff-Appellant is an attorney. Gabay had no legal right to sign releases in Plaintiff-Appellant's cases, or to appear and to file documents and then abandon the cases without filing order to show cause requesting to withdraw from the cases.

251. Please take notice that Plaintiff paid to the order of **Mr. David A. Gabay** for his employment related to the RETAINER, dated November 28, 2007 and signed by David A. Gabay, Esq., **hence** Plaintiff **employed** David A. Gabay, Esq.

252. David A. Gabay, Esq., did not file any documents in plaintiff's cases (including case Index No. **30972/2004).**

253. David A. Gabay, Esq., was fired about a month after the retainer was signed **[EXHIBIT "AA4", EXHIBIT "2C10"].**

254. Notice of Appearance, dated November 28, 2007, in New York County Case Index Number: **109296/2007** was filed by **a sole proprietor** LAW OFFICES OF DAVID A. GABAY who did not have contract of employment with plaintiff. New York County Supreme Court **fraudulent** NOTICE OF APPEARANCE, dated November 28, 2007 and signed by David A. Gabay as **sole proprietor** LAW OFFICES OF DAVID A. GABAY, Attorney for Plaintiff, is falsely stating: "the defendant, Nella Manko, hereby appears in the above entitled action, and that the undersigned has been retained as attorney for said defendant ..." (Index Number: 109296/2007) **[EXHIBIT "2C9"].**

255. Suffolk County Clerk's Office Record of "Business Certificate" for Business Name: "LAW OFFICES OF DAVID A. GABAY" states that on **November 06, 1996** Business Certificate was filed by David A. Gabay, Esq., document number **9696**, Sole Proprietor, Business Address: 149 Main Street, Huntington, NY 11743.

256. Plaintiff, Nella Manko, did not sign a Retainer with Sole Proprietor "LAW OFFICES OF DAVID A. GABAY". The Plaintiff never visited place of business of Sole Proprietor "LAW OFFICES OF DAVID A. GABAY".

257. **Only "Law Offices of David A. Gabay"** filed **one (1) document** in Plaintiff's Case Index No. **30972/2004**. Plaintiff was unaware at the time of this document **[EXHIBIT "2C11"]".**

258. Plaintiff was unaware at the time that Sole Proprietor "LAW OFFICES OF DAVID A. GABAY" fraudulently filed **one and only** document in the Plaintiff's Case Index No. **30972/2004** and plaintiff does not need to discharge Sole Proprietor "LAW OFFICES OF DAVID A. GABAY" from representing her because Plaintiff never had a contract of employment with Sole Proprietor "LAW OFFICES OF DAVID A. GABAY" **[EXHIBIT "2C11"]".**

259. The **only** document submitted by the attorney for plaintiff in the case Index No. **30972/2004** was a Letter mailed by **certified sole proprietor "LAW OFFICES OF DAVID A. GABAY"**, dated **December 17, 2007**, and addressed to Kings County Supreme Court, Chamber of Hon. Marsha Steinhardt, 360 Adams Street, Brooklyn, NY 11201, Attn: Court Clerk Bob Fitzsimmons, **Re: Manko vs. Lenox Hill Hospital, Index Number: 30972/2004,** the Letter is stating that "Pursuant to our conversation of today, enclose please find a copy of the Notice of Entry in the above referenced matter dated November 16, 2007. Also, enclosed per your instructions, please find an original and a copy of the Request for Preliminary Conference", and attached to this letter "Request for Preliminary Conference", dated December 17, 2007 and signed by **certified sole proprietor LAW OFFICES OF DAVID A. GABAY**, together with an

"Affirmation in Support of Request for Preliminary Conference", dated December 17, 2007, signed by **certified sole proprietor LAW OFFICES OF DAVID A. GABAY** (Kings County Supreme Court Index No.: **30972/2004**) **[EXHIBIT "2C11"]"**.

260. Please take notice of two (2) Plaintiff's Checks, posted on **November 26, 2007**, and **November 30, 2007**, printed by Chase Bank Internal System on **11/29/2014**, which are related to Retainer, dated November 28, 2007, and signed by David A. Gabay, Esq. These plaintiff's checks were **paid to the order of Mr. David A. Gabay,** and were cashed by account no. **9030020706** bearing signature that can belong to David A. Gabay, Esq., or Sole Proprietor "Law Offices of David A. Gabay" **[EXHIBIT "2C7", EXHIBIT "2C8"]**.

261. Please take notice that on the face of plaintiff's **check no. 170**, posted on November 26, 2007, for the amount of **$2,200.00,** Plaintiff wrote on this check that this check is given as follows: $700.00 is for Reply Brief for the Appeal (2d Dep't) Docket No. **2006-02907** (Reply Brief was never filed but money was not returned to plaintiff), and **$1,500** is for motions seq. no. 001 and 003 (Supreme Court, New York County, Index No.: 109296/2007) **[EXHIBIT "2C8"]**.

262. Please take notice that on the face of plaintiff's **check no. 171**, posted on November 30, 2007, for the amount of **$10,000.00,** Plaintiff wrote on this check that this check is given as follows: **$5,000.00** for the Case 30972/2004 (Supreme Court, Kings County) and **$5,000.00** for the Appeal of Case **113306/2006** (Supreme Court, New York County) **[EXHIBIT "2C7"]**.

263. David A. Gabay, Esq., or "Law Offices of David A. Gabay" **did not perfect** an Appeal of New York County Case Index No. 113306/2006, but money was not returned to Plaintiff.

264. Certified Sole Proprietor "Law Offices of David A. Gabay" **did not have legal right to represent** Nella Manko in **all courts' cases** of Nella Manko. Sole Proprietor "Law Offices of David A. Gabay" did not have legal right to be an attorney of record in **all courts' cases** of Nella Manko.

265. Please take notice that Plaintiff paid to the order of **Mr. David A. Gabay** for his employment related to the RETAINER, dated November 28, 2007, and signed by David A. Gabay, Esq., and **it was a fraud** on the part of attorneys for the defendant Lenox Hill Hospital, and defendants' attorneys for all doctors and corporations related to Plaintiff's surgeries on her left ankle in 2002 and 2004 (including, but not limiting, Dana A. Mannor, M.D., "Resident Doctor", Robert Sloan, M.D., Matthew B. Lubin, M.D., L.H. Radiologists PC, Lenox Hill Anesthesiology PLLC, and Elton Strauss, M.D.) in **all courts' cases** of Nella Manko **to claim** that they believed that the plaintiff and/or defendant Nella Manko is legally represented by **sole proprietor** "Law Offices of David A. Gabay".

266. **Plaintiff has been distinctly damaged** by defendant's attorneys and by the Court. Please take notice of DECISION & ORDER, dated **June 04, 2014** (Appellate Division Docket No.: **2009-03661**), of the Supreme Court of the State of New York Appellate Division: Second Judicial Department, by Hon. Thomas A. Dickerson, J.P., Leonard B. Austin, Sheri S. Roman, Sylvia O. Hinds-Radix, JJ., which states the following: "plaintiff **purportedly** appeals ... from an order dated January 22, 2009 ... Ordered that **appeal purportedly taken as of right** is dismissed", and which incorrectly **deems** that the plaintiff was represented by an attorney sole proprietor "Law Offices of David A. Gabay" until **January 22, 2009.**

267. Fraud was discovered in **the end of 2017**, that defendant, Lenox Hill Hospital, knew that Gabay filed on **January 02, 2008** "Notice terminating authority of attorney David A. Gabay" in Plaintiff's Medical Malpractice Case (Supreme Court, New York County, Index No.: **109296/2007**), which was attached by the Court **under** Plaintiff's Letter, dated **January 02, 2008** and filed in clerk's office on **February 15, 2008** (Index No.: **109296/2007**), addressed to

Justice Alice Schlesinger and Administrative Justice Silverman, and terminating authority of David A. Gabay, Esq., and is bearing three (3) stamps as follows: (a) Stamp "Received on January 04, 2008", (b) Stamp "January 09, 2008 Justice Silverman", (c) Stamp "Received April 19, 2010 NYS Court of Appeals" **[EXHIBIT "2C10", EXHIBIT "AA4"].**

268. See Plaintiff's Letter, dated **January 02, 2008**, which was filed on **February 15, 2008** in New York County Clerk's Office in file of the Case Index No.: **109296/2007**, and which was bearing three (3) stamps as follows: **(a)** Stamp "Received on January 04, 2008", **(b)** Stamp "January 09, 2008 Justice Silverman", **(c)** Stamp: "Received April 19, 2010 NYS Court of Appeals" (Case "Nella Manko v. Drs. Dana Mannor, Elton Strauss, Lenox Hill Hospital, Et Al.", Supreme Court, New York County, Index No.: **109296/2007) [EXHIBIT "AA4"].**

### POINT 17

269. Pro Se Plaintiff-Appellant filed three (3) timely medical malpractice Cases, which arose out of two (2) Orthopedic Surgeries of plaintiff's left ankle, as follows:

**(1)** "Nella Manko v. Lenox Hill Hospital", Supreme Court, Kings County, Index No. **30972/2004**, complaint is about unnecessary surgery and poisoning during anesthesia;

**(2)** "Nella Manko v. Lenox Hill Hospital, Dana A. Mannor, M.D., Et Al.", Supreme Court, New York County, Index No. **113306/2006**; and

**(3)** "Nella Manko v. Lenox Hill Hospital, Dana A. Mannor, M.D., Elton Strauss, M.D., Et Al.", Supreme Court, New York County, Index No. **109296/2007**.

270. Because painful hardware (orthopedic implants) was left in Manko's body from March 2002 for 2½ years until it was removed on **October 11, 2004** in the Mount Sinai Hospital (Medical Record No.: **2149374**), which followed by three months of post-operative care of Manko (until **January 11, 2005**), it extended medical malpractice against doctors and Lenox Hill Hospital involved in plaintiff-appellant's surgery in 2002 until **January 11, 2005**.

271. On **November 26, 2005,** Lenox Hill Hospital was served with Amended "Supplemental" Verified Complaint, dated **November 26, 2005**, via certified mail, article no. **7005 1820 0006 9492 8090**, return receipt requested, which was corrected to comply with rules for medical malpractice complaint, and which was filed in Supreme Court, Kings County, Clerk's Office on **November 29, 2005**.

272. "Supplemental" Verified Complaint, dated **November 26, 2005**, was an amendment as of right because of the second ambulatory surgery, dated **October 11, 2004**, on claimant's left ankle to remove a hardware (screws) inserted by the first surgery. Amendment as of right was timely with respect to Lenox Hill Hospital, and the Verified Complaint, dated **November 26, 2005**, is actually **current plaintiff's complaint** and is a relevant Procedural History.

273. On October 31, 2005, plaintiff paid and filed Motion, Seq. Number: **005**, pursuant to CPLR 2004 and 3406, for an Order Extending plaintiff's time to file a Notice of Medical Malpractice Action, originally returnable on November 25, 2005 (Payment No. 1174675, Tr. 1358615). Justice Marsha L. Steinhardt took plaintiff's Motion, Seq. No. **005**, off the calendar.

274. All these cases arose out of two (2) Orthopedic Surgeries of plaintiff's left ankle, each one with following three (3) months of post-operative care of plaintiff as follows:

a) The **FIRST** Surgery on the plaintiff's left ankle was Surgery, dated March 28, 2002, in Lenox Hill Hospital (Medical Record Number: **1668998**). On **March 26, 2002**, the plaintiff had a **trip and fall accident in the street over subway grading** and twisted her left ankle, she took a taxi to Lenox Hill Hospital, **walked in** Emergency Room of Lenox Hill Hospital on March

26, 2002, with swollen ankle in region of medial malleolus, skin not broken, and difficulties of waking; was diagnosed with medial malleolus ankle fracture; and was admitted from the Emergency Room to Lenox Hill Hospital; hospitalized in Lenox Hill Hospital between March 26, 2002, and March 30, 2002; on March 28, 2002, plaintiff had a surgery on her left ankle; had following three (3) months of global continuous post-operative care and treatment; an additional Physical Therapy Treatment until August 31, 2002; and, additionally, until September 17, 2003, which is a date of last record's entry of Nella Manko's "Office Medical Records" of Dana A. Mannor, M.D. [EXHIBIT "11", EXHIBIT "13"]; and

b) The **SECOND** Surgery on the plaintiff's left ankle was ambulatory Surgery, dated October 11, 2004, in the Mount Sinai Hospital (Medical Record Number: **2149374**). From July 01, 2004, through January 11, 2005, Elton Strauss, M.D., rendered certain medical care, arthroscopic surgery and orthopedic surgery (removal of three (3) metal screws), dated October 11, 2004, in the Mount Sinai Hospital (Medical Record Number: 2149374), and provided following three (3) months of global continuous post-operative care and treatment until January 11, 2005, to the plaintiff, Nella Manko. Three (3) months of Global continuous post-operative care and treatment is mandatory for an orthopedic surgery [EXHIBIT "12", EXHIBIT "15 (A. 695-718)")].

275. Additionally, plaintiff remembers that she had woken from three (3) hours of general anesthesia on a bed in empty hallway; a nurse and Elton Strauss, M.D., standing near the bed; Elton Strauss, M.D., quickly left; and plaintiff's bed was moved to a room where she could get dressed in her clothes and leave the hospital (Plaintiff was not recovered in Recovery Room after three (3) hours of general anesthesia).

276. On **March 26, 2002**, plaintiff had a **trip and fall accident in the street over subway grading** and twisted her left ankle, she took a taxi to Lenox Hill Hospital, **walked in** Emergency Room of Lenox Hill Hospital on March 26, 2002, and was admitted from the Emergency Room to Lenox Hill Hospital, hospitalized in Lenox Hill Hospital between March 26, 2002 and March 30, 2002, had an Orthopedic Surgery, dated March 28, 2002, then had following three (3) months of global continuous post-operative care and treatment, Physical Therapy Treatment from June 03, 2002 until July 31, 2002, an additional Physical Therapy Treatment until August 31, 2002, additionally, until September 17, 2003, which is a date of last record's entry of Nella Manko's "Office Medical Records" of Dana A. Mannor, M.D., and until January 11, 2005, when unnecessary and harmful three screws were finally removed from plaintiff's left ankle on **October 11, 2004** during ambulatory surgery in The Mount Sinai Hospital (The Mount Sinai Hospital Medical Record of Nella Manko's Surgery, dated October 11, 2004, Medical Record No. **2149374**), and the following three (3) months of global continuous post-operative care and treatment until **January 11, 2005**.

277. During Orthopedic Surgery of plaintiff's left ankle, dated March 28, 2002, in Lenox Hill Hospital (Medical Record Number: 1668998), unnecessary syndesmotic cross-screw was inserted, and unnecessary two additional screws were inserted traversing medial malleolus, and was inflicted posterior malleolar fracture (creating bimalleolar fracture) by sawing with surgical saw), which in turn caused creation of a displaced triangular fracture fragment, which was left untreated. Posterior malleolar fracture, and a fragment, healed as a jagged edge of a bone sticking in cartilage, which is always a cause of arthritis.

278. Significant point of the Plaintiff's Complaint is the point that Lenox Hill Hospital and other defendants who participated in Plaintiff's Surgery, dated March 28, 2002, committed medical malpractice, battery, and fraud by not notifying the plaintiff that she must remove

damaging metal cross-screw from her ankle before weight bearing (walking) or, otherwise, the ankle will be damaged and will get deformed, and, also, to have an arthroscopic surgery to remove a bone fragment, healed as a jagged edge of a bone sticking in cartilage, which is always a cause of arthritis. This medical malpractice caused the plaintiff to walk with damaging cross-screw in her ankle and a jagged bone fragment for two and half years (2½ years), damaging her ankle, until the plaintiff had a second surgery, dated October 11, 2004, in the Mount Sinai Hospital, Medical Record Number: **2149374**, which was performed by Elton Strauss, M.D.

279. During second Surgery, dated October 11, 2004, in the Mount Sinai Hospital (Medical Record Number: **2149374**), Elton Strauss, M.D., additionally and **without consent**, performed an arthroscopic surgery of left ankle supposedly to remove severe arthrofibrosis tissue which accompanies bimalleolar fracture. Consent was given only for removal of hardware of left ankle.

280. The plaintiff did not have arthrofibrosis tissue. Elton Strauss, M.D., removed healthy tissue and created a puffy, painful, additionally deformed ankle, which would match bimalleolar fracture created by Dana Mannor, M.D. **[EXHIBIT "12", EXHIBIT "15 (A. 695-718)")"]**.

281. Long Island College Hospital's Report of the x-ray of "six views of the left foot and ankle", dated **January 16, 2009** (MRN: **1339212**, Account No.: **0026117333**), of Plaintiff, Nella Manko, states: "... Soft tissues swelling are noted diffusely throughout the foot". But at the Hospital doctor said to Plaintiff that **she has many holes in the ankle and foot which are filled with water**. The Holes are, probably, disconnected empty capsules, made of inflicted by Dr. Strauss arthrofibrosis, which are filled with water, and each of these capsules is surrounded by healthy tissue. The fact that Plaintiff has no arthrofibrosis tissue on the x-ray, dated **January 16, 2009**, but only holes filed with water, is a further proof that she did not have bimalleolar fracture because arthrofibrosis cannot be distributed as isolated islands with defined borders which can be completely replaced with the holes. Plaintiff gave authorization to the defendant Lenox Hill Hospital to obtain these x-rays **[EXHIBIT "2E"]**.

282. Dr. Elton Strauss not only did not inform Plaintiff-Appellant of his plan to perform an arthroscopic surgery, he also failed to obtain pre-approval from Plaintiff's Health Insurance HMO for arthroscopic surgical procedure and subsequent physical therapy. Physical therapy was not normally paid by the plaintiff's contract. That as a result of the foregoing, Plaintiff did not have physical therapy, and was greatly damaged by arthroscopic surgery.

283. Additionally, plaintiff-appellant remembers that she was woken from three (3) hours of general anesthesia on a bed in empty hallway; a nurse and Elton Strauss, M.D., standing near the bed; Elton Strauss, M.D., quickly left; and plaintiff's bed was moved to a room where she could get dressed in her clothes and leave the hospital (Plaintiff was not recovered in Recovery Room after three (3) hours of general anesthesia).

284. At present plaintiff-appellant has deformity and severe arthrofibrosis of the left ankle, pain and swelling in the left foot and ankle, traumatic arthritis, surgical scars, arthroscopic scars, restricted range of motion, paresthesia, numbness, tingling and permanent impairment of the left foot and ankle, hips pain, damage of internal organs from double anesthesia drug overdose, and generally declining health. The plaintiff suffered painful injuries, as well as shock to her nervous system, suffered emotional and psychological injury, was required to receive painful medical treatment for her injuries, was left with deformed and stiff left ankle, pain, hips pain, and generally declining health, was prevented from attending to her usual duties and activities, all to her damage in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction. That by reason of the aforesaid, plaintiff has been damaged in the

maximum sum permitted by law since it exceeds the jurisdictional limits of all lower courts, which would otherwise have a jurisdiction.

285. Lenox Hill Hospital Medical Expert Martin Wolpin, M.D., "Physician's Affirmation", dated **January 28, 2011**, states "**right ankle**" in Paragraph "12" of the report, which **caused** whole report to lose its medical value, because it gives this expert excuse not to consider medical data and the x-rays of **the injured left ankle** which would contradict his report. Plaintiff's medical malpractice case: *Nella Manko v. Lenox Hill Hospital*, Supreme Court, Kings County, Index No. **30972/2004**, was dismissed based on the "Physician's Affirmation" of Martin Wolpin, M.D., dated **January 28, 2011** [EXHIBIT "14 (A. 40-45)")"].

286. Additionally, Martin Wolpin, M.D., falsely states in Paragraph "12" of the report the name of the facility where second surgery on plaintiff's left ankle was performed because second Surgery, dated October 11, 2004, was in the Mount Sinai Hospital (Medical Record Number: **2149374**) and was performed by Elton Strauss, M.D. **[EXHIBIT "14 (A. 40-45)")"]**.

287. Plaintiff, Nella Manko, commenced personal injury lawsuit against the City of New York and **New York City Transit Authority** in connection with her **trip** and fall accident. Bernard H. Broome, Esq., was an attorney for the plaintiff (Case Name: Nella Manko v. City of New York and **New York City Transit Authority** (Supreme Court, **New York County**, Index No. **109725/2003**) [EXHIBIT "A1", EXHIBIT "A2", EXHIBIT "A3", EXHIBIT "A4"].

288. Please take a notice of Notice of Claim against "The City of New York" "In the Matter of the Claim of Nella Manko against The City of New York", stamped "Received City of New York June 24, 2002" [EXHIBIT "A3"], which describes the place **(and the manner)** where **(and how)** plaintiff injured her left ankle **(plaintiff was caused to trip and fall twisting her left ankle)**, **which is in the street over subway grading** as a result of a broken metal subway grid located in the middle of sidewalk located on West 53rd Street, New York, NY, and is a further proof of the medical history presented by plaintiff. New York City Transit Authority received an identical Claim.

289. **New York City Transit Authority** submitted Notice of Motion, dated March 13, 2006, and Affirmation, dated March 13, 2006, of Daniel Hardick, Esq., Attorney for New York City Transit Authority. The Motion is based on "Orthopedic Evaluation Report", dated September 15, 2004, of Orthopedic Surgeon Harvey Fishman, M.D., medical expert of NYC Transit Authority in Case: *Nella Manko v. the City of New York and New York City Transit Authority*, Index No. **109725/2003**, Supreme Court, **New York County**. Certified Affirmation, dated March 13, 2006, of Daniel Hardick, Esq., Attorney for New York City Transit Authority, states in Paragraph marked "12" on the last page of the Affirmation, which is bearing New York County Supreme Court Certification Stamp, the following: "Your affirmant contacted Plaintiff's counsel on March 10th and requested that he submit his client to a further physical examination. **He refused**." This further physical examination was never conducted.

290. The fact that "New York City Transit Authority" settled the case (Supreme Court, New York County, Index No.: **109725/2003**) with this notice of claim is a further proof of plaintiff's medical history [EXHIBIT "A4", EXHIBIT "A1", EXHIBIT "A2"].

291. In "Release", dated August 21, 2007 but signed in November of 2007, the only stated "Releasee" is New York City Transit Authority ("Manko v. New York City Transit Authority, Et Al.", Supreme Court, New York County, Index No.: **109725/2003**) [EXHIBIT "A4", EXHIBIT "A1", EXHIBIT "A2"].

292. On February 13, 2007, (which is within five (5) years of statute of limitation for criminal complaint), plaintiff, Nella Manko, had made a "walk-in complaint" in writing (File No.

**20393**) to the District Attorney's Office of the New York County, One Hogan Place. The "walk-in complaint" was the same complaint about doctors and Lenox Hill Hospital as in the case Manko v Mannor, Lenox Hill Hospital, Et Al. (55 AD3d 471), Supreme Court, New York County, Index No. **113306/2006**. When she later called to the District Attorney Office to find out the status of her complaint, she was told that her complaint was deemed by the Office to be a timely medical malpractice case, and her complaint would not be investigated by the District Attorney Office.

293. It is an opinion of plaintiff that her complaint to a District Attorney Office has a case for medical malpractice, battery, and fraud; and it was improper not to investigate this complaint. By denying the investigation, the District Attorney Office of the County of New York deprived Plaintiff, Nella Manko, of her **right to equal protection of all the laws**. It does not cost much for a forensic doctor to read x-rays films and medical records, and to issue an opinion. It does not cost much to enforce production of legally certified and legally exemplified medical records, and production of affidavits stating what records and x-rays are missing. Pro Se Plaintiff, Nella Manko, who is poor, did not have money and knowledge to do this on her own.

294. Because painful hardware (orthopedic implants) was left in Manko's body from March 2002 for 2½ years until it was removed on **October 11, 2004** in the Mount Sinai Hospital (Medical Record No.: **2149374**), which followed by three months of post-operative care of Manko (until **January 11, 2005**), it extended medical malpractice against doctors and Lenox Hill Hospital involved in plaintiff's surgery in 2002 until **January 11, 2005**.

295. See The Mount Sinai Hospital Medical Record of Nella Manko's Ambulatory Surgery on left ankle dated **October 11, 2004**, and The Mount Sinai Hospital Bill dated **December 02, 2005** (Medical Record No.: **2149374**) **[EXHIBIT "15 (A. 695-718)"), EXHIBIT "12"]**.

296. Therefore, Order of Justice Sheila Abdus-Salaam, dated **March 12, 2007** (*Manko v Mannor* (55 AD3d 471), Supreme Court, New York County, Index No. **113306/2006**, must be vacated as "law of the case" because it improperly granted motions by defendants for an order pursuant to CPLR 3211 (a)(5) dismissing the complaint as time-barred.

297. Therefore, Order of Justice Sheila Abdus-Salaam, dated **November 05, 2007**, Supreme Court, New York County, Index No. **109296/2007**, must be vacated as "law of the case" because it improperly granted motion, Seq. No. 002, by defendant Lenox Hill Hospital for an order pursuant to CPLR 3211 (a)(5) dismissing the complaint as time-barred (See Plaintiff's Notice of Appeal, dated November 27, 2007, fee paid, No. **03127**, from an Order of Justice Sheila Abdus-Salaam, dated **November 05, 2007** and entered on **November 08, 2007**, which granted defendant Lenox Hill Hospital Motion Seq. No.: 002 (Index No.: **109296/2007**).

298. Therefore, all Orders of Justice Alice Schlesinger, dated **February 13, 2008** and **February 14, 2008**, and entered **February 15, 2008**, Supreme Court, New York County, Index No. **109296/2007**, must be vacated as "law of the case" because it improperly granted motions by defendants (Seq. Nos. : 001 and 003).

299. Lenox Hill Hospital mailed Plaintiff-Appellant an improper Hospital Bill, which does not itemize Emergency Room Services and Radiology Services, and does not have bill stating doctors' payments. Emergency Room Services is the first entry in the Bill. If it were itemized, it would show all pre-operating x-rays produced on 3/26/02. Also, total charges for Radiology Services (code 432) are $825.5, and there are only two (2) itemized x-rays listed in the Bill: the first is chest x-ray dated 3/27/02, which is referred by admitting emergency room doctor Dr. Matthew B. Lubin and cost $251, and the second x-ray is operative x-ray dated 3/28/02, which show only two screws and cost $214.5. That means that two x-rays were not itemized and these

two x-rays are the two pre-operative ankle's x-rays made on 3/27/02. It means that the Hospital tried to hide the fact that it produced pre-operative x-rays. Not every medical record page is stamped, which is, also, violation of Hospital Rules **[EXHIBIT "11"]**.

300. Each and every day in the Lenox Hill Hospital, patient Nella Manko simultaneously occupied two Rooms and Beds: Room/Bed No: **961401** and Room/Bed No: **961602**. Room/Bed Field is the last number on the stamp in the upper left corner of the medical record pages.

301. All records of Dr. Mannor and records with handwriting of a Resident Doctor are entered in Room/Bed No: **961602** (Plaintiff saw Resident Doctor only once in Emergency Room), while "ordinary nurses" records, operative records, blood test, EKG, and other tests are entered in Room/Bed No: **961401**. Not every medical record page is stamped, which is, also, violation of Hospital Rules **[EXHIBIT "13"]**.

302. Each and every day in Lenox Hill Hospital, Plaintiff-Appellant simultaneously occupied two Rooms and Beds: Room/Bed No: **961401** (R.48, R65, R.71-77, R.80-82, R.88-89, R.93-94, R.98-99, R.106-108, R.120-122, R.126-128, R.132-133) and Room/Bed No: **961602** (R.199, R49-52, R.55, R66-70, R.86-87, R.92, R.97, R.116, R.124-125, R.130-131). Room/Bed Field is the last number on the stamp in the upper left corner of the medical record pages. All records of Dr. Mannor and records with handwriting of a Resident Doctor are entered in Room/Bed No: **961602** (Plaintiff-Appellant saw Resident Doctor only once in Emergency Room), while "ordinary nurses" records, operative records, blood test, EKG (R.107), and tests are entered in Room/Bed No: **961401 [EXHIBIT "13"]**.

