UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NELLA MANKO,

               Plaintiff,

-against-

LENOX HILL HOSPITAL, et al.,

               Defendants.

20-CV-9928 (CM)

APPLICATION FOR LEAVE TO CORRECT A CLERICAL MISTAKE

COLLEEN McMAHON, Chief United States District Judge:

      By order dated July 11, 2013, the Court barred Plaintiff Nella Manko from filing any new action *in forma pauperis* (IFP) without first obtaining from the Court leave to file. *See Manko v. Schlesinger*, ECF 1:12-CV-9059, 11 (S.D.N.Y. July 11, 2013) ("bar order"). Plaintiff filed this new *pro se* action on November 24, 2020, by placing it into a court dropbox, but she did not seek leave from the Court to file, and her submission did not include an IFP application. Plaintiff wrote "Pro Se Filing – New Case – Fee Paid" on the envelope (ECF No. 1-2, at 126), but did not pay the $400.00 in fees required to bring a civil action in this Court at the time she filed the complaint.[1]

      By December 17, 2020, there was no indication on the docket that Plaintiff had paid the filing fees. Moreover, the Court confirmed with its Finance Department that Plaintiff had not paid the filing fees. Because Plaintiff had not paid the fees and had not sought or obtained leave to file IFP, by order dated December 17, 2020, the Court dismissed the complaint without prejudice and entered judgment. (ECF Nos. 17, 18.)

---

[1] At the time, the filing fees to file a civil action were $400.00. The fees were increased to $402.00 as of December 1, 2020.

On January 11, 2021, Plaintiff filed a notice of appeal. (ECF No. 21.) In her notice of appeal, Plaintiff stated that she filed the complaint on November 20, 2020, and paid the $402 filing fees on December 11, 2020. Plaintiff attached to the notice of appeal a receipt showing that she did indeed pay the filing fees on December 11, 2020. (*See* ECF No. 21, at 7.) The next day, January 12, 2021, an entry was made on the docket stating that the Finance Department processed Plaintiff's payment of fees on December 11, 2020. On that same day, Plaintiff paid a $505 filing fee to file the appeal. On January 20, 2021, Plaintiff filed a motion in the district court seeking to "restore the Civil Action No. 20-CV-9928 (CM)." (ECF No. 22.)

## DISCUSSION

Under Rule 60(a) of the Federal Rules of Civil Procedure, a district court may correct "a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). But once an appeal has been docketed in an appellate court and while it is pending, the correction may be made only with the leave of the appellate court. *Id.*

After Plaintiff filed a notice of appeal, the Court discovered a clerical mistake: although Plaintiff actually paid the filing fees on December 11, 2020, that fact was not noted on the docket at the time. As a result of the clerical mistake, Plaintiff's case was dismissed and judgment was entered on December 17, 2020.

Had the Court been aware that Plaintiff had paid the fees, the Court would not have dismissed the complaint or entered judgment. The Court only became aware that Plaintiff had paid the fees when she included the receipt in her notice of appeal from the dismissal order and judgment.

Because an appeal from the Court's December 17, 2020 order and judgment has been docketed in the United States Court of Appeals for the Second Circuit and the appeal is pending,

the Court cannot correct this mistake without leave from the Court of Appeals. The Court therefore applies to the Second Circuit Court of Appeals for leave to correct the referenced mistake. Should the Second Circuit grant the application, the Court intends to issue an order vacating its previous dismissal order and judgment, reinstating Plaintiff's complaint, and directing the Clerk's Office to return to Plaintiff the $505.00 in appeal fees.[2]

## CONCLUSION

The Court *sua sponte* applies to the Second Circuit Court of Appeals, under Fed. R. Civ. P. 60(a), for leave to correct the erroneous entry of the December 17, 2020 dismissal order and judgment.

The Court directs the Clerk of Court to docket this Application in this action, and transmit the Application to the Court of Appeals, in accordance with Fed. R. Civ. P. 60(a).

SO ORDERED.

Dated:   January 26, 2021
         New York, New York

                                                    _____
                                                         COLLEEN McMAHON
                                                    Chief United States District Judge

---

[2] To the extent the Court can construe Plaintiff's January 20, 2021 submission as a motion under Fed. R. Civ. P. 60(b) for relief from an order or judgment, the Court lacks jurisdiction to grant her motion. "The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). An exception to the rule exists if a party (1) files a Rule 60(b) motion no later than 28 days after judgment is entered, *see* Fed. R. App. P. 4(a)(4)(A)(vi), and (2) files a notice of appeal before the district court disposes of the Rule 60(b) motion, *see* Fed. R. App. P. 4(a)(4)(B)(i). Here, Plaintiff filed her motion on January 20, 2021, which is more than 28 days after the Court entered judgment on December 17, 2020. The Court therefore lacks jurisdiction to grant Plaintiff's motion. In any event, her request is moot given the Court's request that the Court of Appeals restore jurisdiction to this Court so that it can vacate the order and judgment of dismissal.