UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NELLA MANKO,

                Plaintiff,

       -against-

LENOX HILL HOSPITAL, ET AL.,

                Defendants.

20-CV-9928 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

      By order dated July 11, 2013, Judge Loretta Preska barred Plaintiff from filing any new action *in forma pauperis* (IFP) without first obtaining from the Court leave to file. *See Manko v. Schlesinger*, ECF 1:12-CV-9059, 11 (S.D.N.Y. July 11, 2013). Plaintiff filed this new *pro se* action on November 24, 2020, by placing it into a court drop box, but she did not seek leave from the Court to file, and her submission did not include an IFP application. Plaintiff wrote "Pro Se Filing – New Case – Fee Paid" on the envelope (ECF 1-2, at 126), but she did not tender the $400.00 in fees required to bring a civil action in this Court at the time she filed the complaint.[1]

      By December 17, 2020, there was no indication on the docket that Plaintiff had tendered the filing fees. Moreover, the Court confirmed with its Finance Department that Plaintiff had not tendered the filing fees. Because it appeared that Plaintiff had not tendered the fees and had not sought or obtained leave to file IFP, by order dated December 17, 2020, then-Chief Judge Colleen McMahon dismissed the complaint without prejudice and entered judgment. (ECF 17, 19.)

---

[1] At the time, the filing fees to file a civil action were $400.00. The fees were increased to $402.00 as of December 1, 2020.

On January 11, 2021, Plaintiff file a notice of appeal in which she alleged that she filed the complaint on November 20, 2020, and tendered the $402.00 in filing fees on December 11, 2020. (ECF 21.) Plaintiff attached to the notice of appeal a receipt showing that she did indeed tender the filing fees on December 11, 2020. (*See id.* at 7.) The next day, January 12, 2021, an entry was made on the docket stating that the Finance Department processed Plaintiff's payment of fees on December 11, 2020.

On January 20, 2021, Plaintiff filed a motion in the district court seeking to "restore the Civil Action No. 20-CV-9928 (CM)." (ECF 22.). But because Plaintiff's appeal of the December 17, 2020 order and judgment had already been docketed in the United States Court of Appeals for the Second Circuit and was pending, the district court was without jurisdiction to correct the mistake. On January 26, 2021, Judge McMahon therefore issued an application under Federal Rule of Civil Procedure 60(a) for the Second Circuit to grant leave to the district court to correct the mistake. (ECF 23.) The application stated that if jurisdiction were restored, the district court would vacate its previous dismissal order and judgment, reinstate Plaintiff's complaint, and direct the Clerk's Office to return to Plaintiff the $505.00 in appeals fees.

In response to the district court's application, by Mandate issued June 3, 2021, the Second Circuit dismissed the appeal and remanded the action to this Court to vacate its judgment and to review Plaintiff's complaint. (ECF 27.)

Accordingly, the Court directs the Clerk of Court to vacate the Court's December 17, 2020 order of dismissal and civil judgment. (ECF 17, 19.) The Clerk of Court is further directed to return to Plaintiff the $505.00 in filing fees that she tendered to bring the appeal. The Clerk of Court has already reopened this action for further proceedings.

**CONCLUSION**

The Clerk of Court is directed to vacate the Courts December 17, 2020 order of dismissal and civil judgment. (ECF 17, 19.)

The Clerk of Court is further directed to return to Plaintiff the $505.00 in filing fees that she tendered to bring the appeal.

The Court denies Plaintiff's motions for reconsideration (ECF 22, 25) as moot.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   June 15, 2021
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge