UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NELLA MANKO,

                    Plaintiff,

        -against-

LENOX HILL HOSPITAL, *et al.*,

                    Defendants.

20-CV-9928 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action alleging that Defendants have

violated her rights. Plaintiff paid the filing fees to bring this action.[1] The Court dismisses the

action for the reasons set forth below.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the

filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants*

*Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17

(2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss

frivolous appeal)), that it fails to state a claim, *Wachtler v. County of Herkimer*, 35 F.3d 77, 82

_____

[1] Plaintiff is barred from filing any new civil action *in forma pauperis* in this Court
without obtaining prior permission. *See Manko v. Schlesinger*, ECF 1:12-CV-9059, 11 (S.D.N.Y.
July 11, 2013). Because Plaintiff did not tender the fees required to bring a civil action in this
Court at the time she filed the complaint, by order dated December 17, 2020, then-Chief Judge
McMahon dismissed the complaint without prejudice and entered judgment. (ECF 17, 19.)
Plaintiff filed a notice of appeal to which she attached a receipt showing that she tendered the
$402.00 in filing fees on December 11, 2020. (ECF 21.) On January 26, 2021, Judge McMahon
issued an application under Federal Rule of Civil Procedure 60(a) for the Second Circuit to grant
leave to the district court to correct the mistake. (ECF 23.) By Mandate issued June 3, 2021, the
Second Circuit dismissed the appeal and remanded the action to this Court. (ECF 27.) The Clerk
of Court reopened this action, and by order dated June 15, 2021, the Court vacated its December
17, 2020 order of dismissal and civil judgment. (ECF 33.)

(2d Cir. 1994), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff has filed numerous personal injury, medical malpractice, and other tort and common law claims in the New York State courts, including claims against many of the defendants named in this action. *See, e.g.*, *Manko v. Broome*, 175 A.D.3d 482 (2d Dep't Aug. 7, 2019) (affirming Supreme Court's dismissal of Plaintiff's motion to vacate an order in her legal

malpractice action because she filed it in violation of Supreme Court's order prohibiting Plaintiff from filing further motions in the action without leave of court); *Manko v. Gabay*, 175 A.D.3d 484 (2d Dep't Aug. 7, 2019) (noting that Plaintiff had filed four legal malpractice actions against, among others, Gabay and his law firm, and affirming dismissal of various claims brought by Plaintiff on grounds of *res judicata* and collateral estoppel); *Manko v. Lenox Hill Hosp.*, 118 A.D.3d 678 (2d Dep't June 4, 2014) (affirming Supreme Court's determination that Plaintiff's attempt to assert same causes of action was barred by *res judicata*); *Manko v. Mannor*, 68 A.D.3d 497 (1st Dep't Dec. 10, 2009) (affirming Supreme Court's finding that Plaintiff's claims were untimely and that she failed to state a claim against Strauss, and that her claims against Mannor, Lubin, and Tikotsky were barred by *res judicata*).[2]

Plaintiff has also filed numerous federal actions against many of the same defendants in this Court and in the Eastern District of New York. *See, e.g.*, *Manko v. Schlesinger*, ECF 1:12-CV-9059, 5 (S.D.N.Y. Jan. 14, 2013) (discussing Plaintiff's litigation history, dismissing her claims for the same reasons as stated in No. 11-CV-7725, and ordering to show cause why she should not be barred under § 1651); *Manko v. Abdus-Salaam*, ECF 1:11-CV-7725, 4 (S.D.N.Y. Dec. 20, 2011) (dismissing Plaintiff's claims under the *Rooker-Feldman* doctrine, *Younger* abstention, judicial immunity, and lack of state action, among other reasons, and warning Plaintiff); *Manko v. Finkelstein*, No. 11-CV-5054 (E.D.N.Y. Nov. 18, 2011) (denying IFP status, directing payment of fee, warning that case will be dismissed under *Rooker-Feldman*, judicial and sovereign immunity); *Manko v. Steinhardt*, No. 11-CV-5430 (E.D.N.Y Nov. 28, 2011) (denying IFP status and directing payment of fee).

---

[2] Gabay, Lenox Hill Hospital, Strauss, Mannor, Lubin, and Tikotsky are also named as defendants in this action.

As a result of Plaintiff's pattern of frivolous and abusive litigation, both the Eastern

District and this Court have barred Plaintiff from filing new IFP actions without prior permission

from the court. *See Manko v. Schlesinger*, ECF 1:12-CV-9059, 11 (S.D.N.Y. July 11, 2013);

*Manko v. Ruchelsman*, No. 12-CV-4100 (E.D.N.Y. Sept. 10, 2012). Because Plaintiff paid the

filing fees to bring this action, the bar order does not apply.

