UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NELLA MANKO,

                Plaintiff,

       -against-

LENOX HILL HOSPITAL, ET AL.,

                Defendants.

20-CV-9928 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff filed this *pro se* action on November 24, 2020.[1] On July 2, 2021, the Court dismissed the complaint under the *Rooker-Feldman* doctrine, under the doctrine of Eleventh Amendment immunity, and for failure to state a claim on which relief may be granted. (ECF 46.) Judgment was entered on the same day. (ECF 47.) Plaintiff filed a notice of appeal, and by mandate dated November 10, 2021, the United States Court of Appeals for the Second Circuit dismissed the appeal. (ECF 60.)

On July 3, 2022, Plaintiff filed a 303-page submission asking the Court to vacate its July 2, 2021, order and judgment, to "restore and reinstate" the action, and to grant her permission to file an amended complaint that included additional attachments including the complaint in another action that Plaintiff filed in this court. (ECF 61.) By order dated July 5, 2022, the Court construed Plaintiff's submission as a motion for reconsideration, and denied the motion. (ECF 62.) The Court's order made clear that the Clerk of Court would only accept for filing documents directed to the Court of Appeals and warned Plaintiff that the filing of other documents that are

---

[1] Plaintiff, who is barred from filing any new action in this court *in forma pauperis* ("IFP"), that is, without prepayment of fees, without first obtaining leave from the court to file, *see Manko v. Schlesinger*, No. 12-CV-9059 (S.D.N.Y. July 11, 2013), paid the fees to bring this action.

frivolous or meritless may result in an order directing Plaintiff to show cause why she should not be barred from filing further documents in this action. Plaintiff appealed the Court's order denying her motion for reconsideration, and by mandate dated January 18, 2023, the Court of Appeals dismissed the appeal because it "lack[ed] an arguable basis in either law or fact." (ECF 71 (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

Despite the Court's warning, on July 5, 2023, the Court received from Plaintiff a 555-page submission in which she asks the Court to vacate its July 5, 2022, order denying her previous motion for reconsideration; to "restore and reinstate" this action; and to grant her permission to file an amended complaint. (ECF 72.)

The Court liberally construes this new submission as a motion for reconsideration under Local Civil Rule 6.3 and a motion for relief from a judgment or order under Fed. R. Civ. P. 60(b). *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him" (citations omitted)). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

### A.    Motion for Reconsideration under Local Civil Rule 6.3

A party seeking reconsideration of any order under Local Civil Rule 6.3 must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court."

*Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'" (internal quotation and citations omitted)).

A motion brought under Local Civil Rule 6.3 must be filed within 14 days "after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within . . . (14) days after the entry of the judgment." Local Civ. R. 6.3. Plaintiff failed to file this motion within 14 days of the Court's denial of her July 5, 2022, motion. The Court therefore denies Plaintiff's motion under Local Civil Rule 6.3.

**B.     Motion for Reconsideration under Fed. R. Civ. P. 60(b)**

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

3

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## C.      Order to Show Cause

Plaintiff has a long history of filing repetitive, frivolous, and meritless litigation in this court. As discussed above, Plaintiff is barred from filing IFP actions in this court without prior permission from the court to file. *See Manko v. Schlesinger*, No. 12-CV-9059 (S.D.N.Y. July 11, 2013). In its July 2, 2021, order of dismissal, the Court warned Plaintiff that continued repetitious or frivolous litigation may result in an order barring her from filing any new actions in this court, even if she pays the filing fees. (ECF 46, at 9.) Furthermore, the Court's July 5, 2022, order denying her previous motion for reconsideration clearly instructed Plaintiff that the Clerk of Court would only accept for filing documents directed to the United States Court of

4

Appeals for the Second Circuit, and warned Plaintiff that if she continued to file frivolous or meritless documents, the Court would direct her show cause why she should not be barred from filing further documents in this action. (ECF 62, at 4-5.)

Despite the Court's warnings, Plaintiff filed this meritless 555-page motion for reconsideration. Because Plaintiff has failed to heed the Court's warning, the Court directs Plaintiff to show cause by declaration, within 30 days of the date of this order, why the Court should not bar her from filing any future submissions in this action, with the exception of a notice of appeal. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigation with notice and opportunity to be heard.").

## CONCLUSION

Plaintiff's motion for reconsideration (ECF 72) is denied.

Within 30 days of the date of this order, Plaintiff must submit to the court a declaration setting forth good cause why the Court should not bar Plaintiff from filing any future submissions in this action, with the exception of a notice of appeal. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff does not set forth good cause why such a filing injunction should not be imposed, the Court will bar Plaintiff from filing any future submissions in this action, with the exception of a notice of appeal. *See* 28 U.S.C. § 1651.

A declaration form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    July 6, 2023
          New York, New York

                                        /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                   Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,   declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 10/3/16

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____                    _____
Executed on (date)                         Signature

_____           _____
Name                                       Prison Identification # (if incarcerated)

_____    _____    _____    _____
Address                            City            State          Zip Code

_____           _____
Telephone Number (if available)           E-mail Address (if available)