303. There are two different Plaintiff-Appellant's "ADMISSIONS FORM" (R.48, R.199). "ADMISSIONS FORM" (R.48) in the Lenox Hill Hospital Medical Records states Plaintiff's Social Security No.:  -  -**7575**, Room/Bed No.: **961401**. "ADMISSIONS FORM" (R.199) in Dr. Dana A. Mannor's Records states false Plaintiff's Social Security No.: 121-64-**7517**, Room/Bed No.: **961602 [EXHIBIT "11", EXHIBIT "13"]**.

304. There are two different Plaintiff-Appellant's "ADMISSIONS FORM" as follows:

a) "ADMISSIONS FORM" (R.48) in the Lenox Hill Hospital Medical Records states Room/Bed No: **961401** and states correct social security number XXX-XX-**7575** of the patient Nella Manko;

b) "ADMISSIONS FORM" (R.199) in Dr. Dana A. Mannor Records of patient Nella Manko states Room/Bed No: **961602** and a **false** social security number XXX-XX-**7517**. Plaintiff-Appellant believes that two (2) medicate accounts were created for patient Nella Manko during hospitalization in Lenox Hill Hospital: (1) first medicate account was created with correct social security number XXX-XX -7575; and (2) second medicate account was created with **false social security number XXX-XX -7517 and false date of birth 06/29/1959.**

305. Plaintiff-Appellant believes that Lenox Hill Hospital submitted Hospital Bill for March 2002 hospitalization of Nella Manko to both these medicate accounts and the Hospital Bill included emergency service bill, doctors bills, Dana A. Mannor, M.D., bill and bill for very expensive post-operative Physical Therapy, thus proving that all doctors are united in interest with co-defendant Lenox Hill Hospital.

306. This means that plaintiff-appellant has two (2) Bills for two (2) medicate accounts, and doctors were paid in the Bill that has Social Security No.:  -  -**7517**, Room/Bed No: **961602, this Bill was never given to plaintiff** (plaintiff realized that there are two bills only a few months ago). **This is a proof that Lenox Hill Hospital and all doctors involved in plaintiff's surgery in 2002 are united in interest**. Plaintiff submitted Motion, originally returnable on **November 12, 2008** (Seq. No. **012**, ORIG: 11/12/2008), made by notice of motion (**Payment**

**No. 1790009, 11/03/2008, 3:56pm, Tr. 2068476**), requesting an Order for Leave to Amend the Summons and Complaint against Hospital and to add additional defendants, which included Dana Mannor, M.D., and additional doctors, united in interest with co-defendant Lenox Hill Hospital. Justice Steinhardt denied this plaintiff's motion, originally returnable on **November 12, 2008** (Seq. No. 012, ORIG: 11/12/2008), from which an Appeal with Docket No. **2009-04744** emanated, because (as she stated on the record) she did not see bill stating doctors' payments on Lenox Hill Hospital Bill.

307. At the time of the accident, Plaintiff-Appellant had suspended health insurance because of unpaid bills, and was suspended from using Aetna Health Insurance "Healthy New York" from February 01, 2002, until about March 29, 2002. This suspension means that Aetna did not pay and/or reimburse doctors for providing services to the plaintiff during this suspension period, and did not permit to issue referral certifications from the plaintiff's primary care physician to doctors between February 01, 2002, and March 29, 2002, and as result of this the Hospital received Fax from Aetna Health, Inc, stating that the plaintiff does not have health insurance, and the plaintiff was processed by the Hospital as uninsured patient. On March 27, 2002, plaintiff asked her relative to mail Bill Payment to Aetna HMO by overnight mail, it was after the plaintiff was already admitted to the Hospital, and she was reinstated by insurance without interruption on or about March 29, 2002.

308. Additionally, third bill was submitted to AETNA Insurance. See Bill of AETNA Insurance dated November 04, 2004 (Customer # US 09020H, BBHB8XPA. Please take notice of a true and accurate copy of the Aetna Report prepared in response to Nella Manko request for 2002 medical information received on October 30, 2006, which consists of medical claims in 2002 **[EXHIBIT "2D"]**. Please take notice that admitting emergency room doctor Dr. Matthew B. Lubin is on the Aetna Bill, which is a proof that Dana A. Mannor, MD, is an agent of Lenox Hill Hospital. This is a proof that Lenox Hill Hospital has vicarious liability for a medical malpractice occurred in the Hospital where the plaintiff had an unnecessary surgery.

309. It was a duty of Lenox Hill Hospital to provide Certified Bill to Plaintiff-Appellant. Lenox Hill Hospital fraudulently refused to give Hospital's Certified Bill to Plaintiff-Appellant, Nella Manko, and Justice Marsha L. Steinhardt ignored it, which caused first dismissal of the case: "Nella Manko v. Lenox Hill Hospital" by Order of Justice Marsha L. Steinhardt, dated February 17, 2006, which granted defendant Hospital Motion dismissing the Complaint and Action. Dismissal was reversed by the Appellate Division Order, dated October 30, 2007 (Appellate Division Docket No.: **2006-02907**), finally caused dismissal of the case in 2011.

310. Please take notice that admitting emergency room doctor Dr. Matthew B. Lubin is on the Aetna Bill **[EXHIBIT "2D"]**.

311. During litigation of action "Nella Manko v. Drs. Dana Mannor, Elton Strauss, Lenox Hill Hospital, Et Al.", Supreme Court, New York County, Index No. **109296/2007**, Matthew B. Lubin, M.D., submitted an affidavit. Matthew B. Lubin, M.D., states in paragraph marked "3" of his affidavit: "I provided no care and treatment to the plaintiff, Nella Manko, after March 30, 2002". This is important, because Matthew B. Lubin, M.D., is an emergency room doctor, and if he provided treatment from 03/26/2002 until 03/30/2002, days when the plaintiff was in the Hospital, then Matthew B. Lubin, M.D. is an admitting doctor. Additionally, chest x-ray dated 3/27/2002 is referred by admitting emergency room doctor Dr. Matthew B. Lubin. This is a proof that Lenox Hill Hospital has vicarious liability for a medical malpractice occurred in the Hospital where the plaintiff had an unnecessary surgery. **This is a proof that Lenox Hill Hospital and all doctors involved in plaintiff's surgery in 2002 are united in interest.**

312. "Request for Judicial Intervention", dated **October 5, 2006**, paid and signed by Robert M. Applebaum, Esq., from Garson, Gerspach, DeCorato & Cohen, LLP, Attorneys for Defendant Lenox Hill Hospital, states that **all defendants** are represented by, **only**, <u>one "attorney for defendants" which is "Garson Gerspach DeCorato & Cohen, LLP"</u>, and further states in paragraph marked "Related Cases" that "Title: Manko v. Lenox Hill Hospital, Supreme Court, Kings County, Index No. **30972/2004** is an identical action" (*Manko v Mannor* (55 AD3d 471), Appellate Division, First Department, Docket No. 4425, Supreme Court, New York County, Index No.: **113306/2006**). <u>This is a proof that Lenox Hill Hospital and all doctors involved in plaintiff's surgery in 2002 are united in interest.</u>

313. The action "*Nella Manko v. Lenox Hill Hospital*", Kings County Supreme Court Index No.: **30972/2004**, was dismissed by the Order and Judgment, **dated October 07, 2011 and entered on February 07, 2012**, of Justice Marsha L. Steinhardt, from which <u>emanates an Appeal with Appellate Division Docket No. 2012-02867</u>, and which granted Defendant Lenox Hill Hospital's frivolous Motion **Seq. No. 40** for an Order granting leave to renew and reargue its motion granting summary judgment in favor of defendant, dismissing all claims with prejudice, which was <u>improperly granted as "MG"</u>.

314. Therefore, **final** dismissal Order and Judgment of Justice Marsha L. Steinhardt, dated October 07, 2011 and entered on February 07, 2012 (Supreme Court, Kings County, Index No.: 30972/2004), <u>must be vacated</u> as "law of the case".

315. See **EXHIBIT "2L"** – A Letter from Garson Gerspach Decorato & Cohen, LLP, dated **August 10, 2006**, and signed by Anna R. Schwartz, stating that: "Dear Ms. Manko: We are in receipt of your correspondence addressed to Lenox Hill Hospital dated May 18, 2006, requesting information pertaining to your March, 2002 admission. A copy is enclosed for your review. ..." refusing to provide to the Plaintiff **Certified** Copy of Lenox Hill Hospital Bills and other Information.

## POINT 18

316. "*On March 26, 2002, at approximately 5:25 P.M., the plaintiff had a trip and fall accident in the street on a public sidewalk on W53rd Street, New York, NY, between 6 and 7 Avenue, on defective subway grading and twisted her left ankle. The plaintiff walked into nearby Hilton Hotel. The plaintiff was wait bearing and did not bleed. After receiving an ice pack in Hilton Hotel, the plaintiff took a taxi to Lenox Hill Hospital and entered Emergency Room of Lenox Hill Hospital about one (1) hour later, with swollen ankle in region of medial malleolus, skin not broken, and difficulties of waking, and was admitted to the Lenox Hill Hospital from Emergency Room. Also, in "Emergency Room Patient Information Database" Form, in Item II "Systems Review" is stated that all vital findings were checked normal except Left Ankle Injury and this means that only the Ankle Injury was treated in Emergency Room. Also "Lenox Hill Hospital Emergency Room Medical Chart Physician's Progress Notes" dated 03/26/02, which is written and signed by self-serving Resident Orthopedic Doctor, because he took part in surgery of the plaintiff on March 28, 2002, states in paragraph "ankle X-rays" that Plaintiff has medial malleolus space widening, only, and the Resident Orthopedic Doctor did not notice "displaced" medial malleolus fracture fragment or confirm widened syndesmosis. This is the diagnosis of a single line fracture that occurs along one line in the region of Medial Malleous (inner bony knob in the ankle). The medical documents reveal that the plaintiff was admitted to Lenox Hill Hospital with unsigned "Certificate of Admittance to Hospital", on which Medical Code for*

*Medial Malleolus ankle fracture (Medical Code: 8240) is stated as a Principal Diagnosis. Medial Malleolus ankle fracture (Medical Code: 8240) is a simple fracture that occurs along one line, splitting the bone into two pieces, and a Medial Malleolus fracture is a stable fracture that does not require a surgery.*

317. *On March 28, 2002, the plaintiff had a surgery on her left ankle. According to the Hospital records two (2) surgeons were in the operating room. One of the surgeons was Dana A. Mannor, M.D., and the second surgeon was a resident doctor, who treated the plaintiff in the Emergency Room of the Lenox Hill Hospital. The plaintiff was wheeled into an operating room without any proof of fracture, because any and all pre-operative x-ray films of ankle, all of each produced in LENOX HILL HOSPITAL, disappeared right after the surgery and reports of these pre-operative x-rays were not created (radiologist did not read pre-operative x-rays). The plaintiff was wheeled out of operating room, after three (3) hour long surgery, with improperly fixed intentionally or negligently inflicted tri-malleolar ankle fracture, **inserted unnecessary syndesmotic cross-screw, inserted unnecessary two additional screws traversing medial malleolus, and intentionally or negligently inflicted posterior malleolar fracture (created by sawing with surgical saw), which in turn caused creation of a displaced triangular fracture fragment, which was left untreated. Posterior malleolar fracture, and a fragment, healed as a jagged edge of a bone sticking in cartilage, which is always a cause of arthritis. Posterior malleolar fracture can only occur when there is a wound and blood, as it is a result of a blow, but the plaintiff's skin was not broken according to ER nurse's written examination. Also digital x-ray film of left ankle, dated April 11, 2002, shows that posterior malleolar fracture is a regular line, and a regular line cannot be a fracture line. Fracture line is always irregular line. Regular line can only be a result of sawing by a surgical saw.** Because any and all pre-operative x-ray films disappeared and their reports did not exist, orthopedic doctors did not tell the plaintiff what was the degree of syndesmosis injury (if any), and, hence, when syndesmotic cross-screw must be removed. As a result of the foregoing, unnecessary metallic screw for cross screw fixation of syndesmosis tear was left in the plaintiff left ankle causing imbalance of forces across the ankle, accompanied by severe pain, swelling, tenderness, discomfort and with restriction and limitation of motion and function thereof, and permanently damaging her ankle. **This cross-screw remained in the plaintiff's body for over two and a half years** because the plaintiff did not have access to her original pre-operative x-ray films and their radiology reports from radiology department of the HOSPITAL. **In addition, it is a medical malpractice to insert two (2) screws traversing medial malleolus, when there is already syndesmotic cross-screw.** During two months from 03/28/2002 until 06/03/2002, Dr. DANA A. MANNOR improperly kept Plaintiff leg in the same heavy stirrup splint, which was received in the operating room. This is incorrect (use of cast is a proper treatment and the cast should be changed every two weeks), and this caused big swelling of left foot further damaging tissue and blood vessels of left foot. The plaintiff was forced, unnecessary and improperly, to stay not weight bearing on left foot for over two (2) months, which greatly weakened and permanently damaged her left foot and hip while at the same time put unnecessary strain on her right foot and hip, also, permanently damaging her right foot and hip. **The plaintiff was required to submit to operative arthroscopy and removal of hardware on her affected left ankle.** Operative procedures, which were done on October 11, 2004, during three (3) hour long surgery, included arthroscopy of the left ankle, lysis of adhesions, partial synovectomy, and removal of orthopedic implants through separate incisions, accompanied by severe pain, tenderness, discomfort, and with restriction and limitation of motion and function thereof. Plaintiff's LENOX HILL HOSPITAL BILL reveals that*

the plaintiff received a huge General Anesthesia Drugs Overdose during three (3) hours of surgery on March 28, 2002. Plaintiff had convulsions in recovery room after the surgery.

318.  On March 26, 2002, the plaintiff, Nella Manko, entered Emergency Room of Lenox Hill Hospital seeking treatment from the Hospital rather than from any specific physician, hence, pre-certification must be issued, only, by emergency room physician, and all doctors' and radiology services' bills must be included in Lenox Hill Hospital Bill.

319.  At the time of the accident, the Plaintiff had suspended health insurance because of unpaid bills, and was suspended from using Aetna Health Insurance "HEALTHY NEW YORK" from February 01, 2002, until April 01, 2002. This suspension means that Aetna did not pay and/or reimburse doctors for providing services to the plaintiff during this suspension period, and did not permit to issue referral certifications from the plaintiff's primary care physician to doctors between February 01, 2002, and April 01, 2002, and as result of this the Hospital received a Fax from Aetna Health, Inc, stating that the plaintiff does not have health insurance, and the plaintiff was processed by the Hospital as uninsured patient. On March 27, 2002, the plaintiff asked her relative to mail Bill Payment to Aetna HMO by overnight mail, it was after the plaintiff have been already admitted to the Hospital, and was reinstated by insurance Aetna HMO without interruption on or about April 01, 2002.

320.  The plaintiff was suspended from using Aetna HMO from February 01, 2002, until April 01, 2002, for nonpayment of Aetna HMO Bills, which means that Aetna HMO would have refuse to issue referral certification from February 01, 2002, until April 01, 2002. But on June 13, 2002, surgeon DANA A. MANNOR, M.D., falsely and fraudulently submitted claim for reimbursement to Aetna Health, INC, on behalf of the plaintiff, Nella Manko, which has check date June 13, 2002, and service date March 26, 2002 (03/26/2002), fraudulently using a referral issued on April 10, 2002, which Dr. Mannor improperly requested from plaintiff for post-operative office visit and which improperly was paid out by AETNA HEALTH, INC. On or about April 10, 2002, the plaintiff called secretary of her primary doctor for referral to visit an orthopedic surgeon and primary doctor issued a referral without realizing that the plaintiff had surgery (the plaintiff did not speak with the doctor). Dana A. Mannor, M.D., did not render service on March 26, 2002, to the plaintiff, Nella Manko. Because of the plaintiff's suspension from using Aetna HMO, Dr. Mannor would not have been able to obtain a referral certification from any primary care physician to consult and/or see the plaintiff, Nella Manko, on any day in March of 2002, and Dr. Mannor did not have an authority to sign a pre-certification for admission of the plaintiff to Lenox Hill Hospital and/or be the plaintiff's private doctor, who admitted the plaintiff to the Hospital. Dana A. Mannor, M.D., did not see the plaintiff on 03/26/2002.

321.  This falsely and fraudulently submitted claim, that has a check date on June 13, 2002, and a false service date March 26, 2002, falsely and fraudulently used Referral Certification improperly issued on April 10, 2002. That, possibly, further allowed entering of false and fraudulent pre-certification for admission to the Hospital, signed falsely and fraudulently by Dr. Mannor, and allowed to issue a false Hospital Bill, which falsely and fraudulently billed separately Lenox Hill Hospital, Doctors, Anesthesiology, and Radiology for the purpose to cause Lenox Hill Hospital to escape vicarious liability for medical malpractice of the Dr. Mannor, resident doctor, and of an anesthesiologist. The plaintiff never received this fraudulent pre-certification, which probably states that the plaintiff has try-malleolar fracture and a syndesmosis injury/tear, which was actually inflicted in the hospital by Dr. Mannor and by a resident doctor.

322. *This false and fraudulent representation, and known by defendants to be false when made, was made knowingly by DANA A. MANNOR, M.D., LENOX HILL HOSPITAL, and AETNA HEALTH, INC., with the intention and expectation to avoid investigation of disappearance of all pre-operating Ankle X-Ray films, the fact that the department of radiology was bypassed (pre-operating x-ray films were never referred to the department of radiology for reading and issuing of reports), the fact that the Hospital has vicarious liability for a medical malpractice occurred in the Hospital, and the fact that the plaintiff had an unnecessary surgery, all in an effort to cover up Lenox Hill Hospital medical malpractice and to escape vicarious liability for medical malpractice, and **to avoid Hospital's duty to notify the plaintiff that she must remove damaging metal cross-screw from her ankle before weight bearing (walking) or, otherwise, the ankle will be damaged and will get deformed, and, also, to have an arthroscopic surgery to remove a bone fragment, healed as a jagged edge of a bone sticking in cartilage, which is always a cause of arthritis. This fraud caused the plaintiff to walk with damaging screws in her ankle and a jagged bone fragment for two and half years (2 ½ years), thus damaging her ankle.** Aetna Health, Inc., improper payment out delayed start of physical therapy sessions for over two (2) weeks, which caused further damage of the plaintiff's legs. It also enabled attorneys for defendant Hospital, Garson DeCorato & Cohen, LLC, to cause dismissal and delaying of the case for medical malpractice in Supreme Court, Kings County, which was later restored by the Order of Appellate Division, Second Department, dated October 30, 2007 (Appellate Division Docket Number: 2006-0290).*

323. *In April of 2008, the plaintiff received E-Mail report from a radiologist who read post-operative digital x-ray film of left ankle, dated April 11, 2002, and he stated in his report that x-ray shows that the plaintiff did not have "Syndesmosis Injury" and/or "Syndesmosis Tear", which means that the plaintiff did not have "Widened Syndesmosis", which Dr. Mannor states as a reason for inserting syndesmosis cross-screw. As a result of the foregoing, this means that it is a gross negligence for the Lenox Hill Hospital and Dr. Mannor not to notify the plaintiff that she must remove syndesmotic cross-screw before weight bearing.*

324. *"Orthopedic Evaluation Report" dated September 15, 2004, of orthopedic surgeon Dr. Harvey Fishman, who examined the plaintiff, states on page 2 of the report that "X-rays, the most important records, were not available for review at the time of this examination". Further on page 2, in paragraph "Physical examination", Dr. Fishman states: "She [Manko] is 5'6" and weighs 130 pounds. ... There were scars both medial and lateral. ... One can palpate the head of a screw just beneath the skin laterally as well as the tip of the screws medially. Range of motion was moderately restricted both in dorsiflexion, plantar flexion, inversion, and eversion." Further on page 2, in paragraph "Impression", Dr. Fishman states: "According to the records, it seems to be quite surprising, that a syndesmotic screw was not removed early on. This is usually removed in six to eight weeks, once the fractures are healed, prior to the claimant bearing full weight. But according to these records, if they are true and correct, this was not done". Weight bearing with syndesmotic screw causes damage and deformity of an ankle.*

325. *Lenox Hill Hospital, as well as their doctors, agents, servants, and clerks, converted $600.00 Emergency Room visit into $100,000.00 medical expenses by causing unnecessary surgery of plaintiff Nella Manko and damaged her health because the Hospital received on March 26, 2002, a Fax from plaintiff's health insurance AETNA HMO, which was generated by insurance's faulty computer program, and which incorrectly stated that Nella Manko does not have insurance."*

326. "*Within one year from the accident, plaintiff, Nella Manko, filed complaint against New York City Transit Authority venued in New York County with Index No. 109725/03, which was settled in November 2007 for $100,000.00. By Law plaintiff's complete file created by law department of New York City Transit Authority is stored for at least six (6) years by NATIONAL PHYSICIANS REVIEW, NPR HEALTH MANAGEMENT, L.L.C., and MEDREVIEW, INC., 199 Water Street, 27th Floor, New York, NY 10038. This New York City Transit Authority File includes all investigation, all court's proceedings, two (2) plaintiff's depositions, all plaintiff's medical records, two (2) "Orthopedic Evaluation Reports" of orthopedic surgeon Dr. Harvey Fishman, who is New York City Transit Authority medical expert, dated September 15, 2004, and May 10, 2006, and Report of Benjamin A. Nachamie, M.D., dated 06/10/2002.*

327. *There are two (2) transcripts of plaintiff's depositions from the proceeding against the New York City Transit Authority venued in New York County with Index Number 109725/2003.* **First** *Deposition is dated May 21, 2003, Time 10:45 a.m., File #: TA 02-03-26-00-21-001; and* **Second** *Deposition is dated July 7, 2004, Index No. 109725/2003. The plaintiff was investigated about one year after the accident, and found to be telling truth. Plaintiff, Nella Manko, herself visited security office of the Hilton Hotel about one year after an accident and security officer remembered her, and how he applied ice pack to her leg. Hotel also has security cameras. According to these two (2) depositions, the plaintiff walked on her own into Hilton Hotel after being injured and was not bleeding, which she would not be able to do with injuries described in self-serving note and report of two guilty doctors. According to the depositions, Nella Manko was weight bearing when she walked into Hilton Hotel after injury to her left ankle on March 26, 2002 at about 5:30 PM. There are only two notes in Lenox Hill Hospital Medical File describing plaintiff's injury: First Note is dated March 26, 2002, and is written by Resident Doctor, who treated plaintiff in Emergency Room of Lenox Hill Hospital and was participating in Surgery, dated March 28, 2002, and "Operating Record" of surgeon Dana Mannor, M.D. There are no other reports describing plaintiff's injury because Department of Radiology was bypassed and all five (5) pre-operative x-rays of the injured left ankle and leg disappeared before being read by Hospital's Radiologist from Department of Radiology. It was a gross negligence for the Hospital to permit a surgery before pre-operative reports of pre-operative x-rays of the injured left ankle were created by Hospital's Radiologist from Department of Radiology and inserted in data base of Hospital's Computer. Also, please take notice that* <u>Lenox Hill Hospital did not provide Certified Hospital Bill until now.</u>"

328. *On February 13, 2007 (which is within five (5) years of statute of limitation for criminal complaint), plaintiff, Nella Manko, made a walk-in criminal complaint in writing against Lenox Hill Hospital and defendants in the instant case, who participated in plaintiff's Surgery, dated March 28, 2002, to a District Attorney Office of the County of New York at One Hogan Place, New York (File Number: 20393). When she later called to the District Attorney Office to find out the status of her complaint, she was told that her complaint was deemed by the Office to be a medical malpractice complaint, and her complaint would not be investigated by the District Attorney Office.*

329. Therefore, Order of Justice Sheila Abdus-Salaam, dated **March 12, 2007** (*Manko v Mannor* **(55 AD3d 471),** Supreme Court, New York County, Index No. **113306/2006,** <u>must be vacated</u> as "law of the case" because it <u>improperly granted</u> motions by defendants for an order pursuant to CPLR 3211 (a)(5) dismissing the complaint as time-barred.

330. Therefore, Order of Justice Sheila Abdus-Salaam, dated **November 05, 2007,** Supreme Court, New York County, Index No. **109296/2007,** <u>must be vacated</u> as "law of the case" because

it improperly granted motion, Seq. No. 002, by defendant Lenox Hill Hospital for an order pursuant to CPLR 3211 (a)(5) dismissing the complaint as time-barred (See Plaintiff's Notice of Appeal, dated November 27, 2007, fee paid, No. **03127**, from an Order of Justice Sheila Abdus-Salaam, dated **November 05, 2007** and entered on **November 08, 2007**, which granted defendant Lenox Hill Hospital Motion Seq. No.: 002 (Index No.: **109296/2007**).

331.  Therefore, all Orders of Justice Alice Schlesinger, dated **February 13, 2008** and **February 14, 2008**, and entered **February 15, 2008**, Supreme Court, New York County, Index No. **109296/2007**, must be vacated as "law of the case" because it improperly granted motions by defendants (Seq. Nos. : 001 and 003).

## POINT 19
## APPEAL WITH DOCKET NO.: 2012-02867

332.  Please take notice of the **EXHIBIT "14"** which contains **Appellant's Appendix on Appeal**, Appellate Division, Second Department, Docket Number **2012-02867**, the Appeal is from the ORDER and JUDGMENT of Justice Marsha L. Steinhardt, **dated October 07, 2011 and entered on February 07, 2012**, which granted Defendant Lenox Hill Hospital's frivolous Motion, Seq. No. 40, for an Order granting leave to renew and reargue its motion granting summary judgment in favor of defendant, dismissing all claims with prejudice, which was **improperly decided as "MG" [EXHIBIT "14 (A. 2–14)"**].

333.  Please take notice of the **EXHIBIT "15"** which contains **Supplemental Appellant's Appendix on Appeal**, Appellate Division, Second Department, Docket Number **2012-02867**, the Appeal is from the ORDER and JUDGMENT of Justice Marsha L. Steinhardt, **dated October 07, 2011 and entered on February 07, 2012**, which granted Defendant Lenox Hill Hospital's frivolous Motion, Seq. No. 40, for an Order granting leave to renew and reargue its motion granting summary judgment in favor of defendant, dismissing all claims with prejudice, which was **improperly decided as "MG" [EXHIBIT "14 (A. 2–14)"**].

334.  Please Take Notice that ORDER AND JUDGMENT of Justice Marsha L. Steinhardt, dated October 07, 2011 and entered on February 07, 2012, which granted defendant Lenox Hill Hospital Motion, **Seq. No. 40**, for Summary Judgment to dismiss Pro Se Plaintiff's Complaint in Action Index No. 30972/2004, is an Order from which emanates Appeal docketed under Appellate Division Docket No.: **2012-02867 [EXHIBIT "14 (A. 2–14)"**].

335. Please refer to Manko's "Affidavit of Plaintiff Nella Manko, dated February 28, 2011, in Opposition to Defendant's Motion, **Seq. No. 40**, to Renew and Reargue Summary Judgment Returnable on March 31, 2011". This will provide "procedural history" and "statement of facts" in addition to the stated in this instant Affidavit **[EXHIBIT "14", pages A221 – A254]**.

336.  Please take Notice that Printout of **eCourts WebCivil Supreme – Appearance Detail**, Court: Kings Civil Supreme, Index Number **30972/2004**, Case Name: Manko vs. Lenox Hill Hospital, states on page four (4) that on August 14, 2009, in Part 15, Justice Marsha L. Steinhardt decided Pro Se Plaintiff's Motions with Sequence Numbers 028, 027, and 025 in order contrary to the order of their sequence numbers, which means that Plaintiff's Motion Seq. No. 028 was decided first, Pro Se Plaintiff's Motion Seq. No. 027 was decided second, and Pro Se Plaintiff's Motion Seq. No. 025 was decided third and last. (Plaintiff audio recorded the court appearance on August 14, 2009, in Part 15, and can provide link through Dropbox.com to the audio file).