In the 390-page complaint, Plaintiff asks the Court "to reverse all Court of Appeals

orders and all Appellate Divisions orders related to all plaintiff's Supreme Court cases (including

(but not limiting) cases: Kings Co. Index No. 30972/2004, New York Co. index Nos,:

113306/2006, 109296/2007), including (but not limiting) orders: Court of Appeals order, dated

November 20, 2017, Mo. No. 2017-746; Court of Appeals order, dated November 20, 2017, Mo.

No. 2017-847)." (ECF 1, at 1-2.) Plaintiff seeks reversal of these state-court decisions based on:

"(1) excusable default; (2) newly-discovered evidence has arisen; (3) the presence of fraud; or

(4) because orders are 'arbitrary and capricious' and not supported by 'substantial evidence.'"

(*Id.* at 2.)

Plaintiff sues 39 defendants, including the New York State Unified Court System, the

New York State Court of Appeals, the New York State Supreme Court, Appellate Division, First

and Second Departments, the City of New York, and numerous private defendants, many of

whom are doctors, lawyers, or law firms.

## DISCUSSION

As in her previous actions that have been dismissed by this Court and other courts,

Plaintiff asserts claims in this action that arise from her state court litigation. She sues private

parties and defendants that are entitled to immunity under the Eleventh Amendment, and she

asks this Court to reverse the decisions of the state courts.

## A.    *Rooker-Feldman* **doctrine**

As courts have repeatedly advised Plaintiff, her claims are barred under the *Rooker-Feldman* doctrine. The doctrine – created by two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) – precludes federal district courts from reviewing final judgments of the state courts. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that federal district courts are barred from deciding cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."). The *Rooker-Feldman* doctrine applies where the federal-court plaintiff: (1) lost in state court, (2) complains of injuries caused by the state-court judgment, (3) invites the district court to review and reject the state court judgment, and (4) commenced the district court proceedings after the state-court judgment was rendered. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014).

Here, Plaintiff filed this action after she lost in state court, complains of injuries caused by state-court judgments, and expressly asks the Court to "reverse" the state court judgments. The Court therefore dismisses Plaintiff's claims as barred by the *Rooker-Feldman* doctrine.

## B.    **Claims against private parties**

A claim for relief under section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Absent

special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under section 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of section 1983). The Court therefore dismisses Plaintiff's section 1983 claims against the private parties – including the many doctors, lawyers, and law firms – that she sues.

## C.    Eleventh Amendment immunity

Plaintiff's claims against the State of New York, the New York State Unified Court System, the New York State Court of Appeals, and the New York Supreme Court, Appellate Division, First and Second Departments, are barred under the Eleventh Amendment. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's section 1983 claims against the State of New York, New York State Unified Court System, New York State Court of Appeals, and the New

York Supreme Court, Appellate Division, First and Second Departments, are therefore barred by the Eleventh Amendment and are dismissed.

## D.    Municipal liability

The Court must dismiss Plaintiff's claims against the City of New York. When a plaintiff sues a municipality under section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Here, Plaintiff fails to allege facts suggesting that the City of New York has a policy, custom, or practice that has caused a violation of her constitutional rights.

## E.    New York City Transit Authority (NYCTA)

The NYCTA is an independent public authority that has the capacity to sue and be sued. *See Pabon v. New York City Transit Auth.*, 703 F. Supp. 2d 188, 191 n.1 (E.D.N.Y. 2010) (citing N.Y. Pub. Auth. L. § 1204(1) (General powers of the authority include "[t]o sue and be sued")). Plaintiff's allegations against the NYCTA are confusing, but appear to arise from the state court judgments that she asks this Court to reverse. (*See. e.g.*, ECF 1, at 27-30.) The Court therefore

dismisses any claims Plaintiff may be asserting against the NYCTA as barred by the *Rooker-Feldman* doctrine.

## F.  Supplemental jurisdiction

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting.[3] *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

## G.  Leave to amend is denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

---

[3] Plaintiff fails to demonstrate that the Court has diversity jurisdiction of any state law claims she seeks to bring. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiff indicates in the complaint that both she and most, if not all, Defendants reside in New York, therefore precluding complete diversity of citizenship.

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

**H.**     **Warning**

Plaintiff is warned that continued repetitive or frivolous litigation may result in an order barring her from filing new actions in this Court, even if she pays the filing fees. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Court dismisses the complaint under the *Rooker-Feldman* doctrine, under the doctrine of Eleventh Amendment immunity, and for failure to state a claim on which relief may be granted.

The Court declines to exercise supplemental jurisdiction over any state law claims Plaintiff may be asserting. 28 U.S.C. § 1367(c)(3).

Plaintiff is warned that continued repetition or frivolous litigation may result in an order barring her from filing new actions in this, even if she pays the filing fees. *See* 28 U.S.C. § 1651.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:     July 2, 2021
           New York, New York

                                   /s/ Laura Taylor Swain
                                 LAURA TAYLOR SWAIN
                               Chief United States District Judge