337. On **March 27, 2013**, Appellate Division issued Decision and Order on Motion, dated March 27, 2013, by Hon. Daniel D. Angiolillo, J.P., Thomas A. Dickerson, Cheryl E. Chambers, Jeffrey A. Cohen, J.J., Justices, which dismissed the Appeal with Docket No. **2012-02867 [EXHIBIT "1A4"]**.

338. Appellate Division Decision and Order on Motion, dated March 27, 2013, is predicated on a false statement: "Ordered that on the Court's own motion, the appeal is dismissed, ..., for failure to timely perfect in accordance with the rules (see 22NYCRR 670.8[e]) and prior order of this Court". Rule 22NYCRR 670.8[e] is stated on Page 5 of Appellate Division: Second Department Guide to Civil Practice (revised November 6, 2008) as follows: "unless the time to perfect shall have been extended ... the clerk shall not accept any record or brief for filing after the expiration of such period as extended". Pro Se Plaintiff-Appellant complied with Rule 22NYCRR 670.8[e] and with the Decision and Order on Motion (Appellate Division Docket No.: 2012-02867) of the New York State Supreme Court, Appellate Division, Second Judicial Department, by Hon. Daniel D. Angiolillo, J.P., Thomas A. Dickerson, L. Priscilla Hall, Leonard B. Austin, JJ., Justices, dated November 23, 2012 (Slip Opinion No: 2012 NY Slip Op 91174(U)), which sates "ORDERED that the branch of the motion which is to enlarge the time to perfect the appeal is granted, the appellant's time to perfect the appeal is enlarged until January 25, 2013, and the record or appendix on the appeal and the appellant's brief must be served and filed on or before that date ..", and which decided Motion returnable on November 16, 2012, and bearing Appellate Division stamp: "Received November 07, 2012" requesting an Order granting the Application of Plaintiff-Appellant, for leave to proceed in forma pauperis, and for enlargement of time.

339. On January 25, 2013, at about 04:50 PM, Pro Se Plaintiff-Appellant, Nella Manko, was in Appellate Division, Second Department, Court House located at 45 Monroe Place, Brooklyn, New York, 11201, and wanted to file the Appeal with Appellate Division Docket No. 2012-02867. Pro Se Plaintiff-Appellant placed on clerk's office counter nine copies of "Brief for Plaintiff-Appellant Nella Manko" and nine copies of "Appellant Appendix on Appeal". An original and eight copies of "Appellant Appendix on Appeal", which Pro Se Appellant tried to file on January 25, 2013, have a Certification Page, pursuant to CPLR 2105, exactly the same as any "Record on Appeal" filed by an attorney. Clerk and Deputy-Clerk rejected the Appeal for Filing and checked only item "You have failed to certify the record or appendix as required by 670.10.2(f)" of "PAPERS REJECTION NOTICE", stamped by Appellate Division on January 25, 2013, but the first item on the Notice, which state: "You have failed to file within the time limited by 670.8" is not checked **[EXHIBIT "AA8"]**.

340. I am the first and only Pro Se Plaintiff-Appellant, poor or reach, whose Appeal is dismissed by Appellate Division because Record on Appeal is not properly certified, hence this issue is novel, and novel issues are granted Leave to Appeal to the Court of Appeals. I do not have access to tools to investigate this issue but it was demonstrated by Affirmation in Opposition by attorney for Defendant-Respondent Hospital, who did not find even one case to quote; this fact, additionally, means that Defendant-Respondent did not oppose Pro Se Plaintiff-Appellant's Motion to reinstate the Appeal with Docket No. **2012-02867**.

341. Please take notice that Plaintiff-Appellant, Pro Se. was not aware about possible Court's Rule that if she within three (3) days bring back the Appeal together with Motion for Certification of this Appeal, then the filing date January 25, 2013 will be preserved and Appellate Clerks will accept for filing her Appeal with Docket No. 2012-02867. Rejection Notice did not state this Rule and all Editions of Second Department Guide "Rules of Appellate

Division Second Department" did not state this Rule. Plaintiff-Appellant, Pro Se, believes that many pro se litigants are not aware of this Rule and Appellate Division uses this rejection trick when it does not want to decide an Appeal.

342. Clerk and Deputy-Clerk rejected the Appeal for Filing and checked item "You have failed to certify the record or appendix as required by 670.10.2(f)" of "PAPERS REJECTION NOTICE", stamped by Appellate Division on January 25, 2013, because as Deputy-Clerk said Pro Se Plaintiff-Appellant could not produce papers of "Motion Waiving Certification of the Appendix on Appeal", which is practically consists of Notice of Motion requesting an Order Granting "Waiving Certification of the Appendix on Appeal" and a one page Affidavit stating one sentence: "I am an Appellant Pro Se and I respectfully request to waive Certification of the Appendix on Appeal because to certify "Appendix on Appeal" papers in the Supreme Court is very expensive." Pro Se Plaintiff-Appellant wanted to draft this Motion on a piece of paper but Deputy-Clerk rejected it. Clerk and Deputy Clerk were acting outside of her judicial capacity and without jurisdiction. Page 6 of Appellate Division: Second Department Guide to Civil Practice (revised November 6, 2008) states the following: "Certification of the record or appendix. "The record or 4 must be certified as a true and complete copy of the original documents on file with the clerk of the court from which the appeal is taken. The certification may be made in one of the following three ways (Rules 670.10.2[f]): (1) by the certificate of the appellant's attorney pursuant to CPLR 2105, (2) by the certificate of the clerk of the court from which the appeal is taken, or (3) by stipulation of counsel or the parties pursuant to CPLR 5532. A party proceeding pro se ... who cannot afford the cost of obtaining the certification of the appropriate clerk, may move to dispense with the certification requirement of the court's rules. ... Such motion be made before or simultaneously with the filing of the record or appendix. Pro Se Plaintiff-Appellant timely complied with this Rule of Appellate Division, Second Department, when she submitted to the Appellate Court her Motion returnable on November 16, 2012, and bearing Appellate Division Stamp: "Received November 07, 2012" requesting an Order granting the Application of Plaintiff-Appellant, for leave to proceed in forma pauperis. Additionally, a stipulation in lieu of certification pursuant to CPLR 5532 was served on Garson Decorato & Cohen, LLP, Attorneys for Defendant-Respondent Lenox Hill Hospital with this Motion Papers but Garson Decorato & Cohen, LLP, did not respond.

343. There is a conflict among the Appellate Division, First Department, and Appellate Division, Second Department, related to the Certification of record or appendix by Pro Se Appellant. 2009 Edition of First Department Guide "Rules of Appellate Division First Department" states regarding the Certification only the following (See the First Department Rules Page 21): "The record shall contain in the following order: (viii) A certificate of the proper clerk, or a stipulation waiving certification of the papers pursuant to CPLR 5532, or a certificate subscribed by the attorney certifying to the correctness of the papers pursuant to CPLR 2105." This means that Appellate Division, First Department, automatically dispenses with the certification requirement of the court's rules for Rich or Poor Pro Se Appellant. Appellate Division, First Department, does not require a Certification Motion to be submitted at all, and this Motion cannot cause a dismissal of pro se appellant's appeal. 2012 Edition of Second Department Guide "Rules of Appellate Division Second Department" states only the following regarding the Certification (See the Second Department Rules Page 22): "(f) Certification of Record. A reproduced full record or appendix shall be certified either by: (1) a certificate of the Appellant's attorney pursuant to CPLR 2105; (2) a certificate of the proper clerk; or (3) a stipulation in lieu of certification pursuant to CPLR 5532, The reproduced copy containing the

signed certification or stipulation shall be marked "Original." This means that Appellate Division, Second Department, in 2012 Edition of its Rules automatically dispenses with the certification requirement of the court's rules for Rich or Poor Pro Se Appellant. Appellate Division, Second Department, currently does not require a Certification Motion to be submitted at all, and this Motion cannot cause a dismissal of pro se appellant's appeal. To certify poor Pro Se Appellant's Appendix on Appeal by Kings County Clerk would have cost about $10,000.00 because to certify each document cost $16 plus copy at 25 cents per page, and there are 42 motions submitted in Kings County Supreme Court Case Index No. 30972/04 and about 250 entrees in Clerk's Book. Poor Plaintiff-Appellant earned in 2013 only $11,400.00 in wages.

344. Pro Se Plaintiff-Appellant timely filed Motion, dated January 31, 2013, filed on February 01, 2013, and returnable on February 15, 2013, to enlarge time to serve and file Appellant's Appeal rejected from filing on January 25, 2013.

## POINT 20

345. CPLR 2221(e) dictates that a motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination., and ... shall contain reasonable justification for the failure to present such facts on the prior motion." The defendant, Lenox Hill Hospital, offered **no** "new" facts and **did not offer** reasonable justification for the failure to present such facts on the prior motion, Seq. No. **39**.

346. Review of the defendant Hospital's Motion, Seq. No. 40, and supporting papers fails to establish any legal or factual basis for it to move to renew or reargue the Supreme Court's Order of Justice Marsha L. Steinhardt, dated December 13, 2010 and entered January 03, 2011, for Defendant Hospital's Summary Judgment Motion, Seq. No. **39**, decided as **"MD"**, which denied Summary Judgment Motion, without prejudice to renew if within **30 days** from entry of this Order defendant Hospital can provide updated medical report of its medical expert (See "Order with Notice of Entry", dated February 01, 2011, served on February 05, 2011, and filed in Clerk's Office on February 17, 2011, of the Order of Justice Marsha L. Steinhardt, dated December 13, 2010 and entered January 03, 2011, for Defendant Hospital's Summary Judgment Motion, Seq. No. **39**, decided as **"MD"**, which denied Summary Judgment Motion, without prejudice to renew if within **30 days** from entry of this Order defendant Hospital can provide updated medical report of its medical expert **[EXHIBIT "15 (A. 628-633, A. 779-784)"]** and **[EXHIBIT "14" (A. 219-220, A. 502-534, A. 221-254]**.

347. For these reasons, the defendant Hospital motion, seq. no. 40, must be denied in its entirety. It is Plaintiff's position that summary judgment may not be granted as a matter of law because defendant Hospital has not met its initial burden of establishing its lack of negligence and medical malpractice.

348. There was a **modification** by Appellate Division DECISION & ORDER, dated **June 04, 2014** (Appellate Division Docket No.: **2009-04744**), of the Order of Justice Marsha L. Steinhardt, dated **January 22, 2009** and filed **March 11, 2009**, which **denied** plaintiff's motion **seq. no. 012**, originally **returnable on November 12, 2008**, made by notice of motion (Payment No. 1790009, 11/03/2008, 3:56pm, Tr. 2068476), requesting an Order for Leave to Amend the ummons and Complaint against the Hospital to add additional defendants united in interest with co-defendant Lenox Hill Hospital, from which an appeal with Appellate Division **Docket No. 2009-04744** emanated **[EXHIBIT "14 (A. 294-335)"]**.

349. Please take notice of the DECISION & ORDER, dated **June 04, 2014** (Appellate Division Docket No.: **2009-04744**), of the Supreme Court of the State of New York Appellate Division: Second Judicial Department, by Hon. Thomas A. Dickerson, J.P., Leonard B. Austin, Sheri S. Roman, Sylvia O. Hinds-Radix, JJ., duly entered in the office of the Clerk of the Supreme Court of the State of New York Appellate Division: Second Judicial Department on **June 04, 2014**, *Manko v Lenox Hill Hospital*, Supreme Court, Kings County, Index No. **30972/2004**, which states: "In action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Steinhardt, J.), dated **January 22, 2009**, which denied her motion for leave to amend the complaint **to add additional defendants**. ORDERED that the order is affirmed ... In *Manko v Mannor* (55 AD3d 471), a medical malpractice action commenced by the same plaintiff as appears in this action, the Appellate Division, First Department, inter alia, granted the defendants' motions to dismiss the complaint as time-barred. Additionally, the First Department determined that the plaintiff's arguments, "including that the relation back and continuous treatment doctrines preclude dismissal of the complaint," were "unavailing" (id.). **The plaintiff now seeks to amend her complaint in this action to add the same defendants as were named in *Manko v Mannor* and to assert the same causes of action against them as were asserted against them in that case.** The Supreme Court correctly concluded that **the assertion of the same causes of action against the proposed defendants**, and the assertion that the relation-back doctrine applies, are barred by the doctrine of res judicata ... Accordingly, the Supreme Court properly denied the plaintiff's motion for leave to amend her complaint to add the proposed defendants" **[EXHIBIT "AA1"]**. Please take notice of the DECISION & ORDER, dated **October 28, 2008** (Appellate Division, First Department, Docket No. **4425**), of the Supreme Court of the State of New York Appellate Division: First Judicial Department, by Hon. Tom, J.P., Williams, Catterson, Moskowitz, JJ., *Manko v Mannor* (**55 AD3d 471**), Supreme Court, New York County, Index No. **113306/2006** **[EXHIBIT "15 (A. 686–692)"]**.

350. Please take notice of the **"Order with Notice of Entry"**, dated April 22, 2009, served April 22, 2009, and filed April 23, 2009, of the ORDER, dated **January 22, 2009** and entered **March 11, 2009**, of Justice Marsha L. Steinhardt, and annexed Transcript of this Order's Minutes with Invoice, dated **April 13, 2009** and filed **April 22, 2009**, which **denied** plaintiff's motion **seq. no. 012**, originally **returnable on November 12, 2008**, made by notice of motion (Payment No. 1790009, **11/03/2008**, 3:56pm, Tr. 2068476), requesting an Order for Leave to Amend the Summons and Complaint against Hospital to add additional defendants united in interest with co-defendant Lenox Hill Hospital, from which an appeal with Appellate Division Docket No. **2009-04744** emanated **[EXHIBIT "14 (A. 294-335)"]**.

351. Please see the following: **(1)** Pro Se Plaintiff's Motion, **Seq. No. 012**, paid and filed on **November 03, 2008** (Payment No. 1790009, 11/03/2008, 3:56pm, Tr. 2068476), originally **returnable on November 12, 2008**, made by notice of motion, requesting an Order for Leave to Amend the Summons and Complaint against Hospital to add additional defendants united in interest with co-defendant Lenox Hill Hospital, and **(2)** The proposed Amended Summons and proposed Amended Complaint, **dated October 30, 2008** (the motion's Exhibit "S"), which are reproduced in the attached Appellant's Appendix on Appeal, Docket No. **2012-02867** **[EXHIBIT "14" pages A294 – A335]**.

352. **The crux of the plaintiff's complaint** in action Index No. **30972/2004** is stated in the Amended Summons and Amended Verified Complaint, **dated October 30, 2008**, which is the Exhibit of the Motion **Seq. No. 012** and is annexed to the motion as Exhibit "S" **[EXHIBIT**

**"14" pages A294 – A335]**, and Amended Complaint, **dated February 12, 2008, and filed** in Kings County Clerk's Office on **April 30, 2008 [EXHIBIT "14" pages A338 – A364]**.

353. Both these proposed amended complaints state **new causes of action against defendant Lenox Hill Hospital**.

354. Unfortunately, pro se plaintiff **did not know** that she had to write in "Notice of Motion", **seq. no. 012**, that she wants to amend the action's complaint **to assert new causes of action against** defendant Lenox Hill Hospital as well as to add additional defendants, which is stated as a reason to deny assertion of new causes of action against the Hospital itself by plaintiff's motion, **seq. no. 12**, in the DECISION & ORDER, dated **June 04, 2014** (Appellate Division Docket No.: **2009-04744**) **[EXHIBIT "AA1"]**.

355. There was a **modification** of an Order of the Supreme Court, Kings County (Steinhardt, J.), dated **January 22, 2009** and entered **March 11, 2009**, which **denied** plaintiff's motion **seq. no. 012**, originally returnable on **November 12, 2008**, by the DECISION & ORDER, dated **June 04, 2014** (Appellate Division Docket No.: **2009-04744**), of the Supreme Court of the State of New York Appellate Division, Second Judicial Department, which **deemed** that the pro se plaintiff's motion, **seq. no. 012**, **did not request** to amend complaint against defendant Lenox Hill Hospital to assert new causes of action against the Hospital**.**

356. CPLR 5015(a) (5) is applicable here because of **the modification** by Appellate Division Decision and Order, dated June 04, 2014, of an Order of the Supreme Court, Kings County (Steinhardt, J.), dated **January 22, 2009** and entered **March 11, 2009**, which denied plaintiff's motion seq. no. 012, upon which are based the following Orders:

a) ORDER AND JUDGMENT, **dated October 07, 2011 and entered February 07, 2012**, of Justice Marsha L. Steinhardt, which granted Defendant Lenox Hill Hospital's frivolous Motion, **Seq. No. 40**, for an Order granting leave to renew and reargue its motion granting summary judgment in favor of defendant, dismissing all claims with prejudice, from which emanated an Appeal with Appellate Division Docket No. **2012-02867 [EXHIBIT "14 (A. 2-14)", EXHIBIT "14 (A. 219-220, A. 502-534, A. 221-254)"]**; and

b) ORDER of Justice Marsha L. Steinhardt, dated **August 14, 2009**, reduced to writing on **December 04, 2009**, and entered in Clerk's Office on **December 11, 2009**, for **Motion Seq. No. 25**, which states that "The branch of the Motion requesting Leave to File a late Notice of Medical Malpractice is denied as such relief was previously granted and a Notice was filed. **The request for Leave to Amend the Complaint is denied again (having previously been denied by this Court)**", from which emanated an Appeal with Appellate Division Docket No. **2010-09053** (The only previously denied Motion to amend the complaint was Plaintiff's Motion Seq. No. 12.) **[EXHIBIT "14 (A.100-104)", EXHIBIT "15 (A. 618–623)", EXHIBIT "14 (A. 338–364, A. 167–218)"]**.

357. Please take notice of the "Order with Notice of Entry", dated February 01, 2011, served on February 05, 2011, and filed in Clerk's Office on February 17, 2011, of the Order of Justice Marsha L. Steinhardt, dated **December 13, 2010** and entered **January 03, 2010**, for Defendant Hospital's Summary Judgment Motion, **Seq. No. 39**, decided as **"MD"**, which denied Summary Judgment Motion, without prejudice to renew if "within **30 days** from entry of this Order defendant Hospital can provide updated medical report of its medical expert", from which emanated an Appeal with Appellate Division Docket No. **2011-01851 [EXHIBIT "15 (A. 628–633, A. 779–784)"]**. The Appeal with Appellate Division Docket No. **2011-01851** was dismissed by the Order of the State of New York, Court of Appeals, dated **March 29, 2012 (SSD 8)**, which

ORDERED, that "appeal is dismissed without costs, by the Court sua sponte, upon the ground that it does not lie (see CPLR 5511, 5601)".

358. Please take notice of the Order and Judgment of Justice Marsha L. Steinhardt, **dated October 07, 2011** and **entered February 07, 2012**, which granted Defendant Lenox Hill Hospital's frivolous Motion, **Seq. No. 40**, for an Order granting leave to renew and reargue its motion granting summary judgment in favor of defendant, dismissing all claims with prejudice, which was improperly granted as **"MG"**, from which emanates Appeal with Appellate Division Docket No. **2012-02867 [EXHIBIT "14 (A. 2-14)", EXHIBIT "14"]**.

359. Please see Affidavit of Plaintiff Nella Manko, dated February 28, 2011, in Opposition to Defendant's Motion, **Seq. No. 40**, to Renew and Reargue Summary Judgment Returnable on March 31, 2011 which is reproduced in the attached Appellant's Appendix on Appeal Docket No. **2012-02867 [EXHIBIT "14"** pages A221 – A254].

360. Please take notice of the "Order with Notice of Entry", dated January 16, 2010, served on January 16, 2010, and filed in Clerk's Office on January 20, 2010, of the Order of Hon. Marsha L. Steinhardt, dated **August 14, 2009**, reduced to writing on **December 04, 2009**, and entered in Clerk's Office on **December 11, 2009**, for **Motion Seq. No. 25**, which states that "The branch of the Motion requesting Leave to File a late Notice of Medical Malpractice is denied as such relief was previously granted and a Notice was filed. The request for Leave to Amend the Complaint is denied again **(having previously been denied by this Court)**", from which an appeal with Appellate Division Docket No. **2010-09053** emanated, the appeal was dismissed by Order of the State of New York, Court of Appeals, dated **November 21, 2011 (SSD 51)**, *sua sponte*: "upon the ground that the order appealed from does not finally determine the proceeding within the meaning of the Constitution" (Slip Opinion No. **2011 NY Slip Op 90188**) **[EXHIBIT "14 (A. 100-104)", EXHIBIT "15 (A. 618–623)"]**.

361. Please see the following: **(1)** Pro Se Plaintiff's Motion, **Seq. No. 25**, paid and filed on **June 18, 2009** (Payment No. 1917774, 06/18/2009, 3:27pm, Tr. 2216880), originally returnable on **June 26, 2009**, requesting the following: (a) Leave to Renew Motion to file a late Notice of Medical Malpractice Action, *nunc pro tunc*, and (b) To amend Complaint against Hospital, and **(2)** Amended Complaint, dated **February 12, 2008**, served on defendant Hospital, and filed in Clerk's Office on **April 30, 2008** (the motion's Exhibit), which are reproduced in the attached Appellant's Appendix on Appeal, Docket No. **2012-02867 [EXHIBIT "14 (A. 338–364)"]**.

362. Additionally , please take notice of the Plaintiff's Notices of Medical Malpractice Action and Plaintiff's Notices of Motions Seq. Nos.: **05, 07, 08, 09, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 29, 30, 32, 34, and 36**, which all have attached Payment Receipts, Kings County Supreme Court Case: Nella Manko v. Lenox Hill Hospital, Index No. 30972/2004, which is a prove that motion, **seq. no. 25**, is the next motion that requested to amend complaint after motion seq. no. 12 **[EXHIBIT "14"** pages A169 – A218].

363. DECISION & ORDER, dated **June 04, 2014** (Appellate Division Docket No.: **2009-04744**), and ORDER of the Court of Appeals, dated **November 21, 2011 (SSD 51)** (Slip Opinion No. **2011 NY Slip Op 90188**), and ORDER of the Court of Appeals, dated **June 30, 2011** (Slip Opinion No. **2011 NY Slip Op 77033**), which dismissed the appeals Docket Nos.: **2009-07602, 2010-9053**, and **2010-09054**, *sua sponte*: "upon the ground that the order appealed from does not finally determine the proceeding within the meaning of the Constitution", constructively **deemed** that an Order, dated **August 14, 2009**, for Plaintiff's Motion, **Seq. No. 25, must be reversed** and the request for Leave to Amend the Complaint against the Hospital should be granted **(See

**[EXHIBIT "15 (A. 601-617, A. 775–778)", EXHIBIT "14 (A. 100-104)", EXHIBIT "15 (A. 618–623)", EXHIBIT "15 (A. 624-627)"]).**

364. After that defendant Hospital's Motion, **Seq. No. 40**, for an Order granting leave to renew and reargue its motion granting summary judgment in favor of defendant dismissing all claims with prejudice, **must be decided as "MD"**, and summary judgment cannot be granted as a matter of law because defendant Hospital has not met its initial burden of establishing its lack of negligence and medical malpractice.

365. Review of the defendant Hospital Motion, Seq. No. 40, and supporting papers fails to establish any legal or factual basis for it to move to renew or reargue Supreme Court, Kings County, Order for Motion **Seq. No. 39 [EXHIBIT "15 (A. 628–633, A. 779–784)"].**

366. Please compare Lenox Hill Hospital's Medical Expert "Physician's Affirmation", dated **May 10, 2010**, of Martin Wolpin, M.D., (Motion **Seq. No. 39**) and Lenox Hill Hospital's Medical Expert "Supplemental Physician's Affirmation", dated **January 28, 2011**, of Martin Wolpin, M.D., **[EXHIBIT "14 (A. 40-45)"]** (Motion **Seq. No. 40**). These affirmations are virtually identical and are based, only, on **uncertified, unsworn, and uncorrected** Letter of Doctor Benjamin A. Nachamie, dated June 10, 2002, which he later amended (read next paragraph), and are not sufficient for a summary judgment motion **[EXHIBIT "14 (A. 219–220, A. 502–A534)"].**

367. See Report of Jerald Zimmer, M.D., dated **July 28, 2008**, which states: "... Re: MANKO, NELLA ... Dear Dr. Nachamie, REVIEW OF X-RAY OF THE ANKLE PERFORMED ON 6/3/02" and "Film review routing slip", dated 7/25/08, of Dr. Nachamie ankle x-ray, dated 6/3/02 **[EXHIBIT "14 (A. 17-18)"]**.

368. Defendant, Lenox Hill Hospital, Motion, Seq. No. 40, must be denied in its entirety.


## POINT 21

369. ORDER of Justice Marsha L. Steinhardt, dated **December 13, 2010** and entered **January 03, 2010**, for Defendant Hospital's Summary Judgment Motion, **Seq. No. 39**, decided as **"MD"**, states that Summary Judgment Motion **is denied**, without prejudice to renew if within **30 days** from entry of this Order defendant Hospital can provide updated medical report of its medical expert, which was not provided as stated in this instant affidavit **[EXHIBIT "15 (A. 628–633, A. 779–784)"].**

370. "Order with Notice of Entry", dated February 01, 2011, of the Order of Justice Marsha L. Steinhardt, dated **December 13, 2010** and entered **January 03, 2010**, for Defendant Hospital's Summary Judgment Motion, **Seq. No. 39**, was served on defendant Hospital on **February 05, 2011** and filed in Clerk's Office on **February 17, 2011 [EXHIBIT "15 (A. 628–633, A. 779–784)"].**

371. Please take notice of Central Compliance Part Order of Justice **Ellen M. Spodek**, dated **August 18, 2009** and entered **August 20, 2009** (Index No.: **30972/2004**), which states on Page 2 of the Order, in paragraph marked "3", the following: "Defendant to designate ... doctors within 45 days of plaintiff's deposition. Examination to be conducted within 45 days of designation, and reports to be exchanged within 30 days of exam", but defendant's doctor's examination **was never** conducted **[EXHIBIT "15 (A.858-862)"]. There wasn't medical examination of Plaintiff by Defendant Lenox Hill Hospital Medical Expert.**

372. Defendant Hospital did not comply with Central Compliance Part Order of Justice Ellen M. Spodek, dated **August 18, 2009** and entered **August 20, 2009** (Index No. **30972/2004**).

373. Please take notice that "Supplemental Physician's Affirmation", dated **January 28, 2011**, of Lenox Hill Hospital's Medical Expert Martin Wolpin, M.D., for summary judgment motion, seq. no. 40, which caused dismissal of plaintiff's instant action index no. **30972/2004**, does not state that medical evaluation of plaintiff was held **[EXHIBIT "14 (A. 40-45)"]**.

374. Please take notice of defendant Lenox Hill Hospital's Medical Expert Physician's Affirmation, dated **January 28, 2011**, of Martin Wolpin, M.D. **[EXHIBIT "14 (A. 40-45)"]**, which caused dismissal of the pro se plaintiff instant action index no. **30972/2004**, and **is based only on uncertified, unsworn, and uncorrected** Letter of Doctor Benjamin A. Nachamie, dated June 10, 2002, to Doctor Ronald Rudin, 201 E 65th Street, New York, NY 10021, in which Dr. Nachamie described x-ray of the plaintiff's left ankle performed in his office on 06/03/2002. In his Report, Dr. Nachamie intentionally omitted to mention two screws traversing medial malleous and that the ankle mortise is intact. This is significant because it is an evidence of medical malpractice.

375. Defendant Hospital failed to obtain **certified and sworn** Report of Doctor Benjamin A. Nachamie, dated June 10, 2002.

376. Benjamin A. Nachamie, M.D., **amended** his Letter, dated June 10, 2002, by requesting **Jerald Zimmer, M.D.,** 165 East 84th Street, New York, NY 10028, to review the x-ray of the plaintiff's left ankle performed in his office on **06/03/2002**. See **EXHIBIT "14 (A. 17-18)"**, which contains the following: **(1)** Report of **Jerald Zimmer, M.D.,** 165 East 84th Street, New York, NY 10028, dated **July 28, 2008**, which states: "... **Re: MANKO, NELLA** ... Dear Dr. Nachamie, **REVIEW OF X-RAY OF THE ANKLE PERFORMED ON 6/3/02:** Metallic screws are noted within the medial malleolus. A screw traverses the proximal fibula/tibia with the screw head lying superficial to the fibula. The ankle mortise is intact. Moderate periarticular deossification is noted. Moderate soft tissue fullness overlies the medial and particularly the lateral malleoli", and **(2)** "Film review routing slip" stating "Pt. brought 2 films referred from Dr. Nachamie, Benjamin, dated June 3, 2002, x-ray of ankle".

377. Report of **Jerald Zimmer, M.D.,** 165 East 84th Street, New York, NY 10028, dated **July 28, 2008**, states the following: "... **Re: MANKO, NELLA** ... Dear Dr. Nachamie, **REVIEW OF X-RAY OF THE ANKLE PERFORMED ON 6/3/02:** Metallic screws are noted within the medial malleolus. A screw traverses the proximal fibula/tibia with the screw head lying superficial to the fibula. **The ankle mortise is intact.** Moderate periarticular deossification is noted. Moderate soft tissue fullness overlies the medial and particularly the lateral malleoli" [See **EXHIBIT "14 (A. 17-18)"**], and was attached to Pro Se Plaintiff's Affidavit in Opposition to the frivolous Motion of Defendant Lenox Hill Hospital for an Order granting leave to renew and reargue its motion granting summary judgment in favor of defendant, dismissing all claims with prejudice (Seq. No. 40) but was ignored by the court. This Report was also given for inspection to Justice Gloria M. Dabiri.

378. Lenox Hill Hospital's Medical Expert, Wolpin, M.D., maliciously did not quote number and positions of screws from the Report of Dana Mannor, M.D., or from two (2) **remaining** ankle x-rays produced by the hospital dated **March 28, 2002** and **April 11, 2002**.

379. **First** ankle x-ray is intro-operative left ankle x-ray, dated **March 28, 2002** and signed on April 02, 2002 by Alan Tikotsky, M.D., which contains, **only**, two (2) views (frontal and lateral), and which shows only two (2) screws on x-ray and these screws are traversing medial malleous **[EXHIBIT "14 (A. 428)"]**, and states "views show 2 orthopedic screws traversing medial malleolar fracture **fragments** [significantly it is plural]". This x-ray film report, dated **3/28/02**, also, states that "No previous films are available for comparison" and this means that,

already, on **3/28/02,** Defendant Hospital was aware that any and all pre-operative x-ray films are missing but did not investigate their disappearance and did not notify Plaintiff.

380. **Second** ankle x-ray is post operative left ankle digital x-ray, dated **April 11, 2002** and signed by David A. Follett, M.D. **[EXHIBIT "14 (A. 429)"]**.

381. Please take notice of the Report of left ankle x-ray by Park Avenue Radiologists, P.C., dated **April 29, 2002 [EXHIBIT "14 (A. 16)"]** and Medical Report of Manko's digital Left Ankle X-Ray, dated **April 11, 2002,** by Radiologist Shifter, M.D., signed on **April 03, 2008,** from www.EradReview.com **[EXHIBIT "14 (A. 31-32)"]**.

382. Please take notice of the "Lenox Hill Hospital Progress Notes", signed and dated **03/27/02,** from Plaintiff's Lenox Hill Hospital Medical Records, which states **"03/27/02 - 9AM ... Patient transferred this AM to Radiology for Left Tib-Fib x-ray, Left ankle x-ray, and Chest x-ray, completed. 2PM Patient's Pre-op. Diagnostic test complete." [EXHIBIT "14 (A. 461)"]**.

383. Martin Wolpin, M.D., knows that it is a medical malpractice to insert combination of syndesmotic cross-screw and two screws traversing medial malleolus when ankle mortise is intact, so he chooses to quote from the **uncertified, unsworn, and uncorrected** Letter of Doctor Benjamin A. Nachamie, dated June 10, 2002, who intentionally omitted mentioning two screws traversing medial malleolus and that the ankle mortise is intact, because it is permissible to omit something the doctor is not responsible for, on the other side, if he will state the number and position of all screws, he must also state that this is a medical malpractice, and then face retaliation from other doctors.

384. Additionally, Paragraph "16" of Wolpin, M.D., Report states:

"Furthermore, as the injury occurred on March 26, 2002, and the surgery was not performed until March 28, 2002, a second opinion regarding the necessity of surgery was obtainable in that time frame had the plaintiff requested it. Additionally, the Lenox Hill Hospital Nursing Procedure Flow Sheet indicates that pre-operative x-rays were performed on March 26, 2002, and March 27, 2002, and would be available for review by the physician rendering a second opinion, or said physician could order repeat films if necessary."

Pro Se Plaintiff, Nella Manko, answers this as follows:

FIRST: The first x-rays were made after mid-night;

SECOND: On March 27, 2002, plaintiff was dragged with some drugs put in her IV, and by Oral Medication, and slept, awakened only when some test should be performed, and plaintiff could not think clearly, that why Department of Radiology exists, part if its function is to have an independent review of the fact and render a second opinion, this was not done, reports were never produced before all ankle's x-rays disappeared. **This is an act of Gross Negligence**;

THIRD: Plaintiff was not aware that there is any problem with x-rays and Plaintiff did not have insurance and did not have money to pay for a second individual review.

385. Please read "Orthopedic Evaluation Report", dated **September 15, 2004 [EXHIBIT "14 (A. 419-420)"]**, of Orthopedic Surgeon Harvey Fishman, M.D., medical expert in case against NYC Transit Authority, which consists of two pages and has **CERTIFIED** second page of the report. "Orthopedic Evaluation Report", dated **September 15, 2004 [EXHIBIT "14 (A. 419-420)"]**, of orthopedic surgeon Dr. Harvey Fishman, who is New York City Transit Authority medical expert and who evaluated the plaintiff in his office on September 15, 2004, states on page 2 of the report that:

"According to the records, it seems to be quite surprising, that a syndesmotic screw was not removed early on. This is usually removed in six to eight weeks, once the fractures are

healed, prior to the Plaintiff bearing full weight. But according to these records, if they are true and correct, this was not done".

386. Additionally, plaintiff remembers that during second surgery on her left ankle on October 11, 2004, she was woken from three (3) hours of general anesthesia on a bed in empty hallway; a nurse and Elton Strauss, M.D., standing near the bed; Elton Strauss, M.D., quickly left; and plaintiff's bed was moved to a room where she could get dressed in her clothes and leave the hospital (Plaintiff was not recovered in Recovery Room after three (3) hours of general anesthesia). ·

387. Lenox Hill Hospital Medical Expert Martin Wolpin, M.D., "Physician's Affirmation", dated **January 28, 2011 [EXHIBIT "14 (A. 40-45)"]**, states "**right ankle**" in Paragraph "12" of the report, which **caused** whole report to lose its medical value, because it gives this expert an excuse not to consider medical data and the x-rays of **the injured left ankle** which would contradict his report. Plaintiff's medical malpractice case: *Nella Manko v. Lenox Hill Hospital*, Supreme Court, Kings County, Index No. 30972/2004, was wrongfully dismissed based on the "Physician's Affirmation" of Martin Wolpin, M.D., dated **January 28, 2011**. Additionally, Martin Wolpin, M.D., falsely states in Paragraph "12" of the report the name of the facility where second surgery on plaintiff's left ankle was performed; because second Surgery, dated October 11, 2004, was in the Mount Sinai Hospital (Medical Record Number: **2149374**) and was performed by Elton Strauss, M.D.

## POINT 22
## APPEALS WITH RADI NUMBERS: 2010-09053, 2010-09054, 2009-07602

388. Please take notice of Decision and Order on Motion, dated **February 08, 2011**, by Hon. William F. Mastro, J.P., Anita R. Florio, Ruth C. Balkin, Thomas A. Dickerson, JJ., for Appeals docketed under Appellate Division Docket Nos.: 2010-09053, 2010-09054, 2010-01016, and 2009-07602, which states: "Ordered that the branch of the motion which to enlarge the time to perfect the appeals [from four Orders of the Supreme Court, Kings County, Manko v. Lenox Hill Hospital, Index No. 30972/2004] is denied; and it is further, Ordered that on the Court's own motion, the appeals are dismissed ... for failure to comply with the rules ... and prior order of this Court", and which denied Appellant's Motion, returnable on December 31, 2010, requesting enlargement of time to perfect the appeals, and dismissed Appeals from four (4) Orders of the Supreme Court, Kings County, as follows: three (3) Orders dated **August 14, 2009**, reduced to writing on December 4, 2009, and entered in clerk's office on **December 11, 2009** (Docket Nos.: **2010-09053, 2010-09054**, 2010-01016) and an Order dated **May 15, 2009** and entered in clerk's office on **June 16, 2009** (Docket No. **2009-07602**), pursuant to 22 NYCRR 670.8 (e) for failure to timely perfect these appeals (Appellate Division (2d Dep't) Docket Nos.: **2009-07602, 2010-09053, 2010-09054**, Supreme Court, Kings County, Index No.: **30972/2004) [EXHIBIT "1B5"]**.

389. These Appeals were unconstitutionally dismissed by Appellate Division and thus deprived Plaintiff-Appellant, Nella Manko, of her right to due process of law and her right to equal protection of the laws, and the due course of justice was impeded, in violation of the First, Fifth, and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983.

390. **Appellate Division Docket No. 2010-09053** is issued for Notice of Appeal, dated January 16, 2010 and filed on **January 20, 2010**, from Kings County Supreme Court Order of Justice Marsha L. Steinhardt, dated **August 14, 2009 [EXHIBIT "15 (A. 618-623)]**, reduced to

writing on December 4, 2009, received in Kings County Clerk's Office on **December 11, 2009**, and maliciously **filed on April 01, 2010**, denying Motion Sequence Number: **25** for leave to renew application to file a late Notice of Medical Malpractice Action, *nunc pro tunc*, and to amend Complaint. Denying Motion Seq. No. 25 caused Plaintiff-Appellant to lose her medical malpractice case Index No. **30972/2004**.

391. **Appellate Division Docket No. 2010-09054** is issued for Notice of Appeal, dated January 16, 2010 and filed on January 20, 2010, from Kings County Supreme Court Order of Justice Marsha L. Steinhardt, dated **August 14, 2009 [EXHIBIT "15 (A. 624-627)]**, reduced to writing on December 4, 2009, received in Kings County Clerk's Office on December 11, 2009, and maliciously **filed on April 01, 2010**, denying Motion Sequence Number: **27** for an Order to reverse dismissal of the case Index No.: 30972/2004, and to restore the above captioned case and compliance conference to the Active Calendar.

392. **Appellate Division Docket No. 2009-07602** is issued for Notice of Appeal, dated July 27, 2009, from Kings County Supreme Court Order of Justice Marsha L. Steinhardt, dated **May 15, 2009 [EXHIBIT "15 (A. 601-617)]**, received in Kings County Clerk's Office on June 16, 2009, and filed on June 30, 2009. This Order of Justice Marsha L. Steinhardt, dated May 15, 2009, decided and denied six (6) pro se plaintiff's Motions with Sequence Numbers: **18, 19, 20, 21, 22, and 23** as follows:

    a) Motion Seq. No. 18, returnable on January 28, 2009, is for an Order to restore to Calendar Motions with Seq. Nos. 10, 15, 16, which were possibly unconstitutionally taken of the calendar (Plaintiff appeared to all calendar calls);

    b) Motion Seq. No. 19, returnable on March 03, 2009, is for an Order to restore to Calendar Order to Show Cause with Seq. Nos. 14;

    c) Motion Seq. No. 20, returnable on March 18, 2009, is for an Order to Strike the Answer of the defendant Lenox Hill Hospital;

    d) Motion Seq. No. 21, returnable on March 19, 2009, is for an Order to Amend Compliance Conference Order, dated February 02, 2009 (This Order was never filed in Kings County Clerk's Office);

    e) Order to Show Cause Seq. No. 22, returnable on April 16, 2009, with granted Preliminary Injunction until this motion is decided, is for Preliminary Injunction ordering that the defendant Hospital will retain the plaintiff's medical records in their original legally reproduced form until conclusion of litigation; and

    f) Motion Seq. No. 23, returnable on March 31, 2009, is for an Order to Strike the Answer of the defendant Lenox Hill Hospital.

393. Please refer to Manko's "Affidavit of Plaintiff Nella Manko, dated February 28, 2011, in Opposition to Defendant's Motion to Renew and Reargue Summary Judgment Returnable on March 31, 2011". This will provide "procedural history" and "statement of facts" in addition to the stated in this instant Affidavit **[EXHIBIT "14", pages A221 – A254]**.

394. Please take Notice that Printout of **eCourts WebCivil Supreme – Appearance Detail**, Court: Kings Civil Supreme, Index Number **30972/2004**, Case Name: Manko vs. Lenox Hill Hospital, states on page four (4) that on August 14, 2009, in Part 15, Justice Marsha L. Steinhardt decided Pro Se Plaintiff's Motions with Sequence Numbers 028, 027, and 025 in order contrary to the order of their sequence numbers, which means that Plaintiff's Motion Seq. No. 028 was decided first, Pro Se Plaintiff's Motion Seq. No. 027 was decided second, and Pro Se Plaintiff's Motion Seq. No. 025 was decided third and last. (Plaintiff audio recorded the court

appearance on August 14, 2009, in Part 15, and can provide link through Dropbox.com to the audio file).

395. Orders for <u>Pro Se Plaintiff's Motion Seq. No. 025 and Pro Se Plaintiff's Motion Seq. No. 027 were marked by Clerk as "MD"</u> [EXHIBIT "14 (A. 100-104)", EXHIBIT "15 (A. 618–623)" and [EXHIBIT "15 (A. 624-627)"].

396. <u>There wasn't any other motion decided by any Justice in Plaintiff's Case Index No. 30972/2004</u> until Defendant Hospital's Summary Judgment Motions Seq. Nos.: 39 and 40. Motion Seq. No. 40, was **improperly granted as "MG"**, by the Order and Judgment, dated **October 07, 2011**, and entered on **February 07, 2012**, of Justice Marsha L. Steinhardt.

397. Motion of Defendant Lenox Hill Hospital, for an Order granting summary judgment in favor of defendant, dismissing all claims with prejudice (Seq. No. 39), and Motion of Defendant Lenox Hill Hospital for an Order granting leave to renew and reargue its motion granting summary judgment in favor of defendant, dismissing all claims with prejudice (Seq. No. 40), <u>are frivolous Motions</u>. **Pro Se Plaintiff wasn't even examined by the Lenox Hill Hospital's Medical Expert.**

398. Denial of Plaintiff's Motion **Seq. No. 027 possibly** enabled Justice Marsha L. Steinhardt to **deny** Plaintiff's Motions **Seq. No. 025** and **enabled** Justice to **grant** <u>Defendant Hospital's Summary Judgment Motion (Seq. No. 40) as "MG"</u>.

399. ORDER of Justice Marsha L. Steinhardt, dated **August 14, 2009**, reduced to writing on **December 04, 2009**, and filed in clerk's office on **December 11, 2009**, which denied Motion Sequence Number: 27, originally returnable on **July 23, 2009**, is marked as **"MD" [EXHIBIT "15 (A. 624-627)"].**

400. Pro Se Plaintiff's Motion, **Seq. No. 27,** dated July 13, 2009, filed July 17, 2009 (Payment No. 1935538, 07/17/2009, 4:20pm, Tr. 2237413), and returnable July 23, 2009, made by notice of motion, requested the following:

    **(1)** An Order to Restore this Case and Action, Reversing / Annulling Dismissal of this Case, which **may be** occurred on **January 28, 2009**, when pro se plaintiff was prevented from answering default Calendar Call for Compliance Conference by fraudulent cooperation between CCP clerk and defendant's attorney Lugara;

    **(2)** An Order requesting **to modify** eCourts "Web Civil Supreme – Appearance Detail" **to add entry** as follows: "Appearance Date": **February 02, 2009**; "On For": Supreme Trial; "Appearance Outcome": Compliance Conference Held, "Comments": CCP; which is based upon the fact that Supreme Trial Compliance Conference was held **on February 02, 2009, at 3:00 P.M.,** in Part of Justice **Spodek**, and Default Calendar Call on February 02, 2009, was held in Administrative Justice Court Room; and

    **(3)** An Order **to Restore the Case** and to Restore Compliance Conference to the Calendar [EXHIBIT "14" pages A495 – A501].

401. In other words Pro Se Plaintiff's Motion **Seq. No. 027** requested to modify **Compliance Conference Record, dating January 28, 2009**, which **falsely states** that plaintiff did not stay and did not answer Default Calendar Call, and to add an entry that Supreme Trial Compliance Conference was **held** on **February 02, 2009**, to prevent dismissal of the Action's **"MD"** status.

402. Or in other words to modify **Compliance Conference Record, dating January 28, 2009**, Colum "Appearance Outcome" from "Adjourned" to "Compliance Conference Held".

403. Please see Transcript of Central Compliance Part (CCP) Compliance Conference's Minutes dated **February 02, 2009**, which is Compliance Conference Order of Hon. Ellen

Spodek, dated February 02, 2009, and **is a proof** that that Compliance Conference was held but improperly not entered in the Court Records. **Justice said that the Transcript of this Record is an Order, but the Transcript was never recorded in the Court Reporters Office** (CCP clerk states that if there are not a written Order, plaintiff must answer default calendar call or a case will be dismissed), this fact could be a reason why Justice Steinhardt granted defendant's motion for Summary Judgment as **"MG" [EXHIBIT "15 (A. 739–764)"]**.

404.  Please take notice that Motion Seq. No.: 26, which is identical to Motion Seq. No. 27, was decided by Central Compliance Part Order, dated **July 17, 2009**, of Justice **James D. Starkey**. Please see the following: **(1)** Central Compliance Part Order in the above entitled matter for Pro Se Plaintiff's Motion (Seq. No.: 26) by Justice **James D. Starkey**, dated **July 17, 2009**, and duly entered in the Office of the Clerk of the within named Court on **July 22, 2009**, and **(2)** Notice of Pro Se Plaintiff's Motion **Seq. No. 26 [EXHIBIT "15 (A. 765–767)"]**.

405.  Pro Se Plaintiff **believes** that she unlawfully lost **"MD"** status because Justice Steinhardt **refused on the record** to read Pro Se Plaintiff's Affidavit, sworn to on the **29th day of June, 2009**, in support of her Motion **Seq. No. 027**, **in order to deny** Pro Se Plaintiff's Motion **Seq. No. 027**.

406.  Justice Steinhardt refused to grant Pro Se Plaintiff's Motion **Seq. No. 027**, to modify **Compliance Conference Record, dating January 28, 2009**, Colum "Appearance Outcome" from "Adjourned" to "Compliance Conference Held" **and /or** to modify eCourts "Web Civil Supreme – Appearance Detail" to add an entry as follows: "Appearance Date": **February 02, 2009**; "On For": Supreme Trial; "Appearance Outcome": Compliance Conference Held, "Comments": CCP; which is based upon the fact that Supreme Trial Compliance Conference was held **on February 02, 2009, at 3:00 P.M.,** in Part of Justice **Spodek**, and Default Calendar Call on February 02, 2009, was held in Administrative Justice Court Room **[EXHIBIT "15 (A. 739–764)"]**.

407.  On **July 29, 2009**, there was an appearance in Central Compliance Part for Compliance Conference in the instant matter (Case Index No. **30972/2004**); pro se plaintiff appeared and was **intentionally requested to go to Justice Spodek Court Room after the first calendar call and before second default calendar call for the Compliance Conference**, thus preventing pro se plaintiff to answer the default calendar call for the Compliance Conference in CCP Part; The Compliance Conference, dated **July 29, 2009**, had Oral Arguments on Record and pro se plaintiff audio recorded this Oral Arguments on Record with Justice Spodek and can provide link through Dropbox.com to the audio file as an evidence that plaintiff appeared for the compliance conference; Justice adjourned the Compliance Conference to **August 18, 2009**, and signed an Order of Adjournment, which pro se plaintiff was directed to give to a clerk in CCP Part; pro se plaintiff complied, but this **Order, dated July 29, 2009, of Justice Spodek was never filed by CCP Clerk in Clerk's Office** (CCP clerk states that if there is not a written Order, plaintiff must answer default calendar call or a case will be dismissed), this fact could be a reason why Justice Steinhardt granted defendant's motion for Summary Judgment as **"MG"**; Significantly, during this Oral Argument for adjournment of the Compliance Conference, Justice inspected plaintiff's authorization to defendant Hospital to request all records from Dana Mannor, M.D., surgeon who performed operation on plaintiff's ankle in the Hospital on March 28, 2002; the authorization was **deemed original** and was given to defendant Hospital's attorney Lugara in front of the Justice; Additionally, pro se plaintiff requested to modify eCourts "Web Civil Supreme – Appearance Detail" to add an entry that Supreme Trial Compliance Conference was held **on**

**February 02, 2009** but Justice Spodek ignored pro se plaintiff's request, and said that in her records Compliance Conference **on February 02, 2009 was adjourned.**

408. Pro Se Plaintiff stated the following in paragraph marked "4" of her Affidavit, sworn to on the **29th day of June, 2009,** in support of her Motion **Seq. No. 027:**

"On **January 28, 2009,** the plaintiff appeared in Central Compliance Part (CCP Room 274) for Compliance Conference and Motion. The plaintiff answered calendar call at 10:45 A.M. The defendant refused to sign any compliance order and requested conference. The plaintiff stayed for a default calendar call and was ready to answer this default calendar call for both Compliance Conference and Motion. The defendant's attorney, Antony Lugara, ESQ, **fraudulently, maliciously, and unlawfully** cooperated with CCP Clerk, who conducted the Calendar Call for Compliance Conference, and made it impossible for the plaintiff to answer this calendar call. It was impossible to answer because the clerk on a high speed moved to calling this case, and at the same moment the defendant's attorney, Antony Lugara, Esq., as fast as he can yelled "defendant Garson", and the clerk as fast as she can called the next case, thus **intentionally cutting of the plaintiff from answering the default calendar call** (making it impossible for unsuspected plaintiff to answer the default calendar call). The unsuspected plaintiff was startled and could not react with the same speed. There was no time space between clerk calling of the previous case, defendant attorney yelling "defendant Garson", and clerk's calling of the next case. After the default calendar call, the plaintiff and attorney Lugara were invited to Judge Spodek Part and Judge told the plaintiff that the **Compliance Conference was adjourned to February 02, 2009 at 3P.M. On February 02, 2009, the plaintiff appeared for default calendar call at 10 A.M. at Judge Spodek Part, which was transferred and conducted at Administrative Judge Part.** The plaintiff case was called and the plaintiff answered the default calendar call, the defendant attorney did not appear for the calendar call. Then the plaintiff waited for 3P.M. appointment for the compliance conference at Part of Judge Spodek. Defendant attorney, Anthony Lugara, Esq., appeared at Part of Judge Spodek at 3P.M., and the plaintiff was surprised to find out that the Judge wanted to conduct oral arguments on the record in front of court reporter and did not want to sign any order. The Judge said that these oral arguments are the Order. ... **Also, the Judge refused to make an Entry of February 02, 2009 Appearance as Appearance Date for the Compliance Conference in case management report in the case,** which is now made the plaintiff to suspect that the Compliance Conference conducted on February 02, 2009, was unlawfully staged in order to deceive the plaintiff. After that the following compliance conference was adjourned until June 29, 2009, against the wishes of the plaintiff. This suspicion was aroused by the fact that on June 29, 2009, when the plaintiff appeared for compliance conference, once again law clerk at CCP wanted to adjourn compliance conference with the Judge Spodek. This day for the first time, the plaintiff heard that the CCP clerk said that if there isn't a written order, the parties must stay for the default call. If the plaintiff will not answer the default call, the case will be dismissed. ... The plaintiff stayed and answered the default call. The defendant attorney, Antony Lugara, Esq., did not stay and did not answer the default call, which further aroused the suspicion. After answering the default calendar call, the plaintiff went to Judge Spodek Part as directed by CCP law clerk; defendant attorney, Lugara, Esq., was already there, and the Judge once again against any common sense adjourned the compliance conference until July 29, 2009".

409. Please take notice of Transcript of Oral Arguments with Justice Steinhardt on April 16, 2009, which were held in Part 15, Room 419, on the day when Plaintiff's Motions with Sequence Numbers: 18, 19, 20, 21, 22, and 23 were fully submitted. Order of Justice Marsha L. Steinhardt, dated May 15, 2009 and filed in clerk's office on June 16, 2009 **[EXHIBIT "15 (A. 601-617, A. 775–778)"]**, denied these six (6) pro se plaintiff's Motions with Sequence Numbers: **18, 19, 20, 21, 22, and 23**.

410. Pro Se Plaintiff submitted a Motion **(Seq. No. 19)**, for an Order to Restore to the Calendar Order to Show Cause, Seq. No. 014, "To Stay Proceedings", returnable on March 03, 2009, paid and filed on February 20, 2009 [See **EXHIBIT "15" (A. 809-817)"**].

411. Pro Se Plaintiff submitted a Motion **(Seq. No. 20)**, for an Order to Compel Defendant's Discovery Responses, returnable on March 18, 2009, paid and filed on March 11, 2009 [See **EXHIBIT "15" (A. 818-833)"**].

412. Pro Se Plaintiff submitted a Motion **(Seq. No. 21)**, for an Order to Amend Compliance Conference Order, dated February 02, 2009, returnable on March 19, 2009, paid and filed on March 11, 2009 [See **EXHIBIT "15" (A. 834-842)"**].

413. Pro Se Plaintiff submitted a Motion **(Seq. No. 23)**, for an Order to Compel Defendant's Discovery Responses, returnable on March 31, 2009, paid and filed on March 27, 2009 [See **EXHIBIT "15" (A. 843-856)"**].

414. Appeal of this Order of Justice Marsha L. Steinhardt, dated May 15, 2009, is docketed under Appellate Division Docket No. **2009-07602 [EXHIBIT "15 (A. 601-617, A. 775–778)"**].

415. The transcript of Oral Arguments with Justice Steinhardt, dated April 16, 2009, is as follows:

**TRANSCRIPT OF ORAL ARGUMENTS DATED APRIL 16, 2009**
Presiding Justice is Hon. Marsha L. Steinhardt, Part 15, Room 419.

| | |
|---|---|
| The Clerk: | Nella Manko versus Lenox Hill Hospital. Nella Manko, Pro Se, 1735 East 13th Street, Brooklyn, NY 11229. |
| Mr. Lugara: | Anthony Lugara, Esq., from Garson Decorato & Cohen, attorneys for defendant Lenox Hill Hospital. |
| Ms. Manko: | Excuse me; I would like that Mister Lugara from Garson Decaroto & Cohen will show his identification. |
| The Court: | The Court recognizes him. |
| Ms. Manko: | I don't. |
| The Court: | I do not care if you do not recognize him. I recognize him. The Court recognizes him. He is a practicing attorney. He is here before me numerous times, more times that I can count. |
| The Officer: | Sit down Miss Manko. |
| The Court: | I want to know, what it is you looking for Miss Manko. Get to the point. |
| Ms. Manko: | I would like to know if this is a compliance conference. |
| The Court: | This is not a compliance conference. This is not a compliance part. You have subsequent motions here. |
| Ms. Manko: | At default call at CCP Part, I told them that he, this clerk, told me that it will be a compliance conference here. |
| The Court: | Miss Manko, again, I will not repeat this question. If you won't answer, I will live the bench. What are you looking for? What relief are you requesting? |

| | |
|---|---|
| Ms. Manko: | I have seven (7) Motions or six (6) Motions in front of me. I don't know what we should do. Start with the Motions? So, it is not a compliance conference here? I told them at default call at CCP Part; they asked me; that I will have compliance conference here, what should I do now? |
| The Court: | You are not answering my question. What relief are you looking for? |
| Ms. Manko: | I have six (6) Motions. |
| The Court: | Start with one of them. |
| Ms. Manko: | O.K., Motion number...? |
| The Clerk: | Go by sequence numbers. |
| The Court: | Just start somewhere. I do not have calendar in front of me. What the most important thing you want? The main thing. |
| Ms. Manko: | Sequence 21, first. Amend Compliance Conference Order. |
| The Court: | I cannot do it. This refer back to Central Compliance Part. |
| Ms. Manko: | This motion you cannot do? |
| The Court: | That is not my motion. This refer back to Central Compliance Part. What the next one. |
| Ms. Manko: | So it was referred to your Part 15; now it will be referred back to CCP Part. |
| The Court: | I guess. |
| The Clerk: | They all put here because Miss Manko feels that if the motions are in two places then the clerks will conspire to mark the case off because she cannot answer both calls, so they all are sent here for the convenience of Miss Manko. However she insists on ... |
| The Court: | Well then send them back. What the other staff. |
| Ms. Manko: | I also made request that all the motions were heard in front of you because you know my case and they [CCP] do not. CCP doesn't know my case. |
| The Court: | They know; they all know you in this building. You mention Nella Manko, and everyone knows who you are; your reputation precedes you. |
| Ms. Manko: | I have two (2) motions to strike defendant's answer for not answering. It's Motions Number 23, and 20... |
| **Mr. Lugara:** | May I argue to these things. She is got two (2) Motions to Compel Discovery or Strike defendant's Answer. Defendants provided discovery responses on December 03, 2008, January 29, 2009. **There was compliance conference before Judge Spodek and she personally presided over for an hour on February 02, 2009, and instructed the defendant to provide some additional items that we did on March 17, 2009.** There is nothing that has been ordered that is not been provided to the plaintiff. |
| The Court: | Is there anything further outstanding? |
| Mr. Lugara: | No. |
| Ms. Manko: | **IT IS MY OPINION THAT THEY PROVIDED ZERO.** |
| Mr. Lugara: | Your Honor, the Plaintiff's discovery demands consist of forty (40) individual demands, which approximately 75 - 80 percents are objectionable. For an hour we discussed this with Judge Spodek: her demands - our objections. What she is trying to do is force compliance with her demands that has been objected to by my office, and came objectionable. |
| The Court: | I bound by decision of my college. If they have been found being objectionable by her; than that it; there is nothing that I can do about it. |

| | |
|---|---|
| Ms. Manko: | These two (2) motions to Compel or Strike the Answer, who will decide them? |
| The Court: | It's been decided apparently. It's been decided, it's over. |
| Ms. Manko: | It's been decided by you? |
| The Court: | It's been decided by the Court of right jurisdiction. It's she decided. It is what he just said. |
| Ms. Manko: | She [Justice Ellen M. Spodek] did not see [heard] these Motions. It was after compliance conference. [Plaintiff's two (2) Motions to Compel or Strike the Answer, Seq. 20 and Seq. 23, were paid and submitted to the Court after Compliance Conference dated February 02, 2009] |
| The Court: | I do not want to hear Motions that were before. I don't want to decide motions that are not on today. |
| Ms. Manko: | They are not on again; Motions 20 and 23. |
| The Court: | I will reserve decisions on all these Motions. Have a nice day. |
| Ms. Manko: | Wait a second, we did not discuss... |
| The Court: | Don't tell me wait a second. Who do you think you are taking to? |
| Ms. Manko: | There weren't decisions on any Motions. There is also Motion... |
| The Clerk: | We reserve decision on each and every Motion. |
| The Court: | Decision reserved. Stand back. |
| The Clerk: | Each and every Motion that is on the Calendar there will be decided. |
| The Court: | I need time to read this. |
| Ms. Manko: | You [speaking to the Clerk] told me that there will be compliance conference here. What should I tell to CCP Part? |
| The Clerk: | I will take care of CCP Part. |
| The Court: | Good day Miss Manko. Goodbye. |
| Ms. Manko: | I am talking to him [the Clerk]. He [the Clerk] said me that there will be compliance conference here, and I answered default call at CCP, and answered them [CCP Part] that compliance conference will be in Part 15, and now what? |
| The Officer: | You've done. |
| The Court: | Decision reserved. I'll read the papers and will decide on the papers. Everything is in the papers Miss Manko? |
| Ms. Manko: | Obviously. |
| The Clerk: | Decision reserved. Conference will be adjourned for sixty (60) days or something. |
| Ms. Manko: | Why it should be adjourned for 60 days. I want it now. I waited seven (7) years. |
| The Officer: | Miss Manko, take your staff and get out of here. You've done. That's it. |
| The Court: | I will mail you decision in the mail. Do I have your address here? |
| The Clerk: | We have her address. Is it still same 1735 East 13th street? |
| Ms. Manko: | Yes, for the past thirty (30) years. |
| The Court: | Have a nice day. |
| The Officer: | My condolences to your Landlord. Let's go Miss Manko; you've done. Out. Get your staff and get out of here. |

416.    Plaintiff audio recorded the court appearance on April 16, 2009, in Part 15, and can provide link through Dropbox.com to the audio file.

417.    Attorney for defendant Hospital, Lugara, states on the record that there was Supreme Trial Compliance Conference held on **February 02, 2009 [EXHIBIT "15 (A. 739–764)"]**,

which was fraudulently not recorded **eCourts WebCivil Supreme – Appearance Detail**, Court: Kings Civil Supreme, Index Number **30972/2004**, Case: Manko, Nella vs. Lenox Hill Hospital.

418. Please take further notice of transcript of the Oral Arguments with Justice Steinhardt held on **August 14, 2009**, which relates to Plaintiff's Motions with Sequence Numbers: **025** and **027** on the day when Plaintiff's Motions with Sequence Number: **025** (RADI Number: **2010-9053**) and Sequence Number: **027** (RADI Number: **2010-9054**) were fully submitted (See **[EXHIBIT "14 (A. 100-104)", EXHIBIT "15 (A. 618-623)", [EXHIBIT "15 (A. 624-627)"]**).

## PART OF TRANSCRIPT OF ORAL ARGUMENTS DATED AUGUST 14, 2009.

Presiding Justice is Hon. Marsha L. Steinhardt, Part 15, Room 419.

| | |
|---|---|
| The Clerk: | Nella Manko versus Lenox Hill Hospital. Nella Manko, Pro Se, 1735 East 13th Street, Brooklyn, NY 11229. |
| Mr. Lugara: | Anthony Lugara, Esq., from Garson Decorato & Cohen, attorneys for defendant Lenox Hill Hospital. [14:20] |
| Ms. Manko: | Why are we jumping to case: 10501/09, and not finishing with case: 30972/2004. |
| Mr. Lugara: | Her Motion [Seq. No. 27 to reverse dismissal of the case and to restore the above captioned case] is a frivolous motion. Obviously this case is active. |
| The Court: | **How more do you want that this case was active?** |
| Ms. Manko: | Defendant did not submit the opposition, and the motion should be granted. |
| The Court: | No, **the motion is denied.** |
| Ms. Manko: | **Please read the motion's papers. It is only takes a few minutes.** |
| The Court: | **What is next?** |
| Ms. Manko: | Motion Seq. No. 25. I also request determination if they [attorneys' for defendant Hospital] received my Notice of Medical Malpractice Action. |
| The Court: | You made this motion six times already. There is court order precluding you to bring these law suits. |
| Ms. Manko: | Which law suits? It is Motions of Action **30972/2004**. |
| Mr. Lugara: | Your honor, you granted the Motion to File Late Notice of Medical Malpractice Action, and she served and filed that Notice, and she still keeps making these motions. |
| Ms. Manko: | Mr. Lugara just now admitted on the record that he is notified that Notice of Medical Malpractice Action was served and filed in accordance with the Court's Orders. Now [I will talk about] second part of the motion. I want determination that my current Complaint is Amended Verified Complaint dated February 12, 2008 [served on February 13, 2008, and filed in clerk's office on April 30, 2008], because I was dismissed on CPLR 3211, which gives me right to amend complaint, also I bought the Transcript of Oral Arguments dated January 22, 2009, where You, the Court, said that you have no problem if I will amend complaint against defendants who are on the Lenox Hill Bill; and the Hospital is on this bill, so I want to amend complaint against the Hospital. |
| The Court: | I denied your motion six months ago; and I deny it now. |
| Ms. Manko: | **I would like that my motions will be heard on submission** [meaning that Justice will read the motions' paper]. |
| The Court: | **No.** |

419. Plaintiff audio recorded the court appearance on August 14, 2009, in Part 15, and can provide link through Dropbox.com to the audio file.

420. One can see from this transcript that Justice Steinhardt deceived pro se plaintiff.

421. Justice Steinhardt was acting outside of her judicial capacity and without jurisdiction when she denied Pro Se Plaintiff's Motions, Seq. No. 025 and Seq. No. 027, which enabled to decide Defendant Lenox Hill Hospital Summary Judgment Motion Seq. No. 40 as "MG" shifting the burden of prove of Pro Se Plaintiff's Medical Malpractice Case to Pro Se Plaintiff, while at the same time denying her discovery rights.

422. Please take notice that Appeal for Plaintiff's Motion with Sequence Number: **025** was assigned RADI Number: **2010-9053** and Appeal for Plaintiff's Motion with Sequence Number: **027** was assigned RADI Number: **2010-9054, which is incorrect because RADI Numbers for these two motions must be assigned following the order in which motions were heard, this error will cause false "Res Judicata". ECourts WebCivil Supreme – Appearance Detail**, Court: Kings Civil Supreme, Index Number **30972/2004**, Case Name: Manko vs. Lenox Hill Hospital, states on page four (4) that on August 14, 2009, in Part 15, Justice Marsha L. Steinhardt decided Pro Se Plaintiff's Motions with Sequence Numbers 028, 027, and 025 in order contrary to the order of their sequence numbers, which means that Plaintiff's Motion Seq. No. 028 was decided first, Plaintiff's Motion Seq. No. 027 was decided second, and Pro Se Plaintiff's Motion Seq. No. 025 was decided third and last. Orders for Plaintiff's Motion Seq. No. **025** and Plaintiff's Motion Seq. No. **027** were marked by Clerk as "**MD**".

423. The Appeals with Docket Nos.: **2009-07602, 2010-09054**, and **2010-9053** were dismissed by Appellate Division. Pro Se Plaintiff sought an appeal by right to the Court of Appeals. Pro Se Plaintiff sought an appeal by right to the Court of Appeals due to the fact that her only challenges to dismissal of her Appeal were constitutional in nature, and certainly substantial, as Plaintiff was being deprived of her rights.

424. On **June 30, 2011**, the Court of Appeals dismissed the appeal *sua sponte*: "upon the ground that the order appealed from does not finally determine the proceeding within the meaning of the Constitution." (See ORDER of the Court of Appeals, dated **June 30, 2011 (Slip Opinion No: 2011 NY Slip Op 77033)** and ORDER of the Court of Appeals, dated **November 21, 2011 (SSD 51)** (Slip Opinion No. **2011 NY Slip Op 90188**)).

425. Appellate Division **waited for four (4) years** until Appeal with Docket No. **2012-02867** will be dismissed by the Court of Appeals, which, additionally, **implicitly** dismissed Appeals with Docket Nos.: **2009-07602, 2010-09054**, and **2010-9053, to being enabled** to issue Decision & Order, dated **June 04, 2014** for Appellate Division Docket No.: **2009-04744.**

426. **Pro Se Plaintiff-Appellant is requesting to modify** eCourts "Web Civil Supreme – Appearance Detail" to add entry as follows: "Appearance Date": **February 02, 2009**; "On For": Supreme Trial; "Appearance Outcome": Compliance Conference Held, "Comments": CCP - due to the fact that Compliance Conference was held **on February 02, 2009, at 3:00 P.M.,** in Part of Justice **Spodek**, and Default Calendar Call on February 02, 2009 was held in Administrative Justice Court Room **[EXHIBIT "15 (A. 739–764)"]**.

### POINT 23
### APPEAL WITH APPELLATE DIVISION DOCKET NO. 2011-01851

427. Pro Se Plaintiff-Appellant states that the Appellate Division Decision & Order on Motion, dated **AUGUST 16, 2011** (Docket No.: **2011-01851**), by Hon. Gail A. Prudenti, J.P.,

William F. Mastro, Reinaldo E. Rivera, Peter B. Skelos, Mark C. Dillon, JJ., Justices, which orders that Application by pro se plaintiff-appellant, Nella Manko, pursuant to 670.8(d) of the Rules of the Supreme Court, Appellate Division, Second Judicial Department, to enlarge the time to perfect her Appeal from a Supreme Court, Kings County, Order of Justice Marsha L. Steinhardt, dated **December 13, 2010** and entered on **January 03, 2011**, is denied and "ORDERED that on the Court's own motion, the appeal by [pro se plaintiff-appellant] Nella Manko is dismissed", **finally determine the action within the meaning of the Constitution** (stemming from Appellate Division (2d Dep't) Docket No.: **2011-01851**, stemming from Appeal of the Order of the Hon. Marsha L. Steinhardt, dated **December 13, 2010** and entered on **January 03, 2011**, Motion Seq. No.: **39**, and stemming from a **first** letter application for 60 days enlargement of time to perfect an appeal docket no.: **2011-01851** (Supreme Court, Kings County, Index No.: **30972/2004**).

428. Order of Justice Marsha L. Steinhardt, dated **December 13, 2010** and entered on **January 03, 2011**, PERMITTED defendant Lenox Hill Hospital to RENEW its summary judgment motion (Seq. No. 39 decided as **"MD"**) in order to grant defendant's renewed motion as **"MG"**. The Order of Justice Marsha L. Steinhardt, dated **December 13, 2010** and entered on **January 03, 2011**, was **actual** dismissal of the instant case bearing Supreme Court, Kings Counnty, Index No.: **30972/2004**. Justice Marsha L. Steinhardt waited until Appeal of the Medical Malpractice and Battery Case "Nella Manko v. Lenox Hill Hospital, et al.", Supreme Court, New York County, Index No.: **109296/2007**, was denied by all Appellate Courts, and after that **unconditionally** dismissed the case "Nella Manko v. Lenox Hill Hospital", Index No.: **30972/2004**, as **"MG"**.

429. ORDER of Justice Marsha L. Steinhardt, dated **December 13, 2010** and entered **January 03, 2010**, for Defendant Hospital's Summary Judgment Motion, **Seq. No. 39**, decided as **"MD"**, states that Summary Judgment Motion **is denied**, without prejudice to renew if within **30 days** from entry of this Order defendant Hospital can provide updated medical report of its medical expert, which was not provided as stated above in this instant affidavit **[EXHIBIT "15 (A. 628–633, A. 779–784)"]**.

430. "Order with Notice of Entry", dated February 01, 2011, of the Order of Justice Marsha L. Steinhardt, dated **December 13, 2010** and entered **January 03, 2010**, for Defendant Hospital's Summary Judgment Motion, **Seq. No. 39**, was served on defendant Hospital on **February 05, 2011** and filed in Clerk's Office on **February 17, 2011 [EXHIBIT "15 (A. 628–633, A. 779–784)"]**.

431. Lenox Hill Hospital Medical Expert Martin Wolpin, M.D., "Physician's Affirmation", dated **January 28, 2011**, states "**right ankle**" in Paragraph "12" of the report, which **caused** whole report to lose its medical value, because it gives this expert excuse not to consider medical data and the x-rays of **the injured left ankle** which would contradict his report. Plaintiff-Appellant's medical malpractice case: *Nella Manko v. Lenox Hill Hospital*, Supreme Court, Kings County, Index No. **30972/2004**, was dismissed based on the "Physician's Affirmation" of Martin Wolpin, M.D., dated **January 28, 2011**. Additionally, Martin Wolpin, M.D., **falsely states in Paragraph "12" of his report the name of the medical facility where second surgery on plaintiff's left ankle was performed, because second Surgery, dated October 11, 2004, was in The Mount Sinai Hospital (Medical Record Number: 2149374) and was performed by Elton Strauss, M.D.** On October 11, 2004, Nella Manko remembers that she was woken from three (3) hours of general anesthesia on a bed in empty hallway; a nurse and Elton Strauss, M.D., standing near the bed; Elton Strauss, M.D., quickly left; and Plaintiff-Appellant's bed was moved to a

room where she could get dressed in her clothes and leave the <u>Mount Sinai Hospital (Plaintiff was not brought to recover in Recovery Room after three (3) hours of general anesthesia during second surgery on her left ankle in Mount Sinai Hospital)</u>.

432. Please take notice of Central Compliance Part Order of Justice **Ellen M. Spodek**, dated **August 18, 2009** and entered **August 20, 2009** (Index No.: **30972/2004**), which states on Page 2 of the Order, in paragraph marked "3", the following: "Defendant to designate ... doctors within 45 days of plaintiff's deposition. Examination to be conducted within 45 days of designation, and reports to be exchanged within 30 days of exam", but defendant's doctor's examination **was never** conducted [**EXHIBIT "15 (A.858-862)"**]. **There wasn't medical examination of Plaintiff by Defendant Lenox Hill Hospital Medical Expert.**

433. <u>Defendant Hospital did not comply with</u> Central Compliance Part Order of Justice Ellen M. Spodek, dated **August 18, 2009** and entered **August 20, 2009** (Index No. **30972/2004**).

434. Please take notice that "Supplemental Physician's Affirmation", dated **January 28, 2011**, of defendant Lenox Hill Hospital's Medical Expert Martin Wolpin, M.D., for summary judgment motion, seq. no. 40, which caused dismissal of plaintiff's instant action index no. **30972/2004**, does not state that medical evaluation of plaintiff was held [**EXHIBIT "3B2", EXHIBIT "14 (A. 40-45)"**].

435. Please take notice of defendant Lenox Hill Hospital's Medical Expert Physician's Affirmation, dated **January 28, 2011**, of Martin Wolpin, M.D. [**EXHIBIT "14 (A. 40-45)"**], which caused dismissal of pro se plaintiff's instant action index no. **30972/2004**, and **is based only on uncertified, unsworn, and uncorrected** Letter of Doctor Benjamin A. Nachamie, dated June 10, 2002, to Doctor Ronald Rudin, 201 E 65th Street, New York, NY 10021, in which Dr. Nachamie described x-ray of the plaintiff's left ankle performed in his office on 06/03/2002. In his Report, Dr. Nachamie <u>intentionally omitted to mention two screws traversing medial malleous and that the ankle mortise is intact.</u> This is significant because it is an evidence of medical malpractice.

436. Defendant Hospital failed to obtain **certified and sworn** Report of Doctor Benjamin A. Nachamie, dated June 10, 2002.

437. Benjamin A. Nachamie, M.D., **amended** his Letter, dated June 10, 2002, by requesting **Jerald Zimmer, M.D.,** 165 East 84th Street, New York, NY 10028, to review the x-ray of the plaintiff's left ankle performed in his office on **06/03/2002**. See **EXHIBIT "14 (A. 17-18)"**, which contains the following: **(1)** Report of **Jerald Zimmer, M.D.,** 165 East 84th Street, New York, NY 10028, dated **July 28, 2008**, which states: "... **Re: MANKO, NELLA** ... Dear Dr. Nachamie, **REVIEW OF X-RAY OF THE ANKLE PERFORMED ON 6/3/02:** Metallic screws are noted within the medial malleolus. A screw traverses the proximal fibula/tibia with the screw head lying superficial to the fibula. The ankle mortise is intact. Moderate periarticular deossification is noted. Moderate soft tissue fullness overlies the medial and particularly the lateral malleoli", and **(2)** "Film review routing slip" stating "Pt. brought 2 films referred from Dr. Nachamie, Benjamin, dated June 3, 2002, x-ray of ankle".

438. Report of **Jerald Zimmer, M.D.,** 165 East 84th Street, New York, NY 10028, dated **July 28, 2008**, states the following: "... **Re: MANKO, NELLA** ... Dear Dr. Nachamie, **REVIEW OF X-RAY OF THE ANKLE PERFORMED ON 6/3/02:** Metallic screws are noted within the medial malleolus. A screw traverses the proximal fibula/tibia with the screw head lying superficial to the fibula. **The ankle mortise is intact**. Moderate periarticular deossification is noted. Moderate soft tissue fullness overlies the medial and particularly the lateral malleoli" [See **EXHIBIT "14 (A. 17-18)"**], and was attached to Pro Se Plaintiff's

Affidavit in Opposition to the frivolous Motion of Defendant Lenox Hill Hospital for an Order granting leave to renew and reargue its motion granting summary judgment in favor of defendant, dismissing all claims with prejudice (Seq. No. 40) but was ignored by the court. This Report was also given for inspection to Justice Gloria M. Dabiri.

439. Lenox Hill Hospital's Medical Expert, Wolpin, M.D., maliciously did not quote number and positions of screws from the Report of Dana Mannor, M.D., or from two (2) remaining ankle x-rays produced by the hospital dated **March 28, 2002** and **April 11, 2002**.

440. **First** ankle x-ray is intro-operative left ankle x-ray, dated **March 28, 2002** and signed on April 02, 2002 by Alan Tikotsky, M.D., which contains, **only**, two (2) views (frontal and lateral), and which shows only two (2) screws on x-ray and these screws are traversing medial mallelous **[EXHIBIT "14 (A. 428)"]**, and states "views show 2 orthopedic screws traversing medial malleolar fracture **fragments** [significantly it is plural]". This x-ray film report, dated **3/28/02**, also, states that "No previous films are available for comparison" and this means that, already, on **3/28/02**, Defendant Hospital was aware that any and all pre-operative x-ray films are missing but did not investigate their disappearance and did not notify Plaintiff.

441. **Second** ankle x-ray is post operative left ankle digital x-ray, dated **April 11, 2002** and signed by David A. Follett, M.D. **[EXHIBIT "14 (A. 429)"]**.

442. Please take notice of the Report of left ankle x-ray by Park Avenue Radiologists, P.C., dated **April 29, 2002 [EXHIBIT "14 (A. 16)"]** and Medical Report of Manko's Left Ankle Digital X-Ray, dated **April 11, 2002**, by Radiologist Shifter, M.D., signed on **April 03, 2008**, from www.EradReview.com **[EXHIBIT "14 (A. 31-32)"]**.

443. Please take notice of the "Lenox Hill Hospital Progress Notes", signed and dated **03/27/02**, from Plaintiff's Lenox Hill Hospital Medical Records, which states "03/27/02 - 9AM ... patient transferred this AM to Radiology for Left Tib-Fib x-ray, Left ankle x-ray, and Chest x-ray, completed. 2PM Patient's Pre-op. Diagnostic test complete." **[EXHIBIT "14 (A. 461)"]**.

444. Martin Wolpin, M.D., knows that it is a medical malpractice to insert combination of syndesmotic cross-screw and two screws traversing medial mallelous when ankle mortise is intact, so he chooses to quote from the **uncertified, unsworn, and uncorrected** Letter of Doctor Benjamin A. Nachamie, dated June 10, 2002, who intentionally omitted mentioning two screws traversing medial mallelous and that the ankle mortise is intact, because it is permissible to omit something the doctor is not responsible for, on the other side if he will state the number and position of all screws, he must also state that this is a medical malpractice, and then face retaliation from other doctors.

445. Additionally, Paragraph "16" of Wolpin, M.D., Report states:
"Furthermore, as the injury occurred on March 26, 2002, and the surgery was not performed until March 28, 2002, a second opinion regarding the necessity of surgery was obtainable in that time frame had the plaintiff requested it. Additionally, the Lenox Hill Hospital Nursing Procedure Flow Sheet indicates that pre-operative x-rays were performed on March 26, 2002, and March 27, 2002, and would be available for review by the physician rendering a second opinion, or said physician could order repeat films if necessary."

Pro Se Plaintiff, Nella Manko, answers this as follows:
FIRST: The first x-rays were made after mid-night;
SECOND: On March 27, 2002, plaintiff was dragged with some drugs put in her IV, and by Oral Medication, and slept, awakened only when some test should be performed, and plaintiff could not think clearly, that why Department of Radiology exists, part if its function is to have an

independent review of the fact and render a second opinion, this was not done, reports were never produced before all ankle's x-rays disappeared. **This is an act of Gross Negligence;**

THIRD: Plaintiff was not aware that there is any problem with x-rays and Plaintiff did not have insurance and did not have money to pay for a second individual review.

446. Please read Certified Notice of Motion, dated 03/13/06, and Certified Affirmation, dated 03/13/06, of Daniel Hardick, Esq., Attorney for New York City Transit Authority, which is based on "Orthopedic Evaluation Report", dated September 15, 2004, of Orthopedic Surgeon Harvey Fishman, M.D., medical expert of NYC Transit Authority in Case: Nella Manko v. The City of New York and New York City Transit Authority, Index No. **109725/2003**, Supreme Court, New York County. Certified Affirmation, dated March 13, 2006, of Daniel Hardick, Esq., Attorney for New York City Transit Authority, states in Paragraph marked "12" on the last page of the Affirmation, which is bearing New York County Supreme Court Certification Stamp, the following: "Your affirmant contacted Plaintiff's counsel on March 10[th] and requested that he submit his client to a further physical examination. **He refused**." This further physical examination was never conducted. Please read "Orthopedic Evaluation Report", dated **September 15, 2004 [EXHIBIT "14 (A. 419-420)"]**, of Orthopedic Surgeon Harvey Fishman, M.D., medical expert in case against NYC Transit Authority, which consists of two pages and has **CERTIFIED** second page of the report. "Orthopedic Evaluation Report", dated **September 15, 2004 [EXHIBIT "14 (A. 419-420)"]**, of orthopedic surgeon Dr. Harvey Fishman, who is New York City Transit Authority medical expert and who evaluated the plaintiff in his office on September 15, 2004, states on page 2 of the report that:

"According to the records, it seems to be quite surprising, that a syndesmotic screw was not removed early on. This is usually removed in six to eight weeks, once the fractures are healed, prior to the Plaintiff bearing full weight. But according to these records, if they are true and correct, this was not done".

448. **SUMMARY**: Order granting Defendant's Summary Judgment Motion, Seq. No. 40, should be vacated for the following (including but not limited) reasons : **(1) Affirmation of Wolpin, M.D., is false and fraudulent because it is based, only, on false data, which is** uncertified, unsworn, and uncorrected Letter of Doctor Benjamin A. Nachamie, dated June 10, 2002, and is not sufficient for a summary judgment motion; and **(2) Affirmation of Wolpin, M.D.,** is not based on medical evaluation of the plaintiff in violation to the Central Compliance Part Order of Justice **Ellen M. Spodek** (Index No.: 30972/2004), dated **August 18, 2009** and entered **August 20, 2009**, which states on Page 2 of the Order, in paragraph marked "3", the following: "Defendant to designate ... doctors within 45 days of plaintiff's deposition. Examination to be conducted within 45 days of designation, and reports to be exchanged within 30 days of exam", but defendant doctor's examination **was never** conducted **[EXHIBIT "15 (A. 858-862)"]**.

## POINT 24
## PROCEDURAL HISTORY OF KINGS COUNTY SUPREME COURT ACTION: NELLA MANKO V. LENOX HILL HOSPITAL, INDEX NO. 30972/2004

449. Plaintiff, Pro Se, commenced in Kings County Supreme Court an Action: Nella Manko v. Lenox Hill Hospital, Index No. **30972/2004**, which was brought by the Plaintiff, Nella Manko, to recover damages for serious and permanent injuries she sustained, and which were caused by Medical Malpractice committed during Lenox Hill Hospital Emergency Room visit on

March 26, 2002, subsequent hospitalization in Lenox Hill Hospital from March 26, 2002, until March 30, 2002 (Medical Record Number: **1668998**), three hours long Orthopedic Surgery on the Plaintiff's ankle on March 28, 2002, three (3) months of global continuous post-operative care and treatment, an additional Physical Therapy Treatment until August 31, 2002; additionally until September 17, 2003, which is a date of last record's entry of Nella Manko's "Office Medical Records" of Dana A. Mannor, M.D., Nella Manko's Medical Records of Dana Mannor, M.D., have two (2) pages long Record, dated September 17, 2003, and until January 11, 2004, when unnecessary and harmful three screws, which caused deformity of plaintiff's ankle, were finally removed from plaintiff's left ankle, which followed by three months of post-operative care of Manko (until **January 11, 2005**).

450. Because painful hardware (orthopedic implants) was left in Manko's body from March 2002 for 2½ years until it was removed on **October 11, 2004** in the Mount Sinai Hospital (Medical Record No.: **2149374**), which followed by three months of post-operative care of Manko (until **January 11, 2005**), it extended medical malpractice against doctors and Lenox Hill Hospital involved in plaintiff-appellant's surgery in 2002 until **January 11, 2005**.

451. On **September 29, 2004**, Plaintiff purchased Index No.: **30972/2004** and filed the Summons and Complaint, dated September 24, 2004, and duly sworn on September 28, 2004, in the Kings County Clerk's Office of the Supreme Court, Case: Nella Manko vs. Lenox Hill Hospital, Index No.: **30972/2004 [EXHIBIT "14 (A. 105-109)"]**.

452. On **September 30, 2004**, the Summons and Complaint were served on LENOX HILL HOSPITAL **[EXHIBIT "14 (A. 110-111)"]**.

453. The served Summons were signed on the top right by Mr. PHILIP ROSENTHAL, VP of Hospital Administration, and stamped with defendant Lenox Hill Hospital Stamp as a sign of being received. The Stamp shows that Lenox Hill Hospital Administration Department received the Summons and Complaint on **September 30, 2004** at AM11:44. Original Affidavit of Service of the Summons and Complaint was filed in the Kings County Clerk's Office of the Supreme Court on **October 8, 2004**. Medical records confirm that Nella Manko was treated and discharged from the Hospital on March 30, 2002. After that there was continues active treatment for a three months with Dr. Dana A. Mannor, who was an Agent of the Hospital, and physical therapy. Dr. Dana A. Mannor was supposed to write reports to the Hospital stating progress of plaintiff's treatment but failed to do this. This means that this Action was timely commenced within 2½ years (two years and six months) as a Medical Malpractice. RJI was purchased on 03/03/2005 by defendant Hospital.

454. On **June 22, 2005**, Justice Marsha L. Steinhardt (motion court part 15) entered an Order, dated June 16, 2005, directing the Hospital to provide plaintiff with a copy of Hospital chart including radiological films within 30 days **[EXHIBIT "14 (A. 264-265)"]**. This meant also to provide Certified Hospital Bill (including itemized emergency room bill) within 30 days. To this day, defendant Lenox Hill Hospital does not provide any and all of five (5) pre-operating radiological films and their reports, which were produced in the Hospital, and does not provide Certified Hospital Bill.

455. On **September 30, 2005**, defendant Lenox Hill Hospital submitted a motion for an Order pursuant to CPLR 3211, dismissing the Plaintiff's Complaint, from which Appeal with Appellate Division Docket Number **2006-02907** emanated. When a motion to dismiss a complaint is served, the time to answer it is automatically extended pursuant to **CPLR 3211**, "until ten days after service of notice of entry of the order." Lenox Hill Hospital served its motion to dismiss returnable on **October 27, 2005**.

456. While this motion to dismiss was pending, on **November 01, 2005**, Plaintiff, Nella Manko, served Lenox Hill Hospital with Amended "Supplemental" Verified Complaint, dated **October 31, 2005**, which was filed in Kings County Supreme Court on **November 01, 2005**.

457. On **November 26, 2005**, Lenox Hill Hospital was served with Supplemental Verified Complaint, dated **November 26, 2005**, via certified mail, article no. **7005 1820 0006 9492 8090**, return receipt requested, which was corrected to comply with rules for medical malpractice complaint, and which was filed in Kings County Clerk's Office on **November 29, 2005** **[EXHIBIT "15 (A. 732-738)"]**.

458. Thus, the amendment as of right was timely with respect to Lenox Hill Hospital. And the Verified Complaint, dated **November 26, 2005**, is actually **current plaintiff's complaint** and is a relevant Procedural History.

459. On **October 31, 2005**, plaintiff paid and filed Motion, Seq. Number: 005, pursuant to CPLR 2004 and 3406, for an Order Extending plaintiff's time to file a Notice of Medical Malpractice Action, originally returnable on **November 25, 2005 (Payment No. 1174675, Tr. 1358615)** **[EXHIBIT "14 (A. 120-129)"]**. Justice Marsha L. Steinhardt took off the calendar plaintiff's Motion Seq. Number: 005.

460. On **December 15, 2005**, Justice Marsha L. Steinhardt heard argument for defendant Hospital motion to dismiss, dated **September 30, 2005**, and unconstitutionally granted the motion. A written Order to dismiss the Complaint and the Case was signed by Justice Marsha L. Steinhardt on **February 17, 2006**. The plaintiff appealed **(Appellate Division Docket No.: 2006-02907)**. Please see ORDER of the Hon. Marsha L. Steinhardt, dated **February 17, 2006**, granting defendant Hospital Motion for an Order pursuant to **CPLR 3211**, dismissing the Complaint and Action with prejudice, Kings County Supreme Court Index No. 30972/2004, from which Appeal with Appellate Div. Docket No. **2006-02907** emanated **[EXHIBIT "14 (A. 266-267)"]**.

461. On **October 30, 2007**, DECISION & ORDER, dated October 30, 2007, by Crane, J.P., Ritter, Fisher, Covello and Dickerson, JJ., of the Supreme Court of The State of New York Appellate Division, Second Judicial Department **(2007 NY Slip Op 08199 [44 AD3d 1014]**) and duly entered in the office of the Clerk of the Supreme Court of the State of New York, County of Kings, on **November 15, 2007, ORDERED that the Order, dated February 17, 2006, of Marsha L. Steinhardt, Justice, is reversed with costs [EXHIBIT "14 (A. 51-59)", EXHIBIT "14 (A. 46-50)"]**.

462. **Dismissal Order of Justice Marsha L. Steinhardt, dated February 17, 2006, caused delay of discovery for about two and half years.**

463. On **December 18, 2007**, Plaintiff restored Kings County Supreme Court Action: Nella Manko v. Lenox Hill Hospital, Index No. **30972/2004**, by oral request in Motion and Trial Support Office of the Supreme Court, Kings County.

464. On **December 28, 2007**, plaintiff, Nella Manko, served Request To Revive Motion To File Notice Of Medical Malpractice Action, Seq. Number: 005, together with attached Notice Terminating Authority of Attorney David A. Gabay, Esq., on Justice Marsha L. Steinhardt, Lenox Hill Hospital, and Administrative Judge, VIA Federal Express (Tracking Nos.: **8573 5500 2605, 8573 5500 2616, and 8573 5500 2568**, respectively), and filed these documents in Kings County Clerk's Office on January 14, 2008. But Kings County Clerk's Office unconstitutionally did not file and did not docket this document **[EXHIBIT "14 (A. 142-151)"]**.

465. Additionally, see the following:

**(1)** "Order with Notice of Entry", dated November 23, 2007, served on November 24, 2007, and filed on **December 18, 2007**, of the Appellate Division DECISION & ORDER, Docket No. **2006-02907**, dated **October 30, 2007** and entered in the Office of the Clerk of the Supreme Court, Kings County, on November 15, 2007 **[EXHIBIT "14 (A. 46-50)"]**.

**(2)** New York County Sheriff's Certificate of Service (Sheriff's Case # **08003381**) stating that on February 07, 2008, at approximately 11:25 AM, at 110 Wall Street, 10th Floor, New York, NY 10005, the Sheriff served a true copy of an APPELLATE DIVISION DECISION & ORDER, Docket No. **2006-02907**, Index No.: **30972/2004**, dated October 30, 2007 and entered in the Office of the Clerk of the Supreme Court, Kings County, on November 15, 2007, upon Garson, Gerspach, Decorato & Cohen, LLP by delivering to and leaving with **Joshua Cohen** a true copy thereof **[EXHIBIT "14 (A. 58-59)"]**.

**(3)** "Order with Notice of Entry", dated February 06, 2008, served on February 06, 2008, and filed on February 08, 2008, of the Appellate Division DECISION & ORDER, Docket No. **2006-02907**, dated October 30, 2007 and entered on November 15, 2007 in Clerk's Office of Kings County Supreme Court, which **reversed** the Order of Justice Steinhardt dated February 17, 2006, which granted defendants motion to strike the complaint and dismiss the action, and ORDERED that defendant's motion pursuant to CPLR 3126 to strike the complaint and dismiss the action **is denied [EXHIBIT "14 (A. 51-57)"]**.

466. Plaintiff was deceived by the Letter of Warren Glasner, Law Secretary of Justice Steinhardt, dated **January 07, 2008**, who wrote the following:

"Please be advised that the plaintiff's motion for leave to file a late Notice of Medical Malpractice is restored to the calendar pursuant to the decision of the Appellate Division, Second Department, dated October 30, 2007. Said motion shall be heard before Justice Steinhardt on **January 24, 2008** at 9:30 AM, Room 419, Supreme Court, 360 Adams Street, Brooklyn, New York. ... cc: Joshua R. Cohen, Esq., of Counsel, Garson Gerspach Decorato & Cohen, LLP, 110 Wall Street, 10th Floor, New York, New York 10005".

467. This plaintiff's motion for leave to file a late Notice of Medical Malpractice Action is the Motion to File Notice of Medical Malpractice Action, Seq. No.: **005**, Original Motion Date **11/25/2005**, which means that discovery was maliciously delayed by more than two years.

468. A few days before January 24, 2008, plaintiff did not see that her motion was on the court's calendar. Plaintiff called to Law Secretary Warren Glasner complaining about it and recorded telephone conversation with him, but Justice Marsha L. Steinhardt, Clerk Robert Fitzsimmons (Room 419), Law Secretary Warren Glaser, and KINGS COUNTY SUPREME COURT OF THE STATE OF NEW YORK refused to restore officially to the calendar plaintiff's motion for leave to file a late Notice of Medical Malpractice Action, which is Motion Seq. No. **005**. Had it been done, defendant Hospital would not have been able to pretend that it was not notified that this action is a medical malpractice, and it would have been a prove that the plaintiff is proceeding pro se, and thus deprived Manko of her **right to equal protection of all the laws,** right to due process of law, and the due course of justice was impeded, in violation of New York State Constitution §6, due process of law; New York State Constitution §11, equal protection under the law; the Fifth, and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983.

469. Case Management Report Printout, dated May 21, 2008, of the Case Index No. 30972/2004 does not have a recorded appearance in KINGS COUNTY SUPREME COURT on January 24, 2008.

470.   On **January 24, 2008**, Justice Marsha L. Steinhardt heard oral arguments for plaintiff's motion for leave to file a late Notice of Medical Malpractice Action, and granted the motion. Order of Marsha L. Steinhardt, Justice, dated January 24, 2008, with notice of entry on January 30, 2008, was served on defendant Hospital on February 09, 2008 and filed in Kings County Clerk's Office on February 11, 2008 **[EXHIBIT "14 (A. 60–63)", EXHIBIT "14 (A. 64–68)"]**. It is significant, because it means that the Lenox Hill Hospital received Notice that this case is a medical malpractice action and the Hospital must preserve plaintiff's all records, films, and their reports. Lenox Hill Hospital has its policy to preserve patient's records for seven years, which in plaintiff's case would be until April 15, 2009. Marsha L. Steinhardt, Justice, Court Reporter Eileen McLoughlin, Law Secretary Warren Glaser, and attorney for defendant Lenox Hill Hospital Antonino Lugara, Esq., who was doing business as Anthony Lugara, Esq., from Garson DeCorato & Cohen, LLP, were present during Oral Argument at Part 15 (Room 419), dated January 24, 2008, when Justice Marsha L. Steinhardt issued a Short Form Order, dated January 24, 2008. Joshua R. Cohen, Esq., from Garson Gerspach Decorato & Cohen, LLP, did not appear for Oral Argument at Part 15 (Room 419), dated January 24, 2008. Defendant Lenox Hill Hospital's attorney Lugara, Esq., witnessed that plaintiff was treated by the judge as a plaintiff representing herself pro se, and he did not object, hence it should have been equivalent that the Order permitting the plaintiff, Nella Manko, to represent herself Pro Se was deemed served on defendant Hospital on January 24, 2008.

471.   Justice Marsha L. Steinhardt **erred** by drafting the Order, dated January 24, 2008, **so that it was ambiguous and unclear**. The Order, dated January 24, 2008, was misleading, a copy was hard to read, and the Order was misread by plaintiff as directing the plaintiff to file Notice of Medical Malpractice Action "by the Feb. 15, 2008 Intake Date". The order was misleading because the Order stated date "Feb. 15, 2008", and the pro se plaintiff received number of prior orders from Appellate Division, which stated "compliance date" in their orders, and it was always when the "compliance date" is stated, it is still a date on which one can to comply, in other words the date stated on this Order should have been a Date when a plaintiff can still file a Notice of Medical Malpractice Action.

472.   Pro se plaintiff was duped to believe that if the Notice of Medical Malpractice Action will be filed in Motion and Trial Support Office on February 15, 2008, before 9:30 AM, she will comply with the Order, dated January 24, 2008. Pro se plaintiff was prejudiced because she **was given only 21 days to comply with the Order, dated January 24, 2008**, to serve and file late Notice of Medical Malpractice Action when it is customary to give a plaintiff thirty (30) days to comply with the Order to Serve and File late Notice of Medical Malpractice Action.

473.   Notice of Medical Malpractice Action, dated February 13, 2008, (together with attached items required in paragraph marked "7" of the Notice (about 207 pages all together)) was served on the defendant, Lenox Hill Hospital, on February 13, 2008 by Overnight Delivery Service Federal Express, Priority Overnight (Tracking No.: **8595 3014 6910**). **Notice of Medical Malpractice Action was filed in Kings County Supreme Court, Trial and Motion Support Office on February 15, 2008 at 9:12 AM, which is prior to the Intake Preliminary Conference dated February 15, 2008 at 9:30 AM.**

474.   On **February 15, 2008** after noon, Justice Marsha L. Steinhardt heard oral arguments for "Feb. 15, 2008 Intake" Preliminary Conference, and issued "Feb. 15, 2008 Intake" Preliminary Conference Order dated February 15, 2008, which was duly entered in the Office of the Clerk of the within named Court on February 20, 2008. Court Reporter Dell Ashby, Warren Glaser, who is Law Secretary to Justice Steinhardt, and defendant Hospital's attorney Anna R.

Schwartz, Esq., from Garson DeCorato & Cohen, LLP were present during this Preliminary Conference at Part 15 (Room 419), dated February 15, 2008 **[EXHIBIT "14 (A. 69–77)", EXHIBIT "15 (A. 634–656)"]**.

475. At the time of the Preliminary Conference at Part 15 (Room 419), dated February 15, 2008, plaintiff showed the Stamp of Motion Support Office on the first page of a copy of the Notice of Medical Malpractice Action and a copy of the Notice of Medical Malpractice Action to Marsha L. Steinhardt, Justice, and the Justice orally deemed the Notice of Medical Malpractice Action being timely served and filed. This is confirmed by the way Justice Marsha L. Steinhardt defined the order (one after another) in which Discovery will be made. First the defendant Hospital will respond to the plaintiff's discovery demands and after that the plaintiff will produce response. Particularly, "Feb. 15, 2008 Intake" Preliminary Conference Order, dated February 15, 2008, states in paragraph marked "V" the following: "Amended Bill of Particulars to be served by plaintiff 45 days after response to D & I", where "Plaintiff's D & I" is "Plaintiff's Notice for Discovery and Inspection", dated January 26, 2008. Further, on Page four (4), the Order, dated 02/15/2008, states the following:

> "Defendant Lenox Hill Hospital to respond to Plaintiff's Notice for D & I (Discovery and Inspection), dated January 26, 2008 within 30 days."

This is a confirmation that "D & I" in paragraph marked "V" of the Preliminary Conference Order, dated February 15, 2008, is indeed the "Plaintiff's Notice for Discovery and Inspection", dated January 26, 2008. Only in a Medical Malpractice Action with timely served and filed Notice of Medical Malpractice Action, the Defendant Hospital provides Discovery Responses before the Plaintiff does.

476. Additionally, see the following:

**(1)** Transcript of Preliminary Conference's Minutes dated February 15, 2008, and entered on February 20, 2008, resulting in the Order of Hon. Marsha L. Steinhardt, dated February 15, 2008 and entered on February 20, 2008 (Kings County Supreme Court Index No.: **30972/2004) [EXHIBIT "15 (A. 634-656)"]**; and

**(2)** "Order with Notice of Entry", dated April 17, 2008, served on April 19, 2008, and filed in Kings County Clerk's Office on May 06, 2008, of the Preliminary Conference Order of Hon. Marsha L. Steinhardt, dated February 15, 2008, and entered in Clerk's Office on February 20, 2008 **[EXHIBIT "14 (A. 69-77)"]**.

477. Transcript of Preliminary Conference's Minutes, dated February 15, 2008, states on page 11, lines 17 – 22, that: "She [the plaintiff] has given us authorizations for twelve providers, including Mount Sinai Hospital and two physicians from there", which is a proof that all authorizations were provided, including authorization to obtain all records of plaintiff surgery on October 11, 2004 and Medical Records of Elton Strauss, M.D. **[EXHIBIT "15 (A. 634-656)"]**.

478. Additionally, Transcript of Preliminary Conference's Minutes, dated February 15, 2008, states on page 20, lines 15 – 25, that: "14 authorizations are provided by the plaintiff".

479. Transcript of Preliminary Conference's Minutes, dated **February 15, 2008**, from which emanated an Order of Hon. Marsha L. Steinhardt, dated February 15, 2008 and entered in Clerk's Office on February 20, 2008, is a proof that Justice Steinhardt and attorney from Garson DeCorato & Cohen, LLP were **aware** that the action is a medical malpractice and the plaintiff is appearing pro se. Additionally, transcript states that pro se plaintiff provided fourteens (14) authorizations and there was not a problem with these authorizations. One of the authorizations was used by the defendant to receive the plaintiff's record from "National Physician's Review", 199 Water Street, New York, NY 10038.

480. Additionally, see E-law.com Case Motions Record of Supreme Court, Kings County, Case: Nella Manko v. Lenox Hill Hospital, Index No. 30972/2004, and Plaintiff's Notices of Motions Sequence Numbers: 05, 06, 07, 08, 09, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 29, 30, 32, 34, and 36 (Supreme Court, Kings County, Case: Nella Manko v. Lenox Hill Hospital, Index No. 30972/2004), with attached Payment Receipts **[EXHIBIT "14 (A. 167-218)"]**.

481. Additionally, see **Appellant's Appendix on Appeal**, Appellate Division, Second Department, Docket Number **2012-02867**, the Appeal is from the ORDER and JUDGMENT of Justice Marsha L. Steinhardt, **dated October 07, 2011 and entered on February 07, 2012**, which granted Defendant Lenox Hill Hospital's frivolous Motion, Seq. No. 40, for an Order granting leave to renew and reargue its motion granting summary judgment in favor of defendant, dismissing all claims with prejudice, which was **improperly decided as "MG"**, Supreme Court, Kings County, Index No. **30972/2004 [EXHIBIT "14" and EXHIBIT "15"]**.

482. It is unconstitutional to revoke issued orders, but Justice Marsha L. Steinhardt issued an Order, dated October 07, 2011 and filed on February 07, 2012, which dismissed plaintiff's action index no. **30972/2004** as a **GENERAL ACTION (MG)**, and thus deprived Manko of her right to equal protection of all the laws, right to due process of law, and the due course of justice was impeded, in violation of New York State Constitution §6, due process of law; New York State Constitution §11, equal protection under the law; the Fifth, and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983.

483. Clerks of Motion and Trial Support Office of King County Supreme Court intentionally negligently and negligently did not stamp filed Plaintiff's Notice of Medical Malpractice Action with the two (2) required stamps: (First) Stamp of Motion and Trial Support Office of the Kings County Supreme Court, dated February 15, 2008, and (Second) the stamp of approval, and thus deprived Manko of her right to equal protection of all the laws, right to due process of law, and the due course of justice was impeded, in violation of New York State Constitution §6, due process of law; New York State Constitution §11, equal protection under the law; the Fifth, and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983.

484. Justice Marsha L. Steinhardt issued a misleading Order, dated October 30, 2008, which states that Plaintiff's Notice of Medical Malpractice Action was filed in the County Clerk's Office … in full compliance of previous court order, dated 01/24/08. The Notice of Medical Malpractice Action cannot be filed in the Kings County Clerk's Office … in full compliance of previous court order, dated 01/24/08, because Notice of Medical Malpractice Action must be filed in Motion and Trial Support Office, and when it is filed it is the duty of a clerk of this Office to do the following:

    a)    To stamp this filed document with stamp of "Kings County Motion and Trial Support Office" bearing Date and Time of filing – it was intentionally and maliciously not done by Clerks of Motion and Trial Support Office of KINGS COUNTY SUPREME COURT OF THE STATE OF NEW YORK. Plaintiff's Notice of Medical Malpractice Action, filed in County Clerk's Office does not have stamp of "Kings County Motion and Trial Support Office" bearing Date and Time of filing, which is a violation of the Court Rules; and

    b)    To verify that the Notice of Medical Malpractice Action was properly and timely served on the defendant Hospital and filed in Motion and Trial Support Office, and the Notice is correct, then the clerk updates needed data of the Action, and then Notice of Medical Malpractice Action is stamped with the second stamp, which is the stamp of approval of the

Motion and Trial Support Office, but the plaintiff's Notice of Medical Malpractice Action, filed in Kings County Clerk's Office, does not have the stamp of approval of the Motion and Trial Support Office. The stamp of approval of the Motion and Trial Support Office is in fact a proof that the Notice of Medical Malpractice Action is timely served on defendant Hospital and filed in KINGS COUNTY SUPREME COURT OF THE STATE OF NEW YORK.

485. In other words Plaintiff's Notice of Medical Malpractice Action was intentionally and maliciously dumped by Clerks of Motion and Trial Support Office of KINGS COUNTY SUPREME COURT OF THE STATE OF NEW YORK in Clerk's Office ten (10) days later after this document was submitted to the Motion and Trial Support Office and without these two (2) required stamps, which is a violation of the court rules, is unconstitutional, and cannot be considered to be full compliance of previous court order, dated 01/24/08, of Justice Marsha L. Steinhardt. Clerks of Kings County Motion and Trial Support Office of KINGS COUNTY SUPREME COURT prevented the plaintiff from complying with the Court Order of Justice Marsha L. Steinhardt, dated 01/24/2008.

**APPEAL WITH RADI NUMBER: 2009-02637 (filed in Appellate Division on February 17, 2010, this Appeal was not decided for more than four (4) years after it was submitted)**

486. On December 28, 2007, Plaintiff's Notice Terminating Authority of Attorney David A. Gabay, Esq., sworn to on December 24, 2007, was submitted via delivery service Federal Express to Marsha L. Steinhardt, Justice, IAS Part 15, and is equivalent to ORDER TO SHOW CAUSE. This Notice Terminating Authority of Attorney David A. Gabay was submitted to Marsha L. Steinhardt, Justice, Administrative Judge, and defendant Lenox Hill Hospital (Supreme Court, Kings County, Index No. 30972/2004). Please take notice that Suffolk County Clerk's Office Record of Business Certificate for Business Name: **Law Offices of David A. Gabay**, states that on **11/6/1996** Business Certificate was filed, document number **9696, Sole Proprietor**, Business Address: 149 Main Street, Huntington, NY 11743.

487. This Notice Terminating Authority of Attorney David A. Gabay, sworn to on December 24, 2007, which also included proof of service on Justice Marsha L. Steinhardt, Administrative Judge, and defendant Lenox Hill Hospital, was received by KINGS COUNTY CLERK'S OFFICE on January 14, 2008, but **KINGS COUNTY CLERK'S OFFICE,** under the care and control of Kings County Clerk Nancy T. Sunshine, **intentionally and maliciously has never filed this Notice Terminating Authority of Attorney David A. Gabay, which includes also proof of service.**

488. On January 17, 2008, plaintiff mailed request to serve three (3) Notices Terminating Authority of Attorney David A. Gabay, Esq., on David A. Gabay, Esq., to Suffolk County Sheriff's Office, 360 Yaphank Avenue, 1A, Yaphank, NY 11980, VIA UPS Trk. No.: 1Z5AR2550300715423. It improperly took ninety (90) days for a Sheriff to execute the service.

489. Plaintiff learned that an Order by Justice Marsha L. Steinhardt must have been issued in response to submitted Plaintiff's Notice Terminating Authority of Attorney David A. Gabay, Esq., which was submitted to Justice Steinhardt, Administrative Judge, and defendant Lenox Hill Hospital, **but the Order wasn't issued**; also Plaintiff, Pro Se, was not aware of any other way to terminate Gabay's employment until October 10, 2008, when she learned that she should submit Order to Show Cause to request an Order to permit to represent herself Pro Se, and to relive Attorney David A. Gabay, Esq.

490. On October 15, 2008, Plaintiff paid and submitted EMERGENCY ORDER TO SHOW CAUSE WITH T.R.O. IN CIVIL ACTION (Seq. No. 011), **for an Order Permitting the**

**Plaintiff to Represent Herself Pro Se or to Deem that Plaintiff is Representing Herself Pro Se**, dated October 15, 2008 and originally made returnable by the Marsha L. Steinhardt, Justice, on October 30, 2008 **(Payment No. 1778016 , 10/10/2008, 4:29pm, Tr. 2054371)**.

491. Justice Marsha L. Steinhardt intentionally ignored plaintiff's affidavit of emergency and made plaintiff to wait an additional two weeks (from October 15, 2008 until October 30, 2008) **without granting requested Stay.**

492. Additionally, Justice ordered to serve defendant Hospital and David A. Gabay, Esq. within two days by personal service, which cost pro se plaintiff $175.00.

493. On October 17, 2008, this Order to Show Cause with T.R.O. in Civil Action was served on defendant Hospital and David A. Gabay, Esq.

494. David A. Gabay, Esq., submitted to the Court "Affirmation of Actual Engagement", dated November 28, 2008, via overnight delivery service Federal Express. It was the first document filed in Case: Manko v. Lenox Hill Hospital, Index No. 30972/2004, which was bearing signature of David A. Gabay, Esq., or LAW OFFICES OF DAVID A. GABAY.

495. Defendant Hospital's attorney Lugara, Esq., from Garson DeCorato & Cohen, LLP, was present during Oral Arguments, dated October 30, 2008, in Part 15, Room 419, when Marsha L. Steinhardt, Justice, issued an **Order, dated October 30, 2008,** which denied the Order to Show Cause with T.R.O. in Civil Action, requesting **an Order Permitting the Plaintiff to Represent Herself Pro Se or to Deem that Plaintiff is Representing Herself Pro Se**, and which was **intentionally and maliciously** received in Kings County Clerk's Office **only** on January 08, 2009 and **intentionally and maliciously** filed **only** on **April 13, 2009.**

496. **Order of the Kings County Supreme Court Justice Marsha L. Steinhardt, dated October 30, 2008,** is an Order, from which emanates **the Appeal filed in Appellate Division and paid on February 17, 2010, and pending under Appellate Division Docket No. 2009-02637 (this Appeal was not decided for more than four (4) years).**

497. **Order, dated October 30, 2008,** that decided the Order to Show Cause, dated October 15, 2008 and originally made returnable by Marsha L. Steinhardt, Justice, on October 30, 2008, and which was **intentionally and maliciously** received in Kings County Clerk's Office **only** on January 08, 2009 and **intentionally and maliciously** filed only on **April 13, 2009**, mockingly states the following:

"After oral argument on the record, the plaintiff's Order to Show Cause is granted to the extend as follows: The Court takes judicial notice that the Notice of Med. Mal. was filed in the County Clerk's Office by Feb. 15, 2008 (or 25) in full compliance of previous Court Order (dated: 1/24/08). The Plaintiff (whose Attorney having been previously relieved by an Order of the Court) is (and has been) proceeding Pro Se in this Action. The plaintiff is awarded $250.00 in Statutory Court Costs (as per Order of App. Division Order dated 10/30/07). ... The motions (Seq. 09, 10) and Conference is hereby referred to CCP on for Dec. 4, 2008 (in Rm. 274). MG, Motion Seq. # 011".

498. **Wholly without jurisdiction,** this Order **unconstitutionally, intentionally, and maliciously denied** relief requested by Plaintiff's EMERGENCY ORDER TO SHOW CAUSE WITH T.R.O. IN CIVIL ACTION, dated October 15, 2008 and returnable on October 30, 2008, **which requested permission for the plaintiff, Nella Manko, to represent herself pro se,** from which the Appeal pending under Appellate Division Docket No. **2009-02637** emanates, and thus deprived Manko of her **right to equal protection of all the laws,** right to due process of law, and the due course of justice was impeded, in violation of New York State Constitution §6, due

process of law; New York State Constitution §11, equal protection under the law; the Fifth, and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983.

499. Steinhardt, Justice, added **misleading** spontaneous relief to the Order, dated October 30, 2008, that "the Court takes Judicial Notice that the Notice of Medical Malpractice was filed in the County Clerk's Office ... in full compliance of previous court order, dated 01/24/08".

500. **Pro Se Office of KINGS COUNTY SUPREME COURT OF THE STATE OF NEW YORK** under the care of **ADMINISTRATIVE JUDGE fraudulently, intentionally, and maliciously** gave the plaintiff Legally Faulty Package, containing Legally Faulty Form "How to write ORDER TO SHOW CAUSE WITH T.R.O. IN CIVIL ACTION", **which did not have a separate paragraph requesting a separate Order granting what the moving party wants to be granted pending the hearing of a motion.** This missing paragraph should state: "Pending the hearing of this motion it is ORDERED that all the proceedings in this case are temporarily stop (stayed)".

501. Plaintiff's Order to Show Cause with T.R.O. in Civil Action, Seq. No.: 011, dated October 15, 2008 and originally made returnable by the Justice Marsha L. Steinhardt on October 30, 2008, used this Legally Faulty Package, and **Part 72 (Ex. Part Motions) of KINGS COUNTY SUPREME COURT OF THE STATE OF NEW YORK,** under the care of **Administrative Judge, and Marsha L. Steinhardt, Justice, intentionally negligently did not correct it and did not grant pro se plaintiff requested by her "Stay all proceeding in this Case until the court renders a decision on this Order to Show Cause", which is prejudiced the plaintiff,** and thus deprived Manko of her **right to equal protection of all the laws,** right to due process of law, and the due course of justice was impeded, in violation of New York State Constitution §6, due process of law; New York State Constitution §11, equal protection under the law; the Fifth, and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983.

502. Because requested **"Stay all proceeding"** was denied, pro se plaintiff filed Notice of Appeal from the signed Order to Show Cause with T.R.O. in Civil Action, Seq. No.: 011, dated October 15, 2008, received in Kings County Clerk's Office on January 08, 2009 and **maliciously filed on April 13, 2009,** from which emanates the **Appeal with RADI No. 2009-02638 dismissed by the Appellate Division Order dated September 03, 2009 (Slip Opinion No: 2009 NY Slip Op 82760(U)).**

503. The plaintiff delayed submission of the motion for Leave to Amend the Summons and Complaint (Seq. No. 012) because she waited for decision on the Order to Show Cause with T.R.O. in Civil Action (Seq. No.: 011), to clarify if she is proceeding pro se.

504. **Wholly without jurisdiction,** Marsha L. Steinhardt, Justice, denied relief requested by Plaintiff's EMERGENCY ORDER TO SHOW CAUSE WITH T.R.O. IN CIVIL ACTION, dated October 15, 2008 and returnable on October 30, 2008, **which requested permission for the plaintiff, Nella Manko, to represent herself pro se,** when, according to the Challenged Order dated October 30, 2008, it is predicated on none existing Court Order allegedly issued before, which "previously relieved the Plaintiff's Attorney" where Marsha L. Steinhardt, Justice, **intentionally** did not specify the date of this none existing allegedly "previous" Order and the date when this "previous" Order was entered in the Office of the Clerk of the Kings County Supreme Court, and where, after the action was restored, the only known Order issued before October 30, 2008 by Justice Steinhardt is a Short Form Order, dated January 24, 2008, which does not address relief requested by Plaintiff's EMERGENCY ORDER TO SHOW CAUSE WITH T.R.O. IN CIVIL ACTION (Motion Sequence Number: 011, ORIG: 10/30/2008), and

thus deprived Manko of her **right to equal protection of all the laws,** right to due process of law, and the due course of justice was impeded, in violation of New York State Constitution §6, due process of law; New York State Constitution §11, equal protection under the law; the Fifth, and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983.

505. Further, Hospital's attorney Lugara, Esq., from Garson DeCorato & Cohen, LLP, was present at Part 15 during Appearance and Oral Argument, dated January 24, 2008, when Justice Marsha L. Steinhardt issued a Short Form Order, dated January 24, 2008; attorney Lugara witnessed that the plaintiff was treated by the justice as a plaintiff representing herself, pro se, and he did not object, hence it is equivalent that the Order permitting the plaintiff, Nella Manko, to represent herself Pro Se should have been **deemed** by Marsha L. Steinhardt, Justice, as served on defendant Hospital on January 24, 2008, but **intentionally negligently it was not deemed.**

506. The Order, dated October 30, 2008, of Marsha L. Steinhardt, Justice, should have been granting the following statements: "The plaintiff, Nella Manko, is permitted to represent herself Pro Se, an Attorney David A. Gabay, Esq., is relieved, the Order permitting the plaintiff, Nella Manko, to represent herself Pro Se is deemed served on January 24, 2008, and it is further **ordered that all the proceedings in this case are temporarily stop (stayed) from October 15, 2008 until the Court renders its Decision and Order on this motion, and the Order is filed** in Kings County Clerk's Office.

507. Marsha L. Steinhardt, Administrative Judge, KINGS COUNTY SUPREME COURT OF THE STATE OF NEW YORK, KINGS COUNTY CLERK'S OFFICE, John Doe1, and John Doe2, **intentionally** did not update court records with the documents possibly supplied by the "LAW OFFICES OF DAVID A. GABAY", who **fraudulently and without valid contract** may have been representing the plaintiff, in order to dupe pro se plaintiff and cause dismissal of plaintiff's Action against Lenox Hill Hospital, Index No. 30972/2004.

508. JUSTICE MARSHA L. STEINHARDT, ADMINISTRATIVE JUDGE, KINGS COUNTY SUPREME COURT OF THE STATE OF NEW YORK, KINGS COUNTY CLERK'S OFFICE, John Doe1, and John Doe2, **want to destroy** transcript of Oral Arguments with Justice Steinhardt dated October 30, 2008, which was held in Part 15, Room 419, on October 30, 2008 when Plaintiff's EMERGENCY ORDER TO SHOW CAUSE WITH T.R.O. IN CIVIL ACTION (Motion Sequence Number: 011, ORIG: 10/30/2008) was heard. Court reporter Eileen Mcloughlin refused to provide this transcript dated October 30, 2008.

509. Additionally, defendant **wants to destroy** transcript of Oral Arguments with Justice Steinhardt dated January 24, 2008, which was held in Part 15, Room 419, when Order, dated January 24, 2008, of Marsha L. Steinhardt, Justice, was issued. Court reporter Eileen Mcloughlin, refused to provide this transcript, dated January 24, 2008.

510. Marsha L. Steinhardt, Justice, **denied relief requested** by Plaintiff's EMERGENCY ORDER TO SHOW CAUSE WITH T.R.O. IN CIVIL ACTION (Order is not addressing the relief requested), **which requested permission for the plaintiff, Nella Manko, to represent herself pro se**, when, according to the Challenged Order dated October 30, 2008, it is predicated on none existing Court Order allegedly issued before, which "previously relieved the Plaintiff's Attorney" where Justice Marsha L. Steinhardt improperly did not specify the date of this none existing allegedly "previous" Order and the date when this "previous" Order was entered in the Office of the Clerk of the within named Court, and where, after the action was restored, the only known Order issued before October 30, 2008 by Justice Steinhardt is a Short Form Order, dated January 24, 2008, which does not address relieve requested by Order to Show Cause with T.R.O. in Civil Action, Motion Sequence Number: 011, ORIG: 10/30/2008, and thus deprived Manko of

her **right to equal protection of all the laws,** right to due process of law, and the due course of justice was impeded, in violation of New York State Constitution §6, due process of law; New York State Constitution §11, equal protection under the law; the Fifth, and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983.

511. On March 03, 2009, Plaintiff filed in Kings County Clerk's Office Notice of Entry on January 08, 2009 of Order of Justice Marsha L. Steinhardt, dated October 15, 2008, which was served on defendant Lenox Hill Hospital on March 02, 2009, and attached affidavit of service, but clerk of Kings County Clerk's Office mailed this document back to plaintiff, and destroyed it after plaintiff brought this document back to Kings County Clerk's Office.

512. On March 26, 2009, Plaintiff filed in Kings County Clerk's Office Notice of Entry on January 30, 2008 of Order of Justice Marsha L. Steinhardt, dated January 24, 2008, which was served on defendant Lenox Hill Hospital on March 23, 2009, and attached affidavit of service, but clerk of Kings County Clerk's Office, on April 13, 2009, mailed this document back to plaintiff, and destroyed it after plaintiff brought this document back to Kings County Clerk's Office.

**APPEAL WITH RADI NUMBER: 2009-03661 (filed in Appellate Division on July 29, 2010, this Appeal was not decided for four (4) years after it was submitted)**

513. On **September 04, 2008,** Plaintiff submitted Motion, **Seq. No. 009,** originally returnable on September 25, 2008, for an Order to Deem timely served and filed Notice of Medical Malpractice Action upon defendant, Lenox Hill Hospital, or Granting Leave to Renew her previous Application (**Motion Seq. No. 005**) to File a late Notice of Medical Malpractice Action (**Payment No. 1758868, 09/04/2008, 4:56p, Tr. 2031686**).

514. Motion Seq. No. 009 was **denied** by Justice Marsha L. Steinhardt's Order dated January 22, 2009, received in Kings County Clerk's Office on March 12, 2009 and **filed on April 20, 2009,** from which the Appeal pending under **Appellate Division Docket No. 2009-03661** emanates. Order of the Kings County Supreme Court Justice Marsha L. Steinhardt, dated January 22, 2009, and received in Kings County Clerk's Office on March 12, 2009 and **filed on April 20, 2009,** is an Order, from which emanates **the Appeal filed in Appellate Division and paid on July 29, 2010,** and pending under **Appellate Division Docket No. 2009-03661 (this Appeal was not decided for four (4) years).** Motion Seq. No. 09 made by notice of motion, and Order to Show Cause Seq. No. 17, dated November 28, 2008 and originally returnable on December 04, 2008 **do not request relief:** "Plaintiff's motion to be recognized as proceeding pro se is granted", which is stated in the Order dated January 22, 2009, maliciously received in Kings County Clerk's Office on March 12, 2009 and maliciously **filed on April 20, 2009.**

515. On October 30, 2008, Justice Marsha L. Steinhardt issued an Order dated October 30, 2008 and received in Kings County Clerk's Office on January 08, 2009, and maliciously filed on April 13, 2009, which states that **plaintiff's attorney has been previously relived by an Order of the Court.**

516. That on January 22, 2009, Justice Steinhardt, intentionally negligently issued **unconstitutional** Order, stating for Motions Seq. Nos.: 09 and 17 that "Plaintiff's motion to be recognized as proceeding pro se is granted", **in order to be able to deny** Motion Seq. No. 12, which requested Leave to Amend the Summons and Complaint, Index No.: 30972/2004, and later to deny Motion Seq. 25, made by notice of motion and requesting Leave to Renew plaintiff's application to file late Notice of Medical Malpractice Action, *nunc pro tunc*, and for Leave to amend Complaint or determining that plaintiff's current complaint is Amended Verified

Complaint, dated February 12, 2008 and filed in Kings county Clerk's Office on April 30, 2008, to deny discovery and to convert plaintiff's action to a general case. **This statement must be deleted from the Order, it is equivalent of denying pro se plaintiff the right to represent herself pro se for at least six (6) months (until April 20, 2009), and the Order, dated January 22, 2009, received in Kings County Clerk's Office on March 12, 2009 and filed on April 20, 2009, must be reversed.**

517. Marsha L. Steinhardt, Justice, contradicted herself when she added spontaneous relief to the Order, dated October 30, 2008, which decided Order to Show Cause Seq. No. 011, dated October 15, 2008, that: "the Court takes Judicial Notice that the Notice of Medical Malpractice was filed in the County Clerk's Office … in full compliance of previous Court Order, dated 01/24/08", and at the same time denied Plaintiff's Motion Seq. No. 09, which requested relief to determine and/or to deem that the Notice of Medical Malpractice Action was timely served on the Hospital. If the Marsha L. Steinhardt, Justice, denied Plaintiff's Motion Seq. No. 09, which requested relief to determine and/or to deem that the Notice of Medical Malpractice Action was timely served on the Hospital, then the Notice of Medical Malpractice Action cannot be filed in the County Clerk's Office … in full compliance of previous court order, dated 01/24/08.

518. Marsha L. Steinhardt, Justice, erred in denying the pro se Plaintiff's Motion Seq. No. 09, made by notice of motion, originally returnable on September 25, 2008, which requested an Order Deeming Timely Served and Filed Notice of Medical Malpractice Action, or Granting Leave to File a late Notice of Medical Malpractice Action. Justice Marsha L. Steinhardt did not state in the Order the reason for denying Motion Seq. No. 09, which makes it impossible to argue the Order. The Motion Seq. No. 09 was denied because Marsha L. Steinhardt, Justice, **denied requested by the plaintiff, Nella Manko, permission to represent herself pro se**, which was requested on October 15, 2008 by submitted plaintiff's Order to Show Cause with T.R.O., Seq. No. 011, and thus deprived Manko of her **right to equal protection of all the laws,** right to due process of law, and the due course of justice was impeded, in violation of New York State Constitution §6, due process of law; New York State Constitution §11, equal protection under the law; the Fifth, and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983.

**Appellate Division Decisions and Orders on Motions regarding certification of the appellant's appendix filed in connection with the appeal under Docket No. 2009-03661.**

519. Appellate Division Decision and Order on Motion, dated **September 08, 2010**, by Hon. Anita R. Florio, P.J., Thomas A. Dickerson, John M. Leventhal, Cheryl E. Chambers, JJ., **Slip Opinion No: 2010 NY Slip Op 81686(U)**, denied the following: "ORDERED that the motion to waive the requirements of 22 NYCRR 670.10.2(f) regarding certification of the appellant's appendix filed in connection with the appeal under Appellate Division Docket No. 2009-03661 is granted on condition that on or before October 8, 2010, the appellant remove pages 227 through 234, 237 through 246, 254 through 259, 394 through 395, 506 through 509, and 519 through 524 from the copies of the appellant's appendix filed with the Clerk of the Court filed in connection with the appeal under Appellate Division Docket No. 2009-03661 or serve and file a replacement appendix that does not contain that material".

520. Pro se plaintiff-appellant submitted appellate motion, dated November 29, 2010 and returnable on **December 10, 2010**, for an Order annulling and vacating this portion of the Appellate Order, dated September 08, 2010, and granting complete certification of the appellant's appendix on the following grounds: **(1)** Only Pro Se Appellants are required to submit motion to

waive certification and it granted based on financial status, and motion to waive certification under Docket No. 2009-04744 was previously granted; and **(2)** pages 227 - 231 are Summons and Complaint, bearing Index No. 30972/2004, filed in Kings County Clerk's Office on 09/29/2004; 232 is Affidavit of Service of Summons and Complaint on Hospital, bearing Index No. 30972/2004, filed on 10/08/04; 237 - 238 are Steinhardt's Order received in Kings County Clerk's Office on **06/22/05**, 239 - 246 are plaintiff's motion **seq. no. 05**; 254 - 259 are verified complaint filed on 11/01/05; 394 - 395 are Steinhardt's Order received in Kings County Clerk's Office on **01/08/09**; 506 – 507 are defendant Hospital Notice of Motion seq. 04 for an Order pursuant to CPLR 3211 dismissing the Complaint, from which Appeal 2006-02907 emanated; 508 – 509 Justice Steinhardt's Order received in Kings County Clerk's Office on **02/27/06**; 519 – 521 are Kings County Clerk's Office Docket Sheet; 522 – 524 are Case Management Report Index No. 30972/2004.

521. Appellate Division Decision and Order on Motion, dated **February 14, 2011**, by Hon. Anita R. Florio, P.J., Thomas A. Dickerson, Plummer E. Lott, Leonard B. Austin, JJ., **Slip Opinion No: 2011 NY Slip Op 63995(U)**, which decided plaintiff-appellant motion returnable on December 10, 2010, again denied certification of the appellant's appendix.

522. The pro se plaintiff-appellant filed Petition for a Writ of Certiorari in the Supreme Court of the United States, filed in Washington DC on March 30, 2011 (Supreme Court **Docket No. 10-9776**, Title: Nella Manko, Petitioner v. Lenox Hill Hospital).

523. Pro se plaintiff-appellant submitted motion, returnable on **June 03, 2011**, for an Order, pursuant to CPLR 5015, to **RECALL** and **VACATE portion** of Appellate Division Decision and Order on Motion, dated February 14, 2011, which denied complete certification of pro se plaintiff-appellant's appendix filed in connection with the appeal under Appellate Division Docket No. 2009-03661, and granting complete certification of the appellant's appendix.

524. Appellate Division Decision and Order on Motion, dated **August 11, 2011**, by Hon. Anita R. Florio, P.J., Thomas A. Dickerson, Plummer E. Lott, Leonard B. Austin, JJ., **Slip Opinion No: 2011 NY Slip Op 80796(U)**, decided plaintiff's motion returnable on June 03, 2011, and ordered that the motion to waive the requirements of 22 NYCRR 670.10.2(f) regarding certification of the appellant's appendix filed in connection with the appeal pending under Appellate Division Docket No. 2009-03661 **is granted**.

525. **Pro Se Plaintiff moves that she be compensated for time spent learning New York and federal law, and court procedures, and in preparing court documents. Plaintiff moves that she be compensated for anxiety, bitterness, and sleepless nights resulting from litigation experience.**

### APPEAL WITH RADI NUMBER: 2009-02640 (filed in Appellate Division on February 17, 2010, this Appeal was not decided for more than four (4) years after it was submitted)

526. The plaintiff submitted Motion to Compel Discovery returnable on October 02, 2008 (SEQ.: 010, ORIG: 10/02/2008), made by notice of motion (**Payment No. 1764659, 09/16/2008, 4:46pm, Tr. 2038532**), and **two (2) Motions to Strike Defendant's Answer**: First Motion to Strike Defendant's Answer, made by notice of motion (**Payment No. 1792811, 11/07/2008, 4:21pm, Tr. 2071754**), was returnable on November 14, 2008 (SEQ.: 015, ORIG: 11/14/2008) and Second Motion to Strike Defendant's Answer, made by notice of motion (**Payment No. 1797901, 11/17/2008, 4:36pm, Tr. 2077598**), was returnable on November 28, 2008 (SEQ.: 016, ORIG: 11/28/2008). Each one of these Motions has its own preceding good faith plaintiff's demand for outstanding discovery being made by letter.

527. Motion to Compel Discovery (SEQ.: 010, ORIG: 10/02/2008), made by notice of motion, originally returnable on October 02, 2008 (Payment No. 1764659, 09/16/2008, 4:46pm, Tr. 2038532) and Motion to Strike Defendant's Answer (SEQ.: 015, ORIG: 11/14/2008), made by notice of motion, originally returnable on November 14, 2008 (Payment No. 1792811, 11/07/2008, 4:21pm, Tr. 2071754) **were unconstitutionally taken of the calendar by using the following manipulations by Clerks in violation of rules of the Court**:

    a)  Two (2) Motions to Strike Defendant's Answer, which include (First) Motion to Strike Defendant's Answer (Payment No. 1792811, 11/07/2008, 4:21pm, Tr. 2071754), originally returnable on November 14, 2008 (SEQ.: 015, ORIG: 11/14/2008), and (Second) Motion to Strike Defendant's Answer (Payment No. 1797901, 11/17/2008, 4:36pm, Tr. 2077598), originally returnable on November 28, 2008 (SEQ.: 016, ORIG: 11/28/2008), were unconstitutionally and in violation of rules of the Court put on the calendar of Central Compliance Part, instead of calendar of Justice Marsha L. Steinhardt's Part 15;

    b)  After that all these three (3) motions were sent back to Part 15 by the Order of Justice Balter, dated November 13, 2008, to be heard on December 04, 2008;

    c)  On November 14, 2008, plaintiff appeared in Central Compliance Part on time and stayed until the end of Default Calendar Call, and answered two (2) calendar calls for all plaintiff's motions on the calendar; **Please take notice that Calendar Calls, dated November 14, 2008, were improperly conducted about one hour later than scheduled by the Court**;

    d)  Clerk of Central Compliance Part, who transfers motions manually to Part 15, has a power to change Order in which these motions are sent back to Part 15, which means calendar numbers of these motions were changed in a way that now Second Motion to Strike Defendant's Answer, Seq. No.: 16 (Payment No. 1797901, 11/17/2008, 4:36pm, Tr. 2077598), originally returnable on November 28, 2008 (SEQ.: 016, ORIG: 11/28/2008) has Calendar Number **33**, First Motion to Strike Defendant's Answer, Seq.: 15 (Payment No. 1792811, 11/07/2008, 4:21pm, Tr. 2071754), originally returnable on November 14, 2008 (SEQ.: 015, ORIG: 11/14/2008) has Calendar Number **35**, and Motion to Compel Discovery, Seq.: 10 (Payment No. 1764659, 09/16/2008, 4:46pm, Tr. 2038532), originally returnable on October 02, 2008 (SEQ.: 010, ORIG: 10/02/2008) has Calendar Number **36.**

528. Now, <u>only</u> Motion Seq. No. 16 is effectively remained on the calendar, and Defendant Hospital is protected from Notification that the Hospital must preserve medical records of the plaintiff, and **the plaintiff's action can be dismissed for lack of prosecution.**

529. Additionally, these plaintiff's Motions to Strike Defendant's Answer **unconstitutionally** were taken of the calendar by the **Order of the Marsha L. Steinhardt, Justice, dated December 04, 2008,** received in Kings County Clerk's Office on January 08, 2009 and **maliciously filed on April 13, 2009**, from which emanates the **Appeal with RADI No. 2009-02639, dismissed by the Appellate Division Order dated September 3, 2009 (Slip Opinion No: 2009 NY Slip Op 82760(U)).** The Order dated December 04, 2008, of the Marsha L. Steinhardt, Justice, transferred these motions to Justice Bruce M. Balter of Central Compliance Part, who does not have an authority to decide plaintiff's Motions to Strike Defendant's Answer.

530. Also the motions were not on his CCP Calendar, and Justice Bruce M. Balter only issued a spontaneous Order, dated December 04, 2008, <u>and thus deprived Manko of her **right to equal protection of all the laws,** right to due process of law, and the due course of justice was impeded, in violation of New York State Constitution §6, due process of law; New York State</u>

Constitution §11, equal protection under the law; the Fifth, and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983.

531. **Order of the Supreme Court, County of Kings, Justice Bruce M. Balter, dated December 04, 2008**, received in Kings County Clerk's Office on January 08, 2009 and **maliciously filed on April 13, 2009**, is an Order, from which emanates **the Appeal filed in Appellate Division and paid on February 17, 2010, and pending under Appellate Division Docket No. 2009-02640 (this Appeal is not decided for more than four (4) years).**

532. Two of the three motions are motions to strike defendant Hospital Answer for not compliance with two prior Orders for Discovery and these motions could not be decided by Justice Bruce M. Balter because he is not IAS assigned Justice. These motions must be <u>only</u> decided by Marsha L. Steinhardt, Justice, Part 15, who is an IAS assigned Justice for action 30972/2004. Motion Court Justice Marsha L. Steinhardt, IAS Part 15, erred in issuing an Order, dated December 4, 2008, which unconstitutionally removed plaintiff's motions, seq. nos. 010, 015, and 016, of the calendar of Part 15, and which transferred the motions to CCP Part for resolving compliance issues, but "forgetting" to add in the Order that the motions should be returned back to Part 15 for deciding relief to strike defendant Hospital Answer, which was requested by the plaintiff, because Marsha L. Steinhardt, Justice, **denied requested by the plaintiff, Nella Manko, permission to represent herself pro se**, which was requested on October 15, 2008 by submitted plaintiff's Order to Show Cause with T.R.O., Seq. No. 011, and thus deprived Manko of her **right to equal protection of all the laws**, right to due process of law, and the due course of justice was impeded, in violation of New York State Constitution §6, due process of law; New York State Constitution §11, equal protection under the law; the Fifth, and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983.

533. Justice Bruce M. Balter should have issued an Order requesting defendant Hospital to comply with plaintiff's demands in 15 days but <u>Justice Balter's Order did not state any date for compliance</u>, and Justice Balter did not issue an Order to transfer the Motions back to Justice Steinhardt Part 15, Room 419. Marsha L. Steinhardt, Justice, (Part 15, Room 419) is IAS Judge in this Case and by law must decide Motions made by Notice of Motion to Strike Defendant's Answer. Defendant Hospital's attorney Lugara, Esq., from Garson DeCorato & Cohen, LLP, was present during oral arguments dated December 04, 2008 in Part of Justice Bruce M. Balter but to the date the defendant Hospital has failed to comply with the Order of Justice Balter.

534. Order of Justice Bruce M. Balter, dated December 04, 2008, received in Kings County Clerk's Office on January 08, 2009 and **filed on April 13, 2009,** must be corrected to state dates of Motions to Compel as follows: October 02, 2008, November 14, 2008, November 28, 2008, and <u>must state explicitly Calendar Numbers</u> and the Motions Seq. Numbers of the Motions.

**APPEAL WITH RADI NUMBER: 2009-04744 (filed in Appellate Division on April 23, 2010, this Appeal was not decided for more than four (4) years after it was submitted)**

535. The plaintiff submitted Motion, originally returnable on November 12, 2008 (Seq. No. 012, ORIG: 11/12/2008), made by notice of motion (**Payment No. 1790009, 11/03/2008, 3:56pm, Tr. 2068476**), requesting an Order for **Leave to Amend the Summons and Complaint against Hospital and to add additional defendants united in interest with co-defendant Lenox Hill Hospital [EXHIBIT "15 (A. 657-683, A. 772-774)", EXHIBIT "14 (A. 294-335)", EXHIBIT "14 (A. 2-14)", EXHIBIT "14 (A. 219-220, A. 502-534, A. 221-254)"].**

536. The plaintiff delayed submission of the motion for leave to amend the Summons and Complaint because she waited for decision on the Order to Show Cause with T.R.O. In Civil Action, Seq. No.: 011, to clarify if she is proceeding pro se.

537. Order of the Supreme Court, County of Kings, Justice Marsha L. Steinhardt, dated January 22, 2009, and received in Kings County Clerk's Office on March 11, 2009 and maliciously **filed on April 22, 2009**, orders that Plaintiff's Motion (Seq. 012), originally returnable on November 12, 2008, requesting an Order for Leave to Amend the Summons and Complaint is denied, for reasons as stated on the record.

538. **Order of the Supreme Court, Kings County, Justice Marsha L. Steinhardt, dated January 22, 2009,** received in Kings County Clerk Office on March 11, 2009 and **maliciously filed on April 22, 2009**, is an Order, from which **emanates the Appeal filed and paid on April 23, 2010, and pending under Appellate Division Docket No. 2009-04744 (this Appeal was not decided for more than four (4) years)**.

539. Plaintiff's Motion Seq. 012, originally returnable on November 12, 2008, which requested an Order granting Leave to Amend the Summons and Complaint, was denied because Marsha L. Steinhardt, Justice, **delayed to grant requested by plaintiff permission to represent herself pro se**, which was requested on **October 10, 2008**, by plaintiff's Emergency Order to Show Cause with T.R.O., **Seq. No. 011,** and thus deprived Manko of her **right to equal protection of all the laws.**

540. Appellate Division issued the following: **(a)** Decision & Order, dated **June 04, 2014** (Docket No. **2009-04744**); **(b)** Decision & Order, dated **June 04, 2014** (Docket No. **2009-03661**); **(c)** Decision & Order, dated **June 04, 2014** (Docket Nos.: **2009-02637, 2009-02640**); and **(d)** Decision and Order on Motion, dated **June 04, 2014** (Docket No. **2009-04744**).

541. Appellate Division **improperly waited for four (4) years** until Appeals with Docket Nos.: **2012-02867** and **2012-06650** were dismissed by the Court of Appeals, which, additionally, **implicitly** dismissed Appeals with Docket Nos.: **2010-09054 and 2010-9053, to being enabled** to issue Decision & Order, dated **June 04, 2014** for Appellate Div. Docket No.: **2009-04744**, by Hon. Thomas A. Dickerson, J.P., Leonard B. Austin, Sheri S. Roman, Sylvia O. Hinds-Radix, JJ., deciding that the Supreme Court properly denied the [pro se] plaintiff's motion [Seq. No. 012] for leave to amend her complaint to add the proposed defendants [which is barred by the doctrine of res judicata], and to affirm all Supreme Court Orders appealed under Docket Nos.: **2009-04744, 2009-03661, 2009-02637, and 2009-02640.**

542. Please take notice of The Mount Sinai Hospital Medical Record of Nella Manko's Surgery, dated **October 11, 2004**, Medical Record No. **2149374** [See **EXHIBIT "15 (A. 695–718)"**].

543. The following false information was entered in The Mount Sinai Hospital computer database of "AMBULATORY SURGERY FACESHEET" of the Plaintiff's medical records:

   a)      **RACE: "African American".** The Plaintiff has **"White Race"** and **Blue Eyes,** and requests to correct data to RACE: "WHITE RACE";

   b)      MARITAL STATUS: "Married". The Plaintiff requests to correct data to MARITAL STATUS: "SINGLE";

   c)      The Plaintiff requests to enter REASON FOR ADMISSION: "Removal of Hardware of Left Ankle", which was the proposed procedure;

   d)      The Plaintiff requests to enter DIAGNOSIS: "Painful and Damaging Hardware", which was the reason that brought the Plaintiff to the office of Dr. Strauss;

e)      The Plaintiff requests to enter Plaintiff's insurance information, which is: Empire Health Choice HMO, INC; Contract Number: **83996540**. The Plaintiff is not a Nurse and cannot have State Nurses Insurance.

544.   The Plaintiff requests to correct "Operative Report" to state that the operation was performed on LEFT ANKLE. The Plaintiff requests to delete false statement that "the patient was involved in a pedestrian motor vehicle accident" and to enter statement that "the patient had trip and fall accident on a subway grading".

545.   The Plaintiff requests to correct all forms to enter LEFT ANKLE and the correct Plaintiff's name.

546.   The Plaintiff requests to correct Form "Anesthesia Record" to enter **the correct Plaintiff's WEIGHT, which is 51 kg (130 lb), and not grossly false 130 kg (286 lb)**."

547.   The corrections requested by the Plaintiff are very significant, not to make these corrections is actually equivalent to erasing history that the Plaintiff had surgery, dated October 11, 2004, on LEFT ANKLE in THE MOUNT SINAI HOSPITAL, and the surgery was "REMOVAL OF HARDWARE OF LEFT ANKLE". Please see The Mount Sinai Hospital Medical Record of Nella Manko's Surgery, dated **October 11, 2004**, Medical Record No. **2149374 [EXHIBIT "15 (A. 695–718)"]**.

## POINT 25

548.   Please take notice that Plaintiff filed **Notice of Appeal** to the New York State Court of Appeals, dated **November 18, 2015**, bearing Supreme Court, Kings County, Clerks Office Stamp "Received Kings County Clerk **November 18, 2015**", stemming from New York Appellate Division (2d Dep't) Docket Nos.: **2009-04744, 2009-03661, 2009-02637, 2009-02640**, which appealed the following Orders of New York State Supreme Court Appellate Division (2d Dep't): **(a)** DECISION & ORDER ON MOTION, dated October 19, 2015 (Appellate Division (2d Dep't) Docket No.: 2009-04744), **(b)** DECISION & ORDER ON MOTION, dated **October 19, 2015** (Appellate Division (2d Dep't) Docket No.: 2009-03661), **(c)** DECISION & ORDER ON MOTION, dated **October 19, 2015** (Appellate Division (2d Dep't) Docket Nos.: 2009-02637, 2009-02640); **(d)** DECISION & ORDER ON MOTION, dated July 07, 2015 (Appellate Division (2d Dep't) Docket No.: 2009-04744), **(e)** DECISION & ORDER ON MOTION, dated **July 07, 2015** (Appellate Division (2d Dep't) Docket No.: 2009-03661), and **(f)** DECISION & ORDER ON MOTION, dated **July 07, 2015** (Appellate Division (2d Dep't) Docket Nos.: **2009-02637, 2009-02640**) **[EXHIBIT "1C1"]**.

549.   CPLR 5015(a)(5) states that the Court that rendered an order should relieve a party from it upon the ground of reversal, modification, or vacatur of a prior order upon which it is based. CPLR 5015(a)(5) is applicable here because State of New York, Court of Appeals **Corrected Order**, dated and entered **March 24, 2016**, and **corrected** on **June 28, 2016 (SSD 16, APL-2015-00313) [EXHIBIT AA9]**, states that "ORDERED, that the appeal is dismissed without costs, by the Court sua sponte, upon the ground that the **orders [plural is significant] appealed from do not finally determine the action within the meaning of the Constitution**.", the Appeal to the Court of Appeals was filed by Notice of Appeal, dated and filed in Kings County Clerk's Office on **November 18, 2015 [EXHIBIT "1C1"]**, and is stemming from New York Appellate Division (2d Dep't) Docket Nos.: **2009-04744, 2009-03661, 2009-02637, 2009-02640**, Supreme Court, Kings County, Index No.: **30972/2004**.

550. Order, dated **March 24, 2016**, <u>SSD 16</u>, **modified** Decision & Order, dated **June 04, 2014**, Appellate Division (2d Dep't) Docket No.: **2009-04744**, and, hence, the Order of Justice Marsha L. Steinhardt, dated **January 22, 2009** and filed **March 11, 2009**, motion **seq. no. 012**, <u>**the modification implies**</u> that doctrine of res judicata does not applies in plaintiff's action <u>30972/2004, and plaintiff can amend complaint in Kings County Supreme Court Action Index No. 30972/2004 (Nella Manko, plaintiff, v. Lenox Hill Hospital, defendant) to assert new causes of action against the Hospital itself and can add the same defendants as were named in *Manko v Mannor* (55 AD3d 471), and to assert the same causes of action against them as were asserted against them in that case.</u> After the amendment of complaint defendant Hospital's Motion, **Seq. No. 40**, for an Order granting leave to renew and reargue its motion granting summary judgment in favor of defendant dismissing all claims with prejudice, **must be decided as "MD"**, and summary judgment cannot be granted as a matter of law because defendant Hospital has not met its initial burden of establishing its lack of negligence and medical malpractice. Hence, **final** Order and Judgment, **dated October 07, 2011 and entered February 07, 2012**, of Justice Marsha L. Steinhardt, which granted Defendant Lenox Hill Hospital's frivolous Motion, **Seq. No. 40**, for an Order granting leave to renew and reargue its motion granting summary judgment in favor of defendant, dismissing all claims with prejudice, <u>**should be vacated [EXHIBIT "AA1", EXHIBIT "15 (A. 657–683, A. 772–774)", EXHIBIT "14 (A. 294-335)", EXHIBIT "14 (A. 2-14)", EXHIBIT "14 (A. 219-220, A. 502-534, A. 221-254)"]**</u>.

551. Please take notice of the New York State Court of Appeals **Corrected** ORDER, dated **March 24, 2016**, <u>SSD 16</u>, (Nella Manko, Appellant, v. Lenox Hill Hospital, Respondent), which states: "ORDERED, that the appeal is dismissed without costs, by the Court <u>sua sponte</u>, upon the ground that <u>the orders appealed from do not finally determine the action within the meaning of the Constitution</u>", and which dismissed Appeal **(APL-2015-00313)**, filed by Notice of Appeal dated **November 18, 2015**, which is stemming from New York Appellate Division (2d Dep't) Docket Nos.: **2009-04744, 2009-03661, 2009-02637, 2009-02640**, Kings County Supreme Court Index No. **30972/2004 [EXHIBIT "AA9"]**.

552. CPLR 5015(a) (5) is applicable here because Court of Appeals **Corrected** ORDER, dated **March 24, 2016**, <u>SSD 16</u>, **modified** Decision & Order, dated **June 04, 2014**, Appellate Division (2d Dep't) Docket No.: **2009-04744 [EXHIBIT "AA1"]**, and, hence, the Order of Justice Marsha L. Steinhardt, dated **January 22, 2009** and filed **March 11, 2009 [EXHIBIT "15 (A.657-683, A.772-774 )"]**, motion **seq. no. 012 [EXHIBIT "14 (A. 294-335)"]**, <u>**the modification implies**</u> that doctrine of res judicata does not applies in plaintiff's action **30972/2004**, and plaintiff can amend complaint in Kings County Supreme Court Action Index No. **30972/2004** (Nella Manko, plaintiff, v. Lenox Hill Hospital, defendant) to assert new causes of action against the Hospital itself and can add the same defendants as were named in *Manko v Mannor* (55 AD3d 471), and to assert the same causes of action against them as were asserted against them in that case.

553. After that defendant Hospital's Motion, **Seq. No. 40**, for an Order granting leave to renew and reargue its motion granting summary judgment in favor of defendant dismissing all claims with prejudice, **must be decided as "MD"**, and summary judgment cannot be granted as a matter of law because defendant Hospital has not met its initial burden of establishing its lack of negligence and medical malpractice. Hence, Final Order and Judgment, **dated October 07, 2011 and entered February 07, 2012**, of Justice Marsha L. Steinhardt, which granted Defendant Lenox Hill Hospital's frivolous Motion, **Seq. No. 40**, for an Order granting leave to renew and reargue its motion granting summary judgment in favor of defendant, dismissing all

claims with prejudice, **should be vacated** [EXHIBIT "AA1", EXHIBIT "15 (A.657-683, A.772-774 )", EXHIBIT "14 (A. 294-335)", EXHIBIT "14 (A. 2-14)", EXHIBIT "14 (A. 219-220, A. 502-534, A. 221-254)"].

## POINT 26

554.  See a true copy of State of New York Court of Appeals Order, dated and entered **November 18, 2014**, which dismissed an Appeal **(SSD 73)**, and which states that "ORDERED, that the appeal is dismissed without costs, by the Court sua sponte, **upon the ground that it does not lie** ...", the Appeal was filed by Notice of Appeal, dated **July 02, 2014** and filed in Kings County Clerk's Office on **July 07, 2014**, stemming from Appellate Division (2d Dep't) Docket Nos.: 2009-04744, 2009-03661, 2009-02637, 2009-02640, Supreme Court, Kings County, Index No.: **30972/2004 [EXHIBIT "1B1"]**.

555.  See a true copy of State of New York Court of Appeals Order, dated and entered **February 17, 2015 (Motion No. 2015–29)**, which states "Ordered, that the motion for reconsideration of this Court's **November 18, 2014** dismissal order is denied; and ... Ordered, that the motion for leave to appeal is dismissed upon the ground that this Court does not have jurisdiction to entertain it. **Judges Stein and Fahey took no part**", stemming from Appellate Division (2d Dep't) Docket Nos.: 2009-04744, 2009-03661, 2009-02637, 2009-02640, Supreme Court, Kings County, Index No.: 30972/2004 [EXHIBIT "1B2"].

556.  New York State Court of Appeals Order, dated **February 17, 2015 (Motion No. 2015– 29)**, decided two (2) Pro Se Appellant's Motions, both dated **December 18, 2014** and submitted *in forma pauperis* to the Court of Appeals **on December 18, 2014, VIA Certified Mail (Articles' Nos.: 9502 6000 0832 4352 0013 58** and **9502 6000 0832 4352 0013 63)**, for the following relief: **(1) First Motion** was **requesting TO RECONSIDER** Court of Appeals Order, dated **November 18, 2014 [EXHIBIT "AA2"]**, which **DISMISSED** an Appeal SSD 73, and **TO RESTORE** Appeal SSD 73 stemming from Appellate Division **(2d Dep't)** Docket Nos.: 2009- 04744, 2009-03661, 2009-02637, 2009-02640; and **(2) Second Motion** was **requesting an Order GRANTING LEAVE TO APPEAL TO THE COURT OF APPEALS** from **four (4)** Appellate Division **(2d Dep't)** Orders all dated **June 04, 2014** (Docket Nos.: 2009-04744, 2009-03661, 2009-02637, 2009-02640).

557.  See a true copy of State of New York Court of Appeals Order, dated and entered **May 14, 2015 (Motion No. 2015–392)**, which states that "Appellant having moved for reargument of a motion for leave to appeal to the Court of Appeals [Motion No. **2015–29**, decided **February 17, 2015**] and ... Upon the papers filed and due deliberation, it is Ordered, that the motion for reargument of a motion for leave to appeal is denied ... **Judges Stein and Fahey took no part**", stemming from New York Appellate Division (2d Dep't) Docket Nos.: 2009- 03661, 2009-02637, 2009-02640, Kings County Supreme Court Index No. 30972/2004 **[EXHIBIT "1B3"]**.

558.  See a true copy of **NOTICE OF APPEAL** to the New York State Court of Appeals, dated **July 02, 2014**, bearing Supreme Court, Kings County, Clerks Office Stamp "Received Kings County Clerk **July 7, 2014**", stemming from New York Appellate Division (2d Dep't) Docket Nos.: 2009-04744, 2009-03661, 2009-02637, 2009-02640, which was dismissed by Court of Appeals ORDER, dated **November 18, 2014 (SSD 73)**, and which includes the following appealed Orders of New York Appellate Division **(2d Dep't)**: **(a)** DECISION & ORDER, dated **June 04, 2014** (Appellate Div. Docket No.: 2009-04744), of the Supreme Court

of the State of New York Appellate Division: Second Judicial Department, by Hon. Thomas A. Dickerson, J.P., Leonard B. Austin, Sheri S. Roman, Sylvia O. Hinds-Radix, JJ., and duly entered in the office of the Clerk of the Supreme Court of the State of New York Appellate Division: Second Judicial Department, on **June 04, 2014**; **(b)** DECISION & ORDER, dated **June 04, 2014** (Appellate Div. Docket No.: **2009-03661**), of the Supreme Court of the State of New York Appellate Division: Second Judicial Department, by Hon. Thomas A. Dickerson, J.P., Leonard B. Austin, Sheri S. Roman, Sylvia O. Hinds-Radix, JJ., and duly entered in the office of the Clerk of the Supreme Court of the State of New York Appellate Division: Second Judicial Department, on **June 04, 2014**; **(c)** DECISION & ORDER, dated **June 04, 2014** (Appellate Div. Docket Nos.: **2009-02637, 2009-02640**), of the Supreme Court of the State of New York Appellate Division: Second Judicial Department, by Hon. Thomas A. Dickerson, J.P., Leonard B. Austin, Sheri S. Roman, Sylvia O. Hinds-Radix, JJ., and duly entered in the office of the Clerk of the Supreme Court of the State of New York Appellate Division: Second Judicial Department, on **June 04, 2014**; and **(d)** DECISION AND ORDER ON MOTION, dated **June 04, 2014** (Appellate Div. Docket No.: **2009-04744**), of the Supreme Court of the State of New York Appellate Division: Second Judicial Department, by Hon. Thomas A. Dickerson, J.P., Leonard B. Austin, Sheri S. Roman, Sylvia O. Hinds-Radix, JJ., and duly entered in the office of the Clerk of the Supreme Court of the State of New York Appellate Division: Second Judicial Department, on **June 04, 2014 [EXHIBIT "1B4"]**.

559. An Appeal with Appellate Division Docket No. **2009-04744** emanated from an Order, dated **January 22, 2009 and filed March 11, 2009**, of Justice Marsha L. Steinhardt, which **denied**, for reasons as stated on the record, plaintiff's motion **seq. no. 012**, originally returnable on **November 12, 2008**, made by notice of motion (**Payment No. 1790009, 11/03/2008, 3:56pm, Tr. 2068476**), requesting an Order for Leave to Amend the Summons and Complaint against Hospital to add additional defendants united in interest with co-defendant Lenox Hill Hospital.

560. **On June 04, 2014,** Appellate Division issued the following: **(a)** DECISION & ORDER, dated **June 04, 2014** (Docket No.: **2009-04744**); **(b)** DECISION & ORDER, dated **June 04, 2014** (Appellate Div. Docket No.: **2009-03661**); **(c)** DECISION & ORDER, dated **June 04, 2014** (Appellate Div. Docket Nos.: **2009-02637, 2009-02640**); and **(d)** DECISION & ORDER ON MOTION, dated **June 04, 2014** (Appellate Div. Docket No.: **2009-04744**). Appellate Division **improperly waited for four (4) years** until Appeals with Docket Nos.: **2012-02867 and 2012-06650** were dismissed by the Court of Appeals, which additionally **implicitly** dismissed Appeals with Docket Nos.: **2009-07602, 2010-09053, and 2010-9054, to be enabled** to issue Decision & Order, dated **June 04, 2014** for Appellate Division Docket No. **2009-04744**, by Hon. Thomas A. Dickerson, J.P., Leonard B. Austin, Sheri S. Roman, Sylvia O. Hinds-Radix, JJ., deciding that the Supreme Court properly denied the [pro se] plaintiff's motion [Seq. No. 012] for leave to amend her complaint to add the proposed defendants [which is barred by the doctrine of res judicata], and to affirm all Supreme Court Orders appealed under Docket Nos.: **2009-04744, 2009-03661, 2009-02637, and 2009-02640**. Pro Se Plaintiff-Appellant **did not submit** an Appellate Motion decided by DECISION & ORDER ON MOTION, dated **June 04, 2014** (Appellate Division Docket No.: **2009-04744**) and **demands a prove** that such motion exists, **Plaintiff-Appellant was deprived of her right to equal protection of all the laws** by four (4) years of delay in deciding Appeal with Docket No.: **2009-04744**. The same is true for Appeals Docket Nos.: **2009-02637, 2009-02640, 2009-03661**.

561. Please take notice that "Corrected Respondent's Appendix (Docket No. **2009-04744**)" was **uncertified** and should have been rejected from filing, and "Replacement Brief (Docket No. **2009-04744**) for Defendant-Respondent Lenox Hill Hospital", **referencing** this "Corrected Respondent's Appendix (Docket No. **2009-04744**)", should have been rejected from filing. It is an additional example of **unequal** protection under the law, when Hospital is permitted to file **uncertified** appendix while poor pro se plaintiff-appellant's appeal docket no. **2012-02867** <u>was</u> <u>dismissed</u> for not being certified, certification would have costs about $10,000.00 for poor pro se appellant while certifying Hospital's appendix by Hospital's attorney costs $0.00.

562. Please take notice of the **NOTICE OF APPEAL** to the New York State Court of Appeals, dated **July 02, 2014**, bearing Supreme Court, Kings County, Clerks Office Stamp "Received Kings County Clerk **July 7, 2014**", stemming from New York Appellate Division (2d Dep't) Docket Nos.: **2009-04744, 2009-03661, 2009-02637, 2009-02640**, which was dismissed by Court of Appeals ORDER, dated November 18, 2014 **(SSD 73)**, and which includes the following appealed Orders of New York Appellate Division **(2d Dep't)**: **(a)** DECISION & ORDER, dated **June 04, 2014** (Appellate Div. Docket No.: **2009-04744**), of the Supreme Court of the State of New York Appellate Division: Second Judicial Department, by Hon. Thomas A. Dickerson, J.P., Leonard B. Austin, Sheri S. Roman, Sylvia O. Hinds-Radix, JJ., and duly entered in the office of the Clerk of the Supreme Court of the State of New York Appellate Division: Second Judicial Department, on **June 04, 2014**; **(b)** DECISION & ORDER, dated **June 04, 2014** (Appellate Div. Docket No.: **2009-03661**), of the Supreme Court of the State of New York Appellate Division: Second Judicial Department, by Hon. Thomas A. Dickerson, J.P., Leonard B. Austin, Sheri S. Roman, Sylvia O. Hinds-Radix, JJ., and duly entered in the office of the Clerk of the Supreme Court of the State of New York Appellate Division: Second Judicial Department, on **June 04, 2014**; **(c)** DECISION & ORDER, dated **June 04, 2014** (Appellate Div. Docket Nos.: **2009-02637, 2009-02640**), of the Supreme Court of the State of New York Appellate Division: Second Judicial Department, by Hon. Thomas A. Dickerson, J.P., Leonard B. Austin, Sheri S. Roman, Sylvia O. Hinds-Radix, JJ., and duly entered in the office of the Clerk of the Supreme Court of the State of New York Appellate Division: Second Judicial Department, on **June 04, 2014**; and **(d)** DECISION AND ORDER ON MOTION, dated **June 04, 2014** (Appellate Div. Docket No.: **2009-04744**), of the Supreme Court of the State of New York Appellate Division: Second Judicial Department, by Hon. Thomas A. Dickerson, J.P., Leonard B. Austin, Sheri S. Roman, Sylvia O. Hinds-Radix, JJ., and duly entered in the office of the Clerk of the Supreme Court of the State of New York Appellate Division: Second Judicial Department, on **June 04, 2014 [EXHIBIT "1B4"]**.

563. Plaintiff-Appellant timely filed **NOTICE OF APPEAL** to the Court of Appeals, dated **July 02, 2014 [EXHIBIT "1B4"]**.

564. Please take notice that **NOTICE OF APPEAL** to the Court of Appeals, dated **July 02, 2014 [EXHIBIT "1B4"]**, is stemming from New York Appellate Division **(2d Dep't)** Docket Nos.: **2009-04744, 2009-02637, 2009-02640, 2009-03661**, Kings County Supreme Court Index No. **30972/2004**, was served on Defendant-Respondent Hospital on **July 02, 2014**, **VIA Federal Express (Tracking No. 8050 1028 4687)**, and was filed in the Supreme Court, Kings County, Clerk's Office on **July 07, 2014**. See **proof of service** of the **NOTICE OF APPEAL** to the Court of Appeals, dated **July 02, 2014**, bearing Supreme Court, Kings County, Clerk's Office Stamp "Received July 7, 2014", stemming from New York Appellate Division **(2d Dep't)** Docket Nos.: **2009-04744, 2009-03661, 2009-02637, 2009-02640**, which was served on Defendant-Respondent Hospital on **July 02, 2014**, **VIA Federal Express (Tracking No. 8050**

**1028 4687)**, and attached Receipt and FedEx Express US Airbill (Sender's Copy and FedEx Copy, **Tracking No. 8050 1028 4687)**, and Delivery Confirmation **(Tracking No. 8050 1028 4687)** and a copy of the FedEx Corporation Envelope in which this delivery confirmation was mailed **[EXHIBIT "1B4"]**.

565. See a true copy of **NOTICE OF APPEAL** to the New York State Court of Appeals, dated **November 18, 2015**, bearing Supreme Court, Kings County, Clerks Office Stamp "Received Kings County Clerk **November 18, 2015**", stemming from Appellate Division (2d Dep't) Docket Nos.: **2009-04744, 2009-03661, 2009-02637, 2009-02640**, and which includes the following appealed Orders of New York State Supreme Court Appellate Division (2d Dep't): **(a)** DECISION & ORDER ON MOTION, dated **October 19, 2015**, Appellate Division (2d Dep't) Docket No.: **2009-04744, (b)** DECISION & ORDER ON MOTION, dated **July 07, 2015,** Appellate Division (2d Dep't) Docket No.: **2009-04744, (c)** DECISION & ORDER ON MOTION, dated **October 19, 2015**, Appellate Division (2d Dep't) Docket No.: **2009-03661, (d)** DECISION & ORDER ON MOTION, dated **July 07, 2015**, Appellate Division (2d Dep't) Docket No.: **2009-03661, (e)** DECISION & ORDER ON MOTION, dated **October 19, 2015**, Appellate Division (2d Dep't) Docket Nos.: **2009-02637, 2009-02640**; and **(f)** DECISION & ORDER ON MOTION, dated **July 07, 2015**, Appellate Division (2d Dep't) Docket Nos.: **2009-02637, 2009-02640 [EXHIBIT "1C1"]**.

566. **State of New York, Court of Appeals** Corrected Order, dated and entered **March 24, 2016**, and **corrected** on **June 28, 2016 (SSD 16, APL-2015-00313),** states that "ORDERED, that the appeal is dismissed without costs, by the Court sua sponte, upon the ground that the **orders appealed from do not finally determine the action within the meaning of the Constitution**.", the Appeal to the Court of Appeals was filed by Notice of Appeal, dated and filed in Kings County Clerk's Office on **November 18, 2015**, and stemming from New York Appellate Division (2d Dep't) Docket Nos.: **2009-04744, 2009-03661, 2009-02637, 2009-02640**, Supreme Court, Kings County, Index No.: **30972/2004 [EXHIBIT "AA9"]**.

567. See a true copy of the following: **(1)** "Notice of Motion" of Plaintiff-Appellant's Motion (Docket Nos.: **2009-04744, 2009-03661, 2009-02637, 2009-02640**), dated June 08, 2015, **served June 08, 2015, filed June 09, 2015**, and returnable on **June 19, 2015**, denied by three (3) Decision & Order on Motion, dated **July 07, 2015**; and **(2)** Affidavit of Service of this Motion with annexed Federal Express Receipt dated **June 08, 2015** (Tracking No.: **8065 0264 3977) [EXHIBIT "1C2"]**.

568. Court that rendered an order should relieve a party from it upon the ground of reversal, modification, or vacatur of a prior order upon which it is based. CPLR 5015(a)(5) is applicable here because Court of Appeals ORDER, dated **March 24, 2016, SSD 16, modified** Decision & Order, dated **June 04, 2014**, Appellate Division (2d Dep't) Docket No.: **2009-04744**, and, hence, the Order of Justice Marsha L. Steinhardt, dated **January 22, 2009** and filed **March 11, 2009**, motion **seq. no. 012, the modification implies** that doctrine of res judicata does not applies in plaintiff's action **30972/2004**, and plaintiff can amend complaint in Kings County Supreme Court Action Index No. **30972/2004** (Nella Manko, plaintiff, v. Lenox Hill Hospital, defendant) to assert new causes of action against the Hospital itself and can add the same defendants as were named in *Manko v Mannor* (55 AD3d 471), and to assert the same causes of action against them as were asserted against them in that case.

569. Additionally, Court of Appeals ORDER, dated **March 24, 2016, SSD 16**, REVERSED New York State Court of Appeals' Order, dated **February 17, 2015 (Motion No. 2015–29)**, which states that "Appellant having moved for reconsideration of this Court's November 18,